UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 1

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Anna Patrick, Douglas Morrill, Roseanne Morrill, Leisa Garrett, Robert Nixon, Samantha Nixon, David Bottonfield, Rosemarie Bottonfield, Tasha Ryan, Rogelio Vargas, Marilyn Dewey, Peter Rollins, Rachael Rollins, Katrina Benny, Sara Erickson, Greg Larson, and James King, individually and on behalf of all others similarly situated, by and through their attorneys Gregory W. Albert of Albert Law PLLC, and Roger S. Davidheiser of Friedman | Rubin PLLP; and Defendants, David L. Ramsey, III and The Lampo Group, LLC, by and through their attorneys of record, Damon Elder and Tyler Weaver of Morgan, Lewis & Bockius, LLP; and Defendant, Happy Hour Media Group, LLC, by and through its attorney of record, Jack Lovejoy of Corr Cronin, LLP, participated in a Fed. R. Civ. P. 26(f) videoconference on June 22, 2023, and hereby submit the following Joint Status Report and Discovery Plan. Plaintiffs and Defendants are referred to collectively hereinafter as the "Parties."

1. **Nature and Complexity of the Case**

Plaintiffs, and putative class members, allege that they paid an up-front fee to Time Share Exit Team, a Washington corporation, based upon deceptive statements and negligent misrepresentations made by Defendant Ramsey and his company, the Defendant Lampo Group, LLC. Plaintiffs allege that Ramsey and Lampo, conspired with Defendant, Happy Hour Media, a Washington marketing company associated with Time Share Exit Team, to sell a worthless and deceptive scheme to extract Plaintiffs and all those similarly situated from ownership obligations under time share contracts with various time share companies. Plaintiffs allege that they, and all those similarly situated, lost millions of dollars from this deceptive conduct. Plaintiffs contend that Defendants' conduct violated the Washington Consumer Protection Act resulting in a cause of action for them and all those similarly situated. Plaintiffs also contend that they and the putative

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 2

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

class, are entitled to recovery under principles of Negligent Misrepresentation and Unjust Enrichment.

Defendants deny these allegations, oppose class certification, and will assert various affirmative defenses.

Defendants contend that this case will be incredibly complex. Discovery will be extensive and burdensome. There are 17 named Plaintiffs in this case and three Defendants. Based on the discussions among counsel to date, it is likely that the parties will collectively call at least 10 expert witnesses. Accordingly, Defendants anticipate there will be at least 30 depositions of the named parties and their experts alone, not counting depositions of other witnesses. The documents produced in this case will also be voluminous. For example, Plaintiffs' counsel have indicated they will initially produce nearly 150,000 pages of documents they have already collected through prior litigation, in addition to all the documents that will be collected and produced by the parties for purposes of this case. And, Plaintiffs allege that the putative class includes more than 10,000 members all over the United States. Defendants anticipate that absent class member discovery and expert testimony will be appropriate to demonstrate that a class should not be certified.

Defendants also anticipate that the legal disputes and motions practice in this case will be highly complex. Plaintiffs seek to bring state law claims on behalf of a nationwide class, which will give rise to extensive choice-of-law issues and may result in the need to evaluate state laws in many different jurisdictions. Plaintiff's motion for class certification will be hotly disputed, both legally and factually. Defendants anticipate that multiple dispositive and non-dispositive motions will be appropriate both before and after class certification is decided, including but not limited to summary judgment motions and motions to compel arbitration. Finally, Plaintiffs'

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 3

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA  98101
(206) 501-4446

allegations encompass statements of opinion by a radio broadcaster, which will give rise to complex First Amendment issues.

Plaintiffs agree that certain Motions on the pleadings need to be resolved early in this case, and that discovery is and will be voluminous. Plaintiffs contend that neither these facts, nor the allegations in the Complaint, make this case "incredibly complex," nor the discovery "extensive and burdensome." Although there are many class members throughout the country, discerning them will be a matter of paring down existing lists of Reed Hein customers rather than locating the customers *de novo*. Regarding the 150,000-document production, Plaintiff's counsel received those documents from Defendant Happy Hour Media Group's counsel in a litigation against Timeshare Exit Team, with whom Defendants Lampo and Ramsey collaborated throughout the relevant class period. Aside from reviewing a single production and taking depositions, Plaintiffs' counsel have not been made aware of anything "incredibly complex" or "burdensome" about discovery. Plaintiffs contend that all matters can be efficiently raised and addressed within the federal rules governing putative class actions.

