1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11

12

13

14

15

ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,

Plaintiffs,

16

17

v.

18

19

20

21

DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,

Defendants.

22

Case No. 2:23-cv-00630-JLR

**DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT**

Hearing Date: September 15, 2023

23

24

25

26

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR)

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................... 1

II.     STATEMENT OF FACTS ..................................................................................... 2

III.    STANDARDS OF REVIEW ................................................................................. 3

        A.      Motion to Strike Class Allegations ......................................................... 3

        B.      Motion to Dismiss ................................................................................... 4

IV.     ARGUMENT ......................................................................................................... 5

        A.      The Unjust-Enrichment Claim Should Be Dismissed ............................ 5

        B.      The Court Should Strike the Class Allegations ...................................... 6

                1.      The putative class is an overly broad fail-safe class. ................ 6

                2.      Common issues will not predominate for the proposed class. .... 9

                        a.      Plaintiffs cannot demonstrate that Class members were
                                exposed to the same alleged misrepresentations ...................... 10

                        b.      Plaintiffs' claims all require individualized proof of
                                causation and reliance that will cause individual issues to
                                predominate ................................................................................ 12

                3.      Plaintiffs cannot demonstrate that a class action would be superior
                        to individual actions. ............................................................................ 16

        C.      Once the Class Allegations Are Stricken, the Complaint Should Be
                Dismissed. ............................................................................................... 18

        D.      Several Plaintiffs' Claims Are Barred by the Statutes of Limitation .................. 19

V.      CONCLUSION .................................................................................................... 21

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page i

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Allenmore Med. Invs., LLC v. City of Tacoma*,
    No. C14-5717 RBL, 2014 WL 7045700 (W.D. Wash. Dec. 11, 2014)
5   (Leighton, J.)....................................................................................................................20

6

*Ashcroft v. Iqbal*,
7       556 U.S. 662 (2009).........................................................................................................4

8   *Booth v. Appstack, Inc.*,
    No. C13-1533JLR, 2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) (Robart,
9   J.).................................................................................................................................7, 9

10
    *Bund v. Safeguard Properties, LLC*,
11      No. C15-1773 MJP, 2016 WL 11530734 (W.D. Wash. Mar. 2, 2016)
    (Pechman, J.).............................................................................................................3, 19
12

13  *Bund v. Safeguard Properties, LLC*,
    No. C16-0920JLR, 2016 WL 8738677 (W.D. Wash. Dec. 30, 2016) (Robart,
14  J.)...................................................................................................................................3

15  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1054 (9th
    Cir. 2011) .......................................................................................................................4
16
    *Cashatt v. Ford Motor Co.*,
17      No. 3:19-CV-05886, 2021 WL 1140227 (W.D. Wash. Mar. 24, 2021) (Jones,
    J.)................................................................................................................................8, 9
18

19  *Cashatt v. Ford Motor Co.*,
    No. 3:19-CV-05886-RBL, 2020 WL 1987077 (W.D. Wash. Apr. 27, 2020)
20  (Leighton, J.)...................................................................................................................3

21  *Caterpillar Inc. v. Lewis*,
        519 U.S. 61, 117 S. Ct. 467 (1996).................................................................................18
22

23  *Cole v. Gene by Gene, Ltd.*,
        322 F.R.D. 500 (D. Alaska 2017) ..................................................................................16

24  *Colman v. Theranos, Inc.*,
        325 F.R.D. 629 (N.D. Cal. 2018)...................................................................................16
25

26

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page ii

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Converse v. Vizio, Inc.*,
   No. C17-5897 BHS, 2020 WL 729804 (W.D. Wash. Feb. 13, 2020) (Settle, J.)....................15

*Davenport v. Wash. Educ. Ass'n*,
   147 Wn. App. 704, 197 P.3d 686 (2008) .................................................................................5

*Do v. First Fin. Sec., Inc.*,
   No. 2:14-CV-7608-SVW-AJW, 2017 WL 11634363 (C.D. Cal. Nov. 2, 2017)....................19

*Doninger v: Pac. Nw. Bell, Inc.*,
   564 F.2d 1304 (9th Cir. 1977) ................................................................................................3

*Matter of Est. of Rule*,
   23 Wn. App. 2d 1005 (2022), 2002 WL 3152591 (unpublished)........................................5, 6

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011) ................................................................................................4

*Galway v. Valve Corp.*,
   No. 22-35105, 2023 WL 334012 (9th Cir. Jan. 20, 2023) (unpublished)..............................13

*Geier v. M-Qube Inc.*,
   314 F.R.D. 692 (W.D. Wash. 2016) (Zilly, J.) .....................................................................14

*Gray v. Twitter Inc.*,
   No. 220CV01389RAJ, 2021 WL 11086642 (W.D. Wash. Mar. 17, 2021)
   (Jones, J.) .............................................................................................................................13

*Hunichen v. Atonomi LLC*,
   No. C19-0615-RAJ-SKV, 2023 WL 4214979 (W.D. Wash. Apr. 6, 2023) ...........................15

*Israel v. Simmons Bedding Co.*,
   No. CV 07-5936 PA (EX), 2008 WL 11422519 (C.D. Cal. Jan. 31, 2008) ...........................19

*Kelley v. Microsoft Corp.*,
   251 F.R.D. 544 (W.D. Wash. 2008) (Pechman, J.) ....................................................11, 14, 15

*Kosta v. Del Monte Foods, Inc.*,
   308 F.R.D. 217 (N.D. Cal. 2015)..........................................................................................17

*Lapinski v. Bank of Am., N.A.*,
   No. C13-00925 RSM, 2014 WL 347274 (W.D. Wash. Jan. 30, 2014)
   (Martinez, J.)........................................................................................................................20

*Lara v. First Nat'l Ins. Co. of Am.*,
   25 F.4th 1134 (9th Cir. 2022) ..............................................................................................15

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page iii

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Lavington v. Hillier*,
  22 Wn. App. 2d 134, 143-44, 510 P.3d 373 (2022)..................................................5, 6

*Lilly v. Jamba Juice Co.*,
  No. 13–CV–02998–JST, 2014 WL 4652283 (N.D. Cal. Sept. 18, 2014)...............................17

*Mansker v. Farmers Insurance Co. of Washington*,
  2011 WL 1327111 (W.D. Wash. 2011) (Robart, J.)......................................................19

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ...................................................................10, 11, 14

*Nw. Immigrant Rts. Project v. U.S. Citizenship & Immigr. Servs.*,
  325 F.R.D. 671 (W.D. Wash. 2016) .........................................................................7

