THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; and THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630<br><br>**DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE**<br><br>Hearing Date: August 25, 2023 |

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – 0

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

## I.      INTRODUCTION

Defendants David L. Ramsey, III and The Lampo Group, LLC (collectively, "the Lampo Defendants") respectfully request that the Court exercise its inherent case management authority and stay discovery and issuance of a case schedule until the Court rules on the Lampo Defendants' Motion to Dismiss and/or Strike (the "Motion to Dismiss"). *See* Mot. to Dismiss. The pending motion could entirely dispose of this case, and no additional discovery is necessary for the Court's decision. At the very least, the pending motion could fundamentally alter the course of this litigation and any discovery burden by entirely disposing of the putative class, Plaintiffs' unjust enrichment claim, and/or certain named Plaintiffs whose claims are barred by the statute of limitations. A discovery stay is also warranted to prevent the waste of time and expense that would inhere in engaging in potentially unnecessary discovery, which is also in the interest of judicial economy. For these reasons and others set forth below, the Court should stay discovery and the case schedule until the Lampo Defendants' Motion to Dismiss is decided.

## II.     FEDERAL RULE OF CIVIL PROCEDURE 26(c) CERTIFICATE

On June 22, 2023, counsel for the Lampo Defendants and counsel for Plaintiffs conferred regarding the Lampo Defendants' request for a stay, but the parties were unable to reach an agreement.

## III.    BACKGROUND

This incredibly complex, proposed class-action case is in its infancy. A briefing schedule on the Lampo Defendants' Motion to Dismiss has been entered and the parties filed an initial joint status report and discovery plan, but no significant discovery has yet occurred. *See* Joint Status Report and Disc. Plan, Dkt. 20. The Court also has not issued a case schedule.

Plaintiffs allege they are or were owners of timeshares. Compl. ¶¶ 16–66, Dkt. 1. They paid non-party Reed Hein & Associates ("Reed Hein") to "exit" their timeshares. *Id.* Plaintiffs allege that the Lampo Defendants indirectly harmed them by promoting and endorsing Reed Hein

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 1

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

through various allegedly misleading statements. *Id.* ¶¶ 155–58. According to Plaintiffs, Reed Hein did not actually "exit" them from their timeshares. *Id.* ¶¶ 81–108. Despite not having anything to do with Reed Hein's internal business operations and without accepting any money from Plaintiffs, Plaintiffs allege that the Lampo Defendants should be liable for Reed Hein's failures. *Id.* ¶ 195. Plaintiffs are suing the Lampo Defendants under the Washington Consumer Protection Act and for negligent misrepresentation, unjust enrichment, and conspiracy based solely upon the allegation that they relied on the Lampo Defendants' endorsement of Reed Hein. *Id.* ¶¶ 201–15. Plaintiffs seek to bring their claims on behalf of a putative class that includes thousands of members all over the United States who paid Reed Hein for timeshare exit services "after being exposed to, and/or in reliance on" the Lampo Defendants' endorsement of Reed Hein. *Id.* ¶ 191. The Lampo Defendants dispute Plaintiffs' claims.

On August 10, 2023, the Lampo Defendants are simultaneously moving to strike the class allegations in Plaintiffs' Complaint and dismiss this case entirely or in part. Plaintiffs' class allegations fail for multiple reasons, which arguably deprives the Court of subject matter jurisdiction over this case. Separately, Plaintiffs' unjust enrichment claim fails as a matter of law and several of Plaintiffs' claims are either entirely or partially barred by the relevant statutes of limitation. *See generally* Mot. to Dismiss. The Motion to Dismiss will be fully briefed as of September 15, 2023. *See* Stipulation and Order, Dkt. 17.

### IV.   ARGUMENT

Courts have broad discretion to control discovery and their case schedules, including by issuing a stay while a dispositive motion is pending. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Lloyd v. Rufener*, No. C17-5627 BHS-TLF, 2018 WL 4353268, at *1 (W.D. Wash. Sept. 12, 2018) (Fricke, Mag. J.) (staying discovery until resolution of pending motion to dismiss to "facilitate the orderly and efficient progress of [the] case"). Courts may also

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 2

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

stay discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

While the Ninth Circuit has not yet clearly defined when there exists good cause for a stay, courts frequently consider whether the pending motion (1) is potentially dispositive of the entire case, and (2) can be decided without discovery. *See, e.g.*, *Roberts v. Khounphixay*, No. 2:18-cv-746-MJP-BAT, 2018 WL 5013780, at *1 (W.D. Wash. Oct. 16, 2018) (Tsuchida, Chief Mag. J.). Further, at a minimum, a stay should be ordered if, after taking a "preliminary peek" at the merits of the underlying motion, the court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).

This case presents excellent cause for a stay.

