THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-00630 |
| | **PLAINTIFFS' OPPOSITION TO DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT** |
| Plaintiffs, | **NOTED ON MOTION CALENDAR: SEPTEMBER 15, 2023** |
| v. | |
| DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company, | |
| Defendants. | |

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1

## **<u>TABLE OF CONTENTS</u>**

2

I.      INTRODUCTION ……………………………………………………………... 1

II.     STATEMENT OF FACTS RELEVANT TO DEFENDANTS' MOTION ………… 2

    a.   Ramsey Defendants Took $30 Million in Listeners' Trust Money as
       Part of a Common Plan to Deceive Them into Signing Eighteen-Month
       Contracts with Reed Hein ……………………………………………………. 2

    b.   Reed Hein's Fraud Was Proven or Admitted in the Washington
       Attorney General Action, Thirteen Arbitrations, and a Stipulated
       $630 Million Covenant Judgment ……………………………………………. 4

    c.   The Complaint Adequately Alleges Common Questions of Law
       and Fact and That a Class Action is Superior to Other Methods
       of Adjudication ……………………………………………………………... 5

III.    STANDARDS OF REVIEW …………………………………………………… 5

IV.     ARGUMENT …………………………………………………………………… 7

    a.   The Plaintiffs' Unjust Enrichment Claims are Legally Cognizable ……………. 7

    b.   The Plaintiffs Allege a Prima Facia Case for Class Certification
       and Adjudication …………………………………………………………. 10

       1.   The putative class as defined is neither overly broad nor
          is it an impermissible fail-safe class ……………………………………. 10

       2.   Common issue of causation and reliance are subject to
          class-wide proof and thus will predominate over
          individual issues, as required by Fed. R. Civ. P. 23(a)
          and b(3) ……………………………………………………….….... 13

            A.   Class-wide Reliance and Negligent Misrepresentation ……. 14

            B.   Class-wide Causation Under the WACPA …..………….… 17

       3.   The putative class action is superior to individual actions
          and is administratively feasible ……………………………………... 18

            A.   The Class Definition is Ascertainable …..………………… 20

    c.   The Plaintiffs' Claims Are Not Time-Barred Because the Statute
       of Limitations Did Not Accrue Until the Eighteen-Month Performance
       Period Expired, the Attorney General's Lawsuit Tolled the Statute
       of Limitations 602 Days, and the Defendants Deliberately Obstructed
       the Customers' Discovery of Their Damages …………………………… 21

       1.   Plaintiffs' claims did not accrue until at least eighteen months
          after signing contracts with Reed Hein because each contract
          contained an eighteen-month performance period ………………….. 23

       2.   The statute of limitations did not begin until Ramsey ceased
          promoting Reed Hein because Reed Hein used it fiduciary
          relationship to conceal the fraud until that time ………………………... 25

---

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR*
*STRIKE COMPLAINT* - Page i
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

3.   The statute of limitations for Plaintiffs' Washington Consumer
Protection Act claims was tolled during the pendency of the
Washington Attorney General's action against Reed Hein …………….. 27

d.   The Court Should Grant Leave to Amend the Complaint to
Address Any Factual Deficiencies …………………………………………... 29

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR
STRIKE COMPLAINT* - Page ii
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE,  WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## TABLE OF AUTHORITIES

**Cases**

*Adolph v. Reed Hein & Associates, et al.*, Case No. 2:21-cv-01378-BJR (W.D. Wash. 2021) ...19

*Agne v. Papa John's Int'l, Inc.,* 286 F.R.D. 559 (W.D. Wash. 2012).........................................20

*Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) .......................................................29

*Anderson v. Teck Metals, Ltd.*, No. CV-13-420-LRS, 2015 WL 59100 (E.D. Wash. Jan. 5, 2015) ......................................................................................................................................................22

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009).........................................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...........................................................................6

*Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975) .......................................................................15

*Blough v. Shea Homes, Inc.*, No. 2:12-CV-01493 RSM, 2014 WL 3694231 (W.D. Wash. July 23, 2014).............................................................................................................................................19

*Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) (Robart, J.) .................................................................................................................................11

*Bund v. Safeguard Properties, LLC,* C16-0920-JLR, 2016 WL 8738677 (W.D. Wash. Dec. 30, 2016) (Robart, J.)........................................................................................................................6

*Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D. Cal. 2011).......................7

*City of Algona v. City of Pac.*, 35 Wash. App. 517, 667 P.2d 1124 (1983) ................................24

*Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117 (9th Cir. 1980)..........................................22

*Cover v. Windsor Surry Co.*, No. 14-CV-05262-WHO, 2017 WL 9837932 (N.D. Cal. July 24, 2017).............................................................................................................................................19

*Davenport v. Wash. Educ. Ass'n*, 147 Wash. App. 704, 197 P.3d 686 (2008) ............................8

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page iii
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987) ...............................29

2  *Deegan v. Windermere Real Estate/Center-Isle, Inc.*, 197 Wash. App. 875, 391 P.3d 582 (2017)

3  .................................................................................................................................24

4  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .....................29

5  *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) .............................13

6  *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909 (9th Cir. 1964)................15

7  *Hibbs-Rines v. Seagate Tech., LLC.*, No. 08-5430, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009)..7

8  *In re American Continental Corp./Lincoln Savings & Loan Securities Litigation,* 140 F.R.D. 425

9  (D.Ariz. 1992) ..................................................................................................15, 16

10  *In re First Alliance Mortgage, Co.,* 471 F.3d 977 (9th Cir. 2006).........................14, 15

11  *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609 (N.D. Cal. 2007) .............................7

12  *Indoor Billboard/Washington, Inc.*, *v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59

13  (2007) ........................................................................................................12, 17, 18

14  *Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir. 1980).........................................22

15  *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257 (W.D. Wash. 2011) (Lasnik, J.)............8

16  *Kristensen v. Credit Payment Servs.,* 12 F. Supp. 3d 1292 (D.Nev. 2014)................20

17  *Lavington v. Hillier*, 22 Wash. App. 2d 134, 510 P.3d 373 (2022).................................9

18  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005) .......6

19  *Matter of Est. of Rule*, 23 Wash. App. 2d 1005, 2022 WL 3152591 (Aug. 8, 2022)....................8

20  *Melgar v. CSK Auto, Inc.* 681 Fed. Appx. 605 (9th Cir. 2017)....................................11

21  *N. Coast Enterprises, Inc. v. Factoria P'ship,* 94 Wash. App. 855, 974 P.2d 1257 (1999).........24

22

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR
STRIKE COMPLAINT* - Page iv
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

*Northwest Airlines, Inc. v. Ticket Exchange Inc.*, 793 F. Supp. 976 (W.D. Wash. 1992) (Dimmick, J.) ............................................................................................................................... 9

*Nw. Immigrant Rts. Project v. U.S. Citizenship & Immigr. Servs.*, 325 F.R.D. 671 (W.D. Wash. 2016) ................................................................................................................................. 10

*O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311 (C.D.Cal.1998) ........................................... 20

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 424 (2022) ...................................................................................... 10

*PTP OneClick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050 (W.D. Wash. 2019) (Robart, J.) .... 22

*Reeves v. Teuscher*, 881 F.2d 1495 (9th Cir. 1989) ............................................................ 23, 24

*Safeco Ins. Co. v. Barcom*, 112 Wash.2d 575, 773 P.2d 56 (1989) ........................................ 24

