THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT**<br><br>Hearing Date: September 15, 2023 |

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. ARGUMENT ......................................................................................................... 1

    A. The Unjust-Enrichment Claim Should Be Dismissed. ........................... 1

    B. The Court Should Strike the Class Allegations ...................................... 3

        1. It is undisputed that striking the class allegations means this case should be dismissed entirely. .................................................. 3

        2. The putative class is an overbroad fail-safe class. ..................... 3

        3. Common issues will not predominate for the proposed class. ................... 4

            a. Plaintiffs cannot demonstrate that Class members were exposed to the same alleged misrepresentations. .......................... 5

            b. Plaintiffs cannot escape the fact that causation questions will cause individual issues to predominate for all their claims. ................................................................ 7

        4. Plaintiffs cannot demonstrate that a class action would be superior to individual actions. ........................................... 8

    C. Several Plaintiffs' Claims Are Barred by the Statutes of Limitation.................... 9

        1. The discovery rule does not save Plaintiffs' untimely claims. ................. 9

        2. The alleged fraudulent concealment does not save the untimely claims. ............................................................. 10

        3. The AG's action again Reed Hein did not toll the claims in this case........................................................................ 10

    D. Amendment Would Be Futile. .............................................................. 11

III. CONCLUSION .................................................................................................... 12

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page i

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*,
   140 F.R.D. 425 (D. Ariz. 1992)..................................................................................6

*Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*,
   631 F.Supp.3d 950 (W.D. Wash. 2022).....................................................................11

*August v. U.S. Bancorp*,
   146 Wn. App. 328, 190 P.3d 86 (2008)...................................................................10

*Basic, Inc. v. Levinson*,
   485 U.S. 224, 108 S. Ct. 978 (1988).........................................................................6

*Bennett v. Dalton*,
   120 Wn. App. 74, 84 P.3d 265 (2004).....................................................................10

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975).....................................................................................6

*Booth v. Appstack, Inc.*,
   2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) (Robart, J.) ...................................4

*Cashatt v. Ford Motor Co.*,
   2021 WL 1140227 (W.D. Wash. Mar. 24, 2021) (Jones, J.) ....................................4

*Credit Suisse Sec. (USA) LLC v. Simmonds*,
   566 U.S. 221 (2012)................................................................................................11

*Deegan v. Windermere Real Est./Ctr.-Isle, Inc.*,
   197 Wn. App. 875 (2017).................................................................................... 9-10

*DuFour v. Be LLC*,
   291 F.R.D. 413 (N.D. Cal. 2013)..............................................................................6

*Eng. v. Apple Inc.*,
   No. 14-CV-01619-WHO, 2016 WL 1188200 (N.D. Cal. Jan. 5, 2016) ...................6

*Matter of Est. of Rule*,
   2022 WL 3152591, 23 Wn. App. 2d 1005 (2022) (unpublished).............................1

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page ii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  *In re First All. Mortg. Co.*,
2     471 F.3d 977 (9th Cir. 2006) ................................................................................................6

3  *Gray v. Twitter Inc.*,
      No. 220CV01389RAJ, 2021 WL 11086642 (W.D. Wash. Mar. 17, 2021)
4     (Jones, J.) ..............................................................................................................................8

5  *Harris v. Palm Springs Alpine Ests., Inc.*,
      329 F.2d 909 (9th Cir. 1964) ................................................................................................6
6
   *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*,
7     162 Wn.2d 59, 170 P.3d 10 (2007) ......................................................................................8

8  *Keithly v. Intelius Inc.*,
      764 F. Supp. 2d 1257 (W.D. Wash. 2011) (Lasnik, J.) ................................................... 1, 2
9
10 *Kelley v. Microsoft Corp.*,
      251 F.R.D. 544 (W.D. Wash. 2008) (Pechman, J.) ................................................... 5, 7, 8
11
   *Lavington v. Hillier*,
12    22 Wn. App. 2d 134, 143-44, 510 P.3d 373 (2022) .............................................................1

13 *Lukovsky v. City & Cnty. of San Francisco*,
      535 F.3d 1044 (9th Cir. 2008) ............................................................................................10
14
15 *Lynch v. Deaconess Med. Ctr.*,
      113 Wn.2d 162, 766 P.2d 681 (1989) ...................................................................................2
16
17 *Mazza v. Am. Honda Motor Co.*,
      666 F.3d 581 (9th Cir. 2012) ................................................................................................7
18
   *Melgar v. CSK Auto, Inc.*,
19    681 F. App'x 605 (9th Cir. 2017) .........................................................................................4

