1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| ANNA PATRICK, et al., | CASE NO. C23-0630JLR |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| DAVID L. RAMSEY, III, et al., | |
| Defendants. | |

15

## I.    INTRODUCTION

16

Before the court is Defendants David L. Ramsey, III and The Lampo Group's

17

(together, the "Lampo Defendants") motion to dismiss and/or strike Plaintiffs' complaint.

18

(Mot. (Dkt. # 25); Reply (Dkt. # 31).)  The 17 named Plaintiffs, who bring this action on

19

behalf of themselves and a proposed class, oppose the Lampo Defendants' motion.

20

(Resp. (Dkt. # 29).)  The court has considered the motion, the parties' submissions, the

21

//

22

//

1    relevant portions of the record, and the governing law.  Being fully advised,[1] the court

2    DENIES the Lampo Defendants' motion to strike Plaintiffs' class allegations and

3    GRANTS in part the Lampo Defendants' motion to dismiss.

## II.    BACKGROUND

4           Below, the court sets forth the factual and procedural background of this case.

6    **A.    Factual Background**

7           Plaintiffs are individuals who signed contracts with and paid money to non-party

8    Reed Hein & Associates ("Reed Hein"), doing business under the name "Timeshare Exit

9    Team," for assistance in "exiting" their obligations with respect to timeshares they owned

10   at various resort properties.  (Compl. (Dkt. # 1) ¶¶ 16-66 (alleging facts regarding each of

11   the named Plaintiffs).)  Plaintiffs allege that Reed Hein charged them money up front for

12   its services and promised a "100% money back refund if they were not relieved of their

13   timeshare obligations."  (*Id.* ¶ 3; *see also id.* ¶ 81.)  Nevertheless, Reed Hein allegedly

14   failed to terminate Plaintiffs' timeshare obligations, made false statements about its

15   services, and refused to refund Plaintiffs' money when the "exits" were unsuccessful or

16   resulted in the timeshare companies foreclosing on Plaintiffs' timeshares.  (*Id.* ¶¶ 3-4; *see*

17   *also id.* ¶¶ 81-97 (describing Reed Hein's practices).)

18          Plaintiffs, however, are not suing Reed Hein in this action—instead, they are suing

19   the parties who promoted Reed Hein's business.  Plaintiffs allege that Reed Hein hired

---

21          [1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1) and the court determines
     that oral argument would not be helpful in resolving the motion, *see* Local Rules W.D. Wash.
22   LCR 7(b)(4).

1    Defendant Happy Hour Media Group, a Kirkland, Washington based marketing firm that

2    acts as Reed Hein's "in-house marketing department"; Defendant Dave Ramsey, a

3    nationally-syndicated radio talk-show host who offers "biblically based" financial advice;

4    and Mr. Ramsey's wholly-owned company, Defendant The Lampo Group, to promote its

5    timeshare exit services through Mr. Ramsey's popular radio shows, podcasts, seminars,

6    websites, "Financial Peace University," and newsletters.  (*Id.* ¶¶ 5-6, 109-54 (describing

7    Mr. Ramsey's business and his relationship with Reed Hein).)  Plaintiffs further allege

8    that Reed Hein paid Mr. Ramsey and The Lampo Group over $30 million "to make false

9    claims and instruct [Mr.] Ramsey's faithful listeners to hire Reed Hein."  (*Id.* ¶ 5.)

10   According to Plaintiffs, Mr. Ramsey "assured his listeners that he had vetted Reed Hein,"

11   "promised them that the company was the only trustworthy method to get out of their

12   timeshare contracts," and "made false statements about Reed Hein's knowledge, skill,

13   and ability to get customers out of timeshare obligations."  (*Id.* ¶¶ 7, 129; *see also id.*

14   ¶¶ 131-32 (describing statements Mr. Ramsey made when endorsing Reed Hein).)

15   Plaintiffs assert that Mr. Ramsey continued to promote Reed Hein even after listener

16   complaints, multiple lawsuits (including one brought by the Washington State Attorney

17   General), and arbitrations filed against Reed Hein should have placed him on notice that

18   Reed Hein was defrauding his followers.  (*See, e.g.*, *id.* ¶¶ 8, 121-22, 159-64.)

19        By March 2021, Reed Hein had started to lose money after failing to serve its

20   customers and it stopped paying Mr. Ramsey to promote its services.  (*Id.* ¶¶ 9, 107-08.)

