THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION ON DISMISSAL WITH PREJUDICE**<br><br>**NOTED ON MOTION CALENDAR: OCTOBER 26, 2023** |

*PLTFFS' MOTION FOR RECONSIDERATION* - Page 1
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I.   RELIEF REQUESTED

Plaintiffs do not request reconsideration on the dismissal of their unjust enrichment claims, but respectfully request the Court reconsider its order dismissing those claims with prejudice. The Court dismissed the unjust enrichment claims because Plaintiffs did not allege a direct transfer of funds from Reed Hein to the Ramsey Defendants. It dismissed the claims with prejudice because Plaintiffs could not plausibly make such an allegation consistent with the Complaint. However, Plaintiffs believe in good faith they can plausibly allege a direct transfer of ownership. Reed Hein had duties to maintain its customers' funds in trust under the federal Telemarketing Sales Rule, the Washington Credit Services Organizations Act, and RCW 18.28 *et seq.*, as well as its voluntarily-assumed fiduciary duties, and duties it explicitly listed in the power-of-attorney forms it required customers to execute. Plaintiffs are in the process of seeking an amendment to the complaint, which should colorably allege that Reed Hein held its clients' funds in constructive trust. It appears the constructive trust doctrine was specifically designed for unjust enrichment claims, although it now applies to conversion and operates as a standalone remedy. If a fiduciary takes his or her clients' funds from trust and gives them to a third-party, then that is a direct transfer because there was no intermediary change of ownership. Therefore, Plaintiffs respectfully and in good faith request reconsideration on the issue of prejudice.

## II.   EVIDENCE RELIED UPON

Plaintiffs rely upon Dkt. # 35 (Order Granting in Part The Lampo Defendants Motion to Dismiss), Dkt. # 1 (Complaint), and the Declaration of attorney Gregory W. Albert, which contains:

PLTFFS' MOTION FOR RECONSIDERATION - Page 2
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1. The proposed amended complaint. Ex. 1, Albert Decl.

2. An example of the power-of-attorney form Reed Hein required customers to execute. Ex. 2, Albert Decl.

3. Awards in four arbitrations finding Reed Hein had a duty to keep customer money in trust. Ex. 3, Albert Decl.

### III.   STATEMENT OF FACTS

On December 29, 2021, January 31, 2022, February 2, 2022, and February 7, 2022, the American Arbitration Association issued four awards stating that Reed Hein breached duties to customers by putting their money directly into their operating account instead of holding it in trust for customers. Ex. 3, Albert Decl. *See also* Dkt. # 1 at ¶¶ 86-87. In a separate arbitration, counsel for claimant Abigail Messmer asked Reed Hein's speaking agent whether Reed Hein had all its customers sign power-of-attorney forms similar to Exhibit 2 and whether it maintained signed copies of such forms in its files. Albert Decl., ¶ 3. She testified affirmatively to each. *Id*.

On October 12, 2023, this Court dismissed Plaintiffs' unjust enrichment claims with prejudice on the grounds that there was no direct transfer from the Plaintiffs to the Ramsey Defendants. Dkt. # 35. 8:7-9:19.

### IV.   ARGUMENT

Reed Hein claimed to relieve timeshare owners of their debts to timeshares. In 2010, regulations promulgated under the Telemarketing Sales Act brought debt-relief services within the scope of the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. § 310. *See* 75 Fed. Reg. 48,457 (Aug. 10, 2010). Under 16 C.F.R. § 310.4(a)(5)(i)(A), it is "abusive

PLTFFS' MOTION FOR RECONSIDERATION - Page 3
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

conduct" for a debt-relief service to "receive payment of any fee or consideration" unless that company has already achieved results. The FTC's "Debt Relief Services & The Telemarketing Sales Rule" guide states: "**It's illegal to charge upfront fees**. You can't collect any fees from a customer before you have . . . resolved the consumer's debts . . . You can require customers to set aside money in a dedicated account for your fees." Federal Trade Commission, Debt Relief Services & The Telemarketing Sales Rule: A Guide for Business (July, 2010) (bold in original).[1]

RCW 18.28 governs debt adjusters. Under RCW 18.28.150(1) "[a]ny payment received by a debt adjuster from or on behalf of a debtor shall be held in trust by the debt adjuster." Furthermore, "[t]he debt adjuster shall not commingle such payments with the debt adjuster's own property or funds." *Id*. Washington's Credit Services Organizations Act also prohibits a "credit services organization" from charging an upfront fee unless they maintain a trust account. *See* RCW 19.134.020(1). Reed Hein plausibly acted as both a debt adjuster and a credit services organization.

