THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; and THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630- JLR<br><br>**DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION ON DISMISSAL WITH PREJUDICE**<br><br>Hearing Date: October 26, 2023 |

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 0

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

## I. INTRODUCTION

Plaintiffs' Motion for Reconsideration does not dispute that this Court properly dismissed Plaintiffs' unjust enrichment claim "on the grounds that there was **no direct transfer** from the Plaintiffs to the Ramsey [Lampo] Defendants." Mot. 3 (emphasis added). Instead, Plaintiffs only ask the Court to reconsider the dismissal *with prejudice*. The Lampo Defendants respectfully submit that the Court correctly concluded that Plaintiffs could not plausibly assert a direct transfer, because their own allegations reflect that Plaintiffs' alleged payments were made only to non-party Reed Hein. *See* Dkt. 35 ("Order"). Plaintiffs' Motion does not alter this fundamental factual concession, and thus presents no new facts that could plausibly save their unjust enrichment claim.

The crux of Plaintiffs' argument is a novel and erroneous legal theory. Specifically, they concoct "a direct transfer of ownership" from Plaintiffs to the Lampo Defendants through a legally flawed invocation of the constructive trust remedy, under which they would ask the Court simply to ignore the fact that they indisputably never conferred a direct benefit on the Lampo Defendants. Plaintiffs do not cite a single case supporting such a proposition, because no such case exists.

Plaintiffs outline their new allegations in a proposed Amended Complaint. *See* Ex. 1 to Declaration of Gregory W. Albert (Dkt 39-1). The Court has not granted leave to amend at this time, which is subject to a separate motion. But the proposed amendments show that Plaintiffs still fail to assert facts necessary for unjust enrichment. In particular, Plaintiffs hang their hat on a theory that Reed Hein's alleged breach of fiduciary obligations to Plaintiffs eliminates any "intermediary change of ownership." Mot. 5. Not only is this theory contravened by the Complaint's express allegations about Reed Hein's conversion of Plaintiffs' funds, it also reflects a basic misunderstanding of the legal theory of constructive trust. That theory does not, and cannot, create a direct transfer from any Plaintiff to the Lampo Defendants. Accordingly, Plaintiffs' Motion only reinforces that this Court's decision to dismiss the unjust enrichment claim with prejudice was correct. The Court should deny reconsideration.

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 1

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

## II. BACKGROUND

Plaintiffs have never alleged that they paid anything to the Lampo Defendants, nor do they make such an allegation now. Plaintiffs admit they only ever made payments to Reed Hein. *See* Dkt. 39-1, ¶ 231; Dkt. 1, ¶ 211. Despite the lack of a direct payment, Plaintiffs previously sought to justify their unjust enrichment claim on the theory that the Lampo Defendants "converted and channeled through a third party [Reed Hein]." Resp., Dkt. 27, 15. This Court rightly rejected that theory and found that the "Washington Court of Appeals has repeatedly held that the first element of an unjust enrichment claim requires the plaintiff to confer a benefit on the defendant ***directly***." Order at 9 (citing cases) (emphasis added). Because the payments were made to Reed Hein (and not the Lampo Defendants), there was no direct benefit. *Id.* Plaintiffs' present Motion does not dispute the Court's finding. The only thing Plaintiffs now dispute is the finding that "Plaintiffs can plead no facts consistent with the allegations in their complaint that would enable them to cure their unjust enrichment claim." *Id.* at 10. Although they still allege—as they must—that Plaintiffs only made payments to Reed Hein, they now claim there are "facts" by which they can ignore the "direct" transfer of those same funds paid to Reed Hein and treat them as being *constructively* paid directly to the Lampo Defendants. This theory has no basis in Washington law or precedent.

Plaintiffs' characterizations notwithstanding, their proposed Amended Complaint (Dkt. 39-1) does not materially change the ***facts*** upon which this Court's Order was based. The proposed Amended Complaint still contains the same allegations on which this Court relied to find that there is ***no direct conferral of benefits*** by Plaintiffs upon the Lampo Defendants. Just as in the operative Complaint, Plaintiffs still allege that "Plaintiffs conferred upon [the Lampo] Defendants an economic benefit ***by entering into contracts and making payments to Reed Hein.*** These payments flowed to Defendants and allowed Defendants to continue engaging in their unlawful conduct." Dkt. 39-1, ¶ 231 (emphasis added); Compl., Dkt. 1, ¶ 211 (same). These are the identical allegations on which the Court relied in dismissing the unjust enrichment claim. Ord. 8.

