THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE RAMSEY GROUP, LLC, a Tennessee limited liability company,<br><br>            Defendants. | Case No. 2:23−cv−00630−JLR<br><br>**PLAINTIFFS' REPLY TO MOTION FOR RECONSIDERATION** |

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN ®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I.   REPLY

The Ramsey Defendants state that Plaintiffs' argument regarding a direct transfer is "flawed" and "erroneous," but they avoid the fundamental reasoning behind Plaintiffs' request. *See* Dkt. #49, 1:10-12. Plaintiffs' argument is a common-sense application of fiduciary and agency law:

Reed Hein required Plaintiffs to sign documents explicitly stating that it would act as their "fiduciary" and keep their property separate from its own property. *See* Dkt. #39-2. According to Black's Law Dictionary, a fiduciary is, "[s]omeone who is required to act for the benefit of another person on all matters within the scope of their relationship…[s]omeone who must exercise a high standard of care in *managing another's money or property*." *See* FIDUCIARY, Black's Law Dictionary (11th ed. 2019). The examples it gives of fiduciaries are: "trustee-beneficiary, guardian-ward, principal-agent, and attorney-client." FIDUCIARY RELATIONSHIP, Black's Law Dictionary (11th ed. 2019)

A fiduciary is a type of agent because an agent is defined as "[s]omeone who is authorized to act for or in place of another." AGENT, Black's Law Dictionary (11th ed. 2019). By acting for its principal, an agent acting in its fiduciary capacity is an extension of the principal, not a standalone party. It is beyond dispute that attorneys and guardians, listed above, act as the party they represent. Therefore, any transfer of funds from a principal to a third party via an agent is a *direct transfer* from the principal to the third party through that agency. For example: if an attorney were to transfer client funds out of his or her trust account to a third party with or without permission, there would be no question whose funds were transferred: the client's funds.

The allegations in Plaintiffs' proposed amended complaint support a direct transfer. Not only did Reed Hein act as a fiduciary, but it affirmatively and contractually assumed the duty to hold the customers' fees in trust. Compounding that responsibility, Reed Hein had statutory duties under RCW 18.28 *et seq.* and RCW 19.134 *et seq.* and regulatory requirements under 16 CFR § 310, each requiring it to hold that money in trust. As a result of those duties, Plaintiffs held the *only* proprietary interest in those funds prior to the transfer to the Ramsey Defendants.

PLAINTIFFS' REPLY TO
MOTION FOR RECONSIDERATION – 2

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN ®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA  98101
(206) 501-4446

The Ramsey Defendants suggest that finding a direct transfer in these circumstances would lead to extreme results because "*any* third party that received payments from Reed Hein (such as landlords, restaurants, or travel agencies) could be responsible for unjust enrichment, so long as Plaintiffs allege that Reed Hein used funds it received from them to pay those third parties." Dkt. #49, 5:21-6:2. But there are a variety of distinctions between those parties and the Ramsey Defendants. First, those parties are not alleged co-conspirators of the tortious, contractual, and statutory violations Reed Hein committed. Second, they are not alleged to have knowledge or constructive knowledge that the money they received was not owned by Reed Hein, as the Ramsey Defendants are alleged to have known. And third, a successful claim for unjust enrichment turns on whether the enrichment was *unjust*. Here, Plaintiffs can plausibly allege that it would be unjust for a co-conspirator of Reed Hein's willful fiduciary breaches to profit from money they knew Reed Hein embezzled from its principals.

The bottom line is that a fiduciary acts on behalf of the principal, not itself. If the Court finds that Reed Hein was required to hold its principals' money in trust, as Plaintiffs allege, then the transfer from the principals to the Ramsey Defendants was a direct transfer.

Plaintiffs respectfully request the Court grant Plaintiff's Motion for Reconsideration on the issue of prejudice because the Plaintiffs' proposed amended Complaint can plausibly allege a direct transfer of funds from Reed Hein's principals to Reed Hein's co-conspirators through Reed Hein's agency.

Dated this 9th day of November, 2023.

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN ®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

**ALBERT LAW, PLLC**

By: ___/s/ Gregory W. Albert_____
    Gregory W. Albert, WSBA #42673
    3131 Western Ave., Suite 410
    Seattle, WA 98121
    (206)576-8044
    greg@albertlawpllc.com


And—


**FRIEDMAN | RUBIN®**

By: ___/s/ Roger S. Davidheiser_____
    Roger S. Davidheiser, WSBA #18638
    1109 First Ave., Ste. 501
    Seattle, WA  98101
    (206)501-4446
    rdavidheiser@friedmanrubin.com
    ***Attorneys for Plaintiffs***

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN ®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA  98101
(206) 501-4446