THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; and THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>                    Defendants. | Case No. 2:23-cv-00630- JLR<br><br>**DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S RESPONSE TO MOTION TO AMEND THE COMPLAINT**<br><br>Hearing Date: November 17, 2023 |

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND THE
COMPLAINT
(Case No. 2:23-cv-00630) – 0

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

I.    INTRODUCTION

Defendants David L. Ramsey III and the Lampo Group, LLC (the "Lampo Defendants")
respectfully request that the Court deny Plaintiffs' Motion to Amend the Complaint.  Dkt. 40.
Plaintiffs are seeking to add two new causes of action, conversion and constructive trust, and to
retain a claim for unjust enrichment that this Court already dismissed with prejudice.  Dkt. 35.[1]
As to the Lampo Defendants, these claims are futile—indeed, the two "new" causes of action are
merely attempts by the Plaintiffs to smuggle their legally-unsupportable unjust enrichment claim
in through the back door.  The allegations in Plaintiffs' proposed Amended Complaint, Dkt. 41-1,
reflect that none of these claims could plausibly give rise to relief, which means they will be subject
to dismissal for failure to state a claim even if leave to amend is granted.  The Court should spare
the parties another round of dispositive briefing and deny Plaintiffs' request to add meritless claims
that should not survive the pleading stage.

II.    BACKGROUND

As the Court knows, Plaintiffs have never alleged they paid anything ***to the Lampo
Defendants***, nor do they seek to make such an allegation now.  Plaintiffs concede they only ever
made payments to Reed Hein in connection with time-share exit services.  *See* Dkt. 41-1, ¶ 231;
Dkt. 1, ¶ 211.  Despite the lack of any direct benefit to the Lampo Defendants, Plaintiffs again ask
to revive their unjust enrichment claim, and also seek leave to assert similar theories of recovery
under the guise of constructive trust and conversion claims.  Dkt. 41-1, ¶¶ 229-33, 236-48.

In support of these new—or, in the case of unjust enrichment, already dismissed—claims,
Plaintiffs allege the same basic story.  According to Plaintiffs, "Defendants wrongly received
money which had been ***converted by Reed Hein & Associates*** but which rightfully belonged to

---

[1] Plaintiffs also ask to amend to "add additional factual matters related to their claims," primarily for purposes of class
certification, and to correct typographical and formatting errors. Mot. at 1, 3. These amendments appear unnecessary
at this stage, absent the addition (or reassertion) of two new claims and one previously dismissed claim.  Because, as
explained below, Plaintiffs do not have the right to amend here as a matter of course, and because these additional
factual matters are only added to support deficient claims, there is no basis for amending the Complaint to add them
either.

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    Plaintiffs[,]" Dkt. 41-1, ¶¶ 241-42 (emphasis added), allegations which already led this Court to

2    dismiss Plaintiffs' unjust enrichment theory *with prejudice* on the grounds that Plaintiffs

3    "[n]owhere . . . allege that they conferred any benefit directly on the Lampo Defendants," Order,

4    Dkt. 35, at 9, and "[t]o the contrary, Plaintiffs make clear *that they paid money only to Reed*

5    *Hein*," *id.* (emphasis added).

6         A.    <u>Unjust Enrichment.</u>

7         Plaintiffs separately have moved to reconsider the dismissal of their unjust enrichment

8    claim with prejudice, Dkt. 38.  Defendants have filed an opposition to that motion, which describes

9    the factual background underpinning this claim.  Dkt. 49.  The resolution of that motion will be

10   dispositive of whether Plaintiffs can seek leave to amend to reassert their unjust enrichment claim,

11   so the Lampo Defendants do not further address the factual allegations underlying that claim here.

12        B.    <u>Constructive Trust.</u>

13        Plaintiffs allege that *Reed Hein*'s violation of its purported obligations to hold Plaintiffs'

14   funds in trust means that "Reed Hein . . . held [the funds] in constructive trust." Dkt. 41-1, ¶ 135.

