THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,

   Plaintiffs,

v.

DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,

   Defendants.

Case No. 2:23-cv-00630

REPLY TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT

NOTED ON MOTION CALENDAR: NOVEMBER 17, 2023

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT - 1
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I.  REPLY

### a.  Plaintiffs Should Be Permitted to Amend Their Complaint

The Ramsey Defendants' sole substantive argument against allowing amendment is that they believe the proposed amendments would be futile. They do not advance any additional argument for why Plaintiff should not be permitted to amend. *See* Dkt. #51, 3:17-4:7.

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . [leave to amend] should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178 (1965).

Regarding futility, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The standard for granting leave to amend is generous and leave should be granted where the court can conceive of facts rendering claims viable. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988). "A party should be afforded an opportunity to test his claims on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 654 (W.D. Wash. Aug. 4, 2015) (Robart, J.) (quoting *Mahone v. Pierce Cnty.*, No. C105846 RBL/KLS, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011)).

As described below, the proposed amendments are not futile.

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -2
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

**b. Plaintiffs' Amendments Regarding Conversion Are Not Futile**

There are many cases in which defendants have been liable for conversion of chattel that flowed through a third party. For example, in *Merchant v. Peterson*, 38 Wash.App. 855 (Wash. Ct. App. Div. 3, 1984), the Court permitted a conversion claim against the buyer of a diamond ring taken from its rightful owner by a third party. *Merchant v. Peterson*, 38 Wash.App. 855 (Wash. Ct. App. Div. 3, 1984). The Restatement (Second) of Torts similarly supports a conversion claim against parties other than the party who originally took wrongful possession of the chattel. *See* Restatement (Second) of Torts § 229 (1965) (a party "who received possession of chattel from another with the intent to acquire . . . a proprietary interest in the chattel which the other has not the power to transfer is subject to liability for conversion to a third person then entitled to the immediate possession of the chattel.").

The Ramsey Defendants argue that this case is different because Reed Hein "comingled funds," which supposedly makes the misappropriated funds too difficult to identify. Dkt. #51, 9:6-12 (citing Dkt. # 41-1 at ¶¶106-107 [sic], 135, 236, 238). Although the Proposed Amended Complaint does not mention comingled funds, Defendants cite allegations stating, "Reed Hein paid The Lampo Group and Dave Ramsey with customer funds which should have held in trust, but which Reed Hein treated as revenue and spent" and "Reed Hein & Associates treated upfront customer payments as earned revenue rather than holding customer funds in trust as required." Dkt. 41-1 at ¶¶135, 236. They also cite an allegation stating, "[the Ramsey Defendants] knew or should have known that Reed Hein & Associates converted customer funds by treating them as earned revenue." *Id.* at 238.

Those allegations do not make the misappropriated funds difficult to identify. Underlying Defendants' argument is the assumption that Reed Hein had additional funds that were not

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -3
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

misappropriated from the class members with which to comingle revenue from the class members. Nowhere does the Proposed Amended Complaint allege that. As it alleges and fairly implies, Reed Hein obtained *all* the funds in *all* its accounts by defrauding its customers. Dkt. # 41-1 at ¶¶3, 5, 82-93. Furthermore, Defendant's citation to Paragraph 135 supports the claim that all the money given to Ramsey came directly from the proposed class members: "Reed Hein paid The Lampo Group and Dave Ramsey with customer funds which should have [been] held in trust . . . ." *Id.* at ¶135; *see also* ¶13 ("Ramsey never returned any of the tens of millions of dollars Reed Hein and happy Hour Media Group paid him from his own listener's hard-earned money. Instead, Ramsey has chosen to profit from his listener's money."); ¶14 ("[t]he Plaintiffs . . . sent their money to Reed Hein and Reed Hein sent a portion back to Ramsey"); ¶244 ("Through wrongdoing, including the fraudulent, unjust, or otherwise questionable means Defendants took possession of and title to at least $30 million of money that was being held in constructive trust pursuant to Reed Hein's duties under its contracts with Plaintiffs and state and federal law.") Importantly, the Proposed Amended Complaint also alleges that the Ramsey Defendants employed a rigorous tracking system to trace the class members *for the purposes of paying Ramsey*. *Id.* at ¶¶145-147. In other words, it implies that every dollar given to the Ramsey Defendants can be traced back to members of the proposed class.

