

EXHIBIT 10

# Exhibit 2

HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN ADOLPH, individually and on behalf of all others similarly situated; KERRI ADOLPH, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>REEDHEIN & ASSOCIATES d/b/a TIMESHARE EXIT TEAM; MAKAYMAX INC.; HEIN & SONS INDUSTRIES, INC.; BRANDON REED, individually; and TREVOR HEIN, individually,<br><br>Defendants. | Case No. 2:21-cv-01378-BJR<br><br>CONFESSION OF JUDGMENT AND JUDGMENT WITH COVENANT NOT TO EXECUTE |

## I.   PARTIES

The parties to this Agreement are Brian Adolph and Kerri Adolph, both individually and on behalf of all others similarly situated (hereinafter "Plaintiff Class"), ReedHein & Associates (hereinafter "ReedHein"), Makaymax, Inc. (hereinafter "Makaymax"), and

**CONFESSION OF JUDGMENT - 1**

Brandon Reed (hereinafter "Reed"). ReedHein, Makaymax, and Reed are collectively referred to as "Defendant Parties."

## II. PURPOSE OF THE AGREEMENT

The purpose of this Agreement is to secure a judgment against Defendants ReedHein, Makaymax, and Brandon Reed for the benefit of the Plaintiff Class and to protect the assets, earnings and individual liability of Defendant Parties from claims by the Plaintiff Class that might result in a substantial excess verdict. This Agreement is made pursuant to the CR2A agreement executed between the parties on April 11, 2022.

## III. RECITALS

The Adolphs filed this action against the Defendant Parties on behalf of the Plaintiff Class. The Plaintiff Class alleges that the undersigned Defendant Parties committed acts and omissions that sound in tort and statutory violations. The Plaintiff Class alleges that it suffered greater than $200,000,000 in damages as a result of those acts and omissions. Its allegations were tested in fourteen arbitrations adjudicated before the American Arbitration Association. The arbitrations have resulted in awards of actual damages, treble damages, attorney fees, and costs. Including treble damages, the Plaintiff Class claims $630,187,204 in damages.

The Defendant Parties tendered the Adolph complaint to their insurers in October and December 2021. The insurers did not provide a defense. Without a defense, the Defendant Parties executed a CR2A settlement agreement on April 11, 2022. The CR2A agreement requires that the parties execute a (covenant) confession of judgment for the full amount of damages claimed. This confession of judgment is executed pursuant to that agreement.

## IV. TERMS AND CONDITIONS

### A. This Document Does Not Constitute a Release

Reed Hein and Associates, Makaymax, and Brandon Reed agree that the terms and conditions of this agreement do not constitute a release of the Plaintiff Class's claims against them. Rather, Reed Hein and Associates, Makaymax, and Brandon Reed acknowledge they shall be deemed parties against whom judgment is taken.

### B. Assignments

The Defendant Parties assign all rights to claims that can be made on their own behalf for breach of fiduciary duty, breach of insurance contract, breach of good faith, and any other claims arising under the common law, the Washington Insurance Fair Conduct Act, and any other potential claims, against any insurance carrier to Brian Adolph in his individual and representative capacities, and to any additional representatives of any additional classes that are certified by the Court. In the event that more than one class proves necessary, that the rights herein will be held in trust by Gregory W. Albert (Albert Law PLLC), until such a time as a new class representatives are chosen, the class or classes is/are certified, and the rights can be transferred to the new class representatives in their representative capacities.

The Defendant Parties and Brandon Reed assign all rights to any claims of any kind that can be made on their own behalf against Mitchell Sussman, Kenneth Privett, and Schroeder Goldmark Bender, any principals of the same, and any entities in which the foregoing have any interest, no matter how derivative, to Brian Adolph in his individual and representative capacities and to any other class representatives for any other classes that are certified by the Court. Reed Hein and Associates and Brandon Reed will waive any privileges and will make available any communications with the foregoing, even if those communications included one of the attorneys named above. Provided further, to the extend this provision calls for the assignment of any legal malpractice claim and that legal

CONFESSION OF JUDGMENT - 3

malpractice claim is not assignable, than the assignment of claims will be partially void, only to the extent that it will not include non-assignable claims; the remainder of the assignment, as well as the remainder of this agreement, will remain in full force and effect. In the event that more than one class proves necessary, that the rights herein will be held in trust by Gregory W. Albert (Albert Law PLLC), until such a time as a new class representatives are chosen, the class or classes is/are certified, and the rights can be transferred to the new class representatives in their representative capacities.

