THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA PATRICK, ET AL., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,

Defendants.

Case No.: 2:23-cv-00630 JLR

**DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**NOTED ON MOTION CALENDAR:**

**JANUARY 26, 2024**

## I. REPLY ARGUMENT

### A. On a Rule 12(b)(6) motion, the Court should not consider evidence outside of the Amended Complaint offered in the plaintiffs' attorney's declaration.

Paragraphs 2-6 of the Declaration of Greg Albert (Dkt. 66) go beyond authenticating judicially noticeable documents and offer fact testimony. This testimony is inappropriate for a response to a Rule 12(b)(6) Motion and should not be considered by the Court. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Plaintiffs' attempt to

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 1

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

introduce testimony outside the Amended Complaint betrays their understanding that the allegations in the Amended Complaint are inadequate on their own to state a claim.

**B. The *Adolph* Judgment is clear: Plaintiffs can "never execute upon or attempt to enforce any judgment against" Mr. Reed's assets.**

Plaintiffs admit that they are members of the *Adolph* class, bound by the *Adolph* Judgment. Dkt. 65 at 8:15-16.[1] The Judgment says Plaintiffs "will never execute upon or attempt to enforce any judgment against the assets of the Defendant Parties beyond the insurance assets, legal claims, and other claims or assets referenced and described above in Term B." *Adolph* Dkt. 45 at 5:21-24.[2] And Plaintiffs do not deny that their own counsel specifically and repeatedly identified the assets that Brandon Reed would retain after the judgment as (1) an aging receivable from Trevor Hein and (2) a 50% interest in Happy Hour, LLC. *Adolph* Dkt. 24 at 2:15-23; *Adolph* Dkt. 25 ¶ 23; *Adolph* Dkt. 37 at 6:14-15.

By attempting to obtain and enforce a judgment against Happy Hour in this lawsuit, Plaintiffs are defying the *Adolph* Judgment.

**1. The argument that Mr. Reed tried to trick the *Adolph* Court is a case of projection.**

Plaintiffs' argument that Mr. Reed hid something from the *Adolph* Court or tried to trick that Court is irrelevant. The task before this Court is to determine the legal effect of the objective facts in the pertinent written record of the *Adolph* suit. The Court does not need to try to figure out the subjective intent of any party. But to the extent the Court considers Plaintiffs' argument,

---

[1] Plaintiffs' lengthy argument that *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012) does not apply is moot. Dkt. 65 at 11:7-13. Happy Hour discussed *Skilstaf* to establish that Plaintiffs are bound by the *Adolph* Judgment, which Plaintiffs have admitted.

[2] Documents from the *Adolph* docket may be found with corresponding exhibit numbers in Dkt. 62.

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 2

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the *Adolph* record belies the claim that there was any attempt to prevent the Court from realizing that the Judgment would protect Happy Hour from legal actions by the Plaintiffs.

The *Adolph* Court knew what Mr. Reed's assets were. The Court was told repeatedly about his ownership of Happy Hour. *Adolph* Dkt. 24 at 2:15-23; *Adolph* Dkt. 25 at ¶ 23. The *Adolph* Court knew which assets Mr. Reed was giving up and which he was keeping. The Court knew that as a result of the Judgment, Mr. Reed would have no assets left other than the aged receivable and Happy Hour. *Adolph* Dkt. 24 at 2:15–23 and 8:12–13. The *Adolph* Court knew why the Plaintiffs were allowing Happy Hour to go untouched. Plaintiffs' counsel told the Court that Happy Hour was not worth attempting to capture and liquidate. *Adolph* Dkt. 24 at 2:15-23 and 8:12-13; Dkt. 25 ¶¶ 23-24, 27; Dkt. 37 at 6:14-15 and 7:8-9. The Court knew the judgment would protect Mr. Reed's surviving assets; Mr. Reed, the Plaintiffs, and the Court all signed off on the statement that "The purpose of this Agreement is to secure a judgment against Defendants ReedHein (sic), Makaymax, and Brandon Reed for the benefit of the Plaintiff Class *and to protect the assets, earnings and individual liability of Defendant Parties from claims by the Plaintiff Class* that might result in a substantial excess verdict." *Adolph* Dkt. 45 at 2:4-7 (emphasis added). The *Adolph* Court also knew what sort of protection Mr. Reed's remaining assets would receive; Plaintiffs would "never execute upon or attempt to enforce any judgment" against those assets. *Adolph* Dkts. 44, 44-1, and 45 at 5:20-23.

