THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  ANNA PATRICK, DOUGLAS MORRILL,
   ROSEANNE MORRILL, LEISA GARRETT,
10 ROBERT NIXON, SAMANTHA NIXON,
   DAVID     BOTTONFIELD,    ROSEMARIE
11 BOTTONFIELD, TASHA RYAN, ROGELIO
   VARGAS,    MARILYN    DEWEY,    PETER
12 ROLLINS, RACHAEL ROLLINS, KATRINA
13 BENNY, SARA ERICKSON, GREG LARSON,
   and JAMES KING, individually and on behalf of
14 all others similarly situated,

15                        Plaintiffs,

16 v.

17 DAVID   L.  RAMSEY,   III,  individually;
18 HAPPY  HOUR  MEDIA  GROUP, LLC, a
   Washington  limited  liability  company;  and
19 THE  LAMPO  GROUP, LLC, a  Tennessee
20 limited liability company,

21                        Defendants.

Case No. 2:23-cv-00630

**STIPULATED AGREEMENT
REGARDING DISCOVERY OF
ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~]
ORDER**

22

23         The Parties hereby stipulate to the following provisions regarding the discovery of

24 electronically stored information ("ESI") in this matter:

25 ///

26

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 1

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the Parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3.      This Order shall not enlarge or affect the proper scope of discovery in this Action, nor imply that discovery produced under the terms of this Order is properly discoverable, relevant, or admissible in this or in any other litigation. Additionally, this Order does not alter or expand the preservation obligations of the Parties.

**B.      ESI Disclosures**

At a time to be agreed by the Parties, each Party shall disclose:

1.      <u>Custodians.</u> For each corporate Party, the five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      <u>Third-Party Data Sources.</u> A list of third-Party data sources, if any, likely to contain discoverable ESI (e.g. third-Party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a Party is (or is not) able to preserve information stored in the third-Party data source.

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 2

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

4.  <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a Party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The Parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the Party's possession, custody or control. With respect to preservation of ESI, the Parties agree as follows:

1.      Absent a showing of good cause by the requesting Party, the Parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the Parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All Parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.      Absent a showing of good cause by the requesting Party, the following categories of ESI need not be preserved:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 3

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

e.    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

f.    Server, system or network logs.

g.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.    (1) Voicemail messages of the Plaintiffs unrelated to their timeshare(s), Reed Hein, or any defendant; (2) voicemail messages of David Ramsey or the Lampo Group unrelated to Reed Hein or Happy Hour Media Group; or (3) voicemail messages of Happy Hour Media Group unrelated to Reed Hein or the other defendants.

i.    Data stored on photocopiers, scanners and fax machines;

j.    Text messages sent and received via telephone, such as SMS or Apple iMessage unrelated to (1) in the case of the Plaintiffs, their timeshare(s), Reed Hein, or any defendant; (2) in the case of David Ramsey or the Lampo Group, Reed Hein or Happy Hour Media Group; or (3) in the case of Happy Hour Media Group, Reed Hein or the other defendants.

k.    Instant message or "chat" messages which reside solely in the messenger program's cache or other automatic backup.

l.    Logs of calls made from cellular or land line phones.

m.    Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

///

///

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
(Case No. 2:23-cv-00630) - 4

**D.       ESI Discovery Procedures**

1.       <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting Party of specific need and good cause or by agreement of the Parties.

2.       <u>Search methodology.</u> The Parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The Parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.       A producing Party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The Parties shall meet and confer to attempt to reach an agreement on the producing Party's search terms and/or other methodology.

b.       If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting Party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the Parties.  The 5 additional terms or queries, if any, must be provided by the requesting Party within 14 days of receipt of the producing Party's production.

c.       Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 5

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

d.    The producing Party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

e.    The mere fact that a document is hit or identified by the application of any agreed upon search terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation. Determinations of discoverability, responsiveness and privilege shall be made by the Producing Party.

