THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA PATRICK, DOUGLAS MORRILL,
ROSEANNE MORRILL, LEISA GARRETT,
ROBERT NIXON, SAMANTHA NIXON,
DAVID BOTTONFIELD, ROSEMARIE
BOTTONFIELD, TASHA RYAN, ROGELIO
VARGAS, MARILYN DEWEY, PETER
ROLLINS, RACHAEL ROLLINS, KATRINA
BENNY, SARA ERICKSON, GREG
LARSON, and JAMES KING, individually and
on behalf of all others similarly situated,

                    Plaintiffs,

v.

DAVID L. RAMSEY, III, individually;
HAPPY HOUR MEDIA GROUP, LLC, a
Washington limited liability company; and
THE LAMPO GROUP, LLC, a Tennessee
limited liability company,

                    Defendants.

Case No. 2:23-cv-00630

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 1

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

2. <u>"CONFIDENTIAL" MATERIAL</u>

Confidential Material may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, pursuant to this Stipulate Protective Order. Unless indicated otherwise, Confidential Material shall include both information designated as CONFIDENTIAL and material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Materials designated as CONFIDENTIAL shall include the following documents and tangible things produced or otherwise exchanged, and all information contained or disclosed therein: confidential (a) research materials, (b) development, (c) marketing. (d) commercial information, (e) protected materials or any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Examples of such Data Protection Laws include, without limitation, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder (HIPAA), 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Fair Credit Reporting Act (FCRA), 15 USC § 1681 et seq. (financial information); Electronic

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 2

1  Communications Privacy Act of 1986, 18 U.S.C. § 2511 (private communication); Genetic

2  Information Non-discrimination Act of 2008 (GINA) (biometric information).

3  Materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall

4  mean the following materials that are not public or do not reflect publicly available information, the

5  disclosure of which would create a substantial risk of serious harm that could not be avoided by less

6  restrictive means and that have not already been shared with the receiving Party: (a) trade secrets;

7  (b) business and other strategic plans; (c) financial documents including sales and profit information;

8  (d) pricing information; (e) customer lists, customer quotations, and customer orders; and (f)

9  marketing plans and forecasts.

10  3.    SCOPE

11  The protections conferred by this agreement cover not only Confidential Material (as defined

12  above), but also (1) any information copied or extracted from Confidential Material; (2) all copies,

13  excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations,

14  or presentations by Parties or their counsel that might reveal Confidential Material.

15  The Stipulated Protective Order shall govern all documents, testimony, and information

16  contained therein, including all copies, excerpts, summaries, or compilations thereof, whether

17  revealed in a document, deposition, other testimony, discovery response, or otherwise, that the

18  producing Party produces to the receiving Party and that the producing Party designates as

19  confidential under this Stipulated Protective Order. However, the protections conferred by this

20  agreement do not cover information that is in the public domain or becomes part of the public domain

21  through trial or otherwise.

22  Nothing herein shall be construed as an admission or concession by any Party that designated

23  Confidential Material, including any document, testimony, or information derived from Confidential

24  Material, constitutes material, relevant, or admissible evidence in this matter. The entry of this

25  Stipulated Protective Order does not preclude any Party from seeking further order of this Court,

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 3

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    including modification of this Stipulated Protective Order, challenging of any CONFIDENTIAL or

2    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as improper, or from

3    objecting to discovery that the Party believes to be improper.

4    4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5            4.1     Basic Principles. A receiving Party may use Confidential Material that is disclosed

6    or produced by another Party or by a non-Party in connection with this case only for prosecuting,

7    defending, or attempting to settle this litigation. Confidential Material shall not be used for any

8    business, competitive, or other non-litigation purpose, without the express written consent of counsel

9    for the designating Party or by order of the Court. Confidential Material may be disclosed only to

10   the categories of persons and under the conditions described in this agreement. Confidential Material

11   must be stored and maintained by a receiving Party at a location and in a secure manner that ensures

12   that access is limited to the persons authorized under this agreement.

13           For avoidance of doubt, nothing in this Stipulated Protective Order will bar outside counsel

14   from rendering advice to their clients with respect to this litigation and, in the course thereof, relying

15   upon any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY, provided that the contents of the information are not disclosed except

17   as permitted by this Stipulated Protective Order. Further, the restrictions or obligations of this

18   Stipulated Protective Order will not be deemed to prohibit discussion of any Confidential Material

19   with any person who already has or obtains legitimate possession of that information.

20           4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

21   by the court or permitted in writing by the designating Party, a receiving Party may disclose any

22   Confidential Material only to:

23                  (a)     the receiving Party's counsel in this action, including outside counsel and in-

24   house counsel, as well as employees of counsel to whom it is reasonably necessary to disclose the

25   information for this litigation;

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 4

(b)     an individual receiving Party and/or the officers, directors, and employees of a corporate receiving Party, to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     persons or firms retained for the purpose of litigation support (e.g. professional vendors for copy or imaging services retained by counsel to assist in the duplication of Confidential Material; audio and video recording; interpreting or translating; preparing exhibits or demonstratives; organizing, storing or retrieving data in any form or medium; jury consulting; mock trial coordination; litigation presentation ("hot seat") technicians, etc.), provided that counsel for the receiving Party retaining such persons or firms instructs them not to disclose any Confidential Material to third Parties and to immediately return all originals and copies of any Confidential Material at the conclusion of their services or this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information already.

4.3     Disclosure of Information or Items designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Access to, and disclosure of, any material designated HIGHLY

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 5

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be limited to individuals listed in Sections 4.2(a) and (c)-(g).