  **2.**  **Proposed Deadline for Joining Additional Parties/Amend pleadings**

30 days after the motions to dismiss on the pleadings are decided.

  **3.**  **Consent to Magistrate Judge**

The Parties do not consent to conduct proceedings before a United States Magistrate Judge.

  **4.**  **Proposed Discovery Plan**

    **A.**  **Initial Disclosures**

The Parties exchanged Initial Disclosures on July 10, 2023.

    **B.**  **Subjects, Timing and Potential Phasing of Discovery**

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 4

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Defendants contend that this case should be stayed pending the resolution of their motions to dismiss. Plaintiffs disagree. By stipulation of the parties, the stay motion will be filed on August 10, 2023. If the Court decides to deny the stay, the Parties propose in the alternative (without prejudice to their positions regarding the stay) the following phasing of expert discovery related to class certification:

- Deadline for Plaintiffs' disclosure of experts upon whom they may rely in connection with class certification: March 15, 2024

- Deadline for Defendants' disclosure of experts upon whom they may rely in connection with class certification: May 10, 2024

- Deadline for Plaintiffs' disclosure of rebuttal experts upon whom they may rely in connection with class certification: June 14, 2024

- The Parties believe all subsequent deadlines, including the close of fact discovery and deadlines to disclose experts upon whom the parties did not rely for class certification should be determined following the resolution of class certification.

### C. Electronically Stored Information ("ESI)

There will be ESI exchanged in this case. The Parties intend to utilize the Model Protocol for ESI for the Western District of Washington.

### D. Privilege Issues

The Parties do not believe that there are unique privilege issues related to discovery in this case.

### E. Limitations on Discovery

The parties anticipate that the scope of discovery will be consistent with the proportionality standard in the Federal Rules of Civil Procedure.

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 5

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

### F. Discovery Related Orders

The parties will attempt to negotiate an appropriate protective order and propose it to the Court.

## 5. Issues Under Local Civil Rule 26(f)(1)

### A. Possibility for Prompt Case Resolution

The parties do not believe this case is amenable to resolution prior to resolution of class certification.

### B. Alternative Dispute Resolution

Following resolution of class certification, the Parties anticipate mediation prior to a trial.

### C. Related Cases

*Adolph v. Reed Hein et al*, Case No. 2:21-cv-01378-BJR.

### D. Discovery Management

Plaintiffs contend discovery will be routine. Defendants disagree and contend that discovery will be unusually complex. Discovery will include depositions of witnesses and corporate representative(s), depositions and disclosures of expert witnesses, exchange of relevant documents related to damages, liability, causation, affirmative defenses, and class certification. The parties propose that both individual and class discovery proceed simultaneously upon resolution of the Motions to Dismiss on the pleadings.

### E. Anticipated Discovery Sought

Plaintiffs will conduct discovery into aspects of Defendants' promotion of Time Share Exit Team to Plaintiffs and putative class members, including matters related to class certification. Defendants will conduct discovery into Plaintiffs' claims, Defendants' affirmative defenses, and

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 6

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

class certification issues, including but not limited to Plaintiffs' and putative class members' alleged, individualized reliance on marketing and promotions by Defendants or on other sources of information; information supporting the accuracy of any representations made by Defendants; whether and to what extent Plaintiffs and putative class members allegedly suffered any individual injuries and/or damages; when Plaintiffs and putative class members suffered their alleged injuries and/or learned the basis for their claims, triggering statutes of limitations; whether putative class members are ascertainable; and whether Plaintiffs and putative class members signed arbitration agreements governing their claims.

### F.     Phasing Motions

The following Motions Schedule has been established by Order of the Court upon Stipulation of the Parties:

- Date by which any motions to dismiss will be due: August 10, 2023
- Date by which oppositions will be due: September 7, 2023
- Date on which motions to dismiss will be noted and reply briefs will be due: September 15, 2023

Defendants believe the issuance of a full case schedule should be stayed pending the resolution of the motions to dismiss. Plaintiffs disagree that resolution of the motions to dismiss is necessary to issue a full case schedule. The motions to stay will be filed on August 10, 2023.

### G.     Preservation of Discoverable Information

The parties are aware of their obligations to preserve evidence and will comply.

### H.     Privilege Issues

None.