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 424 (2022).......................7, 8

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
  208 F.R.D. 625 (W.D. Wash. 2002) (Rothstein, J.).....................................................3

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
  214 F.R.D. 614 (W.D. Wash. 2003) (Rothstein, J.)....................................................15

*Philips v. Ford Motor Co.*,
  No. 14-CV-02989-LHK, 2016 WL 7428810 (N.D. Cal. Dec. 22, 2016) ...............................12

*Putz v. Golden*,
  847 F. Supp. 2d 1273 (W.D. Wash. 2012) (Robart, J.)...............................................20

*Repin v. State*,
  198 Wn. App. 243, 392 P.3d 1174 (2017) ...............................................................13

*Staub v. Zimmer, Inc.*,
  No. C17-0508JLR, 2017 WL 2506166 (W.D. Wash. June 9, 2017) (Robart, J.)....................4

*Stearns v. Ticketmaster Corp.*,
  655 F.3d 1013 (9th Cir. 2011) .............................................................................12

*Stillaguamish Tribe of Indians v. Nelson*,
  No. C10-327 RAJ, 2013 WL 1661244 (W.D. Wash. Apr. 17, 2013) (Jones, J.)....................20

*Taylor v. Universal Auto Grp. I, Inc.*,
  No. 3:13-CV-05245-KLS, 2014 WL 6654270 (W.D. Wash. Nov. 24, 2014).......................7, 9

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page iv

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Tyson Foods, Inc. v. Bouphakeo*,
    577 U.S. 442, 136 S. Ct. 1036 (2016)........................................................................9

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv.
    Workers Int'l Union v. Shell Oil Co.*,
    602 F.3d 1087 (9th Cir. 2010) .................................................................18, 19

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935 (9th Cir. 2009) .........................................................................3

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 131 S. Ct. 2541 (2011)..................................................9, 12

*Weidenhamer v. Expedia, Inc.*,
    No. C14-1239RAJ, 2015 WL 7157282 (W.D. Wash. Nov. 13, 2015) (Jones,
    J.)............................................................................................... *passim*

*Westcott v. Wells Fargo Bank, N.A.*,
    862 F. Supp. 2d 1111 (W.D. Wash. 2012) (Coughenour, J.)................................20

*Wetzel v. CertainTeed Corp.*,
    No. C16-1160JLR, 2019 WL 3976204 (W.D. Wash. Mar. 25, 2019) (Robart,
    J.)........................................................................................16, 17, 18

*Williams v. Geico Gen. Ins. Co.*,
    497 F. Supp. 3d 977 (W.D. Wash. 2020) (Settle, J.) ......................................15

*Xavier v. Phillip Morris USA Inc.*,
    787 F. Supp. 2d 1075 (N.D. Cal. 2011) .......................................................18

*Young v. Toyota Motor Sales, U.S.A.*,
    196 Wn. 2d 310, 472 P.3d 990 (2020).........................................................13

*Young v. Young*,
    164 Wn. 2d 477, 191 P.3d 1258 (2008)..........................................................5

*Zinser v. Accufix Rsch. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ...............................................................9, 16

**Statutes**

28 U.S.C. § 1332(a) ...................................................................................18

28 U.S.C. § 1332(d)(2) ...........................................................................18, 19

CAFA ...................................................................................................19

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page v

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

RCW 19.86.120 ................................................................................................................20

Washington Consumer Protection Act.............................................................................8

**Other Authorities**

Fed. R. Civ. P. 23(b)(3)(A) ............................................................................................16

Fed. R. Civ. P. 23(b)(3)(A), (D) ...................................................................................16

Restatement (Second) of Contracts § 370 cmt. and illus. 4 ............................................5

Rule 12(b)(6) ...................................................................................................................4

Rule 12(b)(6), Rule 12(f) ................................................................................................4

Rule 23 .........................................................................................................................3, 4

Rule 23(b)(1)(A) .............................................................................................................9

Rule 23(b)(1)(B) .............................................................................................................9

Rule 23(b)(2) ...................................................................................................................9

Rule 23(b)(3) ...................................................................................................9, 12, 16

Rule 23(b)(3)(D) ...........................................................................................................17

Rule 23(d)(1)(D) .............................................................................................................3

Rule 23's ..........................................................................................................................3

Rules 12(f) and 23(d)(1)(D) ...........................................................................................4

Rules 23(b)(1) and (b)(2) ................................................................................................9

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page vi

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Defendants David L. Ramsey, III and The Lampo Group, LLC (collectively, "the Lampo
2    Defendants") hereby move to dismiss and/or strike the class allegations in Plaintiffs' Complaint and
3    dismiss the Complaint in its entirety.

4              **I.       INTRODUCTION**

5         Plaintiffs filed this case as a class action, seeking to represent a nationwide class of thousands
6    of people who allegedly heard and/or relied on the Lampo Defendants' supposed misrepresentations
7    made on radio broadcasts and in other forums. It is clear from the face of the Complaint that these
8    putative class members—who cannot be reasonably identified—heard different statements at
9    different times and will have to prove individual issues of reliance and causation to prevail on their
10   claims. Plaintiffs' allegations could not be tried without thousands of mini-trials just to establish
11   membership in the class, much less the merits of the claims. The proposed class should not and
12   cannot be certified, as a matter of law, for several independently dispositive reasons. Plaintiffs'
13   proposed class is overbroad and fail-safe; its membership turns in part on whether a person can prove
14   his or her case. Further, the proposed class representatives will fail to establish that common issues
15   predominate over individual issues and will be unable to prove that a class action is the superior
16   method of conducting this litigation. The proposed class in this case is so fatally flawed that the
17   Court should strike or dismiss the class allegations before the Court and the parties waste substantial
18   resources litigating this case as a class action. And, having struck those allegations, which serve as
19   the sole basis for subject-matter jurisdiction, the Court should dismiss this case.

20        In addition, Plaintiffs' claim of unjust enrichment must be dismissed because Plaintiffs have
21   not pled—and could not plead—that they ever paid or otherwise gave any benefit directly to the
22   Lampo Defendants. Further, the claims of several named Plaintiffs are either entirely or partially
23   barred by the relevant statutes of limitation and should be dismissed accordingly.