**A.     The Court Should Stay Discovery Because the Pending Motion to Dismiss Is Potentially Dispositive and Additional Discovery Is Not Required**

The Lampo Defendants' Motion to Dismiss would, if granted, dispose of this case in its entirety or at the very least reduce the scope of this complex litigation. *See Roberts*, 2018 WL 5013780, at *1. The Lampo Defendants seek dismissal based on fatal flaws in Plaintiffs' class allegations that would, if stricken, very likely divest the Court of subject matter jurisdiction. Plaintiffs' class allegations in the Complaint are the sole basis for the Court's subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(d)(2). Also, Plaintiffs' class allegations fail to leave the gate. The Lampo Defendants raise three independent bases on which the Court should strike Plaintiffs' class allegations, any one of which would, in and of itself, necessitate dismissal of the putative class. *See* Mot. to Dismiss. After the class allegations are stricken, the Court arguably will not have jurisdiction because there would be no diversity as of the time of filing (since Plaintiffs' Complaint itself fails to state a claim for relief on a class basis). The Lampo Defendants recognize the complicated nature of this question, however, and have noted previous precedent allowing for jurisdiction after a motion to dismiss. *See* Mot. to Dismiss (citing *Mansker*

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 3

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

*v. Farmers Insurance Co. of Washington*, No. C10-511JLR, 2011 WL 1327111 (W.D. Wash. Apr. 6, 2011) (Robart, J.)).

Moreover, courts have found that when a motion to dismiss raises the possibility of a lack of subject matter jurisdiction—as is the case here—it is appropriate to stay discovery until the motion is decided. *See Magassa v. Wolf*, No. 2:19-cv-2036-RSM, 2020 WL 2307477, at *1 (W.D. Wash. May 8, 2020) (Martinez, C.J.) ("While a pending motion to dismiss does not ordinarily warrant a stay of discovery, a stay may be appropriate where issues of jurisdiction or immunity are raised in the dispositive motion."). Indeed, other courts have relaxed the movant's burden to show that a stay is appropriate when a motion to dismiss is based on lack of subject matter jurisdiction, in order to protect the movant from the undue burden and expense of discovery should the court lack jurisdiction. *See Roush v. Akal Grp. of Co., LLC*, No. 2:17-CV-358-RMP, 2018 WL 11388409, at *1 (E.D. Wash. July 31, 2018) (Peterson, J.) (relaxing burden of demonstrating why discovery should be stayed where motion to dismiss is based on lack of subject matter jurisdiction because "[a] defendant should not be required to participate in burdensome and costly discovery in a forum that has no jurisdiction over him") (citation omitted). This reasoning applies with equal force here.[1]

But even if the Motion to Dismiss does not resolve this case entirely, there is still good cause for a stay, because the motion will reduce the scope and burden of the litigation by eliminating the class allegations and disposing of Plaintiffs' unjust enrichment claim and several named Plaintiffs whose claims are time-barred. *See* Mot. to Dismiss. Such a stay "furthers the goals of efficiency for the court and the litigants." *Little*, 863 F.2d at 685.

---

[1] The Lampo Defendants are aware of the Court's ruling in *HDT Bio Corp. v. Emcure Pharm., Ltd.*, No. C22-334JLR, 2022 WL 2106160 (W.D. Wash. June 10, 2022), which found that a pending motion to dismiss based on the court's lack of jurisdiction did not justify a discovery stay under different circumstances. The *HDT Bio Corp.* case is distinguished from this case, as *HDT Bio Corp.* concerned personal jurisdiction, not subject matter jurisdiction, and, as the Court explained, the defendant had conceded plaintiff's evidence to support that personal jurisdiction could exist.

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 4

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

At the same time, the Lampo Defendants' Motion to Dismiss can be decided without discovery. *See Roberts*, 2018 WL 5013780, at *1. In considering the underlying motion, a court asks only whether the pleadings are sufficient to establish a claim, not whether a plaintiff could find evidence to support the pleadings. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Moreover, the Motion to Dismiss raises "pure" legal issues, such as subject matter jurisdiction and statute of limitations, which do not require additional discovery. *See also HUB Int'l Nw. LLC v. Larson*, No. 2:22-cv-1418-TL, 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023) (Lin, J.). Therefore, the Court can issue a ruling on the motion based on the face of Plaintiffs' Complaint.

For each of these reasons, a stay of discovery and the case schedule pending the Court's decision on the Lampo Defendants' Motion to Dismiss is warranted. In the alternative, if the Court does not stay all discovery pending the motion, then at a minimum the Court should stay class certification related discovery, for the same reasons explained above. *See Fernandez v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 15-CV-22782, 2016 WL 11547295, at *2 (S.D. Fla. Mar. 22, 2016) (finding good cause to stay class-wide discovery).