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal.1996) ..................... 16

*Schnall v. AT&T Wireless Services, Inc.*, 171 Wash. 2d 260 (2011) ............................. 12, 17, 18

*State of Washington v. Reed Hein & Associates, et al.*, No. 20-2-03141-1 SEA (King County Sup. Ct., Feb. 4, 2020) ................................................................................................................. 27

*Telesaurus VPC, LLC v. Power*, 623 F.3d 998 (9th Cir. 2010) .................................................. 6

*Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120 (N.D. Cal. 2008) ...................................... 7

*Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016) ............................................... 14

*United States v. Webb*, 655 F.2d 977 (9th Cir. 1981) .............................................................. 29

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009) ................................... 13

*Washington v. Reed Hein & Associates, et al.*, No. 21CV-267 (Williamson Cnty. Circuit Ct., Sept. 7, 2021) ................................................................................................................................... 28

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page v
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

*Wetzel v. CertainTeed Corp.*, No. C16-1160, 2019 WL 3976204 (W.D. Wash. Mar. 25, 2019) (Robart, J.) .................................................................................................13, 14, 18

*Willis v. Enter. Drilling Fluids, Inc.*, No. 1:15-cv-00688-JLT, 2015 WL 6689637 (E.D. Cal. Oct. 28, 2015) ..............................................................................................................7

*Wizards of the Coast, LLC v. Cryptozoic Ent. LLC et. al.*, 309 F.R.D. 645 (W.D. Wash. Aug. 4, 2015) (Robart, J.) ............................................................................................29

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658 (9th Cir. 1998) ..........................6

*Young v. Young*, 164 Wash. 2d 477, 191 P.3d 1258 (2008) ...................................................7, 8

**Statutes**

RCW 19.86.120 ...............................................................................................27, 28

**Other Authorities**

Fed. R. Civ. P. 15(a)(2) ...........................................................................................29

Fed. R. Civ. P. 23(a) ................................................................................................6

Fed. R. Civ. P. 23(b)(3) ........................................................................................18, 19

Newberg on Class Actions, § 3:6 (5th ed. 2016) ................................................................11

WPI 310.07 ...........................................................................................................17

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page vi
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I.    INTRODUCTION

Ramsey Defendants ask this court to strike Plaintiffs' class allegation and dismiss their Complaint, arguing that: 1) the Complaint cannot sufficiently allege a claim for unjust enrichment because Ramsey received the Plaintiffs' money indirectly through third party Reed Hein; 2) the class definition is overly broad and impermissibly fail-safe; 3) individual issues will predominate over common issues because causation and reliance cannot be proven on a class-wide basis; 4) a class action is not superior because class members have greater interest in controlling their own litigation, their damages are not ascertainable, and the proposed class action is not administratively feasible; and 5) the statute of limitations precludes many of the Plaintiffs' claims.

The motion should be denied. First, there is no precedent in which a court dismissed an unjust enrichment claim because the defendant received a benefit indirectly, but there is Western District of Washington precedent to the contrary. Second, the class definition is not overly broad just because it includes members who were not harmed so long as that issue does not predominate. Third, the class definition is not 'fail-safe' because Plaintiffs must prove elements beyond the facts contained in the class definition to prevail, and a judgment for the Defendants on these elements would be binding on all Class Members. Fourth, reliance on Ramsey Defendants' statements is not an individualized inquiry because the misrepresentations hew to a common plan without material variation providing class wide proof of reliance. Fifth, proximate cause under the Consumer Protection Act can be proven by statistical analysis without any showing of reliance. Sixth, a class action is superior because common issues of law and fact predominate, the class and their damages are ascertainable by way of objective criteria, and individual Class Members do not have an overriding interest in controlling their own litigations. Seventh, the statute of limitations does not bar this action because there was

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 1
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

an eighteen-month performance period in each Reed Hein contract, the Attorney General's case tolled the statute 602 days, and the Ramsey Defendants deliberately concealed the fraud until May 2021.

## II.   STATEMENT OF FACTS RELEVANT TO DEFENDANT'S MOTION

### a.   Ramsey Defendants Took $30 Million in Listeners' Trust Money as Part of a Common Plan to Deceive Them into Signing Eighteen-Month Contracts with Reed Hein

Between July 2015 and May 2021, Dave Ramsey and The Lampo Group ("Ramsey Defendants") entered a centrally orchestrated plan with Defendant Happy Hour Media Group and Reed Hein & Associates (d/b/a Timeshare Exit Team) ("Reed Hein") to deceive unwitting listeners into paying upfront fees to Reed Hein. Dkt. #1 at ¶¶2-5, 7, 81, 123, 178-190. The Ramsey Defendants participated in this common plan despite knowledge and constructive knowledge that the 'services' they were promoting were unfair and deceptive. *Id*. at ¶¶6-8, 82-99, 103, 115-122, 158-164, 170, 177. Ramsey's referrals and representations did not deviate in any material way across the various marketing forums to which Plaintiffs and Class Members were exposed. *See infra.* Sec. IV B.2.a., p. 16, ln. 10-p.17, ln. 9.

Each Plaintiff and Class Member signed a contract with Reed Hein after being referred to Reed Hein by Ramsey and his 'expert' recommendations. *Id*. at ¶¶16-66. Each contract contained an eighteen-month period for Reed Hein to 1) perform services or 2) pay the customers a refund pursuant to its "100% money back guarantee." *Id*. at ¶¶3, 33, 45, 56, 81, 89, 131, 168. When the eighteen months expired, Reed Hein would "systematically" fabricate excuses, delay tactics, and talking points to stave off customers' realization that they were being defrauded, which it did "without regard to the nature of their individual cases." *Id*. at

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 2
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1   ¶¶96, 122. Not a single Plaintiff had their Timeshare obligations extinguished as promised, and

2   not a single Plaintiff was refunded their up-front fee as promised. [1]

3   Reed Hein charged upfront fees between $4,000 and $72,000. *Id*. at ¶¶3, 81. Although

4   the law required that the fees be safeguarded in trust until services were performed, Reed Hein

5   and Ramsey Defendants immediately treated it as earned revenue and split it. *Id*. at ¶¶5, 114,

6   121. The Ramsey Defendants knew or constructively knew that was a violation of FTC

7   regulations and other laws. *Id*. at ¶121. Nevertheless, the Ramsey Defendants took

8   approximately $30 million of Ramsey listeners' trust money without any services performed.

9   *Id*. at ¶123. Dave Ramsey's participation increased the revenue of Reed Hein from less than

10  one-million dollars per year to greater than $40 million per year during the period of their

11  agreement. *Id*. at ¶5, 113-114, 125. Reed Hein kept careful records identifying all Ramsey

12  referrals, the fees they paid, and the money transferred to Ramsey in exchange for his referrals.

13  *Id*. at ¶12. Records reflect that Plaintiffs and Class Members were defrauded out of at least $70

14  million. *Id*. at ¶¶12, 123, 166.