20 *MMMT Holdings Corp. v. NSGI Holdings, Inc.*,
      2013 WL 12191346 (W.D. Wash. Aug. 12, 2013) (Lasnik, J.) .................................... 11-12
21
   *Nw. Airlines, Inc. v. Ticket Exch. Inc.*,
22    793 F. Supp. 976 (W.D. Wash. 1992) (Dimmick, J.) ...........................................................2

23 *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
      31 F.4th 651 (9th Cir. 2022) (en banc) ............................................................................3, 4
24
25 *Pattison v. Omnitrition Int'l Inc.*,
      2018 WL 1474426 (W.D. Wash. March 23, 2018) (Robart, J.) .........................................10
26

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page iii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Reeves v. Teuscher*,
    881 F.2d 1495 (9th Cir. 1989) ..................................................................................9

*Schaefer v. Overland Exp. Fam. of Funds*,
    169 F.R.D. 124 (S.D. Cal. 1996) ...............................................................................6

*Stratton v. Am. Med. Sec., Inc.*,
    266 F.R.D. 340 (D. Ariz. 2009) .................................................................................6

*Weidenhamer v. Expedia, Inc.*,
    2015 WL 7157282 (W.D. Wash. Nov. 13, 2015) (Jones, J.) ............................5, 6, 9

*Xavier v. Phillip Morris USA Inc.*,
    787 F. Supp. 2d 1075 (N.D. Cal. 2011) .....................................................................9

*Zinser v. Accufix Rsch. Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ................................................................................4, 9

**Statutes**

RCW 19.86.120 ...............................................................................................................11

**Other Authorities**

Fed. R. Civ. P. 23(b)(1) and 23(b)(2) ................................................................................4

Fed. R. Civ. P. 23(b)(3) .....................................................................................................4

https://agportal-s3bucket.s3.amazonaws.com/uploadedfiles/Another/News/Press_Releases/2020_02_04Complaint.pdf .....................................................................................................11

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page iv

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I. INTRODUCTION

Defendants David L. Ramsey, III and the Lampo Group, LLC (collectively, "Defendants") file this reply in support of their motion to strike Plaintiffs' class allegations and dismiss the Complaint.

## II. ARGUMENT

### A. The Unjust-Enrichment Claim Should Be Dismissed.

Plaintiffs fail to demonstrate that their unjust enrichment claim can proceed where no benefit passed directly from any Plaintiff to Defendants. Washington law is clear: Because unjust enrichment is based on the existence of an implied contract, for a plaintiff to recover on a claim of unjust enrichment "the defendant must receive a benefit *from the plaintiff*." *Lavington v. Hillier*, 22 Wn. App. 2d 134, 143-44, 510 P.3d 373 (2022) (emphasis in original).

Plaintiffs incorrectly claim this rule does not apply where a claimant paid money to a third party, who then paid some amount to the defendant. Opp. at 7-10. Washington courts require direct conferral of a benefit from a plaintiff on a defendant, and do not make the distinction Plaintiffs want this Court to adopt. In *Matter of Est. of Rule,* 2022 WL 3152591, at *3, 23 Wn. App. 2d 1005 (2022) (unpublished), for example, the plaintiff claimed an interest in an IRA that an executor paid to a different beneficiary. The plaintiff had no unjust enrichment claim against the beneficiary, even though the beneficiary benefitted at the plaintiff's alleged expense. *See also Lavington,* 23 Wn. App. 2d at 138-39 (plaintiff had no claim against neighbor who had benefitted by saving $80,000 by using plaintiff's driveway at her expense). The dispositive fact is not whether a benefit can be traced back to the plaintiff, but whether the plaintiff conferred a benefit directly to the defendant, thereby creating an implied contract. Plaintiffs concede that is not the case here, so Plaintiffs have no claim.

Plaintiffs rely primarily on *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1271 (W.D. Wash. 2011) (Lasnik, J.), but their discussion of that case is so incomplete as to be misleading. Unlike this case, where the parties had no direct interaction, *Keithly* involved a direct interaction, contract, and payment of money between the parties. There, the defendant sold background checks on its website.