21   Subsequently, Mr. Ramsey stopped recommending Reed Hein's services to his followers.

22   (*Id.* ¶¶ 10, 165.)

1    **B.    Procedural Background**

2           Plaintiffs filed their proposed class action complaint in this court on April 28,

3    2023.  (Compl.)  They allege claims against the Lampo Defendants and Happy Hour

4    Media Group for violations of the Washington Consumer Protection Act ("WCPA"), ch.

5    19.86 RCW; negligent misrepresentation under Washington common law; and conspiracy

6    to make deceptive and fraudulent statements.  (Compl. ¶¶ 201-08, 214-15.)  They also

7    allege a claim against only the Lampo Defendants for unjust enrichment under

8    Washington common law.  (*Id.* ¶¶ 209-13.)  Plaintiffs assert these claims "for the

9    maximum time period allowable by law" on behalf of themselves and the following

10   proposed class:

11          All individuals who, during the applicable statute of limitations, paid money
            to Reed Hein and Time Share Exit Team for the purpose of obtaining an
12          "exit" from their timeshare obligations after being exposed to, and/or in
            reliance on, the statements and other representations made by Dave Ramsey,
13          and The Lampo Group.

14   (*Id.* ¶ 191.)

15          The Lampo Defendants filed this motion to dismiss or to strike the class

16   allegations on August 10, 2023.  (Mot.)  Plaintiffs filed a timely response in accordance

17   with the parties' agreed briefing schedule, and the Lampo Defendants filed a timely

18   reply.  (Resp.; Reply; *see* 7/6/23 Order (Dkt. # 17) (granting the parties' stipulated

19   motion to set deadlines for the motion to dismiss briefing).)  The Lampo Defendants'

20   motion is now ripe for decision.

21   //

22   //

### III.   ANALYSIS

The Lampo Defendants move the court to (1) dismiss Plaintiffs' claim for unjust enrichment; (2) strike certain of Plaintiffs' class allegations; and (3) dismiss the claims of certain Plaintiffs as time-barred.  Because the Lampo Defendants' motion to strike class allegations implicates this court's subject matter jurisdiction, the court begins by considering that motion before turning to the motion to dismiss.  (*See* Mot. at 18-19 (citing 28 U.S.C. § 1332(d)(2) and arguing that if the court strikes Plaintiffs' class allegations, this court no longer has jurisdiction over this action pursuant to the Class Action Fairness Act's ("CAFA") relaxed diversity rules).)

### A.   Motion to Strike Class Allegations

The court denies the Lampo Defendants' motion to strike class allegations as premature.  Under Federal Rule of Procedure 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  A court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained."  *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010); *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009); Fed. R. Civ. P. 23(d)(1)(D) ("In conducting [a class action], the court may . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly[.]").  "[D]ismissal of class allegations at the pleading stage," however, "should be done rarely."  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (quoting *Myers v. MedQuist, Inc.*, No. 05-4608 (JBS), 2006 WL 3751210,

at *4 (D.N.J. Dec. 20, 2006)).  "[T]he better course is to deny [a motion to strike class allegations] because the shape and form of a class action evolves only through the process of discovery." *Id.* (internal quotations omitted); *see also Johnson v. Metro-Goldwyn-Mayer Studios Inc.*, No. C17-541 RSM, 2017 WL 3313963, at *7 (W.D. Wash. Aug. 3, 2017) (compiling cases and noting that "most courts decline to strike class allegations prior to class certification motions and discovery").

This case is in its earliest stages:  the Lampo Defendants have not filed an answer and the court has not yet issued a scheduling order for discovery or class certification. Although the court has doubts as to whether this case may ultimately be maintained as a class action—particularly with respect to Federal Rule of Civil Procedure 23(b)(3)'s predominance and superiority requirements—it cannot at this time conclude that the class is uncertifiable as a matter of law.  Therefore, the court DENIES the Lampo Defendants' motion to strike Plaintiffs' class allegations and DENIES their motion to dismiss this action for lack of jurisdiction under CAFA.