Finally, Reed Hein's own service contracts obligated it to hold customers' money in trust. Ex. 2, Albert Decl. The Complaint makes several allegations about the power-of-attorney agreement, as well as the trust requirements arising therefrom. *See* Dkt. # 1 at ¶¶ 171-174. The power-of-attorney form explicitly stated that Reed Hein was a "fiduciary" of its customers.

---

[1] Available at Debt Relief Services & The Telemarketing Sales Rule: A Guide for Business (ftc.gov) (last reviewed August 24, 2023).

PLTFFS' MOTION FOR RECONSIDERATION - Page 4
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Ex. 2., Albert Decl. at 5. Among its fiduciary duties, Reed Hein included "the legal duty to keep the [customer's] property separate and distinct from any other property owned or controlled by [Reed Hein]." *Id*.

Washington courts recognize a constructive trust where a party "holding title to property is subject to an equitable duty to convey it to another." *Baker v. Leonard*, 120 Wash.2d 538, 548-549 (Wash. 1993). Constructive trusts can be imposed to recover customer funds which should have been kept separate. *See Venwest Yachts v. Schweickert*, 142 Wash. App. 886 (Wash. Ct. App. Div. 1, 2008). "Such trusts 'arise where the retention of the property would result in the *unjust enrichment* of the person retaining it.'" *Consulting Oversees Management, Ltd. v. Shtikel*, 105 Wash. App. 80, 87 (Wash. Ct. App. Div. 1, 2001), *citing Scymanski v. Dufault,* 80 Wn.2d 77 at 87 (1971) (emphasis added); *see also Woodell v. Expedia Inc.*, 2019 WL 3287896 at *12-13 (W.D. Wash., 2019) (Robart, J.) (allowing constructive trust claim to proceed in consumer class action).

Because Reed Hein had obligations to keep the money in trust under the federal code, Washington statutes, its fiduciary duties, and its contractual obligations, the attached (proposed) amended complaint alleges sufficient facts for the Court to find a constructive trust regarding that money. If the funds were held in constructive trust, then the Ramsey Defendants were the first parties to convert them. If so, then the Plaintiffs conferred a direct benefit to the Ramsey Defendants.

## V.   CONCLUSION

Plaintiffs do not mean to question the Court's ruling unduly, but respectfully and in good faith submit that Plaintiffs can amend the complaint to plausibly allege a claim for

PLTFFS' MOTION FOR RECONSIDERATION - Page 5
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

unjust enrichment based on Reed Hein's fiduciary and statutory duties to hold customer funds in trust.

DATED this 26th day of October, 2023.

*I certify that this memorandum contains 1,067 words, in compliance with the Local Civil Rules.*

**ALBERT LAW, PLLC**

By: *s/Gregory W. Albert*
Gregory W. Albert, WSBA #42673
Jonah Ohm Campbell, WSBA# 55701
Tallman Trask IV, WSBA# 60280
3131 Western Ave., Suite 410
Seattle, WA 98121
(206)576-8044
greg@albertlawpllc.com
tallman@albertlawpllc.com
jonah@albertlawpllc.com

And—

**FRIEDMAN | RUBIN®**

By: *s/Roger S. Davidheiser*
Roger S. Davidheiser, WSBA #18638
1109 First Ave., Ste. 501
Seattle, WA 98101
(206)501-4446
rdavidheiser@friedmanrubin.com
***Attorneys for Plaintiffs***

PLTFFS' MOTION FOR RECONSIDERATION - Page 6
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446