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 2

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

Plaintiffs do try to add a few more details regarding their allegations that Reed Hein breached duties to the Plaintiffs by treating their payments as comingled revenue, and then using Reed Hein's revenue to make payments to the Lampo Defendants. *See* Dkt. 39-1, ¶¶ 106-07. But those allegations are nothing more than the same sort of alleged wrongdoing identified in the original Complaint. The allegation that Reed Hein misused customer funds, including Plaintiffs' payments, was always the premise of the Complaint. *See, e.g.*, Compl., Dkt. 1, ¶ 86 ("Although Reed Hein claimed to be its customers' fiduciary, Reed Hein did not put their money in trust or escrow, but rather immediately treated it as earned revenue and spent it[.]") & ¶ 121 ("On numerous occasions, arbitrators found Reed Hein's billing practices and failure to secure customer funds in escrow constitutes fiduciary breaches and unfair and deceptive trade practices."). Just as the Court found before, such allegations about Reed Hein's misconduct in no way allege a direct benefit or payment by Plaintiffs to the Lampo Defendants.

In fact, Plaintiffs seek to add allegations that are contrary to—and further undercut—the notion of any direct benefit from Plaintiffs to the Lampo Defendants. For example, Plaintiffs seek to add the below allegations, which only further emphasize that it was Reed Hein that "converted" money from the Plaintiffs:

- "Reed Hein's marketing budget was derived from customer funds . . . Reed Hein paid [The Lampo Defendants] with customer funds . . . ***which Reed Hein treated as revenue and spent***." Dkt. 39-1, ¶ 135 (emphasis added).

- "***Reed Hein & Associates treated upfront customer payments as earned revenue*** rather than holding customer funds in trust as required[.]" *Id.*, ¶ 236 (emphasis added).

- "***Reed Hein & Associates converted customer funds*** by treating them as earned revenue." *Id.*, ¶ 238 (emphasis added).

In sum, Plaintiffs still allege the same story: "Defendants wrongly received money which had been ***converted by Reed Hein & Associates*** but which rightfully belonged to Plaintiffs . . . ." Dkt. 39-1, ¶¶ 241-42. But just as this Court already found, Plaintiffs do not actually allege that they

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION FOR
RECONSIDERATION
(Case No. 2:23-cv-00630) – 3

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

conferred a ***direct*** benefit to the Lampo Defendants, because they still only allege they made payments to Reed Hein. Thus, the proposed Amended Complaint does not fix the problem that Plaintiffs "[n]owhere . . . allege that they conferred any benefit directly on the Lampo Defendants," Order at 9, and once again "[t]o the contrary, Plaintiffs make clear ***that they paid money only to Reed Hein***," *id.* (emphasis added).

Rather than presenting new facts, Plaintiffs argue that the same facts that resulted in a dismissal before could support a new ***legal theory*** of direct transfer. Mot. 3-5. This theory requires the assumption that Reed Hein never held the funds Plaintiffs paid them, because they were in a supposed "constructive trust." *Id.* Assuming into existence a "constructive trust—a legal theory never adopted by any court—Plaintiffs allege the payments to Reed Hein were not really payments to Reed Hein.

### III.   LEGAL ARGUMENT

Plaintiffs do not dispute that the Court rightly dismissed their unjust enrichment claim based on the allegation of funds "channeled through a third party." Instead, Plaintiffs now argue that under the same facts, Reed Hein, as an alleged "fiduciary," never took lawful title to the funds, and the subsequent transfer of some portion of those funds to the Lampo Defendants can therefore be constructively deemed a "direct transfer." Plaintiffs argue that "[i]f the funds were held in constructive trust [by Reed Hein], then the Ramsey Defendants were the first parties to convert them" and, "[i]f so, then the Plaintiffs conferred a direct benefit to the [Lampo] Defendants." Mot. 5:17-19.

Assuming arguendo that Reed Hein ***did*** breach fiduciary duties to Plaintiffs, as Plaintiffs allege, this theory still fails. Plaintiffs' legal theory suffers from at least two fatal flaws (in addition to Plaintiffs' dispositive admission that the money "***had been converted by Reed Hein & Associates***." Dkt. 39-1, ¶¶ 241-42).