15   As a result, Plaintiffs allege that it "would be inequitable" to allow Defendants to retain the

16   customer money that had been paid to Reed Hein and which, in turn, Reed Hein used—at least in

17   part—to pay Defendants. *Id.* ¶ 246.  In support of this constructive trust theory, Plaintiffs also add

18   additional facts about *Reed Hein*'s alleged malfeasance, including that Reed Hein (1) engaged in

19   the unlawful practice of law (Dkt. 41-1, ¶¶ 93, 177); (2) held itself out as a fiduciary and had

20   fiduciary duties to its customers, but did not hold customer funds in trust (*id.* ¶¶ 111-114); and

21   (3) was found by an arbitrator to have "violated the Washington Consumer Protection Act" . . .

22   and was found to have "violated a number of duties by not putting fees into trust" *(id.* ¶ 106).

23   According to Plaintiffs, these allegations show that *Reed Hein* violated an obligation to hold

24   customer funds in trust and, as a result, Plaintiffs seek a constructive trust *against the Lampo*

25   *Defendants*. *Id.* ¶¶ 243-48.

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 2

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1

**C.**     <u>Conversion.</u>

2

Plaintiffs' proposed amendment re-emphasizes the allegation that ***Reed Hein*** breached

3

duties to the Plaintiffs by treating their payments as comingled revenue, and then using Reed

4

Hein's revenue to make payments to the Lampo Defendants. *See* Dkt. 41-1, ¶¶ 106-07. Plaintiffs'

5

own proposed Amended Complaint unequivocally asserts that it was "***Reed Hein [who] converted***

6

***customer funds*** by treating them as ***earned revenue***." *Id.*, ¶ 238 (emphasis added). Reed Hein

7

allegedly took those converted funds and included them in Reed Hein's general "budget." *Id.* ¶

8

135 ("Reed Hein's marketing budget was derived from customer funds, including funds from

9

customers which were held in constructive trust. Reed Hein paid The Lampo Group and Dave

10

Ramsey with customer funds which should have held in trust, ***but which Reed Hein treated as***

11

***revenue and spent***.") (emphasis added); ¶ 236 ("Reed Hein & Associates treated upfront customer

12

payments as earned revenue rather than holding customer funds in trust as required[.]").[2] These

13

proposed new factual allegations may add color to Reed Hein's alleged wrongdoing, but they do

14

not suggest that Plaintiffs' ***specific*** funds (as opposed to comingled funds in a general budget used

15

and spent by Reed Hein) were transferred to the Lampo Defendants.

16

**III.**     **LEGAL ARGUMENT**

17

In the Ninth Circuit, it is well-established that motions for leave to amend should be denied

18

where, as here, the amendment would be futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)

19

(citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "In assessing whether

20

leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith,

21

dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to

22

the opposing party and futility of the proposed amendment.'" *United States, ex. rel., Lee v.*

23

*SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (citations omitted). The factors

24

considered by the court are not given equal weight. *Id.* (citing *Bonin v. Calderon*, 59 F.3d 815,

25

26

1    845 (9th Cir. 1995)).  "Futility of amendment can, by itself, justify the denial of a motion for leave

2    to amend."  *Id.*  An amendment is futile when "no set of facts can be proved under the amendment

3    to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff–*

4    *Sexton*, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

5    As set forth below, the facts Plaintiffs propose to allege in the Amended Complaint

6    cannot—and do not—support the proposed claims for unjust enrichment, constructive trust, or

7    conversion.  Those claims are therefore futile, and leave to add them should be denied.

8    **A.    Plaintiffs Are Not Entitled to Amend as a Matter of Course.**

9    To begin, Plaintiffs argue that they are automatically entitled to amend their complaint

10   under Rule 15(a)(1) on the grounds that a party "may amend its pleading once as a matter of course

11   within . . . 21 days after service of a responsive pleading or 21 after service of a motion under Rule

12   12(b), (e), or (f). . . ."  Mot. at 3.  As to the Lampo Defendants, this argument is plainly wrong.