Regarding the use of the word "converted" in Paragraph 238 of the Proposed Amended Complaint, Washington law permits conversion claims against parties who take possession of property which was already wrongfully converted. *See Merchant v. Peterson*, 38 Wash.App. 855 (Wash. Ct. App. Div. 3, 1984). Besides, the use of that word in context is interchangeable with "misappropriated." Plaintiffs' conversion claim should not be disposed based on a rhetorical choice that can be substituted.

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -4
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Defendants cite *Brown ex rel. Richards v. Brown*, 157 Wash. App. 803 (Wash. Ct. App. Div. 1, 2010), but *Brown* supports the Plaintiffs' conversion claim because it shows there are sets of facts in which comingled money transferred to the Defendant can still support a conversion claim. *See* Dkt. # 51 at 9 (*citing Brown*, 158 Wash. App. at 817-818). As an initial matter, Defendants incorrectly cite *Brown* to argue that it is "impossible to identify '***specific***' and '***identical***' money belonging to Plaintiffs." Dkt. #51 at 9:13-15 (emphasis in original) (*citing Brown*, 157 Wash. App. at 817-818). But the word "specific" does not appear in *Brown*, and the court cited "identical money" as one *example* of a means to identify the money: "a valid claim for conversion is only possible so long as [the money] is capable of being identified, ***as when*** delivered at one time, by one act and in one mass, or when the deposit is special and the identical money." *Brown*, 157 Wash. App. at 818 (emphasis added) (*quoting Westveiw Invs., Ltd. v. U.S. Bank Nat'l Ass'n*, 133 Wash.App. 835, 852 (Wash. Ct. App. Div. 1, 2006).

More importantly, the dismissal of the conversion claim in *Brown* was *reversed* even though the intermediary party comingled money. In that case, Barry Brown misappropriated reverse mortgage funds belonging to his incapacitated mother. *Id*. at 811-812. After misappropriating the funds, Brown deposited the funds into multiple accounts he controlled, each of which already had a small balance. *Id*. at 819. Then he transferred $20,000 out of one of those accounts into an account held by Beverly Hogg, which also had an existing balance. *Id.* at 811, 819. Nevertheless, the Washington State Court of Appeals, Division I reversed the dismissal of conversion claims against Hogg. *Id.* at 820-821. A finding of futility under the liberal standard of Fed. R. Civ. P. 15 cannot be appropriate when *Brown* shows there are sets of facts in which conversion still applies to comingled funds.

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -5
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Regardless, the Complaint adequately alleges that the funds are identifiable. All of Reed Hein's marketing budget consisted of misappropriated funds. Nowhere in the Complaint, Proposed Amended Complaint, or the record of litigation against Reed Hein, is there a suggestion that Reed Hein had any ancillary funds or revenue to comingle. The Proposed Amended Complaint does allege that Reed Hein and the Ramsey Defendants fastidiously tracked the Plaintiffs' money for the purposes of paying Ramsey, which satisfies even the broadest readings of the authorities Defendants cite.

### c. Plaintiffs' Argument in Favor of an Unjust Enrichment Claim is Exhaustively Contained in Plaintiffs' Motion for Reconsideration on the Issue of Prejudice

The Ramsey Defendants argue that Plaintiffs are trying to renew their unjust enrichment claim despite it being dismissed with prejudice. That is a misunderstanding. Plaintiffs do not seek to include an unjust enrichment claim unless the Court grants Plaintiffs' Motion for Reconsideration on the Issue of Prejudice. Plaintiffs filed the Motion to Amend and the Motion for Reconsideration in tandem for that reason. The unjust enrichment argument is exhaustively contained in that brief. In summary, Plaintiffs argue that Reed Hein was acting as an agent with a duty to secure its principal's funds when it misappropriated them to the Defendants, and therefore the Defendants were directly benefitted by Plaintiffs.

### d. Plaintiffs' Amendments Regarding Constructive Trust Are Not Futile

The Ramsey Defendants argue that Plaintiffs' constructive trust cause of action is futile because, in essence, they believe no cause of action for constructive trust exists. Dkt. #51, 7:15-8:10. The Ramsey Defendants' argument is contrary to Washington law.