The Defendant Parties assign all rights to any claims of any kind that can be made on its own behalf against Ardent Law Group, Granite Spire Law Group, any owners or former owners of the same, and any entities in which the foregoing have any interests, no matter how derivative, to Brian Adolph in his individual and representative capacities, and to any additional representatives of any additional classes that are certified by the Court. In the event that more than one class proves necessary, that the rights herein will be held in trust by Gregory W. Albert (Albert Law PLLC), until such a time as a new class representatives are chosen, the class or classes is/are certified, and the rights can be transferred to the new class representatives in their representative capacities. Reed Hein will make available all communications with the foregoing, provided that Defendant Parties are not waving any privilege in connection with Corr Cronin or any other attorney other than those named above, even if those communications included one of the attorneys named above.

The Defendant Parties hereby assign all rights to any claims of any kind that can be made on their behalf against Trevor Hein, Hein and Sons, or any entity owned by Trevor Hein or in which Trevor Hein has any interest, include derivative interests, to Brian Adolph in his individual and representative capacities, and to any additional calls representatives of any additional classes that are certified by the Court. In the event that more than one class proves necessary, that the rights herein will be held in trust by Gregory W. Albert (Albert Law PLLC), until such a time as a new class representatives are chosen, the class or classes

CONFESSION OF JUDGMENT - 4

is/are certified, and the rights can be transferred to the new class representatives in their representative capacities.

The Defendant Parties hereby assign all rights to any claims of any kind that can be made on their own behalf against any timeshare developer or timeshare company, any owners or former owners of the same, and any entities in which the foregoing have any interests, no matter how derivative, to Brian Adolph in his individual and representative capacities, and to any additional calls representatives of any additional classes that are certified by the Court. In the event that more than one class proves necessary, that the rights herein will be held in trust by Gregory W. Albert (Albert Law PLLC), until such a time as a new class representatives are chosen, the class or classes is/are certified, and the rights can be transferred to the new class representatives in their representative capacities.

**C.    Stipulated Judgment**

Reed Hein and Associates, Makaymax, and Brandon Reed agree that pursuant to the CR2A Stipulations and Settlement Agreement between the Defendant Parties and the Brian Adolph in his personal and representative capacities, and subject to the limitations set forth herein, judgment may be taken against them in the sum of $630,187,204 in favor of the Plaintiff Class, which shall bear interest at the rate of 12% per annum simple interest from the date of execution of this Stipulated Judgment.

**D.    Covenant Not to Execute or Enforce Judgment**

In consideration of the above covenants and settlement, plaintiff Brian Adolph in his individual and representative capacities hereby agrees, covenants, and warrants that he will never execute upon or attempt to enforce any judgment against the assets of the Defendant Parties beyond the insurance assets, legal claims, and other claims or assets referenced and described above in Term B. The assets of Defendant Brandon Reed may not be used to

CONFESSION OF JUDGMENT - 5

satisfy this judgment and this judgment may not be recorded against or used as a lien on any assets of Brandon Reed.

Rather, plaintiff Brian Adolph and the Plaintiff Class shall execute upon and enforce this judgment only against: (1) insurance carriers who are liable for the damages, including insurance agents, to the assigned claims, policies of insurance, and remedies identified in this Agreement; (2) Mitchell Sussman, Kenneth Privett, and Schroeder Goldmark Bender, any principals of the same, and any entities in which the foregoing have any interest, to the extent claims against those parties are assigned to the Plaintiff Class by this Agreement; (3) Ardent Law Group, Granite Spire Law Group, any owners or former owners of the same, and any entities in which the foregoing have any interests, to the extent claims against those parties are assigned to the Plaintiff Class by the Agreement; (4) Trevor Hein, Hein and Sons, or any entity owned by Trevor Hein or in which Trevor Hein has any interest, including derivative interests, to the extent claims against those parties have been assigned to the Plaintiff Class by this agreement; and (5) against any timeshare developer or timeshare company, any owners or former owners of the same, and any entities in which the foregoing have any interests, to the extent those claims have been assigned to Plaintiff Class by this Agreement.