If there was any attempt to conceal intentions from the Court, it was not by Mr. Reed. In an effort to get the settlement approved, the *Adolph* class told the Court that pursuing a recovery from Mr. Reed's two remaining assets was futile because the receivable from Mr. Hein was uncollectable and Happy Hour had a negative balance sheet and would not produce a net recovery. *Adolph* Dkt. 24 at 8:12-13; *Adolph* Dkt. 25 ¶¶ 23-24. But now, the Plaintiffs are fighting for the chance to sue Happy Hour, telling *this* Court that Happy Hour is a "profitable company with more than one-million (sic) dollars in assets." Dkt. 65 at 1:19-20. Plaintiffs are also

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

saying that although they told the *Adolph* Court about Mr. Reed's ownership of Happy Hour and agreed to "never execute upon or attempt to enforce *any* judgment against" Mr. Reed's assets, they really only meant that they would not enforce the *Adolph* judgment specifically and, though they did not tell the *Adolph* Court this, they always intended to seek and enforce another judgment against Happy Hour based on the same set of facts.[3]

**2. The notices to class members are irrelevant.**

The *Adolph* Judgment says what it says. The Response writes at length about the notices that Plaintiffs' counsel sent to class members and what they might mean. Dkt. 65 at 16:4-17:4. But the Court does not need to review the notices, which were drafted by class counsel (*see* Dkt. 24 at 3:8-21, 16:18-17:12), in order to interpret the plain language of the *Adolph* Judgment.

**3. This lawsuit is, effectively, an attempt to execute on the *Adolph* Judgment.**

The Response asks the Court to ignore the *Adolph* Court's explicit prohibition on enforcing "any judgment" against Mr. Reed's assets, and read the *Adolph* Judgment as if it prohibits enforcing only the *Adolph* Judgment. Dkt. 65 at 9:6-7. But because of the "one satisfaction" rule, there is no effective difference between enforcing the *Adolph* Judgment and enforcing some other judgment based on the same nucleus of facts, such as the judgment Plaintiffs are seeking in this suit.

> The one satisfaction rule reflects the equitable principle that a plaintiff who has received full satisfaction of its claims from one tortfeasor generally cannot sue to recover additional damages corresponding to the same injury from the remaining tortfeasors.

*Uthe Tech Corp. v. Aetrium, Inc.*, 808 F.3d 755, 759–60 (9th Cir. 2015). Because of this rule and the law's desire to avoid double recovery, where a plaintiff seeks the same damages from two different defendants in two actions, a recovery from one defendant will offset the damages

[3] Perhaps the plan to sue Happy Hour was the "work product" Plaintiffs claimed could not be revealed in the motion for approval of the *Adolph* settlement. *Adolph* Dkt. 25 ¶ 26(f).

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

recoverable from the other. *Id.* (citing *City of San Jose v. Price Waterhouse*, No. 91-16489, 1993 WL 83495, at *1 (9th Cir. Mar. 23, 1993) ("An offset is available where the settlement and the jury verdict represent common damages.").

The *Adolph* Judgment represents all of the damages the Plaintiffs are alleging in this lawsuit, i.e. all of the money they paid to Reed Hein, plus treble damages under the WCPA. *See, e.g.*, *Adolph* Dkt. 24 at 12:1-5; *Adolph* Dkt. 25 ¶¶ 32-48. 6:22–24; compare Dkt. 55 at 52:1. Under the one satisfaction rule, any money recovered from Happy Hour in this action would offset and reduce the amount due on the *Adolph* Judgment, just as if the Plaintiffs directly executed the *Adolph* Judgment against Happy Hour. Thus, even under Plaintiffs' incorrect reading of the *Adolph* Judgment, this lawsuit is an attempt to defy the *Adolph* Judgment by executing it against Happy Hour.

**4. A 50% interest in a two-member LLC is not the same as a share of Microsoft.**

The Response repeatedly characterizes Mr. Reed's interest in Happy Hour as not "controlling." *See, e.g.*, Dkt. 65 at 10:16-11:5. There is no allegation in the Amended Complaint that Mr. Reed lacks control of Happy Hour. Absent any allegation to the contrary, this Court must assume that Happy Hour is controlled by Mr. Reed because his 50% membership interest cannot be outvoted. *Cf.* RCW 82.45.033(1)(b) (for real estate excise tax purposes, a controlling interest in an "other entity" is "fifty percent or more of the capital, profits, or beneficial interest"); RCW 82.04.299 (to the same effect for certain business taxes).