3.    <u>De-duplication.</u>  A Party is only required to produce a single copy of a responsive Document, and a Party shall make reasonable efforts to de-duplicate responsive Documents and ESI (based on MD5 or SHA-1 Hash Values at the document level) across custodians.  For emails with attachments, the Hash Value shall be generated based on the parent-child document grouping, and only e-mail messages in which the parent document and all attachments are exactly the same will be considered duplicates.  However, metadata identifying all custodians in possession of each document that is removed as a duplicate must be produced in the "CUSTODIAN" field in the production Load File. In addition, outlook.ost files are excluded from processing as duplicative of outlook.pst files.

4.    <u>Use of Technology-Assisted Review or Similar Advanced Analytics.</u>  The parties may use technology-assisted review or similar advanced analytics (collectively, "TAR") to assist in identifying documents to be produced in response to requests for production.

5.    <u>Email Thread Suppression.</u>  Each Party may also suppress e-mails in such a way as to eliminate earlier or incomplete chains of e-mails and redundant attachments and produce only the most complete iteration of an e-mail chain. Each Party shall preserve family relationships when engaging in email thread suppression in instances where an earlier or incomplete email chain contains a unique attachment.

6.    <u>Production of Audio / Video Files.</u> The Parties agree to work in good faith to negotiate a reasonable approach to the production of audio and video files. .

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 6

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

7. <u>Non-Responsive Documents Attached to Production-Eligible Documents.</u>  In an effort to avoid unnecessary expense and burden, the Parties agree that completely non-responsive documents attached to an otherwise production-eligible document can be produced as a single-page Bates-stamped TIFF image slip-sheet containing the text stating the document has been withheld as non-responsive.

8. <u>Embedded Objects.</u>  Some Microsoft Office and .RTF files may contain embedded objects. Such objects typically are the following file types: Microsoft Excel, Word, PowerPoint, Project, Outlook, Access and PDF. Subject to claims of privilege and immunity, as applicable, objects with those identified file types shall be extracted as separate files and shall be produced as attachments to the file in which they were embedded unless otherwise subject to an exception provided within this Order.

9. <u>Timeframe.</u> The preservation, collection and production obligations of the Parties as set forth in this Stipulation apply to Documents and ESI generated, received, or created between January 1, 2015, and the date of filing of the complaint, April 28, 2023, except as otherwise agreed among the Parties after meeting and conferring in good faith, or upon further order of the Court for good cause shown.

E.     **Production Format**

1. <u>Non-Redacted Electronically Stored Information Not Produced in Native Form.</u>  As stated in the Stipulated Protective Order, non-redacted ESI should be produced in a form no less "searchable" than it is maintained in the normal course of the producing Party's business.  ESI will be produced in single-page, black and white, 300 DPI, Group IV TIFF image file format together with Concordance or Summation Load Files (OPT or DII files) (depending on the preference of the requesting Party).

2. <u>Conversion of Word documents.</u>  When Word documents are converted to TIFFs, the version that will be converted is as it was last saved and with track changes turned on.  This

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 7

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

means the images and extracted text will reflect the track changes.  In all events, conversion of Microsoft Office document types to TIFF shall reflect comments, speaker notes, footers, headers and track changes.

3.   <u>TIFF Images.</u>  TIFF images should show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFF images of e-mail messages should include the BCC line. PowerPoint documents should be processed with hidden slides and all speaker notes unhidden and should be processed to show both the slide and the speaker's notes on the TIFF/JPG image.  Color originals may be produced in B&W TIFF format, but either Party may subsequently request, by Bates number(s), a replacement set of images in color only to the extent that the Requesting Party demonstrates that the loss of the color detracts from the usability or reduces the ability to understand the information imparted in the original, however categorical or wholesale requests are deemed invalid.

4.   <u>Native files.</u>  If a document is produced in native format, a single-page Bates-stamped TIFF image slip-sheet containing the confidential designation and text stating the document has been produced in native format should also be provided. If documents requested in native format require redactions, the Parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent either Party believes that native files should be produced for a specific document or class of documents not required to be produced in native format pursuant to this paragraph or to the extent records do not easily conform to native or TIFF format (i.e., structured data), the Parties should meet and confer in good faith.