4.4     <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing the confidential content of such material in court filings, the filing Party shall confer with the designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific confidential information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files. Nothing in this subsection will prohibit parties from referencing the general character or category of Confidential Material or the reasons for the confidentiality designations in Court filings, where doing so does not reveal specific matters reasonably deemed confidential.  .

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items,

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 6

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the designating Party to sanctions.

If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    <u>Information in documentary form</u>. (*e.g.*, Paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the words CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  With respect to all designated materials produced with an associated load file, the producing Party will include the appropriate designation in the load file. With respect to all designated digital files produced in native format, the producing Party will include the appropriate designation in the filename or cover sheet.

(b)    <u>Testimony given in deposition or in other pretrial proceedings</u>. The Parties and any participating non-Parties must identify on the record, during the deposition or other pretrial

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-Party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a Party or non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>. The producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional disclosure, without the required confidentiality designation, of any document, testimony, or information that the disclosing Party intended to designate as Confidential Material shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter. In the event that a designating Party makes such an inadvertent production, that Party shall contact the receiving Party within 30 days of the discovery of the inadvertent production, or as promptly as reasonably possible thereafter, and inform the receiving Party or Parties in writing of the inadvertent production and the specific material at issue.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material or for materials of the same or related subject matter. Upon timely correction of a designation, which shall be made by the designating Party in writing promptly after the discovery of the inadvertent production, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. The receiving Party must

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 8

treat the materials as Confidential Material, once the designating Party so notifies the receiving Party. If the receiving Party has disclosed the materials before receiving the designation, the receiving Party shall notify the designating Party in writing of the identity of any persons to whom such materials are disclosed who would not be entitled to receive such materials under this Stipulated Protective Order. The designating Party shall advise such persons of the terms of this Stipulated Protective Order and request that such persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or non-Party may challenge a designation of confidentiality at any time. The designating Party bears the burden of establishing confidentiality if a designation is challenged. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 9

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order, issued in other litigation, that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, that Party must:

(a)    promptly notify the designating Party in writing and include a copy of the subpoena or court order. The recipient of the request, subpoena, or order shall not disclose any Confidential Material pursuant to the request, subpoena, or order prior to the date specified for production on the request, subpoena, or order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Material may be affected.

(d)    the designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Confidential Material, or seek to obtain confidential treatment of such material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order. The Party who received the request, subpoena, or order shall not oppose or otherwise interfere with the designating Party 's effort to quash or limit the request, subpoena, or order.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 10

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving Party must return all Confidential Material to the producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

After the termination of this action by entry of a final judgment or order of dismissal (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the provisions of this Stipulated Protective Order shall continue to be binding. This Stipulated Protective Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys. The Parties agree that the terms of this Stipulated Protective Order shall be interpreted and enforced by this Court. The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

11.     THIRD PARTY PRODUCTION

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

11.1     To the extent discovery or testimony is taken of third Parties, the third Parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any documents, information or other material, in whole or in part, produced or given by such third Parties pursuant to this Stipulated Protective Order. To the extent discovery or testimony is taken of a third Party and the third Party does not designate a non-public document, information or other material, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulated Protective Order, such non-public material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulated Protective Order for thirty (30) days, at which point this designation shall end. If, however, during the thirty (30) day period, the third Party designates the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Stipulated Protective Order, the material will be treated as the third Party designated it. If, during that thirty (30) day period, a Party has reason to believe that material from the third Party ought to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, then that Party may notify the third Party of such belief.

12.     MODIFICATIONS OF THIS ORDER

This Order may be modified by the Court, or by agreement of the Parties subject to approval of the Court.

///

///

///

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 12

1    DATED this 22nd day of February, 2024.

2

3    | **ALBERT LAW, PLLC** | **MORGAN, LEWIS & BOCKIUS, LLP** |

4    By: *s/Gregory W. Albert*                    By: *s/Damon C.Elder*
     Gregory W. Albert, WSBA No. 42673            Patricia A. Eakes, WSBA No. 18888
5    3131 Western Ave., Suite 410                 Damon C. Elder, WSBA No. 46754
     Seattle, WA 98121                            Andrew DeCarlow, WSBA No. 54471
6    (206)576-8044 | Phone                        1301 Second Avenue, Suite 3000
     Email: greg@albertlawpllc.com                Seattle, WA 98101
7                                                 (206) 274-6400 | Phone
                                                  Email: patty.eakes@morganlewis.com
8                                                 damon.elder@morganlewis.com
                                                  andrew.decarlow@morganlewis.com
9    **FRIEDMAN | RUBIN®**

10   By: *s/Roger S. Davidheiser*                 *Attorneys for Defendants David L.*
     Roger S. Davidheiser, WSBA No. 18638         *Ramsey, III and The Lampo Group, LLC*
11   1109 First Ave., Ste. 501
     Seattle, WA 98101
12   (206)501-4446 | Phone
     Email: rdavidheiser@friedmanrubin.com
13
     *Attorneys for Plaintiffs*
14

15   | **CORR CRONIN, LLP** | |

16   By: *s/ Jack Lovejoy*
     Jack Lovejoy, WSBA No. 36962
17   1015 Second Ave. Floor 10
     Seattle, WA 98104
18   (206) 812-0894 | Phone
     Email: jlovejoy@corrcronin.com
19
     *Attorneys for Happy Hour Media Group, LLC*
20

21

22

23

24

25

26

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# **[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing Party.

DATED:_____

_____

THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 14

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Patrick, et al. v. Ramsey, et al.*, No. 2:23-cv-00630 (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:

[PROPOSED] STIPULATED PROTECTIVE ORDER
(Case No. 2:23-cv-00630) - 15

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401