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 7

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

I. **Model Protocol for Discovery of ESI**

The Parties anticipate meeting and conferring regarding modifications to the Model Protocol.

J. **Alternatives to Model Protocol**

None.

K. **Proposed briefing schedule for Plaintiff's motion for class Certification**

As previously noted, Defendants contend that the issuance of a full case schedule should be stayed pending the resolution of motions to dismiss.  Plaintiffs disagree.  If the Court decides to deny the stay, the Parties propose in the alternative (without prejudice to their positions regarding the stay) the following phasing of motions related to class certification:

- Deadline for motions relating to admissibility of experts on issues pertaining to class certification:  July 11, 2024.

- Deadline for dispositive motions or motions to compel arbitration that any party believes are likely to affect class certification:  July 11, 2024.

- Deadline for Plaintiffs' motion for class certification:  30 days after expert motions and dispositive motions or motions to compel arbitration affecting class certification are decided by the Court.

6. **Completion of Discovery**

The Parties propose that all deadlines relating to the close of fact discovery, disclosure of experts upon whom the parties did not rely for class certification, remaining summary judgment

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 8

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA  98101
(206) 501-4446

motions and expert motions, and the trial date, be determined following the resolution of class certification.

### 7. Bifurcation of Trial

Not at this time. The Parties believe this issue should be revisited after class certification has been resolved.

### 8. Pretrial Statements and/or Pretrial Order

The Parties anticipate submitting Pretrial Statements and a Pretrial Order pursuant to Local Rules.

### 9. Individualized Trial Program/ADR

No.

### 10. Suggestions for Shortening or Simplifying the Case

None.

### 11. Trial Date:

The Plaintiffs propose that a trial date be set within nine (9) months after class certification has been resolved. Defendants believe it is premature to set the trial date at this time, as the Court's decision on class certification will have a substantial impact on the amount of time necessary to complete discovery and prepare for trial. Nevertheless, if the Court decides to set a trial date now, Defendants propose that it should be set at least nine (9) months after Class certification has been resolved in order to accommodate for any notice required to absent class members, as well as the close of fact discovery, experts on the merits of Plaintiffs' claims, and summary judgment on the merits.

### 12. Jury Trial

Plaintiffs have requested a jury trial on all causes of action.

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630  
JOINT STATUS REPORT AND DISCOVERY PLAN  
Page- 9

ALBERT LAW PLLC  
3131 Western Avenue,  
SUITE 410  
SEATTLE, WA 98121  
(206) 576-8044

FRIEDMAN | RUBIN®  
1109 FIRST AVENUE,  
SUITE 501  
SEATTLE, WA 98101  
(206) 501-4446

### 13. Number of Trial Days

Plaintiffs believe that the length of the jury trial will mostly turn on the length of each Plaintiff's testimony. Given the length of similar Plaintiffs' testimony in preceding arbitrations, Plaintiffs currently estimate that a jury trial can be held in 15 trial days. Defendants believe that the length of the trial is dependent on whether a class is certified and the number of named Plaintiffs who remain in the case (if any) at the time of trial. If a jury trial were held on the claims of all 17 named Plaintiffs on behalf of a nationwide class as requested in the Complaint, Defendants estimate that 25 trial days would be needed.

### 14. Trial Counsel

A.   **Counsel for Plaintiff**

Roger S. Davidheiser, WSBA #18638
FRIEDMAN | RUBIN PLLP
1109 – 1st Avenue, Suite 501
Seattle, WA 98101
Tel: (206) 501-4446
Email: rdavidheiser@friedmanrubin.com

Gregory W. Albert, WSBA #42673
ALBERT LAW, PLLC
3131 Western Ave., Suite 410
Seattle, WA 98121
Tel: (206)576-8044
Email: greg@albertlawpllc.com
*Attorneys for Plaintiffs*

B.   **Counsel for Defendants**

Patricia A. Eakes, WSBA No. 18888
Damon C. Elder, WSBA No. 46754
Tyler Weaver, WSBA No. 29413
MORGAN, LEWIS & BOCKIUS, LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Tel: (206) 274-6400
Email: patty.eakes@morganlewis.com

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 10

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA  98101
(206) 501-4446

damon.elder@morganlewis.com
*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

Jack Lovejoy, WSBA No. 36962
CORR CRONIN, LLP
1015 Second Ave. Floor 10
Seattle, WA 98104
Phone: (206) 812-0894
Email: jlovejoy@corrcronin.com
*Attorneys for Happy Hour Media Group, LLC*

**15. Trial Conflicts**

A.   **Plaintiffs**

Currently, Plaintiffs' counsel, Roger Davidheiser has a trial scheduled to start on January 9, 2024 in the matter of *Espinoza v. Kunesh*, Kitsap County Superior Court File No. 19-2-01864-18), and a trial scheduled to start on September 4, 2024 in the matter of *Allen v. Live Nation*, Grant County Superior Court File No. 21-2-00432-13.