24   ///

25

26   ///

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT –
Page 1
(Case No. 2:23-cv-00630-JLR)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## II.    STATEMENT OF FACTS

For purposes of this motion only, the Lampo Defendants assume (without conceding) the truth of the allegations in Plaintiffs' Complaint.  Plaintiffs allege on behalf of themselves and a proposed class that they are or were owners of timeshares at various resorts. Compl. ¶¶ 16-66. In order to divest themselves of the obligations of those timeshares, Plaintiffs retained the services of Reed Hein & Associates. *Id.* Reed Hein (also known as the Timeshare Exit Team)—which is not a party to this litigation—was in the business of "exiting" consumers from their timeshare obligations through various means, including by hiring attorneys who would negotiate with the timeshare companies. *Id.* ¶¶ 86-91. As part of the process, Reed Hein required its customers to make an upfront payment that it could use in its negotiations with the timeshare companies. *Id.* ¶ 81. Plaintiffs apparently admit this business model worked for Reed Hein and for consumers until six major timeshare companies begin to resist Reed Hein's tactics and harass their customers, creating a backlog of customers. *Id.* According to Plaintiffs, despite these problems, Reed Hein continued to sign up, and take money from, customers that it could not assist, resulting in harm to Plaintiffs and thousands of others. *Id.* ¶¶ 94, 95.

Plaintiffs do not allege that the Lampo Defendants had anything to do with Reed Hein's internal business operations. Nor do Plaintiffs allege that any money was sent from any Plaintiff or any proposed class member to the Lampo Defendants. Rather, they allege the Lampo Defendants are separately in the business of offering financial advice through syndicated radio shows, seminars, websites, and newsletters. *Id.* ¶¶ 124, 128-54. Plaintiffs further allege that the Lampo Defendants promoted and endorsed Reed Hein through various allegedly misleading statements on the radio and other forums, most of which are not described in the Complaint with any particularity. *Id.* ¶¶ 155-58. Plaintiffs allege that they, and thousands of putative class members, relied on various (mostly unspecified) statements in choosing Reed Hein to assist them in exiting from their timeshares, and that the Lampo Defendants should be liable for Reed Hein's failures. *Id.* ¶¶ 178-91.

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

### III.   STANDARDS OF REVIEW

**A.   Motion to Strike Class Allegations**

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Rule 23(d)(1)(D) also separately provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Pursuant to these provisions, a court can strike the class allegations in a complaint if a plaintiff "[can]not make a prima facie showing of Rule 23's prerequisites or that discovery measures [are] likely to produce persuasive information substantiating the class allegations." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citation omitted); *see also id.* ("District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." (citation omitted)). The reason for this is that striking improper allegations early allows the Court and the parties "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with these issues prior to trial." *Cashatt v. Ford Motor Co.*, No. 3:19-CV-05886-RBL, 2020 WL 1987077, at *4 (W.D. Wash. Apr. 27, 2020) (Leighton, J.) (quoting *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010)).

While motions to strike class allegations are usually "disfavored," *Bund v. Safeguard Properties, LLC*, No. C16-0920JLR, 2016 WL 8738677, at *4 (W.D. Wash. Dec. 30, 2016) (Robart, J.), it is appropriate to grant such a motion "where the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977). To that end, other courts in this District have stricken class allegations that on their face cannot satisfy Rule 23. *See, e.g.*, *Bund v. Safeguard Properties, LLC*, No. C15-1773 MJP, 2016 WL 11530734, at *1-4 (W.D. Wash. Mar. 2, 2016) (Pechman, J.); *Cashatt*, 2020 WL 1987077, at *4-6; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 633-34 (W.D. Wash. 2002) (Rothstein, J.). As explained below, this is such a case.

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Finally, in addition to Rules 12(f) and 23(d)(1)(D), it may be possible to analyze a motion to strike class allegations pursuant to Rule 12(b)(6). For the reasons set forth below, Defendants submit that Plaintiffs' putative class allegations should be stricken and/or dismissed at this stage, regardless of whether it proceeds under Rule 12(b)(6), Rule 12(f), or Rule 23.

**B.      Motion to Dismiss**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) requires a court to determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677-78). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

When determining the sufficiency of a claim, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). The court, however, need "not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.*; *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citations omitted)).  "A court may dismiss a complaint as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory." *Staub v. Zimmer, Inc.*, No. C17-0508JLR, 2017 WL 2506166, at *1-2 (W.D. Wash. June 9, 2017) (Robart, J.) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## IV.   ARGUMENT

2

### A.   The Unjust-Enrichment Claim Should Be Dismissed

3

As an initial matter, the Court should dismiss Plaintiffs' unjust-enrichment claim. Even

4 accepting Plaintiffs' allegations as true, no benefit passed directly from any Plaintiff to the Lampo

5 Defendants, which defeats this claim as a matter of law.

6

In Washington, unjust enrichment is a claim based on the concept of an implied contract

7 between a plaintiff and a defendant. *Young v. Young*, 164 Wn. 2d 477, 483-84, 191 P.3d 1258 (2008).

8 Under this theory, a plaintiff can recover for the value of a benefit the defendant retained even though

9 there is no formal contractual relationship between the two pursuant to a quasi-contract. *Id.* at 484.

10 As a result of these contractual underpinnings, for a plaintiff to recover on a claim of unjust

11 enrichment, "the defendant must receive a benefit *from the plaintiff* for an implied contract to arise."

12 *Lavington v. Hillier*, 22 Wn. App. 2d 134, 143-44, 510 P.3d 373, *rev. denied*, 200 Wn. 2d 1010, 518

13 P.3d 212 (2022) (emphasis in original); *see also Davenport v. Wash. Educ. Ass'n*, 147 Wn. App.

14 704, 727-28, 197 P.3d 686 (2008) ("One person 'enriches' another . . . by transferring money or

15 other benefit to the other."); *Matter of Est. of Rule*, 23 Wn. App. 2d 1005 (2022), 2002 WL 3152591,

16 at *3 (unpublished) ("[C]onsistent with the 'contractual' underpinnings of unjust enrichment, the

17 claim requires not only that the defendant received a benefit, but also that the benefit was conferred

18 by the plaintiff[.]"); Restatement (Second) of Contracts § 370 cmt. and illus. 4 ("The benefit must

19 have been conferred by the party claiming restitution. It is not enough that it was simply derived [by

20 the defendant] from the breach.").

21

The facts of *Lavington* demonstrate this limit. In that case, the plaintiff's neighbors built a

22 house on their lot and used the plaintiff's driveway to access her property to save on construction

23 costs despite the plaintiff's express refusal of permission to do so. 22 Wn. App. 2d at 138-39. The

24 use of the plaintiff's driveway resulted in savings of $80,000 to her neighbors, *id.* at 139-40, and the

25 plaintiff sued for unjust enrichment to recover that benefit. The court held that, even though "there

26

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 5

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

was no question that [the defendant neighbors] received a benefit," the plaintiff had no cognizable claim of unjust enrichment:

> [I]t is undisputed that [plaintiff] did not confer any benefit on the [defendants]. They simply took the benefit. Therefore, as a matter of law [plaintiff] could not [state a claim for] unjust enrichment.