### B. The Court Should Stay Discovery Because the Competing Interests Weigh in Favor of Granting the Stay

In the absence of established law defining when there exists good cause for a stay, some courts have opted to weigh the parties' competing interests in deciding whether a stay is appropriate. *See HUB Int'l Nw. LLC*, 2023 WL 2527150, at *3. According to the Ninth Circuit, these competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward [with discovery], and the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265,

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 5

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

268 (9th Cir. 1962)) (evaluating propriety of a stay pending resolution of related but separate proceeding).

Here, all competing interests weigh in favor of a stay pending the resolution of the Lampo Defendants' Motion to Dismiss.[2] First, the hardship and inequity of conducting highly burdensome and costly discovery now—when the pending motion may dismiss this case entirely or, at the very least, narrow the issues considerably by obviating the need for discovery regarding the putative class of 10,000 people (as well as certain named Plaintiffs whose claims are time-barred)—clearly overrides any hardship Plaintiffs can claim in staying discovery for a short time. Plaintiffs' Complaint suggests broad discovery given the nature of the claims, class size, and scope of the Lampo Defendants' endorsement of Reed Hein. Indeed, Plaintiffs themselves agree that "discovery is and will be voluminous" in this case. *See* Joint Status Report and Disc. Plan, Dkt. 20 at 4. For example, Plaintiffs allege the class will include more than 10,000 consumers across the United States who retained Reed Hein "after being exposed to, **and/or** in reliance on," the Lampo Defendants' endorsement of Reed Hein. Compl. ¶¶ 191, 192, Dkt. 1 (emphasis added). The nature of this case and Plaintiffs' proposed class definition suggest there will be burdensome discovery dedicated to attempting (futilely) to identify individuals who happened to ***listen to*** (*i.e.*, were "exposed to") a radio broadcast by the Lampo Defendants before they paid Reed Hein for "exit" services. This lack of concrete parameters on the scope of discovery weighs in favor of a stay pending the Motion to Dismiss and resolution of whether Plaintiffs' class claims survive. *Lockyer*, 398 F.3d at 1110.

---

[2] Plaintiffs and Defendant Happy Hour Media Group, LLC ("Happy Hour") are engaging in settlement discussion and, as a result, have stipulated to an extension of Happy Hour's motion to dismiss deadline, until October 5, 2023. *See* Stip., Dkt. 23. Settlement will have a material impact on the claims and the parties' litigation strategy particularly where, as in this case, Plaintiffs have alleged a conspiracy between the Lampo Defendants and Happy Hour. Moreover, if Plaintiffs and Happy Hour do not reach a settlement, briefing on Happy Hour's motion to dismiss will not conclude until November 10, 2023, at the earliest. *Id.* Given the material impact a settlement between Plaintiffs and Happy Hour would have on the case, and the uncertainties regarding the timing and logistics of such a settlement (especially if it requires notice to some sort of putative class), this is an additional reason the Court should stay discovery and issuance of a case schedule at this stage of the proceedings.

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 6

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

A stay would also preserve precious judicial resources and time. As discussed, the Lampo Defendants' Motion to Dismiss raises pure questions of law that would not change because of discovery. *Supra* IV(A). Further, the Court has not yet entered a case schedule; therefore, a stay would not disrupt any previously set Court deadlines. The Court also need not address anticipated discovery disputes related to issues that may become moot if and when the Court dismisses or narrows the Complaint. As the Court has recognized, class actions, in particular, demand a tremendous amount of judicial resources. *See Ctr. v. Pompeo*, No. C18-1122JLR, 2018 WL 6523135, at *5 n.7 (W.D. Wash. Dec. 12, 2018) (Robart, J.) ("[C]lass actions are frequently complex affairs which tax judicial resources."). Thus, "the interests of judicial economy" are best serve by a stay. *See, e.g.*, *Lazar v. Charles Schwab & Co. Inc.*, No. CV-14-1511-PHX-DLR, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014).

Finally, even if the Motion to Dismiss somehow does not resolve this case entirely, it is likely to narrow the issues. Therefore, allowing a stay of discovery and the case schedule until after the Lampo Defendants' Motion to Dismiss is decided will ensure that the parties and the Court are not forced to incur the time, burden, and expense of conducting discovery which may be rendered moot by the motion.

For each of these reasons, the competing interests weigh in favor of staying discovery and the issuance of a case schedule, and a stay should be granted.

## V.   CONCLUSION

The Lampo Defendants request that the Court stay discovery and the issuance of a case schedule pending its ruling on the Motion to Dismiss.

///

///

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 7

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

DATED this 10th day of August, 2023.

*I certify that this memorandum contains 2,488 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754
Patricia A. Eakes, WSBA No. 18888
Tyler Weaver, WSBA No. 29413
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
damon.elder@morganlewis.com
tyler.weaver@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY AND ISSUANCE OF A CASE SCHEDULE
Case No. 2:23-cv-00630 – Page 8

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401