15

16  _____

17

18  [1] Defendants' fact section is incorrect. Dkt. # 25 at 9. There are no allegations stating 1) that Reed
    Hein successfully released customers from timeshares "through various means, including hiring
19  attorneys who would negotiate with the timeshare companies," (Dkt. # 25 at 9:7-9); 2) that Reed
    Hein used customers' upfront fees "in its negotiations with the timeshare companies" (*Id* at 9-11);
20  3) or that, "...this business model worked for Reed Hein and for its customers until six major
    timeshare companies begin [sic] to resist Reed Hein's tactics..." *Id*. at 10-13. To the contrary, the
21  paragraphs Defendants cite explicitly state 1) every 'method' used by Reed Hein was fraudulent,
    2) the lawyers did nothing more than facilitate the fraud by creating pseudo-legal processes to
22  trick customers, and 3) Reed Hein "immediately treated [the fees] as earned revenue and spent
    it," rather than use it to negotiate. Dkt. # 1 ¶¶81, 86-92.

23
    *PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR*       ALBERT LAW PLLC         FRIEDMAN | RUBIN®
    *STRIKE COMPLAINT* - Page 3                         3131 Western Avenue,    1109 First Avenue,
    *Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630   SUITE 410      suite 501
                                                        SEATTLE, WA 98121       Seattle, WA 98101
                                                        (206) 576-8044         (206) 501-4446

Dave Ramsey did not reveal that he was receiving customer money until May 2021, when he announced he was no longer promoting Reed Hein because it had become insolvent. *Id*. at ¶¶11, 108, 177. Ramsey blamed third parties for Reed Hein's insolvency and dared those parties to sue him. *Id*. at ¶11. Despite knowing that his customers had been deceived by his promotions, Ramsey chose to reassert that Reed Hein had been "doing the right thing" all along. *Id*. at ¶177.

**b. Reed Hein's Fraud Was Proven or Admitted in the Washington Attorney General Action, Thirteen Arbitrations, and a Stipulated $630 Million Covenant Judgment**

In January 2020, Plaintiffs' counsel filed an action on behalf of a Reed Hein customer in Washington State Superior Court, which was remanded to arbitration pursuant to arbitration clauses contained in each customers' contract. *Id*. at ¶100. Reed Hein customers prevailed in thirteen out of fourteen arbitrations. *Id*. at ¶¶100, 103-104, 200.

In February 2020, the Washington State Attorney General filed a suit against Reed Hein for violations of the Consumer Protection Act and similar allegations. *Id*. at ¶¶8, 101-102. The lawsuit continued from February 6, 2020, to September 28, 2021. *Id*. at ¶203. That case settled through a Consent Decree, entered against Reed Hein on September 28, 2021. *Id*. at ¶101-102.

In October 2021, Brian and Kerri Adolph filed a purported class action against Reed Hein in the Western District of Washington. *Id*. at ¶105. The court certified a class on behalf of all Reed Hein's customers, the class received notice, and on June 15, 2023, Reed Hein stipulated to the entry of a $630 million covenant judgment. *Adolph v. Reed Hein*, No. 2:21-cv-01378-BJR (W.D. Wash. 2021), Dkt #45.

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 4
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

**c.  The Complaint Adequately Alleges Common Questions of Law and Fact and That a Class Action is Superior to Other Methods of Adjudication**

On April 28, 2023, Plaintiffs filed the current purported class action alleging violations of the Washington State Consumer Protection Act, Negligent Misrepresentation, Unjust Enrichment and Civil Conspiracy. Dkt. #1 at ¶¶201-215.  Plaintiffs allege a Class case on behalf of:

> All individuals who, during the applicable statute of limitations, paid money to Reed Hein and Timeshare Exit Team for the purpose of obtaining an "exit" from their timeshare obligations after being exposed to, and/or in reliance on, the statements and other representations made by Dave Ramsey, and The Lampo Group.

*Id*. at ¶191.

Plaintiffs allege that common questions of law and fact predominate over individual issues, including:

> a.  Whether Defendants made deceptive and/or materially false representations to Plaintiffs and the Class Members;
>
> b.  Whether Defendants' business practices alleged herein are deceptive acts or practices;
>
> c.  Whether Defendants are liable to Plaintiffs and the Class for damages and, if so, the measure of such damages.

*Id*. at ¶195.

Plaintiffs also allege that a class action is superior to other available methods for fair and efficient adjudication of Plaintiffs' claims. *Id*. at ¶¶193, 199.

## III.   STANDARDS OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 5
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE,  WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1   the court construes the complaint in the light most favorable to the nonmoving party. *Bund v.*

2   *Safeguard Properties, LLC,* C16-0920-JLR, 2016 WL 8738677 (W.D. Wash. Dec. 30, 2016)

3   (Robart, J.) (citing *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th

4   Cir. 2005)). The court must accept all well-pled facts as true and draw all reasonable inferences

5   in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661

6   (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual

7   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

8   *Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

9   (2007)); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

10       Class certification is governed by Federal Rule of Civil Procedure 23. Under Federal

11   Rule of Civil Procedure 23(a), the party seeking certification must first demonstrate that "(1)

12   the class is so numerous that joinder of all members is impracticable; (2) there are questions

13   of law or fact common to the class; (3) the claims or defenses of the representative parties are

14   typical of the claims or defenses of the class; and (4) the representative parties will fairly and

15   adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Second, the proposed class

16   must satisfy the requirements listed in Rule 23(b)(3) which require that questions of law or fact

17   common to class members predominate over any questions affecting only individual members,

18   and that a class action is superior to other available methods for fairly and efficiently

19   adjudicating the controversy.

20       A Motion to Strike Class allegation at the pleadings stage is disfavored and should only

21   be granted in those instances where plaintiffs cannot possibly make a *prima facia* showing of

22   the prerequisites of FRCP 23. *Bund*, 2016 WL 8738677 at *4 (W.D. Wash. Dec. 30, 2016)

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 6
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1  (Robart, J.) ("[w]hile class allegations can be stricken at the pleadings stage if the claim could

2  not possibly proceed on a class wide basis, 'it is in fact rare to do so in advance of a motion

3  for class certification.'") (quoting *Willis v. Enter. Drilling Fluids, Inc.*, No. 1:15-cv-00688-

4  JLT, 2015 WL 6689637, at *7 (E.D. Cal. Oct. 28, 2015) (quoting *Cholakyan v. Mercedes-Benz*

5  *USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011)). Motions to strike or dismiss class

6  allegations "'are disfavored because a motion for class certification is a more appropriate

7  vehicle' for arguments about class propriety." *Hibbs-Rines v. Seagate Tech., LLC.*, No. 08-

8  5430, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009) (quoting *Thorpe v. Abbott Labs., Inc.*,

9  534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008)); *see also In re Wal-Mart Stores, Inc.*, 505 F.

10 Supp. 2d 609, 614-15 (N.D. Cal. 2007) (denying defendants' motion to dismiss or strike class

11 allegations as premature where there had been no answer, discovery had not yet commenced,

12 and no motion for class certification had been filed).

13 ## IV.   ARGUMENT

14 ### a. The Plaintiffs' Unjust Enrichment Claims Are Legally Cognizable

15     Under Washington law, "[u]njust enrichment is the method of recovery for the value of the

16 benefit retained absent any contractual relationship because notions of fairness and justice

17 require it." *Young v. Young*, 164 Wash. 2d 477, 484, 191 P.3d 1258 (2008). Unjust enrichment

18 claims have three elements: 1) the defendant receives a benefit, which may or may not be

19 monetary; 2) the received benefit is at the plaintiff's expense; and 3) the circumstances make

20 it unjust for the defendant to retain the benefit. *Young*, 164 Wash. 2d at 484-485. The Ramsey

21

22

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR
STRIKE COMPLAINT* - Page 7
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Defendants contend that Plaintiffs' unjust enrichment claim cannot succeed because Plaintiffs gave their money to the Ramsey Defendants indirectly through Reed Hein.