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

*Id.* at 1262-63. During the purchase process, there were attempts to upsell customers, one of which involved selling the product of a third party who was never disclosed to the customer. *Id.* at 1264-65. That third party had contracted that the defendant would retain a certain portion of any such sale. *Id.* The entire process took place on the defendant's website and plaintiffs contracted with and paid the defendant. *Id.* Judge Lasnik correctly held that on those facts, an unjust enrichment claim could proceed, even as he recognized that in *other* cases "some benefits are simply too remote to form the basis of an unjust enrichment claim." *Id.* at 1271 n.12. There is no comparison between *Keithly* and this case, where Plaintiffs concede they did not pay a cent to the Defendants.

Plaintiffs' only other case is *Nw. Airlines, Inc. v. Ticket Exch. Inc.*, 793 F. Supp. 976, 977-78 (W.D. Wash. 1992) (Dimmick, J.), where another judge of this Court allowed an unjust enrichment claim to go forward despite there being no interaction between the plaintiff and the defendant. However, that decision conflicts with later Washington court decisions, and it is not evident how the decision can be squared with precedent it cites. The *Northwest Airlines* court generally relied on *Lynch v. Deaconess Med. Ctr.*, 113 Wn.2d 162, 166, 766 P.2d 681, 981 (1989). *See* 793 F. Supp. at 980. Yet in *Lynch*, the Washington Supreme Court considered a case where a lawyer procured a settlement for a client who used those proceeds to pay a hospital bill rather than pay the lawyer's bill. The lawyer sued the hospital for unjust enrichment, but the Washington Supreme Court held the claim was not cognizable because the benefit was not conferred by the attorney on the hospital; "the receipt of an incidental benefit … does not create an implied contract between the parties." 113 Wn.2d at 166.

*Lynch* not only appears to contradict the *Northwest Airlines* holding, it also confirms that Washington courts require unjust enrichment claims to involve a benefit that passed directly from the claimant to the defendant. Washington law governs this Court's decision, and the unjust enrichment claim must be dismissed.[1]

---

[1] Plaintiffs argue in the alternative they directly conferred a benefit on Defendants, on the specious basis that the amounts they paid to Reed Hein were never Reed Hein's property. Opp. at 10. They offer no support for this claim and cannot dispute that Plaintiffs paid only Reed Hein.

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**B.    The Court Should Strike the Class Allegations and Dismiss This Case Entirely.**

    **1.    It is undisputed that striking the class allegations means this case should be dismissed entirely.**

As pointed out in Defendants' opening brief, Mot. at 18-19, once the Class allegations in the Complaint are stricken, the Court should dismiss the entire complaint for lack of jurisdiction. Plaintiffs do not dispute this in their opposition, which is a concession of its merit.

    **2.    The putative class is an overbroad fail-safe class.**

Plaintiffs cannot escape the fact that their class definition manages the rare feat of being both overbroad *and* a fail-safe class by virtue of its inclusion of both everyone who was either "exposed to" or "relied on" statements by Defendants.

Plaintiffs claim Defendants' statement of the law is inaccurate "because every class would be either impermissibly broad or impermissibly fail-safe." Opp. at 10. That is not so. Both requirements apply; a definition must strike a middle ground by using appropriate, *objective* criteria to identify class members:

> When a class is defined so broadly as to include a great number of members who for some reason could not have been harmed … the class is defined too broadly … A court may not, however, create a 'fail safe' class that is defined to include only those individuals who were injured ….

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) (en banc) (citations omitted).

As to overbreadth, the proposed Class definition includes *every* person who was "exposed" to *any* statement by Defendants, regardless of what it was, and then entered an agreement with Reed Hein, regardless of whether they were harmed. This class definition explicitly includes a substantial number of individuals who have no possible claim and is therefore inherently overbroad.

The class definition is also fail-safe because it seeks to base at least some inclusion on whether a person "relied on" statements by Defendants. Plaintiffs contend a class is not fail-safe unless it is defined to include *all* elements of a claim, Opp. at 12, but a class definition is actually

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

fail-safe when it bases class membership on *at least* one element of a claim. *See, e.g., Booth v. Appstack, Inc.*, 2015 WL 1466247, at *6 (W.D. Wash. Mar. 30, 2015) (Robart, J.) (class improperly based membership on whether class members had given prior consent); *Cashatt v. Ford Motor Co.*, 2021 WL 1140227, at *3 (W.D. Wash. Mar. 24, 2021) (Jones, J.), (class improperly limited to persons who "were injured").[2] The definition in the complaint is indisputably fail-safe.