**B.   Motion to Dismiss**

The Lampo Defendants urge the court to (1) dismiss Plaintiffs' unjust enrichment claim because Plaintiffs never directly conferred any benefit on the Lampo Defendants and (2) dismiss certain claims brought by certain Plaintiffs as barred by the statutes of limitations.  The court sets forth the standard of review before analyzing the Lampo Defendants' motion to dismiss these claims.

//

//

1           1.    <u>Standard of Review</u>

2           Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint

3       "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

4       Under this standard, the court construes the allegations in the light most favorable to the

5       nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946

6       (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted

7       as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S.

8       662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The

9       court need not accept as true legal conclusions, "formulaic recitation[s] of the legal

10      elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir.

11      2012) (quoting *Twombly*, 550 U.S. at 555), or "allegations that are merely conclusory,

12      unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State*

13      *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "A claim has facial plausibility when the

14      plaintiff pleads factual content that allows the court to draw the reasonable inference that

15      the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

16          2.    <u>Unjust Enrichment</u>

17          "Unjust enrichment occurs when one retains money or benefits which in justice

18      and equity belong to another." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008)

19      (quoting *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App.

20      1991)).  "Three elements must be established in order to sustain a claim based on unjust

21      enrichment:  [1] a benefit conferred upon the defendant by the plaintiff; [2] an

22      appreciation or knowledge by the defendant of the benefit; and [3] the acceptance or

1   retention by the defendant of the benefit under such circumstances as to make it

2   inequitable for the defendant to retain the benefit without the payment of its value." *Id.*

3   (quoting *Bailie Commc'ns*, 810 P.2d at 18).  Washington courts are clear that the

4   "*plaintiff must confer a benefit on the defendant* to satisfy the first element of unjust

5   enrichment."  *Lavington v. Hillier*, 510 P.3d 373, 379 (Wash. Ct. App.) (emphasis in

6   original) (compiling cases), *rev. denied*, 518 P.3d 212 (Wash. 2022).

7        Plaintiffs allege that they "conferred upon [the Lampo] Defendants an economic

8   benefit by entering into contracts and making payments to Reed Hein."  (Compl. ¶ 211.)

9   They further allege that those payments to Reed Hein "flowed to [the Lampo] Defendants

10   and allowed them to continue engaging in their unlawful conduct."  (*Id.*)  Thus, according

11   to Plaintiffs, the Lampo Defendants realized "economic benefits" as a "direct and

12   proximate result of their unlawful practices."  (*Id.* ¶ 212.)  Nowhere, however, do

13   Plaintiffs allege that they conferred any benefit directly on the Lampo Defendants.  (*See*

14   *generally id.*); *see Lavington*, 510 P.3d at 379 ("The defendant must receive a benefit

15   *from the plaintiff* for an implied contract to arise." (emphasis in original)).  To the

16   contrary, Plaintiffs make clear that they paid money only to Reed Hein.  (*See* Compl.

17   ¶ 211 (stating the payments they made to Reed Hein "flowed to" the Lampo

18   Defendants).)  Therefore, Plaintiffs have failed to state a claim for unjust enrichment.

19        Plaintiffs assert that the first element of an unjust enrichment claim may be

20   satisfied when the benefit is "converted and channeled through a third party."  (Resp. at

21   15.)  They rely on *Keithly v. Intelius, Inc.*, 764 F. Supp. 2d 1257, 1271 (W.D. Wash.

22   2011), for the proposition that a plaintiff need not confer a benefit directly on the

1    defendant.  (Resp. at 15.)  Since *Keithly* was decided in 2011, however, the Washington

2    Court of Appeals has repeatedly held that the first element of an unjust enrichment claim

3    requires the plaintiff to confer a benefit on the defendant directly.  *See, e.g.*, *Lavington*,

4    510 P.3d at 379; *Falcon Props. LLC v. Bowfits 1308 LLC*, 478 P.3d 134, 140 n.3 (Wash.