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 4

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

*First*, Plaintiffs invoke constructive trust to suggest Reed Hein never actually held any of the funds paid to it, but this theory misconstrues the very nature of a constructive trust. A constructive trust can be a means of transferring title as a remedy at equity, but it is not a form of title or ownership in itself. *Consulting Overseas Mgmt., Ltd. v. Shtikel*, 105 Wn. App. 80, 86–87, 18 P.3d 1144 (2001) (emphasis added) ("A constructive trust is an equitable *remedy* that compel[s] restoration"). To go back to basics, "[i]t is commonly repeated that a constructive trust is not a real trust since it is only a remedy. One might go further and explain that the term constructive trust, used correctly to designate a remedy for unjust enrichment, is only a manner of speaking." Restatement (Third) of Restitution and Unjust Enrichment § 55 (2011). In fact, the remedy of constructive trust presupposes that title has passed to the unjust possessor and only arises because it would be unjust to allow the "legal title holder" to property to retain it. *Baker v. Leonard*, 120 Wn.2d 538, 548, 843 P.2d 1050 (1993).[1]

And even if Plaintiffs would have been entitled to a constructive trust as a remedy against Reed Hein for *its* unjust enrichment—something that has not even been adjudicated—that would not change the fact that Reed Hein was the entity that received the funds from Plaintiffs and ostensibly decided to treat the funds as revenue and use them to make payments to third parties. Reed Hein still remains the sole direct recipient of Plaintiffs' funds, which—as this Court found—cuts off the possibility of a direct benefit to the Lampo Defendants. *Supra*, 2-3. Plaintiffs' invocation of the idea of a constructive trust cannot create a claim for unjust enrichment against a party that never directly received a benefit from them in this case. Indeed, if Plaintiffs' constructive trust theory held water, it would lead to the absurd logical conclusion that *any* third party that received payments from Reed Hein (such as landlords, restaurants, or travel agencies)

---

[1] "Before a constructive trust can arise, it is necessary that the owner of the property must have acquired title to it in some way that creates the equitable duty in favor of the person who would benefit from the trust." 90 C.J.S. Trusts § 175; *see also* Restatement (Third) § 55 (2011).

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 5

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1 | could be on the hook for unjust enrichment, so long as Plaintiffs allege that Reed Hein used funds it received from them to pay those third parties. That cannot be the law.

*Second*, Plaintiffs hint at a separate argument that their unjust enrichment claim can be saved by asserting the constructive trust continues as a remedy against the Lampo Defendants, but this is a classic case of circular reasoning. "An essential element that must be established to prove the existence of a constructive trust is unjust enrichment." 76 Am. Jur. 2d Trusts § 174; *see also* Restatement (Third) § 55 (2011). The problem for Plaintiffs is that they cannot assert unjust enrichment to begin with, under Washington law. *See* Order, Dkt. 35, 8-9. A constructive trust is simply a remedy available *after* a finding that there has been unjust enrichment; the creation of a constructive trust cannot work in reverse to give rise to an unjust enrichment claim. Plaintiffs are putting the cart before the horse.

Unsurprisingly, in each case cited by Plaintiffs, either the property at issue was conveyed *directly* to the defendants, or the case was otherwise inapposite to the issues here. *See* Mot. 5 (citing *Baker v. Leonard*, 120 Wash.2d 538, 843 P.2d 1050 (1993) (equity did not demand constructive trust); *Venwest Yachts v. Schweickert*, 142 Wn. App. 886, 176 P.3d 577 (2008) (yacht buyer sought to recover $150,000 *directly* from dealer); *Consulting Overseas Mgmt. Ltd.*, 105 Wn. App. at 87 (trial court erred in imposing constructive trust); *Woodell v. Expedia Inc.*, 2019 WL 3287896, *12-13 (W.D. Wash. 2019) (alleging defendant *directly* took a fraudulent overcharge)).

In sum, Plaintiffs' Motion seeks to hammer a square peg into a round hole. Reed Hein remains the sole direct recipient of Plaintiffs' funds, and Plaintiffs' new allegations are effectively the same as the original. There is no appropriate basis for reconsideration.

/ / /

/ / /

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 6

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

## IV. CONCLUSION

For the foregoing reasons, the Court should deny reconsideration.

DATED this 6th day of November, 2023.

*I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754
Patricia A. Eakes, WSBA No. 18888
Tyler Weaver, WSBA No. 29413
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
damon.elder@morganlewis.com
tyler.weaver@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION FOR RECONSIDERATION
(Case No. 2:23-cv-00630) – 7

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401