13   If Plaintiffs had a right to amend as a matter of course, there was no reason for the Motion

14   in the first place.  The problem for Plaintiffs, however, is that the right to amend under Rule

15   15(a)(1) does not apply here.  The Lampo Defendants filed their Motion to Dismiss on August 10,

16   2023, Dkt. 25, which was **77 days** before Plaintiffs filed their motion to amend on October 26,

17   2023, Dkt. 40.  As a result, Plaintiffs have no automatic right to amend against the Lampo

18   Defendants under Rule 15(a)—indeed, they missed the deadline to file an amendment as-of-right

19   by 55 days.

20   Plaintiffs rely exclusively on the fact that they filed their motion within 21 days of

21   Defendant *Happy Hour Media Group, LLC's* separate motion to dismiss.  Mot. at 2.  But caselaw

22   makes clear that under these circumstances, there is no right to amend as a matter of course ***as to***

23   ***the Lampo Defendants***.  Courts in the Ninth Circuit following the 2009 amendments to Rule 15

24   have settled on the rule that, "where there are multiple defendants, and this twenty-one day period

25   has expired as to some defendants but not others, the plaintiff may amend the complaint as a matter

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 4

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

of course *as to those defendants for whom the twenty-one day period has not yet expired*." *Hylton v. Anytime Towing*, No. 11CV1039 JLS WMC, 2012 WL 1019829, at *2 (S.D. Cal. Mar. 26, 2012) (emphasis added); *see also Yellowcake, Inc. v. Triwolf Media*, LLC, No. 1:20-CV-0981 AWI SKO, 2020 WL 6728934, at *2 & n.2 (E.D. Cal. Nov. 16, 2020) (same); *Defs. of Wildlife v. U.S. Fish & Wildlife Serv.*, No. 21-CV-00344-JSW, 2021 WL 4551912, at *2 (N.D. Cal. June 24, 2021) (same).

Here, the 21 days has expired as to the Lampo Defendants, and Plaintiffs would only be entitled to amend the complaint as to them if Plaintiffs obtain leave under Rule 15(a)(2). Plaintiffs do not even try to explain why leave should be granted now, beyond mere lip-service to the "liberality" of amendments. But as explained below, even under a liberal standard, the Court still should not indulge amendments where the claims have no merit under the facts alleged.

## B.   Plaintiffs' Attempt to Reinstate an Unjust Enrichment Claim Is Futile.

Plaintiffs seek leave to amend the complaint to retain their unjust enrichment claim, which this Court has already dismissed with prejudice. Dkt. 35. Plaintiffs explained this request in a separate motion for reconsideration, Dkt. 38, which the Lampo Defendants opposed, Dkt. 49. The motion for reconsideration is dispositive of whether Plaintiffs will be able to obtain leave to reassert their unjust enrichment claim.

Plaintiffs do not dispute that the Court rightly dismissed their unjust enrichment claim based on the allegation of funds "channeled through a third party," Reed Hein. *See* Dkt. 49 at 2. Instead, they argue that Reed Hein, as an alleged "fiduciary," should not have been permitted to treat the money they paid to Reed Hein as its own revenue, and thus that any payments Reed Hein made to third parties (including the Lampo Defendants) can be constructively deemed a "direct transfer" of their money to those third parties. Dkt. 38 at 3-5. As Plaintiffs initially framed their argument, "[i]f the funds were held in constructive trust [by Reed Hein], then the Ramsey Defendants were the first parties to convert them," and, "[i]f so, then the Plaintiffs conferred a direct benefit to the [Lampo] Defendants." *Id.* at 5:17-19. But Plaintiffs have cited no support for

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 5

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1   this theory because none exists.  As discussed in the Lampo Defendants' response to the motion

2   for reconsideration, this theory was a misapplication of the term "constructive trust," which is an

3   equitable remedy and not a theory of title.  Dkt. 49 at 4-7.