The Washington State Supreme Court has previously described a cause of action based on constructive trust. *Goodman v. Goodman*, 128 Wash.2d 366, 373 (Wash. 1995) ("an action

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -6
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

based on . . . constructive trust . . . is subject to the three-year statute of limitations contained in RCW 4.16.080"). Decisions by the Washington State Court of Appeals similarly support a constructive trust cause of action. *See Bryant v. Joseph Tree, Inc.*, 57 Wash.App. 107, 117-118 (Wash. Ct. App. Div. 1, 1990). In prior decisions, this Court has applied Washington law and permitted stand-alone constructive trust causes of action. *See Woodell v. Expedia Inc.,* No. C19-0051JLR, 2019 WL 3287896, at *12-13 (W.D. Wash. July 22, 2019) (Robart, J.) (denying motion to dismiss stand-alone constructive trust claim against defendant Expedia); *see also Aventa Learning, Inc. v. K12 Inc.*, No. C10-1022JLR, 2011 WL 13100748, at *10 (W.D. Wash. March 27, 2011) (Robart, J.) (citing *Goodman* and *Bryant* in denying motion to dismiss constructive trust cause of action).

### e. Plaintiffs' Factual and Typographical Amendments Are Necessary and Are Independent from Amendments Regarding Causes of Action

The Ramsey Defendants argue Plaintiffs' factual amendments are "unnecessary at this stage, absent the addition (or reinsertion) of two new claims and one previously dismissed claim." Dkt. #51, 1 n. 1. However, Plaintiffs' factual amendments are necessary because they rectify two points of factual confusion. First, the Ramsey Defendants introduced factual and legal questions regarding the customer records and data collection in their Motion to Dismiss. *See, e.g.,* Dkt. #25, 17:16-18:9 (claiming that to determine who was referred to Reed Hein by the Ramsey Defendants "the Court would either have to take a potential class member's representation on faith or conduct a mini-trial . . ."). Plaintiffs' amendments add additional context regarding the extent of referral and customer lead tracking by the Ramsey Defendants and Reed Hein. *See, e.g.*, Dkt. #41-1, ¶¶ 145-153 (describing customer and referral records kept and shared by Reed Hein and the Ramsey Defendants). While the Ramsey Defendants

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -7
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

are correct that the information will be most relevant at the class certification stage, there is no need to leave the issue unclear just to relitigate it later.

Second, Happy Hour Media Group argued in its motion to dismiss that the complaint as originally filed does not state a claim against it for conspiracy or negligent misrepresentation. *See* Dkt. #32, 19:11-21:21 Plaintiffs' amendments add additional information regarding Happy Hour Media Group's role in the alleged conspiracy and negligent misrepresentation. *See, e.g.*, Dkt. #41-1, ¶¶ 115, 119-120, 147.

Finally, Plaintiffs' typographical and formatting corrections do not present any issue of futility whatsoever. Plaintiffs' corrections merely clean up the existing claims and allegations.

## II.   CONCLUSION

Plaintiffs' proposed amendments are not futile. Regardless of if the amendments are permitted as a matter of course or require leave of the Court, Plaintiffs' Motion to Amend should be granted.

Respectfully submitted this 17th day of November, 2023.

*I certify that this memorandum contains 2017 words, in compliance with the Local Civil Rules.*

**ALBERT LAW, PLLC**

By: /s/ Gregory W. Albert
Gregory W. Albert, WSBA #42673
Jonah Ohm Campbell, WSBA #55701
Tallman Trask IV, WSBA #60280
3131 Western Ave., Suite 410
Seattle, WA 98121
(206) 576-8044
greg@albertlawpllc.com

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -8
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

jonah@albertlawpllc.com
tallman@albertlawpllc.com

And—

**FRIEDMAN | RUBIN®**

By: /s/ Roger S. Davidheiser
Roger S. Davidheiser, WSBA #18638
1109 First Ave., Ste. 501
Seattle, WA 98101
(206)501-4446
rdavidheiser@friedmanrubin.com
***Attorneys for Plaintiffs***

REPLY TO PLTFFS' MOTION TO AMEND THE COMPLAINT -9
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446