### E. Covenant to Enter Full Satisfaction of Judgment in Favor of ReedHein, Makaymax, and Brandon Reed

Plaintiff Brian Adolph agrees, in his individual and representative capacities, to execute and file a full satisfaction of judgment in favor of Defendant Parties upon final resolution of the assigned claims. Plaintiff Brian Adolph agrees, upon request and through Class Consul Gregory W. Albert of Albert Law PLLC, to issue written confirmation to any third-party designated by Defendant Parties that the Plaintiff Class shall not execute on this judgment beyond the insurance assets, legal claims, and other claims or assets referenced

CONFESSION OF JUDGMENT - 6

and described above in Term B.

**F.     Warranty of Authority**

The parties and attorneys listed below hereby warrant that they have the authority to enter into this agreement and that they do so with the full knowledge of the consequences in an attempt to commit themselves to the obligations set forth above.

**G.     Execution of Document**

The parties agree that this Agreement may be executed in counterpart and by faxed signature pages.

CONFESSION OF JUDGMENT - 7

## JUDGMENT SUMMARY

The Court hereby enters judgment in this matter. The Clerk shall enter the following information in the Clerk's execution docket:

1. Judgment Creditor:  Adolph Class
   c/o Albert Law, PLLC
   3131 Western Ave., Ste. 410
   Seattle, WA 98121

2. Judgment Creditor's Lawyer:  Gregory Albert
   Albert Law, PLLC
   3131 Western Ave., Ste. 410
   Seattle, WA 98121

3. Judgment Debtors:  Reed Hein & Associates, LLC
   Brandon Reed
   121 Third Ave., Ste. 200
   Kirkland, WA 98033

4. Judgment Debtor's Lawyer:  None

5. Principal Amount of Judgment:  $630,187,204

6. Award of Attorney Fees:  _____

7. Costs:  _____

8. Total Judgment:  $630,187,204

9. Interest to Date on Judgment:  0

10. Post-Judgment Interest  12% per annum

Interest shall begin to accrue on this judgment on the date of entry of this judgment at 12% per annum.

CONFESSION OF JUDGMENT - 8

## CONFESSION AND STIPULATION OF JUDGMENT

Defendant Brandon Reed, individually and on behalf of Reed Hein & Associates and Makaymax confesses judgment in favor of plaintiffs in the principal amount of $630,187,204, plus attorneys fees and costs, with interest on all judgment amounts at 12% per annum from date of entry. The confession judgment is for $630,187,204.

I, Brandon Reed, verify under oath that the above confession of judgment with covenant not to execute is authorized by me and that the acts set forth above are true to the best of my knowledge and belief.

DECLARED UNDER PENALTY OF PERJURY OF THE LAWS OF THE STATE OF WASHINGTON AT _Seattle_, WASHINGTON THIS _3_ DAY OF ~~September~~ March, 2023.



Brandon Reed

DOMINIQUE R SCALIA
Notary Public
State of Washington
Commission # 180180
My Comm. Expires Oct 28, 2024



Notary Public

Plaintiff class assents to entry of the above confession of judgment with covenant not to execute authorized by defendant Brandon Reed, and agrees not to execute on the unsatisfied portion of the judgment prior to pending completion of settlement.

CONFESSION OF JUDGMENT - 9

DECLARED UNDER PENALTY OF PERJURY OF THE LAWS OF THE STATE OF ~~WASHINGTON~~ North Carolina AT Winston-Salem WASHINGTON THIS 3rd DAY OF ~~September, 2022.~~ March 2023

*[signature]*

Brian Adolph, Class Representative

*[signature]*

Gregory Albert, Class Counsel

CONFESSION OF JUDGMENT - 10

## JUDGMENT AND COVENANT NOT TO EXECUTE

THIS MATTER having come before the Court for entry of judgment upon confession of judgment of the parties, with a covenant not to execute on the judgment prior to completion of settlement, it is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Plaintiff is granted judgment against defendants Brandon Reed, Reed Hein & Associates and Makaymax Inc. in the sum of $630,187,204 principal, with interest on all unpaid amounts at 12% per annum from date of entry until satisfied in full.

2. Plaintiff shall hereafter take no action to collect on the above judgment against defendants Brandon Reed, Reed Hein & Associates and Makaymax Inc.

ENTERED this ___ day of _____ 2023.

_____
HON. BARBARA J. ROTHSTEIN

Presented by:

_____
Gregory Albert, WSBA No. 42673
Albert Law PLLC
3131 Western Ave, Ste 410
Seattle, WA 98121
greg@albertlawpllc.com
206-576-8044

CONFESSION OF JUDGMENT - 11