Plaintiffs' mischaracterization of Mr. Reed's interest in Happy Hour reaches its peak when Plaintiffs argue that "there is little functional difference" between one share of Microsoft and a 50% interest in a two-member LLC. Dkt. 65 at 21:7. The differences are legion and obvious. There are more than two shares of Microsoft. Shares in Microsoft are fungible and publicly traded. A single share of Microsoft can be outvoted. If Microsoft is subject to a lawsuit,



CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the owner of a single share will not be involved or see their livelihood materially change. The founders of Microsoft do not own a single share.

**5. Happy Hour is Mr. Reed's asset.**

The goal of the Plaintiffs' ridiculous comparison of Happy Hour to Microsoft is to manufacture an argument that Happy Hour is not actually an asset of Brandon Reed, or that a lawsuit against Happy Hour does not affect Mr. Reed's interest in Happy Hour, and therefore the *Adolph* Court's prohibition on enforcing any judgment against Mr. Reed's assets has nothing to do with Happy Hour. While there may be a context in which a valid distinction can be drawn between an interest in an LLC and the LLC itself, this is not it. The *Adolph* Court was told that Mr. Reed's 50% interest in Happy Hour was essentially all he had to live on. The *Adolph* class said it was not going to pursue any recovery from Mr. Reed's interest in Happy Hour because Happy Hour was not a good litigation target. And the *Adolph* Judgment says it is meant to protect "the assets, earnings and individual liability of Defendant Parties from claims by the Plaintiff Class." *Adolph* Dkt. 45 at 2:4-7. In this context, given the terms of the *Adolph* Judgment, the Judgment protects Happy Hour from the enforcement of any judgment by members of the *Adolph* class.

**6. Plaintiffs are judicially estopped from denying that Happy Hour is an asset of Brandon Reed.**

Plaintiffs argue that they are free to contradict in this lawsuit the statements made on their behalf in *Adolph* without any resistance from the doctrine of judicial estoppel because *Adolph* ended in a settlement. Each of the cases cited in support of this argument is distinguishable because each of them involved settlements of prior litigations in which the Court was <u>not involved</u>. In contract, in *Adolph* the Plaintiffs brought successful motions to the Court for class certification for settlement purposes, for preliminary approval of settlement, for final approval, and for entry of judgment. In those submissions, they made claims to the Court

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

about Mr. Reed's assets that led to the Court granting the relief they requested, including approval of the settlement. Now, Plaintiffs are contradicting themselves, claiming Happy Hour is not Mr. Reed's asset in hopes that they can unfairly advantage themselves and impose a detriment on Happy Hour. These facts are all that is required for judicial estoppel to apply. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

**7. Relief cannot be granted to the Plaintiffs against Happy Hour.**

Plaintiffs argue that even if they cannot execute any judgment against Happy Hour, such a judgment could still be valuable because having a judgment against Happy Hour could allow Plaintiffs to increase the amount recoverable from the Ramsey defendants through joint and several liability. Dkt. 65 at 16:6-17:11. This argument does not hold. A jury in this case, regardless of who the defendant or defendants are, will be asked to apportion fault to "each party and relevant nonparty." *Afoa v. Port of Seattle*, 191 Wn.2d 110, 119, 421 P.3d 903, 908 (2018). If the Ramsey Defendants and Happy Hour are found to be at fault, the question of whether the Ramsey Defendants will be severally liable for only their share of fault or jointly and severally liable for both their portion and Happy Hour's, will depend on whether the Plaintiffs can prove an exception to the general rule of several liability, such as Plaintiffs' lack of fault or action in concert by the at-fault entities. RCW 4.22.070 (1)(a, b). It is possible for Plaintiffs to establish joint and several liability of a defendant even for a non-party's portion of the fault. *Afoa*, 191 Wn.2d at 119 (defendant Port could have been jointly and severally liable for non-party airline's fault of plaintiff had timely asserted the "agency" exception to several liability.).

If Plaintiffs obtain a judgment against the Ramsey Defendants, and establish a basis for joint and several liability, they will not gain any additional rights against the Ramsey Defendants by obtaining an unenforceable judgment against Happy Hour. Because the Plaintiffs cannot enforce a judgment against Happy Hour or derive other relief from such a

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

judgment, no effective relief can be granted against Happy Hour. Having failed to state a claim upon which relief can be granted against Happy Hour, Plaintiffs Amended Complaint must be dismissed.