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 8

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

5.    <u>Non- Redacted ESI.</u>  Non-redacted ESI shall be produced with searchable extracted text of the entire Document (at the document level in a .TXT file) and the following Metadata fields in a Concordance .DAT file, where applicable:

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| BEGBATES | ABC000001 | Beginning production number or Bates number for a given file/document | All |
| ENDBATES | ABC000002 | Ending production number or Bates number for a given file/document | All |
| BEGATTACH | ABC000001 | Beginning production number or Bates number for the attachment range | All |
| ENDATTACH | ABC000015 | Ending production number or Bates number for the attachment range | All |
| ATTACHRANGE | ABC000001 – ABC000015 | Bates range for the entire document family | All |
| VOLUME | ABC001 | Production volume number | All |
| CUSTODIAN(S) | Smith, John; Brown, Julie | Custodial source(s) of documents, including documents not produced due to de-duplication. | All |
| RECORDTYPE | EMAIL, ATTACHMENT, EFILE, HARDCOPY | Type of document | All |
| FILENAME | Minutes.doc | File name of a document | E-Doc |
| FILEEXT | .doc, .pdf | File extension of original document | E-mail and E-Doc |
| PAGE COUNT | 3 | For documents produced in TIFF form, number of pages in the document. For documents produced in native, page count will be 1 (for placeholder). | All |
| CREATEDATE | 4/5/2012, 12:00 pm | Date and time created for efile | E-Doc |
| SENTDATE | 4/5/2012, 12:00 pm | Date and time sent for emails | E-mail |
| RECIEVEDDATE | 4/5/2012, 12:00 pm | Date and time received for emails | E-mail |
| SUBJECT | Meeting Minutes | Subject line extracted from e-mail message | E-mail |

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 9

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| AUTHOR | Smith, John | Author of document | E-mail and E-Doc |
| FROM | Smith, John | Sender of email | E-mail |
| TO | Jones, Tom; Brown, Julie | Recipient | E-mail |
| CC | Cain, John | Copyee | E-mail |
| BCC | Stevens, Lisa | Blind Copyee | E-mail |
| MD5HASH | | MD5Hash of loose files or attachments | E-mail and E-Doc |
| CONFIDENTIALITY | Confidential, Highly Confidential | Confidentiality designation | All |
| REDACTED | Yes / No | Field for documents with a redaction | All |
| FILEPATH(S) | | | All |
| TEXTPATH | D:\001\ABC000005.txt | Relative path to document level text file in production deliverable | All |
| NATIVELINK | D:\001\ABC000005.xls | Path or hyperlink to documents being produced in native file format | E-mail and E-Doc |

This list of fields does not create any obligation to create or manually code fields that are not automatically generated by the processing of the ESI or that do not exist as part of the original Metadata of the Document. The Parties acknowledge there can be differences between the Operating System (Windows) and Application date/time fields and also agree the Producing Party has no obligation to try and reconcile the differences, if any.

If documents, such as electronic mail, are produced, the relationship between related documents (e.g., email attachments) should be preserved. All Electronic Documents attached to an email are produced contemporaneously and sequentially immediately after the parent email.

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
(Case No. 2:23-cv-00630) - 10

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

Parties may request the production of Documents or ESI in Native form by Bates number in the event that a Document or ESI produced in TIFF form is illegible.

6.      <u>ESI to be Produced in Native Form.</u>  By default, spreadsheets, audio, and video that do not require redaction should be produced in native format. If the native format of audio and video files is not a format recognized by VLC Media Player codecs, the parties shall confer in good faith regarding available conversions of the file to another playable format. Files produced in Native Format shall be named either with a sequential Bates number followed by the file name or with a sequential Bates number followed by the Confidentiality Designation, if applicable, and the file name. A placeholder TIFF with the original file name, the language "Document Produced in Native" (or similar language), and stamped with assigned Bates number and confidentiality designation shall be included for each native file produced. To the extent native files, that are not audio or video, including electronic spreadsheets, are redacted, production may be made in in Native Format. Should an audio or video file require redaction, the Parties shall meet and confer at that time.