Plaintiffs' counsel, Gregory Albert has scheduled trial dates as follows:

- October 11, 2023
  *Childs v. Jenkins,* Pierce County Superior Court, 22-2-09462-7
- December 4, 2023
  *V.P. v. Carmel Partners Inc. et al.,* King County Superior Court, 22-2-20017-1
- December 21, 2023
  *Burns v. VMHC et al.,* Pierce County Superior Court, 22-2-07188-1
- April 25, 2024
  *Peterman v. Jopp Energy,* Pierce County Superior Court, 22-2-09860-6
- May 6, 2024
  Githinji et. al v. Olympia Police Dept. et al., United States District Court for the Western District of Washington, 3:22-cv-05138-MJP

B.   **Defendants**

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 11

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Defendants anticipate that a trial could not be scheduled until late 2024 or 2025 at the earliest, and thus are providing their conflicts for that time period. Defense counsel will of course provide additional conflict information as requested or otherwise appropriate.

Counsel for Defendant Happy Hour does not currently have trial scheduled in late 2024 or 2025.

Trial counsel for David L. Ramsey, III and The Lampo Group, LLC are currently scheduled to be out of the country between August 15 and September 15, 2024; in trial for two weeks beginning on September 23, 2024, in *Armfield Harrison & Thomas LLC v. King*, No. 2:23-cv-00666-TL (W.D. Wash.) (Lin, J.); and in trial for three weeks beginning on April 7, 2025, in *E.L.A. v. United States of America*, Case No. 2:20-cv-01524-RAJ (W.D. Wash.) (Jones, J.).

**16.    Service of Process**

There are no issues regarding service; all parties have been properly served by filed waiver.

**17.    Scheduling Conference**

A scheduling conference before the Court enters a scheduling order is not needed.

**18.    Corporate Disclosures**

Defendant, The Lampo Group, LLC filed its Corporate Disclosure Statement on June 20, 2023 and Defendant, Happy Hour Media, LLC filed its Corporate Disclosure Statement on July 14, 2023.

**Certification**: Counsel have reviewed Judge Robart's Chambers Procedures, the Local Rules, General Orders, and applicable Electronic Filing Procedures.

//

//

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 12

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

DATED this 17th day of July, 2023.

| ALBERT LAW, PLLC<br><br>By: *s/ Gregory W. Albert*<br>Gregory W. Albert, WSBA #42673<br>3131 Western Ave., Suite 410<br>Seattle, WA 98121<br>(206)576-8044<br>greg@albertlawpllc.com<br><br>And —<br><br>**FRIEDMAN | RUBIN®**<br><br>By:   *s/ Roger S. Davidheiser*<br>Roger S. Davidheiser, WSBA #18638<br>1109 First Ave., Ste. 501<br>Seattle, WA  98101<br>(206)501-4446<br>rdavidheiser@friedmanrubin.com<br>***Attorneys for Plaintiffs*** | MORGAN, LEWIS & BOCKIUS, LLP<br><br>By:  s/ *Damon C. Elder*<br>Patricia A. Eakes, WSBA No. 18888<br>Damon C. Elder, WSBA No. 46754<br>1301 Second Avenue, Suite 2800<br>Seattle, WA 98101<br>Tel: (206) 274-6400<br>Email: patty.eakes@morganlewis.com<br>damon.elder@morganlewis.com<br><br>***Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*** |
|---|---|
| **CORR CRONIN, LLP**<br><br>By: *s/ Jack Lovejoy*<br>Jack Lovejoy, WSBA No. 36962<br>1015 Second Ave. Floor 10<br>Seattle, WA 98104<br>Phone: (206) 812-0894<br>Email: jlovejoy@corrcronin.com<br><br>***Attorneys for Happy Hour Media Group, LLC*** | |

*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630
JOINT STATUS REPORT AND DISCOVERY PLAN
Page- 13

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA  98101
(206) 501-4446