*Id.* at 144. *See also Matter of Est. of Rule*, 2002 WL 3152591, at *3 (plaintiff did not have claim against estate beneficiary for unjust enrichment where benefit had been conferred on beneficiary by decedent's attorney).

The same is true here. Plaintiffs do not allege that any of them, nor any class members, paid or gave anything to the Lampo Defendants in connection with Defendants' alleged endorsement of Reed Hein. Instead, Plaintiffs allege they paid to money *to Reed Hein*, and that Reed Hein separately conferred a benefit on the Lampo Defendants. Compl. ¶¶ 123, 211. There was no payment to the Lampo Defendants pursuant to an implied or quasi-contract between Plaintiffs and the Lampo Defendants, and therefore Plaintiffs have not stated—and cannot state—a claim for unjust enrichment. This claim must be dismissed.

## B.   The Court Should Strike the Class Allegations.

There are several independently sufficient bases on which the Court should strike the class allegations in the Complaint. First, the proposed class is an overly broad fail-safe class that improperly bases membership in the class on whether a person has proven their case against the Lampo Defendants. Second, the proposed class cannot establish that common issues will predominate over individual issues as a matter of law. Third, the Complaint shows that a class action is not the superior method of litigating the issues in this case.

### 1.   The putative class is an overly broad fail-safe class.

Plaintiffs' class allegations should be stricken because Plaintiffs are seeking to certify a class that is both overly broad and a "fail-safe" class.

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 6

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

The Court has a duty to not certify any class that "is defined so broadly as to include a great number of members who for some reason could not have been harmed by the defendant's allegedly unlawful conduct," in which case "the class is defined too broadly to permit certification." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 424 (2022).

In addition, a class is impermissibly "fail-safe" if it is "defined to include only those individuals who were injured by the allegedly unlawful conduct." *Id. See also Nw. Immigrant Rts. Project v. U.S. Citizenship & Immigr. Servs.*, 325 F.R.D. 671, 694 (W.D. Wash. 2016) (Hegarty, M.J.) (citation omitted) ("A fail-safe class is one with a definition that aligns with the elements of the class's claim such that finding no liability for the defendants would necessarily exclude all members from the class."). "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." *Olean Wholesale*, 31 F.4th at 669 n.14 (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)). "That result is not only 'palpably unfair to the defendant' but is 'also unmanageable from the outset – for example, to whom should the class notice be sent?'" *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247, at *6 (W.D. Wash. Mar. 30, 2015) (Robart, J.) (quoting *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010)). Indeed, the existence of a fail-safe class is an independent ground for denying class certification. *Taylor v. Universal Auto Grp. I, Inc.*, No. 3:13-CV-05245-KLS, 2014 WL 6654270, at *21 (W.D. Wash. Nov. 24, 2014) (Strombom, M.J.).

Taking these two rules together, the burden is on Plaintiffs to propose a class definition that is based on *objective* criteria, such that it will generally be limited to people who (1) would have standing to bring the class's claims and (2) are identifiable without the need to prove the legal elements of those claims. Here, however, by virtue of the nature of the allegations in this case, Plaintiffs have proposed a class that runs afoul of both these requirements. Specifically, Plaintiffs propose the following class definition:

> All individuals who . . . paid money to Reed Hein . . . for the purpose of obtaining an "exit" from their timeshare obligations *after being exposed to, and/or in reliance on*, the statements and other representations made by Dave Ramsey[] and the Lampo Group.

Compl. ¶ 191 (emphasis added).

The "and/or" formulation in this class definition creates a fundamental, dual problem. Aside from the obvious issues with determining who is a member of this proposed class, as discussed at pages 17-18, *infra*, the proposed class has the unusual and fundamental deficiency of both (1) expressly including individuals who do not have standing, insofar as they were allegedly "exposed to" misrepresentations but did ***not*** act "in reliance on" them; and (2) being a fail-safe class, insofar as individuals' class membership may be determined based on whether they can prove individual "reliance." In short, Plaintiffs have failed to identify appropriately tailored, *objective* criteria that can be used to define an identifiable class in this case.

As to the deficiency, because the class is necessarily defined to include people who did not rely on anything the Lampo Defendants said, those individuals cannot establish causation. As explained below at pages 12-16, *infra*, all of Plaintiffs' claims—Washington Consumer Protection Act, negligent misrepresentation, unjust enrichment, and civil conspiracy—require either proof of reliance or consideration of reliance. The fact that the class contains thousands of people who, by definition, did not rely on any alleged statements by Defendants means that it is a class that "include[s] a great number of members who [were] not . . . harmed by the defendant's allegedly unlawful conduct." *Olean Wholesale*, 31 F.4th at 669 n.14. This defect alone necessitates dismissal of the putative class.

In addition, because the remainder of the potential class would be defined as individuals who can prove reliance on statements by the Lampo Defendants, the proposed class is similar to classes that have been found to be improper fail-safe classes. For example, in *Cashatt v. Ford Motor Co.*, No. 3:19-CV-05886, 2021 WL 1140227, at *3 (W.D. Wash. Mar. 24, 2021) (Jones, J.), another judge of this court considered, on a motion to strike, a class definition that was limited to Washington State

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Patrol officers who "were injured" by carbon monoxide poisoning. Because the class necessarily based membership on demonstration of causation, the court struck the plaintiffs' class allegations. *Id. See also, e.g.*, *Booth*, 2015 WL 1466247, at \*6 (class improperly based membership on whether class members had given prior consent); *Taylor*, 2014 WL 6654270, at \*22 (same). The same result is appropriate here; the class definition requires proof of causation (and therefore injury) to establish membership, and thus is improperly fail-safe.

In sum, Plaintiffs' proposed class is overly broad and fail-safe and should be stricken. And while Plaintiffs presumably will request an opportunity to amend their broken class definition, the Lampo Defendants submit that there does not appear to be any class Plaintiffs could propose that will not suffer from problems nearly identical to the present one in light of the fundamental nature of their allegations. As shown below, individualized reliance determinations will always be necessary for any plaintiff seeking to make the type of claims brought here, thus precluding class treatment. Defendants therefore request that the Court dismiss the class allegations with prejudice.

### 2.    Common issues will not predominate for the proposed class.

Plaintiffs' class allegations should also be stricken because, as a matter of law, common issues will not predominate as to any of their claims.