That is an inaccurate reading of the law. In an analogous case, this court held that an unjust enrichment claim can proceed even when the benefit is converted and channeled through a third party. *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1271 (W.D. Wash. 2011) (Lasnik, J.) ("Plaintiffs allege that . . . retention of the money [Intelius] was collecting directly *or indirectly* would be unjust. Plaintiffs have adequately alleged facts supporting all the elements of an unjust enrichment claim under Washington law" (italics added)). In *Keithly*, customers paid Adaptive Marketing for services, who then gave a portion of the money to Intelius for referring the customers and providing their personal information. *Id.* at 1262-1265. The plaintiffs sued Intelius for unjust enrichment even though they did not directly pay Intelius. The Court denied Intelius' motion to dismiss even though the benefits flowed through Adaptive Marketing. *Id.* at 1271, n. 14 ("[not] too remote to form the basis of an unjust enrichment claim.").

None of the cases the Ramsey Defendants cite hold otherwise. In *Young v. Young,* the issue was the measure of recovery in an unjust enrichment claim, not whether payments needed to be directly made to the defendant. *Young*, 164 Wash. 2d at 480-483 (2008). In *Davenport*, the issue was whether a cause of action for unjust enrichment can survive when the payment was compelled by law. *Davenport v. Wash. Educ. Ass'n*, 147 Wash. App. 704, 709-716, 197 P.3d 686 (2008). The unpublished decision in *Estate of Rule* is about the standing of third-parties to pursue breach of duty claims against attorneys. *Matter of Est. of Rule*, 23 Wash. App. 2d 1005, 2022 WL 3152591 at *1-2 (Aug. 8, 2022) (unpublished). In that case, the Court

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 8
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1   primarily ruled based on the plaintiff's lack of standing to bring any claims at all, but the Court

2   also found that the unjust enrichment claims were not available because the plaintiff did not

3   confer a benefit on anyone.

4         Ramsey Defendants rely heavily on *Lavington*. *Lavington v. Hillier*, 22 Wash. App. 2d

5   134, 138-139, 510 P.3d 373 (2022). *Lavington* was not about indirect payments. The case

6   centered on an intrafamily dispute about use of a driveway. The court addressed applicability

7   of unjust enrichment in circumstances where the benefit was *taken without consent*, instead of

8   conferred. *Lavington*, 22 Wash. App. 2d at 144 ("it is undisputed that Lavington did not confer

9   any benefit on the Hilliers or on Parsons. They simply took the benefit. Therefore, as a matter

10  of law Lavington could not satisfy the first element of unjust enrichment").

11        On facts similar to this case, this court has permitted unjust enrichment claims where

12  the relevant benefit was transferred between the defendant and a third-party. In *Northwest*

13  *Airlines, Inc. v. Ticket Exchange Inc.*, Ticket Exchange purchased awarded airline tickets from

14  Northwest Airlines customers and resold them in violation of Northwest's policies. *Northwest*

15  *Airlines, Inc. v. Ticket Exchange Inc.*, 793 F. Supp. 976, 977-978 (W.D. Wash. 1992)

16  (Dimmick, J.). Northwest brought a Washington Consumer Protection Act claim and an unjust

17  enrichment claim under Washington law. *Id*. at 977. There was no direct interaction between

18  Northwest Airlines and Ticket Exchange and no direct payment from Northwest Airlines. *Id*.

19  Nonetheless, the court granted summary judgment in favor of Northwest on its unjust

20  enrichment claim because Ticket Exchange knew that their actions violated Northwest's

21  polices and encouraged Ticket Exchange customers to take actions to hide the violations. *Id*.

22  at 980.

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 9
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

The present case is even more compelling because the money was not Reed Hein's to give. The Ramsey Defendants knew or should have known that Reed Hein was violating FTC regulations and state law by not holding the customer money in trust until services were performed. Dkt. #1 at ¶¶ 86, 121, 171. Although an indirect benefit can be enough to support an unjust enrichment claim, by accepting customer money from a constructive trust instead of Reed Hein's own money, the Plaintiffs conferred a *direct* benefit on the Ramsey Defendants.

**b. The Plaintiffs Allege a Prima Facia Case Suitable for Class Certification and Adjudication**

**1. The putative class as defined is neither overly broad nor is it an impermissible fail-safe class.**

Ramsey Defendants argue that a class is impermissibly broad if it includes individuals not injured by the defendants' conduct. Dkt. #25 at 7 (citing *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 424 (2022)). But they also argue it is impermissibly "fail-safe" if it includes only those individuals injured by the defendants' conduct. *Id*. at 7 (citing the same and *Nw. Immigrant Rts. Project v. U.S. Citizenship & Immigr. Servs.*, 325 F.R.D. 671, 694 (W.D. Wash. 2016)). That cannot be the law. If it was, there would be virtually no opportunity to bring a class action because every class would be either impermissibly broad or impermissibly fail-safe.

Instead, the cases Ramsey Defendants cite stand for the proposition that a class is not overly broad merely because it may contain individual members who were not injured by the defendants' conduct **so long as that issue does not predominate**. *Olean Wholesale Grocery Coop., Inc.*, 31 F.4th at 669 (emphasis added). Here, the class includes individuals who paid

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

an up-front fee for a promise that was never delivered. Records kept by the parties and Reed Hein will readily identify these damages and the identity of class members who sustained them. Dkt. #1 at ¶12.

Nor is the proposed class impermissibly fail-safe, because it is not defined in a way that precludes membership unless the Defendants' liability is established. *Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247, at *6 (W.D. Wash. Mar. 30, 2015) (Robart, J.). A class is not impermissibly fail-safe so long as the definition of the class is not exclusively aligned with the elements of the claims against the defendants. *See Melgar v. CSK Auto, Inc.* 681 Fed. Appx. 605, 606 (9th Cir. 2017) (unpublished) (The district court did not abuse its discretion by certifying a fail-safe class. A fail-safe class is commonly defined as limiting membership to plaintiffs described by their theory of liability in the class definition such that the definition presupposes success on the merits. A class definition does not presuppose its success on the merits where the liability standard applied by the court requires class members to prove more facts to establish liability than are referenced in the class definition. *See* William B. Rubenstein, Newberg on Class Actions § 3:6 (5th ed. 2016)).

In the present case, the Complaint defines the class as:

> All individuals who, during the applicable statute of limitations, paid money to Reed Hein and Timeshare Exit Team for the purpose of obtaining an "exit" from their timeshare obligations after being exposed to, and/or in reliance on, the statements and other representations made by Dave Ramsey, and The Lampo Group.

Dkt. #1 at ¶191.

This proposed class is not impermissibly fail-safe because the definition is not aligned with all the elements which Plaintiffs must prove to prevail on their claims. As such, the

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 11
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

dangers inherent in a fail-safe class are not present. For example, a finding that Defendants'
representations and statements were not deceptive under the WACPA would be binding on all
members of the class and preclude recovery under the WACPA. Similarly, a finding that the
Defendants were not negligent in making false and deceptive representations would be binding
on all Class Members and preclude their recovery for Negligent Misrepresentation.