Plaintiffs attempt to avoid these problems by proposing an alternative definition that defines membership as individuals "referred to Reed Hein" by Defendants. Opp. at 13. This definition still includes individuals who heard unspecified statements—even if those statements are not alleged to be actionable—and were not harmed. Further, Plaintiffs' "referral" concept simply creates more questions. What exactly constitutes a "referral" in the context of a consumer who happened to listen to a radio broadcast or read a newsletter? If anything, Plaintiffs' revised definition merely proves Defendants' point: A class cannot be defined based on any objective criteria in this context and will always be undermined by individual issues.

### 3. Common issues will not predominate for the proposed class.

Plaintiffs fail to rebut Defendants' showing that individual issues will always predominate over common issues in this case. Plaintiffs will never be able to satisfy Fed. R. Civ. P. 23(b)(3), as discussed in Defendants' opening brief, Mot. at 9-16, and again below.

Plaintiffs also claim, without factual or legal support, that they should be able to pursue certification under Fed. R. Civ. P. 23(b)(1) and 23(b)(2). Opp. at 19 n.2. Plaintiffs are seeking monetary damages, however, and therefore certification pursuant to Section 23(b)(1)(A) or (b)(2) is inappropriate. *See* Mot. at 9 n.1. And Plaintiffs are incorrect that this case concerns a "limited fund" for the purposes of Rule 23(b)(1)(B); such a fund must have "a definitely ascertained limit … such that there would have to be an 'equitable, pro rata distribution.'" *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1197 (9th Cir. 2001) (citation omitted). No such fund is meaningfully alleged here.

---

[2] Plaintiffs' citation to *Melgar v. CSK Auto, Inc.*, 681 F. App'x 605, 606 (9th Cir. 2017) is misplaced. *Melgar* concluded that Ninth Circuit law disapproved of holding that certification could be denied because a class definition was fail-safe. But an *en banc* panel has since held otherwise. *Olean Wholesale Grocery Cooperative, Inc.*, 31 F.4th at 669 n.14.

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### a. Plaintiffs cannot demonstrate that Class members were exposed to the same alleged misrepresentations.

As Defendants demonstrated, Mot. at 10-12, no matter how the class is defined, Plaintiffs will not be able to demonstrate that all class members heard or saw the same or similar purported misrepresentations by Defendants, and therefore common issues will never predominate. As the Complaint acknowledges, the alleged misrepresentations were made over many years, in many different formats, and with varying content. Dkt. 1, ¶¶ 17, 27 33, 34, 37, 40, 45 48, 52 55, 58, 61, 64. Even Plaintiffs, in attempting to argue that the statements had similar content, emphasize the difference in the statements; some of them allegedly discussed Reed Hein's "money back guarantee," others allegedly called Reed Hein "legal experts," and still others allegedly told listeners to "trust" Mr. Ramsey's endorsement of Reed Hein or that he had "personally vetted" their services. Opp. at 16-17. *Also compare* Dkt. 1, ¶¶ 128-34 (describing content of various statements).

These variations cause individual issues to predominate because each class member's claims turn on what statement or group of statements they purportedly heard, whether those statements were accurate, and what each plaintiff relied on. *E.g. Weidenhamer v. Expedia, Inc.,* 2015 WL 7157282, at *11 (W.D. Wash. Nov. 13, 2015) (Jones, J.) (individual issues predominated in case involving statements about baggage fees because "[a]ddressing material variations in the baggage fees displayed to different sets of customers likely creates an individualized inquiry incompatible with a class action"); *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 558 (W.D. Wash. 2008) (Pechman, J.) (predominance did not exist because of questions about whether all class members saw the alleged misrepresentation). And unlike consumers in many other contexts, class members who seek to recover based on what they heard on the radio will not have documentation showing they listened to radio broadcasts, nor *which* radio broadcasts they allegedly heard. Even if Plaintiffs proved some statements were misleading, simply identifying class members who heard *those* statements inherently would require individualized testimony of every person who tries to submit a claim. *See*

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  *Weidenhamer*, 2015 WL 7157282, at *4-5 (class not appropriate where it would require determining which persons saw an alleged misrepresentation without records documenting it).