5    Ct. App. 2020) (holding buyer's unjust enrichment claim against broker failed where

6    seller, rather than buyer, paid the broker's commission and thus buyer did not confer a

7    benefit on the broker); *Allyis, Inc. v. Schroder*, No. 74511-5-I, 2017 WL 751329, at *4-5

8    (Wash. Ct. App. Feb. 27, 2017) (unpublished) (compiling cases and affirming the trial

9    court's determination that the first element of an unjust enrichment claim requires the

10   plaintiff to "directly confer a benefit on the defendant").  Therefore, because Plaintiffs

11   have not plausibly alleged the first element of their unjust enrichment claim, the court

12   GRANTS the Lampo Defendants' motion to dismiss the claim.

13           On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no

14   request to amend the pleading was made, unless it determines that the pleading could not

15   possibly be cured by the allegation of other facts."  *Cook, Perkiss & Liehe, Inc. v. N. Cal.*

16   *Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).  The court concludes that

17   Plaintiffs can plead no facts consistent with the allegations in their complaint that would

18   enable them to cure their unjust enrichment claim.  Therefore, the court DISMISSES the

19   unjust enrichment claim with prejudice and without leave to amend.

20           2.      Statutes of Limitations

21           Dismissal is proper on the ground that a claim is barred by the applicable statute of

22   limitations if the running of the limitations period is apparent on the face of the

1   complaint.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that

2   relief is barred by the applicable statute of limitations, the complaint is subject to

3   dismissal for failure to state a claim[.]"); *Morales v. City of L.A.*, 214 F.3d 1151, 1153

4   (9th Cir. 2000).  WCPA claims are subject to a four-year statute of limitations.  RCW

5   19.86.120.  Claims for negligent misrepresentation and civil conspiracy under

6   Washington law are subject to a three-year statute of limitations.  RCW 4.16.080(2)

7   (setting a three-year statute of limitations for actions for "any other injury to the person or

8   rights of another not hereinafter enumerated").[2]  Plaintiffs filed this action on April 28,

9   2023.  (*See* Compl.)  Thus, absent an applicable exception, the relevant statutes of

10  limitations bar negligent misrepresentation and conspiracy claims that accrued before

11  April 28, 2020, and WCPA claims that accrued before April 28, 2019.

12        In Washington, a "cause of action accrues and the statute of limitations begins to

13  run when a party has the right to apply to a court for relief."  *Shepard v. Holmes*, 345

14  P.3d 786, 790 (Wash. Ct. App. 2014) (quoting *O'Neil v. Estate of Murtha*, 947 P.2d

15  1252, 1254 (Wash. Ct. App. 1997)).  A plaintiff has the right to apply to a court for relief

16  "when the plaintiff can establish each element of the action."  *Id.* (quoting *Hudson v.

17  Condon*, 6 P.3d 615, 620 (Wash. Ct. App. 2000)).  The discovery rule is an exception to

18  this rule of accrual.  *Id.*  Washington courts apply the discovery rule to claims where

19  "injured parties do not, or cannot, know they have been injured," including claims for

20  misrepresentation and violations of the WCPA.  *Id.* (quoting *In re Estates of Hibbard*,

21

22        [2] Because the court has dismissed Plaintiffs' unjust enrichment claims, it does not address whether those claims are barred by the statute of limitations.

826 P.2d 690, 694 (Wash. 1992)).  "Where the discovery rule applies, 'a cause of action accrues when the plaintiff, through the exercise of due diligence, knew or should have known the basis for the cause of action.'"  *Id.* (quoting *Green v. Am. Pharm. Co.*, 935 P.2d 652, 655 (Wash. Ct. App. 1997), *aff'd*, 960 P.2d 912 (Wash. 1998)).