4           In their reply in support of reconsideration, Dkt. 50, Plaintiffs abandon any discussion of a

5   constructive trust, presumably recognizing that their original theory in the motion for

6   reconsideration made no sense.  All Plaintiffs now argue is that under principles of agency, if they

7   allege Reed Hein was **supposed** to keep Plaintiffs' funds in trust as a fiduciary then, *ipso facto*,

8   they also adequately allege that the transfer of that money from Reed Hein to the Lampo

9   Defendants (as compensation for advertising and endorsements) should be constructively deemed

10  a direct transfer from Plaintiffs to the Lampo Defendants.  Dkt. 50 at 2.  But this theory, while

11  rhetorically creative, **is not supported by Plaintiffs' own allegations** in the original Complaint or

12  the proposed Amended Complaint.    Regardless of whether Reed Hein was statutorily or

13  contractually supposed to act as fiduciary, Plaintiffs allege that Reed Hein did **not** act as one.

14  Instead, they allege specifically that **Reed Hein** converted their funds and co-mingled them with

15  its general revenue.  Dkt. 41-1, ¶¶ 238, 242.  They specifically allege that Reed Hein treated the

16  funds and revenue and never segregated or put the funds in trust.  *Id.* ¶¶ 135, 236-242.  Thus,

17  Plaintiffs' own allegations show that Reed Hein was the entity that received the funds from

18  Plaintiffs, decided to treat them as revenue co-mingled with all of Reed Hein's other revenue, and

19  used them to make payments to third parties.  Just as the Lampo Defendants have argued, Dkt. 49

20  at 6-7, these allegations definitively establish that Reed Hein was the sole direct recipient of

21  Plaintiffs' funds, which—as this Court found—cuts off the possibility of a direct benefit to the

22  Lampo Defendants.

23          Plaintiffs' own reply in support of reconsideration exposes their faulty reasoning.  Plaintiffs

24  argue that Reed Hein's possession of customer funds is analogous to a situation where "an attorney

25  were to transfer client funds out of his or her trust account to a third party with or without

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 6

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1  permission," and they posit that the third party could be said to have taken immediate possession

2  of the client's money in that scenario.  Dkt. 50 at 2.  But the analogy is misplaced.  In this case,

3  Plaintiffs do **not** allege that Reed Hein placed customer funds in trust accounts and then made

4  transfers from those accounts to the Lampo Defendants.  Rather, what Plaintiffs allege is the

5  equivalent of an attorney taking client funds, treating those funds as revenue for services provided

6  and putting them in the law firm's general bank account along with its other revenue, and then

7  spending money from the firm's bank account on advertisements.  Because Reed Hein was

8  (according to Plaintiffs' own allegations) *not* behaving as a fiduciary, Reed Hein can hardly be

9  considered the Plaintiffs' "agent" to serve as merely a pass-through entity for the funds at issue.

10  Thus, the allegation of Reed Hein's intervening conversion still cannot fix (and in fact confirms)

11  the fact that Plaintiffs "[n]owhere . . . allege that they conferred any benefit directly on the Lampo

12  Defendants," Order, Dkt. 35, at 9, because "[t]o the contrary, Plaintiffs make clear that they paid

13  money only to Reed Hein," *id.*  Plaintiffs' creative attempt to argue around settled law concerning

14  unjust enrichment should be rejected.