### C. Plaintiffs do not identify an unfair or deceptive act by Happy Hour to support their claim under the Washington Consumer Protection Act ("WCPA").

Plaintiffs' WCPA discussion begins by contending that Happy Hour was wrong to argue that its alleged conduct did not occur in trade or commerce. Dkt. 65 at 17:12-19:2. Happy Hour made no such argument, so Plaintiffs' pages were wasted.

Happy Hour argued that Plaintiffs failed to plead any unfair or deceptive act *by Happy Hour*. As the Motion says, and Plaintiffs' Response ignores: when the Amended Complaint states its WCPA claim, it lists a series of alleged actions by the Ramsey Defendants and says nothing about Happy Hour. Dkt. 55 ¶ 221, see also ¶¶ 5-6.

Plaintiffs' one response to Happy Hour's actual argument is that they have alleged that Happy Hour "promoted false or misleading advertising." Dkt. 19:11-12.[4] But as the Motion points out, and Plaintiffs ignore, the Amended Complaint does not provide any factual matter to explain what Plaintiffs mean by alleging that Happy Hour "promoted" advertisements. Dkt. 61 at 19:13-14. The Plaintiffs do not allege that Happy Hour generated any false claims. The only factual content in the Amended Complaint that may explain Plaintiffs' meaning, is the allegation that Happy Hour was an intermediary for Reed Hein's payments to the Ramsey Defendants. Dkt. No. 55 at ¶¶ 116, 118, 121, 134. The Amended Complaint never says that any Plaintiff was deceived by Happy Hour making a payment and the Response does not cite any law to support the contention that paying for a client's ad space can be unfair or deceptive.[5]

---

[4] Plaintiffs do not argue that any of their other allegations against Happy Hour state a claim for unfair or deceptive conduct. See Dkt. 61 at 19:5–20:17 (analyzing allegations).

[5] As discussed below, the Restatement of Torts chapter cited by Plaintiffs in connection with negligent misrepresentation suggests that where a company puts a false claim in its advertisement,

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT OF RENEWED MOTION TO
DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 8

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs have failed to identify an unfair or deceptive act by Happy Hour, so their claim for violation of the WCPA against Happy Hour must be dismissed.

### D. The Restatement of Torts does not save Plaintiffs' claim for negligent misrepresentation.

#### 1. Plaintiffs do not identify any false statement made by Happy Hour.

With respect to negligent misrepresentation, Plaintiffs' response again sets out to defeat an argument Happy Hour did not make. This time, the straw man argument is that Happy Hour cannot be liable if it did not make its misrepresentations *directly* to the Plaintiffs. Dkt. 65 at 20:4-21:18. Happy Hour's actual argument on the first element of the tort ("the defendant supplied information for the guidance of another in his or her business transaction") is that there is no allegation that Happy Hour supplied any information. Dkt. 61 at 21:18-23. Happy Hour is alleged to have passed money from Reed Hein to Ramsey, not to have conjured up false statements.

The illustration Plaintiffs mention from the Restatement (Second) of Torts § 552 (1997) (Illustration 4) supports Happy Hour's Motion. In the illustration, a land-seller originates a misrepresentation and gives it to a real estate board, which broadcasts it to 1,000 potential buyers, one of whom relies on the misrepresentation and buys the land. The Restatement says the seller who originated the misrepresentation is liable, but does not say the real estate board is.

Following this illustration, if, as Plaintiffs allege, Reed Hein came up with misrepresentations that were broadcast by the Ramsey Defendants, then Reed Hein may be liable to the people who heard them. But nothing in the illustration suggests that Ramsey is liable, much less Happy Hour, who is not analogous to any character in the illustration.

---

liability does not attach to a third party merely because they are involved in the publication of the advertisement.

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 9

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**2. Plaintiffs do not address the fourth through seventh elements of negligent misrepresentation.**

Plaintiffs do not respond to the argument that they have failed to satisfy the fourth element of a claim for negligent misrepresentation by failing to allege any fact to suggest that Happy Hour was negligent. *See Repin v. State*, 198 Wn. App. 243, 278, 392 P.3d 1174 (2017). Plaintiffs have not alleged that Happy Hour had a duty to vet Reed Hein's statements, any knowledge or reason to know those statements were false, or any other predicate for a finding of negligence.