7.      <u>Redacted Documents.</u>  The Parties may redact Documents or ESI on the following bases: attorney-client privilege, attorney work-product privilege, Protected Material and "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information," as these terms are defined under federal, and state or foreign data protection laws. If, during the course of discovery, the Parties identify other kinds of information that any Party has a reasonable basis for redacting, the Parties will meet and confer regarding it before such redactions are made.  If the issue cannot be resolved, the Parties will seek resolution from the Court.

8.      <u>Hard-Copy Documents.</u>  Hard-Copy Documents should be produced as single-page, black and white, 300 DPI, Group IV TIFF image file format together with Concordance or Summation Load Files (depending on the preference of the requesting Party) with coded data contained in a separate file.  The Producing Party shall also provide document level OCR text files

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 11

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

to accompany the TIFF format production.  The minimum fields for a scanned Hard-Copy Document record will be BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, and TEXT, indicating the beginning and ending Bates numbers, attachments ranges of all documents, the custodian information, and the OCR or Optical Character Recognition text.

9.  <u>Document Unitization for Hard-Copy Documents</u>.  If a Hard-Copy Document consists of more than one page, the Unitization of the Document and any attachments and/or affixed notes shall be maintained as it existed in the original Document, so that each page will not be split, but instead sequenced and saved together, as they existed in the original.

10.  <u>Non-Custodial Documents</u>.  For documents and ESI from non-custodial sources, the Parties shall cooperate to produce responsive Documents and ESI in a reasonably useable production format.

11.  <u>Searchable Text.</u>  The Parties agree that they will produce Searchable Text for all Electronic Documents and Electronic Data produced.  For all non-redacted ESI, the searchable text will be extracted directly from the native file.  Likewise, the Parties agree that they will produce Searchable Text for all Hard-Copy Documents that have been converted to images.  For any document where text has been redacted, Searchable Text will be provided for the non-redacted text.

12.  <u>Bates Numbering.</u>  Each page of a produced image shall have a unique Bates number electronically "burned" onto the image at a location that does not unreasonably obliterate or obscure any information from the source Document.  Each TIFF image or native file assigned a Bates number shall be assigned a Bates number that is unique and maintains a constant length across the entire document production.  No other legend or stamp will be placed on the document image other than confidentiality legends (where applicable) or redactions.

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 12

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

13.     No Color.  Documents and ESI in color need not be produced in color.  A Party may request by bates-number that a reasonable number of specifically-identified documents be produced in a color .PDF or .JPG format.

14.     Foreign Language Documents.  To the extent Documents or ESI are produced that contain languages other than English, in whole or in part, the Producing Party shall produce all foreign language documents and ESI in the original language.   The Producing Party has no obligation to provide a translation of the Document or ESI or any portion thereof.

15.     Production Media.  Documents shall be produced on CDs, DVDs, USB hard drives, portable hard drives or through secure file transfer protocols (e.g., FTP) or similar secure electronic transmission.  The Production Media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter.

16.     Replacements.  All files that are replaced for any reason must be annotated with an "R" designation appended to the Bates prefix.  A cross reference file will be provided identifying the document's original Bates and its replacement Bates number.

**F.      Privilege**

1.      The Parties agree that the following categories of privileged communications or documents need not be included in a privilege log: (a) all privileged communications between counsel (including in-house and counsel of record in this Action) and their respective clients concerning this action; (b) all communications between an in-house attorney or counsel of record and their respective clients regarding scheduling, logistics and/or other non-substantive ministerial matters. (c) all communications regarding litigation holds or preservation collection or review in this or any litigation.