Plaintiffs seek to certify a class pursuant to Rule 23(b)(3), Compl. ¶ 191,[1] which requires Plaintiffs to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This requirement "calls upon courts to give careful scrutiny to the relation between common and individual questions in a case." *Tyson Foods, Inc. v. Bouphakeo*, 577 U.S. 442, 453, 136 S. Ct. 1036 (2016). And where, as

---

[1] Plaintiffs also allege certification would be appropriate under Rules 23(b)(1) and (b)(2), Compl. ¶¶ 191, 196-98, but neither of those sections applies here, where Plaintiffs seek to recover individual awards of damages on behalf of members of the proposed class. *See* Compl. ¶ 47; *see also Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1193, 1197 (9th Cir. 2001) ("Certification under Rule 23(b)(1)(A) is . . . not appropriate in an action for damages[.]"; "[T]o satisfy Rule 23(b)(1)(B), a class action plaintiff must demonstrate that the case involves a 'fund' with a definitely ascertained limit, all of which would be distributed to satisfy all those with liquidated claims based on a common theory of liability, by an equitable, pro rata distribution."); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61, 131 S. Ct. 2541 (2011) (Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages").

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 9

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

here, there are individual questions concerning exposure to representations, causation, and reliance, predominance cannot be satisfied, and certification would be inappropriate. *See, e.g.*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012), *overruled in part on other grounds by Olean Wholesale*, 31 F.4th 651 ("[C]ommon questions of fact do not predominate where an individualized case must be made for each member showing reliance."); *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 7157282, at *12 (W.D. Wash. Nov. 13, 2015) (Jones, J.) ("[A] deception based theory of causation would likely cause individualized issues to predominate over any common class issues[.]").

Plaintiffs will thus not be able to certify a class here for at least two reasons that will give rise to individual issues that will predominate: (1) Plaintiffs cannot demonstrate that class members were exposed to the same representations, and (2) Plaintiffs' claims will require individualized inquiries into causation and reliance that cannot be resolved on a class-wide basis.

    **a.**  **Plaintiffs cannot demonstrate that Class members were exposed to the same alleged misrepresentations.**

It is clear from the face of the Complaint that Plaintiffs will not even be able to show that the class representatives were exposed to the same alleged representations, much less the thousands of putative class members. Plaintiffs allege the Lampo Defendants made misrepresentations about Reed Hein using at least seven distinct methods: (1) promoting with on-air advertisements on the Dave Ramsey Show, Compl. ¶ 129, (2) promoting through on-air interviews with Brandon Reed that varied in their content, *id.* ¶¶ 130-32, (3) promoting on-air by answering questions from listeners, *id.* ¶ 133, (4) promoting via on-air advertisements on shows other than the Dave Ramsey Show, *id.* ¶ 134, (5) promoting via newsletters sent to subscribers to Ramsey-Plus, *id.* ¶¶ 139-40, (6) promoting affirmatively via live seminars, ¶ 148, and (7) collecting contact information about potential targets and sending it directly to Reed Hein, *id.* ¶ 150. There is notably no allegation (nor could there be) that the representations stayed the same across the various avenues of promotion or throughout time.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT (Case No. 2:23-cv-00630-JLR) – Page 10

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Indeed, to the extent the Complaint specifies the alleged misrepresentations, they varied. *Compare, e.g.*, *id.* ¶ 129, *with id.* ¶¶ 131 & 132.

The Complaint also makes evident that even among themselves, Plaintiffs did not see or rely on the same alleged misrepresentations. Some of them allegedly heard Dave Ramsey promote Reed Hein on the radio but do not specify what exactly they heard or when they heard it, *id.* ¶¶ 17, 33, 37, 40, 48, 55, 58, 61, 64, while others went to live seminars, *id.* ¶¶ 40, 55, and still others were allegedly induced by a Lampo Group website, *id.* ¶ 52, or may have read something in a newsletter or heard a podcast, *id* ¶ 27. Moreover, it is evident that they did not even hear representations they allegedly relied on anywhere near the same time; the timing of the named Plaintiffs' decisions to hire Reed Hein ranges from December 2017 to July 2021. *Id.* ¶¶ 34, 45.

This is complicated further by the fact that every Plaintiff and every class member had his or her own individual interaction with Reed Hein, independently and in addition to whatever he or she heard from the Lampo Defendants. *E.g.*, *id*. ¶¶ 16-66. And the Complaint explains at length that Reed Hein allegedly made numerous misrepresentations of its own that class members saw or heard. *Id.* ¶¶ 81-85.

What statements each Plaintiff and each class member heard, from whom they heard them, and whether those statements were false will vary from person to person, are individual issues that will predominate in any proposed class, no matter how it is defined.[2] Indeed, even in cases alleging that a defendant made a single, uniform misrepresentation, courts still find that predominance of common issues does not exist when it is not clear that all class members were exposed to that statement. *See, e.g.*, *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 558 (W.D. Wash. 2008) (Pechman, J.) (finding predominance of common issues did not exist in case alleging "Vista Capable" sticker was deceptive in part because of questions about whether all class members saw the statement); *Mazza*, 666 F.3d at 595 (noting that predominance does not exist where defendant made a single

---

[2] Indeed, the proposed class is not even limited to people who were exposed to or relied on alleged misrepresentations. It includes any person who heard **any** "statements and other representations made by Dave Ramsey[] and the Lampo Group." Compl. ¶ 191**.**

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 11

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  statement but "it is likely that many class members were never exposed to the allegedly misleading

2  advertisements"); *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2016 WL 7428810, at *16

3  (N.D. Cal. Dec. 22, 2016) (holding predominance does not exist where all class members exposed

4  to a single misrepresentation but some would have also read a disclaimer).

5      This case is even more clearly predominated by individual issues because of the numerous

6  permutations of alleged misrepresentations that any putative class member *might* have been exposed

7  to, and the individual issues that would arise from any attempt to determine whether what any

8  individual heard or saw was misleading or caused the alleged harm. In such cases, individual issues

9  always predominate. *See, e.g.*, *Weidenhamer*, 2015 WL 7157282, at *11 (individual issues

10  predominated in case involving statements about baggage fees because "[a]ddressing material

11  variations in the baggage fees displayed to different sets of customers likely creates an individualized

12  inquiry incompatible with a class action"); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th

13  Cir. 2011), *abrogated in part on other grounds by Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)

14  (individual issues likely predominate where there is "no cohesion among the members because they

15  were exposed to quite disparate information from various representatives of the defendant"); *see*

16  *also Dukes*, 564 U.S. at 355 (2011) (holding, in nationwide employment class action, individual

17  issues predominated where applicable policies would have been different at each location).