The same analysis applies to the Plaintiffs' claims for unjust enrichment, which requires
a conferred benefit, and civil conspiracy, which requires proof of an agreement among the
Defendants and Reed Hein. Put simply, when, as here, more facts are required to prove liability
than are referenced in the class definition, a class definition cannot be impermissibly fail-safe.
*Melgar,* 681 Fed. Appx.at 606.

Ramsey Defendants take issue with the inclusion of the term "reliance" in the class
definition, claiming that proof of reliance is a required element of negligent misrepresentation
and implicit in Plaintiffs' theory of causation under the WACPA. Dkt. # 25 at 14:19-21. While
it is true that reliance is an element of Plaintiffs' claim of negligent misrepresentation, it is not
the only element that must be proven for Plaintiffs to prevail, and as discussed below, is capable
of being proven on a class-wide basis.

As to the Plaintiffs' WACPA claim, reliance is not an element of a claim for WACPA
violation. *See Schnall v. AT&T Wireless Services, Inc.*, 171 Wash. 2d 260, 277 (2011) (citing
*Indoor Billboard/Washington, Inc.*, *v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 82
(2007)). Although proximate causation can be proven through reliance, it also can be proven
through a statistical analysis showing a dramatic growth in the number of customers and
revenue correlating to Defendants' centrally orchestrated strategy and false statements. For

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 12
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

example, Reed Hein's own records identify customers who the Ramsey Defendants referred to Reed Hein and the revenue generated by those referrals. Dkt. #1 at ¶12. Additionally, records exist showing how Ramsey was paid as part of this orchestrated common strategy. *Id*. at ¶12.

In light of this, it would be of little impact to the success of Plaintiffs' Class claims if the class definition removed the terms "exposed" and "reliance" and merely read:

> All individuals who, during the applicable statute of limitations, were referred to Reed Hein by Dave Ramsey and the Lampo Group and paid money to Reed Hein for the purpose of obtaining an "exit" from their timeshare obligations.

For those reasons, the class definition is neither impermissibly broad nor does it define an impermissible fail-safe class.

**2. Common issues of causation and reliance are subject to class-wide proof and thus will predominate over individual issues, as required by Fed. R. Civ. P. 23(a) and (b)(3).**

Whether common issues predominate over individual issues is essentially "an assessment of 'whether the proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wetzel v. CertainTeed Corp.*, No. C16-1160, 2019 WL 3976204 at *15 (W.D. Wash. Mar. 25, 2019) (quoting *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009)) (Robart, J.). The court's inquiry begins with the elements of Plaintiffs' asserted cause of action. *Wetzel*, 2019 WL 3976204 at *15; *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011) ("Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action."). A question is "individual" if members of the proposed class will need to present varying evidence, whereas a question is "common" if the same evidence can be used

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

for each member to make a *prima facie* showing, or if the issue can be proved by generalized, class-wide proof. *Wetzel*, 2019 WL 3976204 at *15; *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016).

Here, Defendants claim that individual issues of reliance and causation will predominate over common issues. That is incorrect.

**A. Class-wide Reliance and Negligent Misrepresentation**

Among other elements, the Class claims for Negligent Misrepresentation require proof of reasonable reliance on the negligent misrepresentations made by the Ramsey Defendants and their co-conspirators. The Ramsey Defendants made those negligent misrepresentations in the course of a centrally-orchestrated strategy and common plan to refer Plaintiffs and Class Members to Reed Hein. Dkt. #1 at ¶¶81-85, 109-114, 123. Once in the door at Reed Hein, Plaintiffs and Class Members paid up-front fees in exchange for worthless and deceptive promises. *Id.*

It is not necessary that the representations and statements made to Plaintiffs and Class Members were identical. Rather, the focus is on whether the representations were part of a "common course of conduct" or a "centrally orchestrated strategy," both of which transcend the specific details of an oral communication heard by any individual class member. *In re First Alliance Mortgage, Co.,* 471 F.3d 977, 990-991 (9th Cir. 2006).

The degree of uniformity among misrepresentations required in a class action for fraud is a question of law. *Id*. at 990. As noted by the court:

> The familiar federal rule for class certification requires that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). When the modern class

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1  action rule was adopted, it was made clear that "common" did not require complete
2  congruence. The Advisory Committee on Rule 23 considered the function of the
   class action mechanism in the context of a fraud case and explained that while a
3  case may be unsuited for class treatment "if there was **material variation** in the
   representations made or in the kinds or degrees of reliance by the persons to whom
4  they were addressed," a "**fraud perpetrated on numerous persons by the use of
   similar misrepresentations may be an appealing situation for a class action**
5  …." Fed.R.Civ.P. 23, Advisory Committee Notes to 1966 Amendments,
   Subdivision (b)(3); *see also* 39 F.R.D. 69, 103 (1966).

6  *Id.* (emphasis added).

7       Courts in the Ninth Circuit have followed the approach that favors class treatment of

8  fraud claims stemming from a common course of conduct. *Id.* (citing *Blackie v. Barrack,* 524

9  F.2d 891, 902 (9th Cir. 1975) ("Confronted with a class of purchasers allegedly defrauded over

10 a period of time by similar misrepresentations, courts have taken the common sense approach

11 that the class is united by a common interest in determining whether a defendant's course of

12 conduct is in its broad outlines actionable, which is not defeated by slight differences in class

13 members' positions")); *see also Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 914

14 (9th Cir. 1964).

15      In *In re American Continental Corp./Lincoln Savings & Loan Securities Litigation,* 140

16 F.R.D. 425 (D.Ariz. 1992), the court rejected a "talismanic rule that a class action may not be

17 maintained where a fraud is consummated principally through oral misrepresentations, unless

18 those representations are all but identical," observing that such a strict standard overlooks the

19 design and intent of Rule 23. *Id.* at 430. Among other things, *Lincoln Savings* involved a

20 scheme that included the sale of debentures to individual investors who relied on oral

21 representations of bond salespersons, who in turn had received from defendants' fraudulent

22 information about the value of the bonds. The *Lincoln Savings* court focused on the evidence

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR
STRIKE COMPLAINT - Page 15
Patrick et al, v. Ramsey, et al.,* Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

of a "centrally orchestrated strategy" in finding that the "center of gravity of the fraud transcends the specific details of oral communications." *Id.* at 430–31. As the court explained:

> [T]he gravamen of the alleged fraud is not limited to the specific misrepresentations made to bond purchasers.... **The exact wording of the oral misrepresentations, therefore, is not the predominant issue. It is the underlying scheme which demands attention.** Each plaintiff is similarly situated with respect to it, and it would be folly to force each bond purchaser to prove the nucleus of the alleged fraud again and again.

*Id.* at 431 (emphasis added); *see Schaefer v. Overland Express Family of Funds,* 169 F.R.D. 124, 129 (S.D. Cal.1996) (citing *Lincoln Savings* for the proposition that representations made to brokers or salesmen which are intended to be communicated to investors are sufficient to warrant class standing, even where the actual representations to individuals varied).