Plaintiffs do not address any of the law Defendants present. Instead, they rely primarily on *In re First All. Mortg. Co.*, 471 F.3d 977 (9th Cir. 2006), in which the court ruled that minor variations in oral statements do not defeat predominance if there was "a centrally-orchestrated scheme to mislead borrowers through a standardized protocol the sales agents were carefully trained to perform" and a "standardized training program for sales agents, which included a script that was required to be memorized and strict adherence to a specific method of hiding information and misleading borrowers." *Id.* at 992. However, the court's ruling and reasoning are limited to such situations, and district courts have ruled that absent the sort of standardized, scripted, mandated statements present in that case, variations in allegedly false statements cause individual issues to predominate. *See, e.g., DuFour v. Be LLC*, 291 F.R.D. 413, 423–24 (N.D. Cal. 2013); *Stratton v. Am. Med. Sec., Inc.*, 266 F.R.D. 340, 351-52 (D. Ariz. 2009); *Eng. v. Apple Inc.*, No. 14-CV-01619-WHO, 2016 WL 1188200, at *8-10 (N.D. Cal. Jan. 5, 2016).

Plaintiffs' other cases do not help them. *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 140 F.R.D. 425, 430 (D. Ariz. 1992), also involved a uniform, scripted, "carefully orchestrated" sales pitch. *See also Schaefer v. Overland Exp. Fam. of Funds*, 169 F.R.D. 124, 129 (S.D. Cal. 1996) (same). And Plaintiffs' other cases cited on this point, *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) and *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 914 (9th Cir. 1964), address the circumstance of alleged fraud on the securities market, where reliance on statements is presumed because of the unique nature of that market. *See, e.g., Basic, Inc. v. Levinson*, 485 U.S. 224, 245–47, 108 S. Ct. 978, 990–92 (1988). None of these cases applies here.

Plaintiffs cannot show that putative class members saw or heard the same alleged misrepresentations on a classwide basis. They cannot, therefore, demonstrate that common issues will predominate.

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT (Case No. 2:23-cv-00630-JLR) – Page 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### b. Plaintiffs cannot escape the fact that causation questions will cause individual issues to predominate for all their claims.

Defendants demonstrated that causation issues independently defeat predominance in this case. Mot. at 12-16. Below, Defendants address Plaintiffs' response (or lack thereof) below.

#### i. Unjust enrichment.

As Defendants pointed out, Mot. at 14-15, courts repeatedly hold that claims for unjust enrichment based on deceptive statements cannot be certified because "the trier of fact will need to inquire whether [the defendant] actually deceived consumers (an individualized inquiry) to determine whether any benefit conferred on [the defendant] was unjust." *Kelley*, 251 F.R.D. at 558. Plaintiffs do not dispute this legal principle, nor do they offer any argument to the contrary. The Court should strike the class allegations as to this claim.

#### ii. Negligent misrepresentation.

Plaintiffs nominally dispute that the reliance requirement in their negligent misrepresentation claim forecloses class certification. Opp. at 14 & 17. But nowhere do Plaintiffs dispute that individual reliance is an element of their negligent-misrepresentation claim, nor address the black-letter law that "common questions of fact do not predominate where an individualized case must be made for each member showing reliance." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012). Indeed, Defendants are unaware of any case in which a court certified a classwide negligent misrepresentation claim under Washington law. The Court should strike Plaintiffs' class allegations regarding this claim.

#### iii. WCPA claim.

Plaintiffs do offer a short rebuttal of Defendants' argument concerning causation under the WCPA but they fail to address the problems pointed out in Defendants' Motion. *See* Opp. at 17-18. Certainly, reliance is not *always* required to establish causation under the WCPA. But as the Complaint demonstrates, Plaintiffs' pled causation theory, and their only logical theory in this case, is that they and members of the class relied on the alleged misrepresentations, so that is what they

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT (Case No. 2:23-cv-00630-JLR) – Page 7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

must prove. *See* Dkt. 1, ¶¶ 18, 22, 29, 34, 38, 40, 45, 49, 52, 56, 65, 178-191; *Gray v. Twitter Inc.*, No. 220CV01389RAJ, 2021 WL 11086642, at *9 (W.D. Wash. Mar. 17, 2021) (Jones, J.) ("[i]f the causation theory being pled is reliance, then reliance must be shown").