The Lampo Defendants urge the court to dismiss (1) all claims brought by Plaintiffs Robert and Samantha Nixon and Marilyn Dewey, who signed their contracts with Reed Hein before April 28, 2019 (Mot. at 20 (citing Compl. ¶¶ 34, 49)); and (2) negligent misrepresentation and civil conspiracy claims brought by Plaintiffs Leisa Garrett, David and Rosemarie Bottonfield, Tasha Ryan, and Peter and Rachael Rollins, who contracted with Reed Hein after April 28, 2019, but before April 28, 2020 (*id.* (citing Compl. ¶¶ 29, 38, 41, 53)).  Defendants argue that the discovery rule cannot save these claims because (1) Plaintiffs did not plead facts supporting application of the discovery rule in their complaint and (2) Plaintiffs should have known "about problems with Reed Hein" based on the same lawsuits that they allege should have put Mr. Ramsey on notice of Reed Hein's unlawful business practices.  (*Id.*; Reply at 9-10.)  Plaintiffs respond that none of their claims are time-barred because (1) none of their claims accrued until Reed Hein breached its contracts with them; (2) in the alternative, the statutes of limitations did not begin to run until Mr. Ramsey stopped promoting Reed Hein in May 2021; and (3) with respect to their WCPA claim, the running of the statute of limitations was suspended while the Washington Attorney General's lawsuit against Reed Hein was pending.  (Resp. at 23-28.)  The court agrees with Plaintiffs' first argument that their

1    claims accrued when it became apparent that Reed Hein had breached its contracts with

2    them, rather than when Plaintiffs entered into those contracts.

3          Plaintiffs allege that the contracts they signed with Reed Hein provided for either

4    an 18-month or three-year contractual time period during which Reed Hein would

5    complete the timeshare exit process.  (Compl. ¶ 168 (alleging that Reed Hein's contracts

6    stated that "it would take 1) eighteen months or 2) three years to complete the [exit]

7    process" depending on when the contracts were signed and that customers were not

8    eligible for a refund until that time expired).)  Thus, Plaintiffs assert that they could not

9    have known that Reed Hein had defrauded them—and as a result, that the Lampo

10   Defendants had made false statements about Reed Hein and misrepresented its services—

11   until after the 18-month or three-year time contractual time period expired without Reed

12   Hein successfully "exiting" them from their timeshares or providing the promised

13   refunds.  (Resp. at 23; Compl. ¶ 169.)  The court agrees.  Because the contracts provided

14   Reed Hein either 18 months or three years to complete a timeshare exit, Plaintiffs could

15   not have known that Reed Hein would not honor its commitments and that the Lampo

16   Defendants had misrepresented Reed Hein's services until after that contractual time

17   period expired.  Furthermore, Plaintiffs did not suffer damage until Reed Hein breached

18   their contracts by failing to perform its promises.  As a result, Plaintiffs could not

19   establish each element of their claims, and thus their claims did not accrue, until Reed

20   Hein breached their contracts.  *See Shepard*, 345 P.3d at 790.  Adding either three years

21   or 18 months to the dates Plaintiffs entered into their contracts with Reed Hein results in

22   accrual dates for Plaintiffs' claims after April 28, 2019 (in the case of the WCPA claim)

or April 28, 2020 (in the case of the remaining claims).  (*See* Compl. ¶ 34 (alleging that the Nixons' contract with Reed Hein, which they entered into in December 2017, included a three-year contractual time period); *id.* ¶¶ 29, 38, 41, 49, 53 (alleging that the remaining Plaintiffs entered into contracts with Reed Hein between April 2019 and December 2019).)  The Lampo Defendants' argument that Plaintiffs either knew or should have known about Reed Hein's problems before April 28, 2019, or April 28, 2020, is not persuasive because whether Plaintiffs knew or should have known about complaints or litigation in 2017, 2018, or 2019 is not apparent on the face of the complaint.  *See Jones*, 549 U.S. at 215.  Accordingly, the court DENIES the Lampo Defendants' motion to dismiss certain Plaintiffs' claims as barred by the statute of limitations.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part the Lampo Defendants' motion to dismiss and/or strike Plaintiffs' complaint (Dkt. # 25). Specifically, the court (1) DENIES the Lampo Defendants' motion to strike Plaintiffs' class allegations; (2) GRANTS the Lampo Defendants' motion to dismiss Plaintiffs' unjust enrichment claim; (3) DISMISSES the unjust enrichment claim with prejudice and

//

//

//

//

//

1 | without leave to amend; and (4) DENIES the Lampo Defendants' motion to dismiss in all

2 | other respects.

3 |       Dated this 12th day of October, 2023.

4

5

6 | JAMES L. ROBART
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22