15  **C.    Plaintiffs Cannot Plausibly Allege a Constructive Trust Claim.**

16   Plaintiffs' proposed addition of a constructive trust "claim" against the Lampo Defendants

17  likewise fails as a matter of law.  Under Washington law, "a constructive trust is a remedy, not a

18  substantive claim."  *Matter of Est. of Rule*, 23 Wash. App. 2d 1005 (2022) (unpublished) (citing

19  *In re Gilbert Miller Testamentary Credit Shelter Tr. & Estate of Miller*, 13 Wn. App. 2d 99, 107,

20  462 P.3d 878 (2020); *see also id.* ("No authority . . . supports the position a constructive trust is a

21  substantive cause of action, rather than an equitable remedy.").  As "an equitable remedy," a

22  constructive trust's "purpose . . . is to prevent unjust enrichment."  *Consulting Overseas Mgmt.,*

23  *Ltd. v. Shtikel*, 105 Wn. App. 80, 86–87, 18 P.3d 1144 (2001); *see also City of Lakewood v. Pierce*

24  *County*, 144 Wn.2d 118, 126, 30 P.3d 446 (2001) (equitable remedy may be granted when holding

25  title to property results in unjust enrichment).  Indeed, "[a]n essential element that must be

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 7

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1  established to prove the existence of a constructive trust *is unjust enrichment*."  76 Am. Jur. 2d

2  Trusts § 174 (emphasis added); *see also* Restatement (Third) § 55 (2011).

3       In sum, Plaintiffs cannot assert a "cause of action" for constructive trust because no such

4  cause of action exists, absent a valid circumstance of unjust enrichment.  Thus, their motion for

5  leave to amend to add this "claim" should be denied.  Plaintiffs' attempt to assert a claim for

6  "constructive trust" is just a backdoor way to revive their unjust enrichment claim, given that a

7  "constructive trust" is merely one equitable remedy to address circumstances of unjust enrichment.

8  If this Court retains the dismissal with prejudice of the unjust enrichment claim, as Defendants

9  believe it should, then by the same token it should deny leave to amend to add the constructive

10 trust remedy.

11      **D.**    **Plaintiffs Cannot Plausibly Allege Conversion Against the Lampo Defendants.**

12      Plaintiffs' request to add a conversion claim against the Lampo Defendants should also be

13 denied.  Once again, this claim fails as a matter of law based on the allegations in Plaintiffs' own,

14 proposed Amended Complaint.

15      Conversion is "the act of willfully interfering with any chattel, without lawful justification,

16 whereby any person entitled thereto is deprived of the possession of it."  *Consulting Overseas*

17 *Mgmt., Ltd.*, 105 Wn. App. at 83 (*quoting Wash. State Bank v. Medalia Healthcare, LLC*, 96 Wn.

18 App. 547, 554, 984 P.2d 1041 (1999)); *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 722,

19 197 P.3d 686 (2008).  The Washington law of conversion require three elements: (1) willful

20 interference with chattel belonging to the plaintiff; (2) by either taking or unlawful retention; and

21 (3) thereby depriving the owner of possession.  *See Judkins v. Sadler-Mac Neil*, 61 Wn.2d 1, 3,

22 376 P.2d 837 (1962) (quoting *Wilson v. Wilson*, 53 Wn.2d 13, 16, 330 P.2d 178 (1958); *Martin v.*

23 *Sikes*, 38 Wn.2d 274, 278, 229 P.2d 546 (1951)).  "Money may become the subject of conversion,

24 but only if the party charged with conversion wrongfully received the money, or if that party had

25 an obligation to return the money to the party claiming it."  *Consulting Overseas*, 105 Wn. App.

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 8

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    at 83.  Additionally, a valid claim for conversion is only possible "so long as [the money] *is capable*

2    *of being identified,* as when delivered at one time, by one act and in one mass, or when the deposit

3    is special and the *identical money*" is at issue.  *Brown ex rel. Richards v. Brown*, 157 Wn. App.

4    803, 817–18, 239 P.3d 602 (2010) (citing *Westview Invs*., 133 Wn. App. at 852, 138 P.3d 638 and

5    *Davin v. Dowling*, 146 Wash. 137, 140–41, 262 P. 123 (1927) (emphasis added).