Plaintiffs also do not respond to the argument that the Amended Complaint never alleges that any plaintiff relied on a representation that originated from Happy Hour, that it was reasonable for a plaintiff to rely on Happy Hour, or that information from Happy Hour caused the Plaintiffs' alleged damages. *See Id.* (elements 5-7). Having failed to allege the necessary elements, Plaintiffs' claim for negligent misrepresentation by Happy Hour must be dismissed.

**E. Plaintiffs' Amended Complaint is insufficient to plead a plausible claim for conspiracy against Happy Hour.**

As the Motion argued, the Amended Complaint's allegation of an unspecified "deal" is insufficient to state a claim for civil conspiracy. Nowhere in the Amended Complaint or the Response do Plaintiffs identify any allegation of factual matter that makes it plausible to conclude that Happy Hour knew Reed Hein's representations were false. Hence, there is no allegation that Happy Hour made an agreement to do anything unlawful or by unlawful means, as is required for a civil conspiracy. *All Star Gas, Inc., of Wash. v. Bechard*, 100 Wn. App. 732, 740, 998 P.2d 367 (2000).

The Response seeks to add allegations that do not appear in the Amended Complaint. For instance, Plaintiffs incorrectly claim that they have alleged "a contractual relationship between the conspiring parties." Dkt. 65 at 22:17 (citing Dkt. 55 ¶¶ 109-114, which say nothing about a contract and do not even appear related to Plaintiffs' argument). The response also

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

claims that the Plaintiffs have alleged that Happy Hour "reaped…benefits" from the conspiracy. Dkt. 65 at 22:21. Plaintiffs cite paragraphs ¶¶ 2, 5, 13, 118, 122, 131, 134 of the Amended Complaint, but none of those paragraphs, nor any other alleges any benefit to or enrichment of Happy Hour. The only allegations about anyone being enriched relate to Reed Hein and the Ramsey Defendants.

Plaintiffs' "formulaic recitation of the elements of" conspiracy without any factual allegations to describe the alleged "deal" or what unlawful act Happy Hour agreed to is exactly the sort of "naked assertion[s] devoid of 'further factual enhancement'" that cannot support a viable cause of action, and the claim must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1937 (2009).

**F. The conversion claim fails because Plaintiffs' funds are not identifiable.**

Plaintiffs have not stated a claim for conversion because they have not alleged any facts that make it plausible that any money paid to the Ramsey Defendants by Happy Hour can be identified as the money the Plaintiffs paid to Reed Hein. *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010).

The Response is written as if this case is a class action already, suggesting that because the class is responsible for a large portion of Reed Hein's revenue, some of the class's funds must have been transferred to Ramsey through Happy Hour. But at this point, Plaintiffs must individually state claims for conversion. They must each allege that they can identify their funds, which collectively total $115,818.70[6] out of the alleged $200,000,000 collected by Reed Hein, as the funds that were paid by Happy Hour to the Ramsey Defendants. *Id.* They have not done so.

Plaintiffs suggest that there is an open-ended list of "relevant issues" that will determine identifiability, including "questions relevant to Happy Hour's role in causing harm." Dkt. 65 at

[6] Dkt. No. 55 at ¶¶ 16, 22, 29, 34, 38, 41, 45, 49, 53, 56, 59, 62, 65.

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 11

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

23:15-20. There are no legal citations for this argument because it is baseless. When a plaintiff claims a defendant converted their money, they have to prove that the money the defendant converted is the "identical money" that belongs to the plaintiff. *Westview Invs., Ltd. v. U.S. Bank Nat'l Ass'n*, 133 Wn. App. 835, 852, 138 P.3d 638 (2006) (a claim for conversion was possible where general contractor gave money to a bank to hold in trust for subcontractors but the bank applied that same money to general contractor's loan account); *Brown*, 157 Wn. App. at 818 (a claim that Hogg converted Dottie's money was viable because the only possible source of the funds given to Hogg was Dottie's reverse mortgage). Because Plaintiffs cannot plausibly allege that they can trace any money Happy Hour touched to Plaintiffs' particular Reed Hein fees, they cannot state a claim for conversion.