2.      Privilege Log. In an effort to avoid unnecessary expense and burden, the Parties agree that, for documents withheld from production on the basis of attorney-client privilege, work product

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
(Case No. 2:23-cv-00630) - 13

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

doctrine and/or any other applicable privilege, the Producing Party will prepare a summary log containing, for each document (except those exempted above) an export of metadata fields listed below, as agreed upon by the Parties, to the extent such information exists and has not been suppressed or redacted for privilege. For email chains being withheld for privilege, the Producing Party is required only to provide metadata for the top most (or most recent) privilege email. Nothing in this provision should be interpreted to require the Producing Party to manually import information that is not otherwise contained in the top line chain of any document appearing on the privilege log. The privilege log export should include the following information from the top line email:

- BEGNO (if not produced) or BEGBATES (if produced)
- ENDNO (if not produced) or ENDBATES (if produced)
- BEGATTACH (if not produced) or BEGBATESATTACH (if produced)
- ENDATTACH (if not produced) or ENDBATESATTACH (if produced)
- NUMBER OF ATTACHMENTS
- CUSTODIAN
- AUTHOR
- FROM
- TO
- CC
- BCC
- DOCUMENT DATE or SENT DATE
- DOCUMENT TYPE or FILE EXTENSION
- PRIVILEGE PERSONS
- PRIV_TYPE

3.      The Parties agree for documents withheld from production on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, the Producing Party will prepare a log entry for each document withheld, or in the case of fully withheld document families, an individual entry for each document family which asserts the general subject matter of the document. Nothing in this provision shall be interpreted to require the Parties to disclose the underlying privilege information and/or material when asserting the general subject matter of the document.

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
(Case No. 2:23-cv-00630) - 14

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

4.      The Parties agree and recognize that there may be instances where categories or groups of documents share a similar or exact general subject matter. Nothing in this provision shall be interpreted from prohibiting like entries for documents that share a similar or exact subject matter.

5.      The Parties agree that for documents redacted on the basis of attorney-client, work product doctrine and/or any other applicable privilege, the Producing Party does NOT need to prepare a summary log, or any other log, for each document.

6.      The Parties agree that the Producing Party need not annotate any log to indicate any attorneys, but instead each entry shall include a "Privilege Person(s)" field which shall identify the individual or entity generating the source of the privilege.

7.      The Parties further agree that this summary log satisfies the Producing Party's obligations under Federal Rule of Civil Procedure 26(b)(5).

8.      If the Requesting Party requires further information, it shall explain in writing the need for such information and identify, by Bates number or other unique identifier, each document for which it seeks this information. The Requesting Party must submit its written request for additional information within Thirty (30) days from the date the Producing Party served the privilege log. Within thirty (30) days of such a request, the Producing Party must either (i) provide the requested information or (ii) challenge the request.  If a Party challenges a request for further information, the Parties shall meet and confer to try to reach a mutually agreeable solution. If they cannot agree, the Parties must request a conference with the Court before any motions may be filed.

**G.**      **Production of Privileged or Otherwise Protected Material**

1.      <u>No Waiver by Disclosure</u>.  This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Party or subpoenaed non-Party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 15

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture – in this or any other federal or state action – of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2.     <u>Notification Requirements; Best Efforts of Receiving Party.</u>  A Disclosing Party must promptly notify the Party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (3) – promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.  Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

3.     <u>Contesting Claim of Privilege or Work Product Protection.</u>  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must – within five business days of receipt of the notice of disclosure – move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

4.     <u>Stipulated Time Periods.</u>  The Parties may stipulate to extend the time periods set forth in paragraphs (2) and (3).

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 16

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

5. <u>Attorney's Ethical Responsibilities.</u>  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6. <u>Burden of Proving Privilege or Work-Product Protection.</u> The Disclosing Party retains the burden – upon challenge pursuant to paragraph (3) – of establishing the privileged or protected nature of the Protected Information.

7. <u>In camera Review.</u>  Nothing in this Order limits the right of any Party to petition the Court for an in camera review of the Privileged Information.

8. <u>Voluntary and Subject Matter Waiver.</u>  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

9. <u>Review.</u>  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Further, nothing contained herein is intended to reduce the timeframe provided to the Disclosing Party to complete their review should they choose to do so.

10. <u>Proportionality.</u>  Nothing contained herein is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. <u>Rule 502(b)(2).</u>  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

///

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 17

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    STIPULATED TO this 20th day of February, 2024.