18      Plaintiffs cannot show that putative class members who were "exposed to and/or [relied] on

19  the statements" of the Lampo Defendants were exposed to or relied on the same alleged

20  representations. They cannot, therefore, demonstrate that common issues will predominate as to this

21  class.

22          **b.       Plaintiffs' claims all require individualized proof of causation and**
                        **reliance that will cause individual issues to predominate.**
23

24      Plaintiffs also cannot establish for the stated putative class, or any other class they might try

25  to define, that common issues will predominate under Rule 23(b)(3) because each of their claims

26  requires individual inquiries to prove causation.

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 12

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    First, Plaintiffs' negligent-misrepresentation and WCPA claims require them to prove not

2    only that each of them relied on alleged misstatements by the Lampo Defendants, but that every

3    class member also relied. Plaintiffs' negligent-misrepresentation claim plainly requires reliance; it

4    is an express element of the claim. *See, e.g.*, *Repin v. State*, 198 Wn. App. 243, 278, 392 P.3d 1174

5    (2017) ("Under Washington law, a plaintiff claiming negligent misrepresentation must prove by

6    clear, cogent, and convincing evidence that . . . (5) the plaintiff relied on the false information.");

7    *see also* Compl. ¶ 208 ("Plaintiffs and those similarly situated reasonably relied on the false

8    information."). Further, under the WCPA, Plaintiffs bear the burden to prove reliance where, such

9    as here, it is their pled theory and their only way to establish causation. *See Young v. Toyota Motor*

10   *Sales, U.S.A.*, 196 Wn. 2d 310, 322, 472 P.3d 990 (2020) ("[Plaintiff]s' . . . causation theory . . . in

11   this particular case was reliance and we find no other substantial theory of causation . . .. Reliance

12   was [his] theory, and he failed to prove it."); *Galway v. Valve Corp.*, No. 22-35105, 2023 WL

13   334012, at *1 (9th Cir. Jan. 20, 2023) (unpublished) (under the WCPA, "a court may require the

14   plaintiff to show reliance where reliance is the causation theory the plaintiff pleaded"); *Gray v.*

15   *Twitter Inc.*, No. 220CV01389RAJ, 2021 WL 11086642, at *9 (W.D. Wash. Mar. 17, 2021) (Jones,

16   J.) (under the WCPA, "[i]f the causation theory being pled is reliance, then reliance must be shown").

17   Here, there is no doubt Plaintiffs are using a reliance theory to establish causation, as they

18   must, given the nature of their allegations. Among other things, Plaintiffs allege that the class

19   representatives are typical of the putative class because each of them *relied* on statements made by

20   the Lampo Defendants, Compl. ¶¶ 178-90, include reliance as part of their class definition, *id.* ¶ 191,

21   and make other statements about their reliance on the alleged misrepresentations throughout the

22   Complaint, *id.* ¶¶ 18, 22, 29, 34, 38, 40, 45, 49, 52, 56, 65. This is not surprising, as Plaintiffs do not

23   have any other plausible way to demonstrate that the Lampo Defendants caused them harm, but it

24   does mean that a class cannot be certified.

25   This requirement of reliance under Plaintiffs' WCPA and negligent-misrepresentation claims

26   necessarily means that individual issues will predominate because the question of reliance would

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 13

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    have to be determined for every one of the estimated thousands of class members. *See, e.g.*, *Mazza*,

2    666 F.3d at 596 ("[C]ommon questions of fact do not predominate where an individualized case

3    must be made for each member showing reliance"); *Kelly*, 251 F.R.D. at 558 (predominance of

4    common issues cannot exist with "a deception-based theory of causation [because it] would

5    necessarily require the trier of fact . . . to determine whether individual class members were actually

6    deceived . . . . Because an individualized analysis is necessary to determine what role [a defendant's

7    statement] played in each class member's purchasing decision, individualized issues predominate

8    and class treatment is inappropriate for a CPA claim utilizing a deception-based theory of

9    causation."); *Geier v. M-Qube Inc.*, 314 F.R.D. 692, 700-01 (W.D. Wash. 2016) (Zilly, J.)

10   (predominance of common issues not present because "[t]he proposed class definition includes,

11   among others, class members who . . . received precisely what they bargained for . . . . Each class

12   member's claim will depend upon proving causation, which will necessarily rely on facts individual

13   to each class member"); *Weidenhamer*, 2015 WL 7157282, at *12 ("Plaintiff's CPA and unjust

14   enrichment . . . claims are premised on affirmative misrepresentations—i.e., deceptive advertising.

15   Other courts in this district have cautioned that deceptive advertising theories of consumer fraud

16   'require the trier of fact [ ] to determine whether individual class members were actually deceived

17   and whether they would have purchased' the product but for the allegedly false advertising . . . .

18   Consequently, a deception based theory of causation would likely clause individualized issues to

19   predominate over any common class issues."). The WCPA and negligent-misrepresentation claims

20   require individualized proof of reliance, cannot be certified, and the class allegations should be

21   stricken for that reason.

22        The same is true of Plaintiffs' unjust-enrichment claim. Even if that claim is not dismissed

23   from this action entirely, individual issues regarding causation will predominate over any common

24   issues because:

25        the trier of fact must still consider whether and how an injustice
26        occurred. If the inequity is that [a defendant] deceived consumers, the

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 14

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

> trier of fact will need to inquire whether [the defendant] actually
> deceived consumers (an individualized inquiry) to determine whether
> any benefit conferred on [the defendant] was unjust. Common issues
> will not predominate on that type of unjust enrichment claim.

*Kelly*, 251 F.R.D. at 559. These considerations have led several courts in this district to deny certification of unjust-enrichment claims based on allegedly deceptive acts. *See, e.g.*, *id.*; *Converse v. Vizio, Inc.*, No. C17-5897 BHS, 2020 WL 729804, at *7 (W.D. Wash. Feb. 13, 2020) (Settle, J.); *Weidenhammer*, 2015 WL 7157282, at *12; *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 214 F.R.D. 614, 620 n.8 (W.D. Wash. 2003) (Rothstein, J.). Plaintiffs' unjust-enrichment claim suffers from the same defect regardless of how the class is defined. The class allegations regarding this claim must be stricken.