Here, Defendants and Reed Hein agreed to execute a common strategy to increase the revenue of Reed Hein with Ramsey followers' upfront fees. Dkt. #1 at ¶ 81-85, ¶109-114, 122-123. In turn, the fees would be illegally converted and a portion of them would be paid directly to Ramsey. *Id.* at ¶14, 86, 114. The Defendants and Reed Hein exchanged pre-planned advertising scripts and website materials to repeatedly invoke the same themes and representations despite small variances in each delivery. *Id.* at ¶120, 122, 128-134, 139, 140, 148. Based upon those materials, Ramsey made common representations across all forums to which his followers were exposed. *Id.* at ¶7, 130, 155, 156. For example, Ramsey distinguished Reed Hein from timeshare exit "scams" by repeatedly representing he had personally reviewed and vetted Reed Hein's services and compared them to other timeshare exit companies. *Id.* at ¶116, 129. Ramsey also distinguished Reed Hein through the "money-back guarantee," which the "scam" companies did not have. *Id* at ¶¶129, 131. Ramsey repeated the false claim that

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 16
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Reed Hein had success in getting people out of their timeshare obligations. *Id*. at ¶131, 132, 140. He repeatedly called Reed Hein "legal experts" and "legal specialists" with proprietary methods to get listeners out of their timeshare obligations. *Id.* at ¶119. Finally, Ramsey leveraged his credibility, expertise, and relationship with listeners by repeatedly telling them to "trust" him about Reed Hein. *Id*. at ¶¶129, 132. Furthermore, in each forum, Ramsey concealed the fact that he was being paid for his referrals, instead invoking altruistic themes as the reason for his promotions. *Id*. at ¶128, 129, 131, 132-134, 142, 151. It borders on the nonsensical for Ramsey to now claim that it was unreasonable for his followers to rely on representations he explicitly and universally told them to "trust."

Plaintiffs have adequately alleged that the Defendants' conduct fits squarely within the standard for class wide proof of reasonable reliance and class treatment of Plaintiffs' claims for negligent misrepresentation.

## B. Class-Wide Causation Under the WACPA

Unlike Plaintiffs' Negligent Misrepresentation Claim, reliance is not an element under the WACPA. *Schnall v. AT&T Wireless Services, Inc.*, 171 Wash. 2d 260, 277 (2011) (citing *Indoor Billboard/Washington, Inc.*, v. *Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 82 (2007)). Instead, the proximate cause standard embodied in WPI 15.01 and WPI 310.07 is all that is required to establish the element of causation for a WACPA violation. *Id.* Under that standard, a plaintiff must establish that, but for the defendant's unfair or deceptive practices, the plaintiff would not have suffered an injury. *Id.*; WPI 310.07. Accordingly, the plaintiffs and class must only prove that the injury complained of would not have happened if

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 17
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE,  WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

not for the defendants' deceptive acts. *Id.* Therefore, individualized proof of reliance on behalf of each class member is not necessary to prevail on class claims of a violation of the WACPA.

Defendants argue that individual questions will predominate because causation is solely dependent on proof of reliance. That is incorrect. While reliance may be one way to prove causation, it is not the only proof of causation. *Indoor Billboard*, 162 Wn.2d at 82-83. Where, as here, Plaintiffs' and Class Members' claims will rely on Reed Hein's records showing who the Ramsey Defendants referred to Reed Hein and how much those customers paid in up-front fees upon this referral (Dkt. #1 at ¶12), class wide causation can be established without resort to an individualized reliance inquiry.

Moreover, as discussed above, class-wide proof of reliance is appropriate under the facts as alleged. When combined with the statistical evidence, the necessary element of causation for a violation of the WACPA is adequately alleged.

**3.   The Putative Class Action is Superior to Individual Actions and is Administratively Feasible**

To satisfy Rule 23(b)(3), Plaintiffs must also demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). In assessing superiority, courts generally weigh the four factors of Rule 23(b)(3): "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." *Wetzel*, 2019 WL 3976204 at *18 (citing *Cover v. Windsor Surry Co.*, No. 14-

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 18
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

CV-05262-WHO, 2017 WL 9837932, at *7 (N.D. Cal. July 24, 2017) (quoting Fed. R. Civ. P. 23(b)(3)(A)-(D)).

Defendants argue that Class Members have an individual interest in controlling their own litigation because there have been a number of individual arbitrations against Reed Hein prior to the initiation of this Class action. That argument should be rejected. First, the customers who initiated (and prevailed) in those arbitrations were bound by arbitration clauses in their Reed Hein contracts. Second, although Reed Hein was a co-conspirator, it is not a party to this action. Third, the theory that arbitrations are superior to a class action was disproven when Reed Hein waived the arbitration clauses and the plaintiffs filed a class action, where Judge Rothstein certified a class based on the same rules applicable here. *See Adolph v. Reed Hein & Associates, et al.*, Case No. 2:21-cv-01378-BJR (W.D. Wash. 2021).

Defendants' reference to the size of individual awards in the arbitrations does not change this. While it is true that at least one Plaintiff paid $72,000, the average up-front fee for Class Members was $7,890.66. *See Blough v. Shea Homes, Inc.*, No. 2:12-CV-01493 RSM, 2014 WL 3694231 at *15 (W.D. Wash. July 23, 2014) (recognizing that claims ranging from $3,000.00 to $13,000.00 weigh in favor of class treatment).[2]

---

[2] In addition to Plaintiffs' Rule 23(b)(3) class allegations discussed in this section, it is believed that there is a limited fund from which Defendants can pay potential aggregate damages, which may exceed $220 million. If individual actions were pursued, many potential Plaintiffs would be left without an ability to recover their losses, which is exactly what happened in the case against insolvent Reed Hein. Accordingly, Plaintiffs seek to pursue this case on behalf of a Rule

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 19
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

**A.  The Class Definition is Ascertainable**

The Ramsey Defendants claim that a class action will not be administratively feasible because the class as defined is not ascertainable. That is untrue.

In addition to the express requirements of Rule 23, courts also require a putative lead plaintiff to show that the class definition is ascertainable. *See O'Connor v. Boeing N. Am., Inc.,* 184 F.R.D. 311, 319 (C.D.Cal.1998). Specifically, a class definition must be "precise, objective and presently ascertainable." *Id.* "While the identity of each class member need not be known at the time of certification, the class definition must be definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Id.* "The proposed class definition should describe a set of common characteristics sufficient to allow a prospective plaintiff to identify himself or herself as having a right to recover based on the description." *Kristensen v. Credit Payment Servs.,* 12 F. Supp. 3d 1292, 1303 (D.Nev. 2014). Membership "must be determinable from objective, rather than subjective, criteria." *Id.* However, "it is not fatal for class definition purposes if a court must inquire into individual records, so long as the inquiry is not so daunting as to make the class definition insufficient." *Agne v. Papa John's Int'l, Inc.,* 286 F.R.D. 559, 566 (W.D. Wash. 2012).

---

23(b)(1)(B) Class. Similarly, Plaintiffs' claims for unjust enrichment are primarily a request for injunctive relief making Plaintiffs' Rule 23(b)(2) class allegations appropriate.  The fact that monetary damages are incidental to such relief does not change this result. *See* Newberg and Rubenstein on Class Actions §4:37 (6th ed., 2022).

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 20
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Here, records show those customers of Reed Hein referred by Dave Ramsey. Dkt. #1 at ¶12. In addition to identifying Class Members by name, they also identify the amount of money each Class Member paid in up-front fees. *Id*. Similar records tracked how much of those fees were sent back to Dave Ramsey in compensation. *Id.* An analysis of those records along with a statistical analysis of the impact that Ramsey's participation had on the volume of new customers and increases in revenue will be easily utilized to accurately ascertain class membership, provide notice, and calculate damages without making any individualized inquiry.