Plaintiffs also fail to acknowledge that other judges of this court have held that deception-based claims cannot be certified under the WCPA because they "necessarily require the trier of fact . . . to determine whether individual class members were actually deceived …." *Kelley*, 251 F.R.D. at 558. There is no plausible way around this defect.  Instead, Plaintiffs argue they will prove causation by demonstrating Reed Hein's business increased once Reed Hein started advertising. Opp. at 12, 13, 18, 20. But such an analysis would demonstrate at most *correlation*, not causation. Showing sales increased after certain statements were made does not demonstrate that those statements caused the increase, much less that any individual person suffered damage that "would not have occurred" "but for" the misrepresentation. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 82, 170 P.3d 10, 21 (2007). The only way to establish that link here is to demonstrate reliance on the alleged misrepresentation by each individual consumer, which means that individual issues will always predominate. The Court should therefore strike the class allegations related to the WCPA claim.

### iv. Civil conspiracy claim.

As Defendants pointed out, Mot. at 15, the civil conspiracy claim is dependent on Plaintiffs' other claims. Plaintiffs do not dispute this point. Thus, when the Court strikes the class allegations for Plaintiffs' other claims, it should do the same with respect to this claim.

**4. Plaintiffs cannot demonstrate that a class action would be superior to individual actions.**

Plaintiffs fail to rebut Defendants' showing that a class action would be superior to individual actions.

First, Plaintiffs admit there has already been individual litigation against Reed Hein, and that plaintiffs in those arbitrations obtained favorable results. This indicates a class action is not a

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT (Case No. 2:23-cv-00630-JLR) – Page 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

necessary or superior method of litigating these issues. *See, e.g., Zinser*, 253 F.3d at 1190-91 (significant individual recovery "does not argue persuasively for class certification").

Second, Plaintiffs cannot overcome the fact that it is not administratively feasible to identify class members. There is no way to determine who was "exposed to" statements made on the radio or the internet, much less who "relied on" them. Similarly, there is no way to determine who was "referred" to Reed Hein. Plaintiffs claim they can identify class members using a database created by Reed Hein. However, aside from the fact that there are insufficient allegations in the Complaint about the purported database and the information it supposedly contains (*see* Dkt. 1, ¶ 12), the reality remains that there are no *original* records of who listens to the radio or reads a newsletter. As a result, this alleged database is either sheer speculation by Reed Hein (which is not a party here) or self-identifying information from putative class members. And self-identifying class membership indicates a class action is not superior to individual actions. *See, e.g.*, *Xavier v. Phillip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (certification unmanageable where class defined as individuals who smoked Marlboro cigarettes for twenty years); *Weidenhamer*, 2015 WL 7157282, at *4-5 (class not manageable where it would require determining which persons saw an alleged misrepresentation without records documenting it). The proposed class would not be a superior method for resolving this litigation. The class allegations should be stricken entirely.

**C.   Several Plaintiffs' Claims Are Barred by the Statutes of Limitation.**

   **1.   The discovery rule does not save Plaintiffs' untimely claims.**

Plaintiffs contend they are entitled to an automatic 18-month tolling period under contract law. Opp. at 24. But this is not a contract case. Even Plaintiffs' cases recognize that for claims where the discovery rule is available,[3] the statute of limitations begins to run when reasonable diligence would reveal a possible claim. *Reeves v. Teuscher*, 881 F.2d 1495, 1501 (9th Cir. 1989) ("knowledge will be inferred if … due diligence could have discovered the fraud"); *Deegan v. Windermere Real*

---

[3] Plaintiffs do not dispute that the discovery rule is unavailable for their unjust enrichment claims. *See* Mot. at 20.

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT (Case No. 2:23-cv-00630-JLR) – Page 9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

*Est./Ctr.-Isle, Inc.*, 197 Wn. App. 875, 893 (2017) ("knows or reasonably should have learned about the omitted material facts"). *See also Pattison v. Omnitrition Int'l Inc.*, 2018 WL 1474426, at *4 (W.D. Wash. March 23, 2018) (Robart, J.) (CPA claim "accrues when the plaintiff, through the exercise of due diligence, … should have known the basis….").

Here, Plaintiffs allege Defendants should have known about problems with Reed Hein, based on public events equally available to Plaintiffs before any Plaintiff signed a contract with Reed Hein. *See* Dkt. 1, ¶ 8 (timeshare companies begin suing Reed Hein in 2017; in 2018, the Better Business Bureau issued an alert about their rating; in 2019 a federal court found Reed Hein's practices deceptive). Thus, under Plaintiffs' own theory, they are not entitled to tolling.