6          Here, the proposed Amended Complaint refutes these key elements of conversion.

7    Fundamentally, Plaintiffs' own allegation is that Reed Hein *mixed* customer funds with other

8    money, and treated these comingled funds as general revenue, *before* ever paying money to the

9    Lampo Defendants.  *E.g.*, Dkt. 41-1, ¶ 135 ("Reed Hein's marketing budget was derived from

10   customer funds, including funds from customers . . . which Reed Hein treated as revenue and

11   spent."); ¶ 236 ("Reed Hein & Associates treated upfront customer payments as earned

12   revenue[.]").

13         This factual concession alone renders a conversion claim against the Lampo Defendants

14   implausible, because it is impossible to identify "*specific*" and "*identical*" money belonging to

15   Plaintiffs, and subsequently received by the Lampo Defendants.  *Brown ex rel. Richards*, 157 Wn.

16   App. at 817–18 (holding specific and identifiable deposits may be subject to conversion, such as

17   discrete deposits or loan proceeds).  As a matter of blackletter Washington law, money is not

18   identifiable chattel subject to conversion where an initial converter "failed to segregate the specific

19   amounts."  *SPUS8 Dakota LP v. KNR Contractors LLC*, 641 F. Supp. 3d 682, 700–01 (D. Ariz.

20   2022).  Rather, to assert conversion, the specific identifiable chattel must be "specific funds [that]

21   were to be treated in a specific manner."  *Id.* ("Providing [an alleged converter] with the funds for

22   [a] general purpose . . . does not provide the requisite specificity" where "[t]here is nothing in the

23   record indicating the treatment of those funds as specifically designated[.]").  The fact that

24   "individual Plaintiffs" may have "lost money" to Reed Hein, does not render that money

25   "identifiable" after Reed Hein allegedly converted and comingled that money with other funds,

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 9

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

before making payments to other third parties.  *See, e.g.*, *Exec. Comm. Representing Signing Petitioners of Archdiocese of W. U.S. v. Kaplan*, No. CV 03-8947 FMC MANX, 2004 WL 6084228, at *7 (C.D. Cal. Sept. 17, 2004) (dismissing conversion claim where it is not "alleged whether the particular money belonging to Individual Plaintiffs ***is still [] in an account***," because "such funds [after mixing with others] cannot be identified" such that "[plaintiffs] cannot state an action for conversion.") (emphasis added).

In short, Plaintiffs' conversion claim is not permitted under the facts alleged here, where the Lampo Defendants cannot plausibly be said to have taken possession of any specific and identifiable funds paid by Plaintiffs to Reed Hein.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs do not—and cannot—plausibly allege claims for unjust enrichment, constructive trust, and conversion against the Lampo Defendants. The Lampo Defendants respectfully request that the Court deny leave to add these futile and meritless claims.

///

///

///

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 10

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    DATED this 13th day of November, 2023.

2                                              *I certify that this memorandum contains 3,457*
                                               *words, in compliance with the Local Civil Rules.*
3

4                                              **MORGAN, LEWIS & BOCKIUS LLP**

5                                              By: *s/ Damon C. Elder*
                                               Damon C. Elder, WSBA No. 46754
6                                              Patricia A. Eakes, WSBA No. 18888
                                               Tyler Weaver, WSBA No. 29413
7                                              Andrew DeCarlow, WSBA No. 54471
                                               1301 Second Avenue, Suite 2800
8                                              Seattle, WA 98101
                                               Phone: (206) 274-6400
9                                              Email: patty.eakes@morganlewis.com
                                                      damon.elder@morganlewis.com
10                                                    tyler.weaver@morganlewis.com
                                                      andrew.decarlow@morganlewis.com
11

12                                             *Attorneys for Defendants David L. Ramsey, III and*
                                               *The Lampo Group, LLC*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO
GROUP, LLC'S RESPONSE TO MOTION TO AMEND
COMPLAINT
(Case No. 2:23-cv-00630) – 11