Plaintiffs' argument that Happy Hour misstated the elements of a claim for conversion of money, Dkt. 65 at 24:4-25:17, is moot due to their failure to allege facts sufficient to make identification of their funds plausible. Plaintiffs' argument is also a jumble. They say conversion of money requires "wrongful receipt" or an obligation to return the funds. Dkt. 65 at 24:10. They do not argue that Happy Hour had an obligation to return funds and do not cite a single case that provides an example of what constitutes "wrongful receipt." The one cited case that may have been based on an implicit determination of wrongful receipt is *Westview*, which Plaintiffs say is similar to this case. Dkt. 65 at 25:12. There, a bank received payments from a general contractor to be held in trust for subcontractors, but kept the funds for itself to pay down the general contractor's loan. 133 Wn. App. at 852. Plaintiffs then argue that intent is not a factor in determining "wrongful receipt," Dkt. 65 at 24:22. They cite *Marriage of Langham*, 153 Wash.2d 553, 106 P.3d 212 (2005), which is not a case of conversion of money and never mentions wrongful receipt. Straightaway, the Plaintiffs then argue that Happy Hour can be liable for conversion because of its participation in a fraud, *i.e.* because its intent was bad. Dkt. 65 at 25:5-11.

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 12

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

It is hard to know what to make of this section of the Response other than that Plaintiffs rely on *Westview*. But *Westview* is unlike this case. Plaintiffs did not provide identifiable payments to Happy Hour for Happy Hour to hold in trust. Instead, Plaintiffs gave a relatively small amount of money to Reed Hein. Reed Hein then drew funds from any number of sources and gave them to Happy Hour to spend on advertising. There is no way to know if the money that Happy Hour touched came from any of the Plaintiffs. The conversion claim must be dismissed.

**G. Plaintiffs' newest allegations support Happy Hour's statute of limitations defense.**

The Court's Order on the Ramsey Defendants' motion to dismiss does not foreclose Happy Hour's statute of limitations defense. The earlier Order was based on what was "apparent on the face of complaint." Dkt. 35 at 13: 8-9. And from that Complaint, it was not apparent that "Plaintiffs knew or should have known about complaints or litigation [against Reed Hein] in 2017, 2018, or 2019." Dkt. 35 at 13:7-8. Now there is an Amended Complaint and it alleges that in 2015 it was public knowledge that Reed Hein was misrepresenting itself because of "public records" of a warning by the North Carolina Bar. Dkt. No. 55 at ¶¶ 93, 177.

Plaintiffs contend that the North Carolina records were public enough to put the Ramsey Defendants on notice of "Reed Hein's business operations and bad acts" but that they have no bearing on the Plaintiffs' discovery of Reed Hein's misconduct because they were "not the same thing as a finding of fraud or CPA violations." Dkt. No. 65 at 26:13, 16-17. Neither the Court's earlier Order, nor any principle of law provides that the accrual of a cause of action for negligent misrepresentation, WCPA violation, conversion, or civil conspiracy depends upon "a finding of fraud or CPA violations." The Plaintiffs have alleged that Reed Hein's misconduct was public in 2015. They cannot also claim that they were unable to discover Reed Hein's alleged misconduct until 2020.

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 13

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Plaintiffs filed this claim on April 28, 2023. All claims of Robert and Samantha Nixon and Marylin Dewey accrued before April 28, 2019, and are therefore barred. Dkt. 55 ¶¶ 34, 39. All but the WCPA claims of Leisa Garrett, the Bottonfelds, Tasha Ryan, and the Rollinses accrued before April 28, 2020 and are also barred. Dkt. 55 ¶¶ 29, 38, 41, 53.

**II. CONCLUSION**

For the foregoing reasons, Happy Hour respectfully requests that the Court grant its Renewed Motion to Dismiss and dismiss the Amended Complaint against it with prejudice.

DATED this 26th day of January, 2024.

This motion 4,182 words per LCR 7(e).

CORR CRONIN LLP

By: *s/ Jack M. Lovejoy*

Jack M. Lovejoy, WSBA No. 36962
Maia R. Robbins, WSBA No. 54451
1015 Second Avenue, Floor 10
Seattle, Washington 98104
Phone: (206) 625-8600
jlovejoy@corrcronin.com
mrobbins@corrcronin.com

*Attorneys for Defendant Happy Hour Media Group, LLC*

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 14

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Wen Cruz*
Wen Cruz

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT OF RENEWED MOTION TO
DISMISS AMENDED COMPLAINT
Case No.: 2:23-cv-00630 JLR - 15

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900