2

3    **ALBERT LAW PLLC**                    **MORGAN, LEWIS & BOCKIUS LLP**

4    By: *s/ Gregory W. Albert*            By: *s/  Damon C. Elder*
     Gregory W Albert, WSBA No. 42673      Patricia A. Eakes, WSBA No. 18888

5    Jonah L Ohm Campbell, WSBA No. 55701  Damon C. Elder, WSBA No. 46754
     Tallman Harlow Trask, IV, WSBA No. 60280   Andrew DeCarlow, WSBA No. 54471

6    3131 Western Ave, Suite 410           1301 Second Avenue, Suite 3000
     Seattle, WA 98121                     Seattle, WA 98101

7    Phone: (206) 576-8044                 Phone: (206) 274-6400
     Email: greg@albertlawpllc.com         Email: patty.eakes@morganlewis.com

8           jonah@albertlawpllc.com                damon.elder@morganlewis.com

9           tallman@albertlawpllc.com              tyler.weaver@morganlewis.com
                                                   andrew.decarlow@morganlewis.com

10   **FRIEDMAN RUBIN PLLC (SEATTLE-**
     **DOWNTOWN)**                          *Attorneys for Defendants David L. Ramsey, III*

11                                         *and The Lampo Group, LLC*

12   By: *s/Roger Davidheiser*
     Roger S. Davidheiser, WSBA No. 18638

13   1109 1st Ave Ste 501
     Seattle, WA 98101-2988

14   Phone: (206) 501-4446
     Fax: 206-623-0794

15   Email: rdavidheiser@friedmanrubin.com

16
     *Attorneys for Plaintiffs*
17
     **CORR CRONIN, LLP**
18
     By: *Jack Lovejoy*
19   Jack Lovejoy
     1015 Second Ave. Floor 10
20   Seattle, WA 98104
     Phone: (206) 812-0894
21   Email: jlovejoy@corrcronin.com

22

23   *Attorneys for Happy Hour Media Group, LLC*

24

25   \
26   STIPULATED AGREEMENT REGARDING
     DISCOVERY OF ELECTRONICALLY STORED
     INFORMATION AND [PROPOSED] ORDER
     (Case No. 2:23-cv-00630) - 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# [PROPOSED] ORDER

IT IS SO ORDERED.


DATED this 21st day of February, 2024.

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

**ALBERT LAW PLLC**

By: _s/ Gregory W. Albert_
Gregory W Albert, WSBA No. 42673
Jonah L Ohm Campbell, WSBA No. 55701
Tallman Harlow Trask, IV, WSBA No. 60280
3131 Western Ave, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044
Email: greg@albertlawpllc.com
         jonah@albertlawpllc.com
         tallman@albertlawpllc.com

**FRIEDMAN RUBIN PLLC (SEATTLE-DOWNTOWN)**

By: _s/Roger Davidheiser_
Roger S. Davidheiser, WSBA No. 18638
1109 1st Ave Ste 501
Seattle, WA 98101-2988
Phone: (206) 501-4446
Email: rdavidheiser@friedmanrubin.com

_Attorneys for Plaintiffs_


-and-

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [PROPOSED] ORDER
(Case No. 2:23-cv-00630) - 19

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/  Damon C. Elder*
Patricia A. Eakes, WSBA No. 18888
Damon C. Elder, WSBA No. 46754
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
        damon.elder@morganlewis.com
        tyler.weaver@morganlewis.com
        andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey,
III and The Lampo Group, LLC*

**CORR CRONIN, LLP**

By: *Jack Lovejoy*
Jack Lovejoy
1015 Second Ave. Floor 10
Seattle, WA 98104
Phone: (206) 812-0894
Email: jlovejoy@corrcronin.com

*Attorneys for Happy Hour Media Group, LLC*

STIPULATED AGREEMENT REGARDING
DISCOVERY OF ELECTRONICALLY STORED
INFORMATION AND [~~PROPOSED~~] ORDER
(Case No. 2:23-cv-00630) - 20

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401