Finally, Plaintiffs' claim of civil conspiracy suffers from the same defect as the other claims. A civil conspiracy claim must be based on a separate and independent claim, and, if that underlying claim falls, the conspiracy claim necessarily fails as well. *Williams v. Geico Gen. Ins. Co.*, 497 F. Supp. 3d 977, 985 (W.D. Wash. 2020) (Settle, J.) (citation omitted) ("Because the conspiracy must be combined with an unlawful purpose, civil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."); *Hunichen v. Atonomi LLC*, No. C19-0615-RAJ-SKV, 2023 WL 4214979, at *26 (Vaughan, M.J.) (W.D. Wash. Apr. 6, 2023). Therefore, whether a class should be certified for a claim of civil conspiracy also turns on whether the underlying, separate claims should be certified. *See, e.g.*, *Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134, 1136 n.2 (9th Cir. 2022) (analyzing class certification of claims including civil conspiracy without separately analyzing civil-conspiracy claim because conspiracy was derivative of other claim). And as Plaintiffs have made clear, their conspiracy claim is based on their allegations that Defendants made "deceptive and fraudulent statements . . . to induce customers to pay money for Reed Hein services." Compl. ¶¶ 214, 215. Therefore, just as Plaintiffs' underlying claims based

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 15

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

on deception cannot be certified, their civil-conspiracy claim suffers from the same defects, and the

class allegations must be stricken as to this claim also.

### 3. Plaintiffs cannot demonstrate that a class action would be superior to individual actions.

Rule 23(b)(3) also requires that Plaintiffs demonstrate that a class action would be "superior

to other available methods for fairly and efficiently adjudicating the controversy." Among the factors

to consider are the class members' interests in "individually controlling the prosecution . . . of

separate actions," and "likely difficulties in managing [the case as] a class action." Fed. R. Civ. P.

23(b)(3)(A), (D). Here, these factors weigh strongly against a finding that a class action would be

superior to individual proceedings, which provides yet another reason to strike the class allegations.

As to the class members' interests in controlling their own litigation, Fed. R. Civ. P.

23(b)(3)(A), there has been extensive prior, individual litigation against Reed Hein over almost

identical allegations. Indeed, Plaintiffs' "[c]ounsel have already recovered greater than $300,000

from Reed Hein . . . in dozens of lawsuits and arbitrations." Compl. ¶ 200. It is perhaps not surprising

that there has been this level of litigation, given that Plaintiffs' alleged damages are *individually* in

the thousands of dollars and as high as $41,200 for a single individual. *Id.* ¶ 22. When damages are

of this magnitude, this factor weighs against class certification. As this Court recognized in *Wetzel*

*v. CertainTeed Corp.*, No. C16-1160JLR, 2019 WL 3976204, at *18 (W.D. Wash. Mar. 25, 2019)

(Robart, J.), when individual damages are in the range of $13,000 and the claims additionally face

the problem of individualized proof, as is the case here, that factor weighs against finding a class

action superior. *See also Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1190-91 (9th Cir. 2001)

(significant individual recovery amounts "for each putative class member does not argue

persuasively for class certification"); *Colman v. Theranos, Inc.*, 325 F.R.D. 629, 650-51 (N.D. Cal.

2018) ("[L]arge individual claims susceptible to individual proof weigh against certification"); *Cole*

*v. Gene by Gene, Ltd.*, 322 F.R.D. 500, 508 (D. Alaska 2017) (finding significant recovery amounts

sought for each plaintiff "weigh[ed] strongly against certification"). Just as Plaintiffs' counsel found

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 16

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    it feasible to pursue dozens of individual cases against Reed Hein over the same alleged behavior at

2    the core of this lawsuit, a class action would not be superior to individual litigation in this case.

3        Even more critical to the issue of superiority, any class action would be unmanageable under

4    Rule 23(b)(3)(D) because it is not administratively feasible to determine who is a member of the

5    class. "Administrative feasibility means that identifying class members is a manageable process that

6    does not require much, if any, individual factual inquiry." *Lilly v. Jamba Juice Co.*, No. 13–CV–

7    02998–JST, 2014 WL 4652283, at *3 (N.D. Cal. Sept. 18, 2014) (quoting William B. Rubenstein,

8    NEWBERG ON CLASS ACTIONS § 3:3 (5th ed.)). This means that a plaintiff must demonstrate that "(i)

9    members of the proposed class are readily identifiable by objective criteria, and (ii) it is

10   administratively feasible to determine whether a particular person is a member of the class." *Kosta*

11   *v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 227 (N.D. Cal. 2015) (citation omitted). And the

12   administrative feasibility of identifying class members is especially important where (as here) "class

13   members' individual damages will be thousands of dollars and perhaps tens of thousands of dollars,"

14   thereby making it critical to notify absent class members and avoid "real injury." *Wetzel*, 2019 WL

15   3976204, at *20.

16       Identifying members of Plaintiffs' proposed class is not only administratively infeasible, it

17   is probably impossible. Membership in the class requires that a person was "exposed to and/or

18   [relied] on" a statement of the Lampo Defendants before paying money to Reed Hein. Compl. ¶ 191.

19   This would require, at a minimum, a factual inquiry into whether a person was "exposed" to any

20   alleged misrepresentation (via the radio, a newsletter, or other means), and also whether that person

21   relied on the alleged misrepresentation *just to figure out whether he or she is a class member*. This

22   would be unmanageable in the extreme. There is no automatically captured data regarding the

23   identities of radio listeners, much less who *relies* on what is said on the radio, so the Court would

24   either have to take a potential class member's representation on faith or conduct a mini-trial on that

25   person's credibility just to determine whether he or she is a class member. Such self-identification,

26   not tethered to objective criteria or records, is unreliable and renders a putative class unmanageable

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 17

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

and uncertifiable. *See, e.g.*, *Xavier v. Phillip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (certification denied as unmanageable where class defined as individuals who smoked Marlboro cigarettes for twenty years); *Weidenhammer*, 2015 WL 7157282, at *4-5 (class not manageable or ascertainable where it would require determining which persons saw an alleged misrepresentation without records documenting it). As the Court found in *Wetzel*:

> [I]t is not clear how this case could effectively proceed without a reliable method of notifying the class or determining the approximate number of class members. These practical issues of manageability weigh heavily against a finding of superiority.

2019 WL 3976204, at *20. That is precisely the case here.

As a matter of law, the proposed class would not be a superior method of resolving this litigation and the class allegations should be stricken.

**C.    Once the Class Allegations Are Stricken, the Complaint Should Be Dismissed.**

After the Court strikes the class allegations, it should also dismiss the Complaint in its entirety due to a lack of subject-matter jurisdiction. Without the class allegations, this Court does not have jurisdiction and should dismiss this action.