**c. The Plaintiffs' Claims Are Not Time-Barred Because the Statute of Limitations Did Not Accrue Until the Eighteen-Month Performance Period Expired, the Attorney General's Lawsuit Tolled the Statute of Limitations 602 Days, and the Defendants Deliberately Obstructed the Customers' Discovery of Their Damages**

Ramsey Defendants argue that the statute of limitations bars a variety of claims. The statute of limitations for unjust enrichment, negligent misrepresentation, and civil conspiracy is three years. The statute of limitations for the Consumer Protection Act is four. Based on that, the Ramsey Defendants reason that the court should dismiss any unjust enrichment and negligent misrepresentation claim brought by a Plaintiff who signed Reed Hein's contract more than three years prior to filing suit and any CPA claim brought by Plaintiffs who signed contracts more than four-years prior. Dkt. #25 at 26-27. On that reasoning, Defendants argue that all claims brought by Marilyn Dewey and Mr. and Mrs. Nixon must be dismissed, along

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 21
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

with the three-year claims of six other Plaintiffs.[3] *Id.* Defendants do not explain why the date Plaintiffs *signed* contracts with Reed Hein should be the moment upon which the statute of limitations accrues.

There are no Plaintiffs with claims that should be barred by the statute of limitations. As an initial matter, FRCP 12(b)(6) dismissal motions based on the statute of limitations "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (addressing a statute of limitations motion to dismiss in a fraud case); *see Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). In fact, a "12(b)(6) challenge which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred, except for the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *PTP OneClick, LLC v. Avalara, Inc.*, 413 F. Supp. 3d 1050, 1066 (W.D. Wash. 2019) (Robart, J.) (quoting *Anderson v. Teck Metals, Ltd.*, No. CV-13-420-LRS, 2015 WL 59100, at *2 (E.D. Wash. Jan. 5, 2015)); quotation marks omitted). There are no facts alleged in the complaint creating the "rare circumstances" in which the affirmative defense can be adjudicated without discovery and further briefing.

---

[3] Marylin Dewey preserved her claims by alleging them in Washington Superior Court on the four-year anniversary of her Reed Hein contract. *See Dewey v. Happy Hour Media Group LLC et al.*, No. 23-2-00346-29 (Skagit County Sup. Ct., April 25, 2023).

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 22
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1.   **Plaintiffs' claims did not accrue until at least eighteen months after signing contracts with Reed Hein because each contract contained an eighteen-month performance period.**

Dave Ramsey and the Lampo Group told listeners to hire Reed Hein. Dkt. #1 at ¶¶2, 5-14. Each Reed Hein contract contained a mandatory eighteen-month period for Reed Hein to either 1) perform its services or 2) honor the "100% money-back guarantee" promoted on Ramsey's show. *Id*., ¶¶ 33, 131, 168.  When customers complained that the process was taking too long, Reed Hein insisted they had to wait eighteen-months before a refund. *Id*. at ¶168. The Complaint alleges that Reed Hein's inclusion of that provision delayed the Plaintiff's realization of the elements of each claim until at least eighteen months after execution of the contracts. *Id*., ¶¶ 168-169. The Complaint also alleges "Dave Ramsey knew or should have known that the customers would not have knowledge of the torts and statutory violations alleged herein, their damages, or the proximate cause between the two until that timeframe expired." *Id.* at ¶170.

The statute of limitations for contractually-based CPA and fraud claims accrues only when the facts of the fraud, deceit, or misrepresentation within the contract are clear enough that due diligence on the part of the customer would have revealed the facts underlying the violations. In *Reeves v. Teuscher*, the Ninth Circuit ruled that Consumer Protection Act claims based on misrepresentations in the sale of investments accrued when the plaintiffs uncovered the underlying fraud, not when they executed the contract. *Reeves v. Teuscher*, 881 F.2d 1495, 1501 (9th Cir. 1989) (holding that RCW 4.16.080(4) modifies the statute of limitations for CPA claims based in fraud). In 2017, the Washington Court of Appeals ruled that a CPA claim based on a real estate agent's omissions in the sales contract, executed *eight years prior to the*

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE,  WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1   *suit*, could proceed because the statute of limitations did not accrue until "a plaintiff knows or

2   reasonably should have learned about the omitted material facts." *Deegan v. Windermere Real*

3   *Estate/Center-Isle, Inc.*, 197 Wash. App. 875, 883, 391 P.3d 582 (2017).

4         Under Washington contract law, "[t]he statute of limitations in a contract action begins

5   to run at the time of the breach." *City of Algona v. City of Pac*., 35 Wash. App. 517, 521, 667

6   P.2d 1124 (1983); *see also N. Coast Enterprises, Inc. v. Factoria P'ship,* 94 Wash. App. 855,

7   859, 974 P.2d 1257 (1999) ("Our courts have consistently held that the statute of limitation in

8   a contract action begins to run when the contract is breached."). Anything else "ignores the

9   fact that no justiciable controversy exists under a contract until a breach actually occurs."

10  *Safeco Ins. Co. v. Barcom*, 112 Wash.2d 575, 583, 773 P.2d 56 (1989).

11        Although this issue does not involve contract law, the spirit of the foregoing rulings is

12  that a customer cannot realize his or her harm in a contractual relationship until the party with

13  whom he or she contracted fails to perform. Here, the Complaint reasonably alleges that the

14  customers could not be expected to know they were being defrauded by Ramsey's statements

15  until Reed Hein refused to pay refunds after eighteen months transpired with no performance.

16  With that issue being adequately pled, "[t]he determination of whether a plaintiff knew or

17  should have known of a cause of action presents a question for the trier of fact." *Reeves*, 881

18  F.2d at 1501.

19        Plaintiffs filed the Complaint on April 27, 2023. Each of the Plaintiffs other than Mr.

20  and Mrs. Nixson signed a contract with Reed Hein on or after April 23, 2019. *See* Dkt. #1,

21  ¶¶16-66. Adding eighteen months makes the statute of limitations commence on October 23,

22

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 24
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE,  WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

2020. Therefore, every Plaintiff except the Nixons filed their claims within three years of the commencement.

Mr. and Mrs. Nixon signed a contract with Reed Hein in December, 2017. *Id.* at ¶34. Adding eighteen months to that date commences the statute of limitations no earlier than June, 2019. The April 27, 2023 filing was greater than three, but less than four years after the commencement of the statute of limitations without additional tolling.

**2. The statute of limitations did not begin until Ramsey ceased promoting Reed Hein because Reed Hein used its fiduciary relationship to conceal the fraud until that time.**

The Complaint alleges that Reed Hein had each customer sign a "power-of-attorney" agreement to induce them into thinking they were being represented by legal professionals. Dkt. #1 at ¶171. Once the eighteen-month performance-periods lapsed, Reed Hein "systematically lied" to them and fabricated excuses to convince them it was *still* performing their exits. *Id.* at ¶¶96-97. Also, Reed Hein systematically fabricated excuses to deny customers their refunds. *Id.* at ¶97. Reed Hein used its role as a trusted fiduciary to delay and obfuscate for "as long as six years." *Id.* at ¶173.