**2.   The alleged fraudulent concealment does not save the untimely claims.**

A statute of limitations applicable only is tolled due to fraudulent concealment as to a specific defendant if that defendant acted affirmatively to prevent a plaintiff from timely filing its case. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) ("[T]he plaintiff must point to some fraudulent concealment, some active conduct by the defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."); *August v. U.S. Bancorp*, 146 Wn. App. 328, 347, 190 P.3d 86, 96 (2008) ("To prove fraudulent concealment, the plaintiff must show … the defendant engaged in affirmative conduct that would lead a reasonable person to believe that no claim of fraudulent concealment existed."). There is no such allegation here. The Complaint only alleges concealment by Reed Hein, not by Defendants. Opp. at 25-26. Thus, fraudulent concealment is not a basis for tolling.

**3.   The AG's action again Reed Hein did not toll the claims in this case.**

Plaintiffs also claim RCW 19.86.120 tolled WCPA claims against Defendants while the Attorney General's action was pending against Reed Hein. Plaintiffs are incorrect. In Washington, "[e]xceptions are strictly construed and courts are reluctant to read into a statute of limitations an exception not clearly articulated." *Bennett v. Dalton*, 120 Wn. App. 74, 86, 84 P.3d 265 (2004), *citing O'Neil v. Est. of Murtha*, 89 Wn. App. 67, 73–74 (1997). And in this instance, the statute *only*

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

tolls the limitations period during civil actions "based in whole or part on any matter complained of in [the government] action." RCW 19.86.120. A strict construction of this exception would not allow tolling of claims against a party that was not the subject of the Attorney General's action.

Here, the State's complaint was only against Reed Hein; it did not allege any conspiracy involving Defendants; and it only mentioned Defendants in passing, as an example of an endorser.[4] AG Compl. ¶ 5.98. The Attorney General's lawsuit did not complain about anything Defendants did and does not allege the type of broad conspiracy Plaintiffs allege here. Therefore, this case is not based in whole or in part on the conduct at issue in the Attorney General's suit.

Any other result would be incongruous. Under Plaintiffs' reading, a defendant who had no role in an Attorney General action, was not subject to any allegations in that action, and had absolutely no control over how long that lawsuit might take, would potentially face years of tolling on private WCPA claims. Plaintiffs' erroneous math suggests WCPA claims that arose more than seven years ago could still be brought today. Such limitless tolling would be "inequitable and inconsistent with the general purpose of statutes of limitations: 'to protect defendants against stale or unduly delayed claims.'" *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227, (2012), *quoting John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008).

RCW 19.86.120 does not provide the tolling Plaintiffs claim it does. The Court should dismiss the WCPA claims barred by the statute of limitations as a matter of law, as identified in Defendants' Motion, at 19-20, if it does not dismiss the case entirely.

**D.      Amendment Would Be Futile.**

The Court should deny Plaintiffs' request for leave to amend. "No set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See MMMT Holdings Corp. v. NSGI Holdings, Inc.*, 2013 WL 12191346, at *2 (W.D. Wash.

---

[4] The complaint can be found at https://agportal-s3bucket.s3.amazonaws.com/uploadedfiles/Another/News/Press_Releases/2020_02_04Complaint.pdf. Defendants request that the Court take judicial notice of this publicly available document, given Plaintiffs' reliance upon it. *See, e.g.*, *Amazon.com Servs. LLC v. Paradigm Clinical Rsch. Inst., Inc.*, 631 F.Supp.3d 950, 961 (W.D. Wash. 2022).

DEFS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S REPLY ISO MOTION TO DISMISS
AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 11

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Aug. 12, 2013) (Lasnik, J.). As Defendants have shown, regardless of what Plaintiffs allege in their Complaint, they will never be able to surmount the defects in their class allegations, nor save their claim for unjust enrichment, which are legal issues that cannot be avoided with different allegations.

### III. CONCLUSION

For the reasons stated above and in Defendants' Motion, the Complaint should be dismissed in its entirety.

DATED this 15th day of September, 2023.

*I certify that this memorandum contains 4,104 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754
Patty A. Eakes, WSBA No. 18888
Tyler Weaver, WSBA No. 29413
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
damon.elder@morganlewis.com
tyler.weaver@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DEFS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY ISO MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT
(Case No. 2:23-cv-00630-JLR) – Page 12

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401