The sole basis for the Court's subject-matter jurisdiction in this case is that Plaintiffs have stated class allegations in their Complaint, thereby invoking the relaxed diversity rules of 28 U.S.C. § 1332(d)(2). However, after the class allegations are stricken, U.S.C. § 1332(d)(2) no longer provides a basis for jurisdiction, and Plaintiffs cannot establish diversity between all Plaintiffs and all Defendants pursuant to 28 U.S.C. § 1332(a). *See* Compl. ¶¶ 16-66, 67 (most Plaintiffs and Defendant Happy Hour Media are all Washington residents); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467 (1996) ("28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Thus, because it is clear that "there was no jurisdiction to begin with," this case should be dismissed in its entirety. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v.*

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 18

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1   *Shell Oil Co.*, 602 F.3d 1087, 1092 n.3 (9th Cir. 2010). *See also Do v. First Fin. Sec., Inc.*, No. 2:14-

2   CV-7608-SVW-AJW, 2017 WL 11634363, at *4-7 (C.D. Cal. Nov. 2, 2017) (granting motion to

3   dismiss based on denial of motion for class certification); *Israel v. Simmons Bedding Co.*, No. CV

4   07-5936 PA (EX), 2008 WL 11422519, at *1-2 (C.D. Cal. Jan. 31, 2008) ("Having stricken

5   Plaintiff's class allegations, there no longer exists any basis for this Court's jurisdiction.").

6         The Lampo Defendants are aware of the Court's ruling in *Mansker v. Farmers Insurance Co.*

7   *of Washington*, 2011 WL 1327111 (W.D. Wash. 2011) (Robart, J.), which found that dismissal of

8   class claims did not result in a loss of subject-matter jurisdiction, but this case presents a different

9   situation. In the *Mansker* case, at the time of the court's ruling, the *plaintiff* sought dismissal but the

10   case had already been pending for more than a year as a class action, extensive discovery had been

11   exchanged, and there had been "significant motion practice, including a motion to compel arbitration

12   [and] cross-motions for summary judgment." *Id.* at *5. In contrast, this case is in its infancy and the

13   Lampo Defendants are seeking dismissal on the ground that this case was never properly pled as a

14   class action in the first place. In other words, the timing and posture of this case indicates that this

15   case should be dismissed for lack of § 1332(d)(2) jurisdiction because "there was no jurisdiction to

16   begin with." *United Steel*, 602 F.3d at 1092 n.3. As Judge Pechman has explained, "[b]ecause the

17   denial of class certification is also a determination that there is not, and never was, class action

18   diversity jurisdiction under CAFA, CAFA cannot provide the jurisdictional basis for this suit."

19   *Bund*, 2016 WL 11530734, at *4.

20         The Court should dismiss the Complaint in its entirety.

21   **D.**    **Several Plaintiffs' Claims Are Barred by the Statutes of Limitation.**

22         Further highlighting the individualized inquiries required of the claims at issue, several

23   Plaintiffs' claims are untimely under the applicable statute of limitations. Based on the Complaint's

24   allegations, this includes all claims of Plaintiffs Robert and Samantha Nixon and Marilyn Dewey,

25   as well as the negligent-misrepresentation, unjust-enrichment, and civil-conspiracy claims of

26   Plaintiffs Leisa Garrett, David and Rosemarie Bottonfield, Tasha Ryan, and Peter and Rachel

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 19

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Rollins.

Plaintiffs filed their Complaint on April 28, 2023. Their WCPA claims are subject to a four-year statute of limitation, RCW 19.86.120, and their remaining claims are subject to a three-year statute of limitation. *See Putz v. Golden*, 847 F. Supp. 2d 1273, 1281 (W.D. Wash. 2012) (Robart, J.) (negligent misrepresentation); *Westcott v. Wells Fargo Bank, N.A.*, 862 F. Supp. 2d 1111, 1118 (W.D. Wash. 2012) (Coughenour, J.) (unjust enrichment); *Allenmore Med. Invs., LLC v. City of Tacoma*, No. C14-5717 RBL, 2014 WL 7045700, at *3 (W.D. Wash. Dec. 11, 2014) (Leighton, J.) (civil conspiracy).

It is evident from the Complaint that Plaintiffs Nixon and Dewey contracted with Reed Hein prior to April 28, 2019, meaning they (a) heard alleged misrepresentations from the Lampo Defendants at some point *even earlier*, and (b) under Plaintiffs' pleaded theory, had incurred their alleged injuries on that date. Compl. ¶¶ 34, 49. Plaintiffs Garrett, Bottonfield, Ryan, and Rollins all contracted with Reed Hein after April 28, 2019, but before April 28, 2020, meaning that their claims accrued more than three years but less than four before this case was filed. *Id.* ¶¶ 29, 38, 41, 53. Thus, all claims for Plaintiffs Nixon and Dewey are time-barred, and all claims other than the WCPA claims are time-barred for Garrett, Bottonfield, Ryan, and Rollins.

Plaintiffs may claim that the discovery rule should save some or all these claims, but that has not been pled, and therefore the claims must be dismissed. *See, e.g.*, *Westcott*, 862 F. Supp. 2d at 1118 ("Plaintiffs have offered no basis for the application of the discovery rule"); *Lapinski v. Bank of Am., N.A.*, No. C13-00925 RSM, 2014 WL 347274, at *6 (W.D. Wash. Jan. 30, 2014) (Martinez, J.) ("plaintiff has pled insufficient facts to trigger equitable tolling"). And even if they had done so, unjust-enrichment claims are not subject to the discovery rule and therefore should be dismissed even if the discovery rule applies to other claims. *Stillaguamish Tribe of Indians v. Nelson,* No. C10-327 RAJ, 2013 WL 1661244, at *12-14 (W.D. Wash. Apr. 17, 2013) (Jones, J.).

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 20

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## V.    CONCLUSION

2

For the reasons stated above, the Complaint should be dismissed in its entirety.

3

DATED this 10th day of August, 2023.

4

*I certify that this memorandum contains 7,354 words, in compliance with the Local Civil Rules.*

5

6

**MORGAN, LEWIS & BOCKIUS LLP**

7

By: *s/ Damon C. Elder*

Damon C. Elder, WSBA No. 46754

8

Patty A. Eakes, WSBA No. 18888

Tyler Weaver, WSBA No. 29413

9

Andrew DeCarlow, WSBA No. 54471

1301 Second Avenue, Suite 2800

10

Seattle, WA 98101

Phone: (206) 274-6400

11

Email: patty.eakes@morganlewis.com

12

damon.elder@morganlewis.com

tyler.weaver@morganlewis.com

13

andrew.decarlow@morganlewis.com

14

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 21

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401