The Complaint alleges that the Ramsey Defendants knew Reed Hein was claiming to be a fiduciary and abusing that relationship to *systematically* stall customers' discovery of the fraud without regard to the idiosyncrasies of their cases. *Id.* at ¶121. It alleges the Ramsey Defendants knew or constructively knew Reed Hein used scripts, false claims, and other verbiage to universally "stall the customers **without regard to the nature of their individual cases**." *Id.* at ¶122 (emphasis added). It alleges, "Dave Ramsey knew or should have known

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 25
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1  that Reed Hein continued to use delay tactics to frustrate his listener's knowledge of the torts

2  and statutory violations described within and actively cultivated their misunderstandings." *Id*.

3  at ¶177.

4        The Complaint alleges that the scheme only fell apart when Reed Hein ran out of money

5  to pay Dave Ramsey, because Ramsey generated "the revenue needed to pay staff to field

6  phone calls and stall customers." *Id*. at ¶108. Once the scheme fell apart and Ramsey finally

7  withdrew in May 2021, he *continued* to cultivate the misunderstandings, claiming on that final

8  date that Reed Hein was all along "doing the right thing by getting people out of their

9  timeshares." *Id*. at ¶177. Instead of correcting the falsehoods, he told listeners he was only

10 withdrawing because Reed Hein was "unable to pay his fee." *Id*. at ¶¶11, 165. Until that time,

11 the Plaintiffs did not know Ramsey was being paid their trust money for his false claims. *E.g.*,

12 *id*. at ¶¶21, 28, 48.

13       The claim that reasonable customers could not be expected to push past Ramsey and

14 Reed Hein's phalanx of disinformation until May 2021 is adequately pled and can be proven

15 on a class-wide basis. Ramsey launched a campaign of falsehoods that lasted six years. He

16 refused to come clean even after Reed Hein developed "a backlog of thousands of customers

17 Reed Hein could not service." *Id*. at ¶94. He continued despite constructive knowledge of many

18 negative consequences his customers were suffering and federal court rulings explicitly finding

19 Reed Hein's methods were unfair and deceptive. *Id*. at ¶¶155-167. Although an argument could

20 be made that the customers could have hired legal representatives to perform the due diligence

21 necessary to discover the fraud, the fact remains that Reed Hein convinced them *it was their*

22 *legal representative*, and the Defendants leveraged that understanding to continue obfuscating

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 26
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

customers' knowledge. Ramsey knew Reed Hein was doing so and chose to allow his listeners to continue believing untrue claims until May 2021. *Id*. at ¶175.

All the Plaintiffs filed their claims within two years of May 2021, so there are no claims that are past the statute of limitations.

**3.  The statute of limitations for Plaintiffs' Washington Consumer Protection Act claims was tolled during the pendency of the Washington Attorney General's action against Reed Hein.**

The Washington Consumer Protection Act includes a provision tolling the statute of limitations during the pendency of related actions by the Washington Attorney General's Office. RCW 19.86.120. The provision is so broad that it covers matters that are only partially-related to the attorney general's lawsuit. It reads:

> …whenever any action is brought by the attorney general for a violation of [CPA]…the running of the foregoing statute of limitations, with respect to every private right of action for damages under RCW 19.86.090 which is based *in whole or part* on any matter complained of in said action by the attorney general, shall be suspended during the pendency thereof.

*Id*.

Plaintiffs' complaint alleges that this case is based in part on the matters complained of in the Attorney General's lawsuit against Reed Hein & Associates. Dkt. #1 at ¶203. That suit alleged Reed Hein's sales and marketing practices, including those involving the Ramsey Defendants, were deceptive and violated numerous consumer protection laws, including the CPA. *See State of Washington v. Reed Hein & Associates, et al.*, No. 20-2-03141-1 SEA (King County Sup. Ct., Feb. 4, 2020). The State attached copies of Reed Hein marketing materials

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR
STRIKE COMPLAINT* - Page 27
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

prominently displaying Mr. Ramsey's name and face to the complaint. *Id.* at Complaint, Attachment B. The state's case was resolved through a consent decree on September 28, 2021, under pressure from a September 7, 2021 Tennessee court order compelling Dave Ramsey to personally sit for a Washington Attorney General deposition. Dkt. #1 at ¶102; *see Washington v. Reed Hein & Associates, et al.*, No. 21CV-267 (Williamson Cnty. Circuit Ct., Sept. 7, 2021).

Plaintiffs' claims in this case necessarily relate in whole or in part to those in the Attorney General's suit. The suit is based on the same facts, and the extensive factual allegations in each complaint substantially overlap. The State's lawsuit pertained to Reed Hein's promotion of its fraudulent services, while this case is about the Ramsey Defendant's promotion of Reed Hein's fraudulent services. The claims against the Ramsey Defendants necessarily turn on Reed Hein's fraud, such that the Plaintiffs in this case would have no right claims against Ramsey Defendants if Reed Hein was a good actor providing real services. There is simply no way for the Ramsey Defendants to credibly deny that they were not part of the causal chain leading to the allegations in the state's CPA lawsuit.

The Washington Attorney General's filed the lawsuit on February 4, 2020, and resolved it on September 28, 2021. The statute of limitations was suspended during those 602 days. RCW 19.86.120. As described above, the statute of limitations on any claims did not commence until 18 months after each Plaintiff signed contracts with Reed Hein. Adding the eighteen-month performance period to the 602 days of tolling, the Consumer Protection Act claims for all Plaintiffs were all filed within the statute of limitations.

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 28
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

### d. The Court Should Grant Leave to Amend the Complaint to Address any Factual Deficiencies

Should the Court determine there are any factual deficiencies in the Complaint, it should grant Plaintiffs leave to amend their complaint to address factual deficiencies. The Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). When applying the rule, the Court should act with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The Court should do so because "[f]ederal policy favors freely allowing amendment so that cases may be decided on their merits." *Wizards of the Coast, LLC v. Cryptozoic Ent. LLC et. al.*, 309 F.R.D. 645, 649 (W.D. Wash. Aug. 4, 2015) (Robart, J.).

As is evidenced from the discussion above, an amendment would not be futile and any factual deficiencies could be resolved through amendment. In moving to amend, Plaintiffs would be able to address each relevant factor and Defendants would not be prejudiced. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (providing five factors); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (prejudice is the crucial factor).

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR STRIKE COMPLAINT* - Page 29
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1    DATED this 7th day of September, 2023.

2

3    *I certify that this memorandum contains 8,395 words, in compliance with the Local*
     *Civil Rules.*

4

5

6                                        **ALBERT LAW, PLLC**

7                          By: *s/Gregory W. Albert*
                               Gregory W. Albert, WSBA #42673
8                              Jonah Ohm Campbell, WSBA# 55701
                               Tallman Trask IV, WSBA# 60280
9                              3131 Western Ave., Suite 410
                               Seattle, WA 98121
10                             (206)576-8044
                               greg@albertlawpllc.com
11                             tallman@albertlawpllc.com
                               jonah@albertlawpllc.com

12                             And —

13                             **FRIEDMAN | RUBIN®**

14                         By: *s/Roger S. Davidheiser*
                               Roger S. Davidheiser, WSBA #18638
15                             1109 First Ave., Ste. 501
                               Seattle, WA 98101
16                             (206)501-4446
                               rdavidheiser@friedmanrubin.com
17                             ***Attorneys for Plaintiffs***

18

19

20

21

22

23

*PLTFFS' OPPOSITION TO MTN TO DISMISS AND/OR*
*STRIKE COMPLAINT* - Page 30
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE,  WA  98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446