THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,

Defendants.

Case No. 2:23-cv-00630-JLR

**DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFFS' CONVERSION CLAIM**

Hearing Date: May 10, 2024

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I.   INTRODUCTION

Defendants David L. Ramsey, III and The Lampo Group, LLC (collectively, "the Lampo Defendants") hereby move for judgment on the pleadings as to Plaintiffs' claim of conversion.

The Court recently dismissed Plaintiffs' conversion claim against Defendant Happy Hour Media Group LLC ("Happy Hour") because Plaintiffs had not plausibly pleaded that the funds they paid to Reed Hein could be specifically identified as having been received by Happy Hour. Dkt. 74 at 15-17. The Court's ruling necessitates the dismissal of Plaintiffs' conversion claim against the Lampo Defendants as well. According to Plaintiffs' Amended Complaint for Damages with Class Action Allegations ("Amended Complaint"), "[a]t all times, Reed Hein … made payments to [the Lampo Defendants] *via* Happy Hour Media." Dkt. 55 at ¶ 116 (emphasis in original). Just as the Court found that Plaintiffs had "not explained how the 'specific' or 'identical' money that they paid to Reed Hein remained identifiable when Reed Hein paid Happy Hour for advertising and marketing services," Dkt. 74 at 17, the same is equally true as to the Lampo Defendants. If funds cannot be specifically identified as being received by Happy Hour, those same funds certainly cannot be specifically identified as being paid to the Lampo Defendants. The Court should follow the same path it followed for Happy Hour, and dismiss the conversion claim against the Lampo Defendants with prejudice.[1]

## II.   ARGUMENT

**A.   Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for a judgment on the pleadings at any time that would not result in a delay of trial. "The court evaluates a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss." *Baker v. Colonial Life & Accident Ins. Co.*, No. C14-0319JLR, 2014 WL 1744164, at *2 (W.D.

---

[1] The Court previously granted Plaintiffs' request for leave to amend their complaint to add a conversion claim, over the Lampo Defendants' objection. Dkt. 53 at 11-12. However, this motion raises a different standard of review than a motion to amend, and it addresses different facts, allegations, and arguments, consistent with the conclusions in the Court's subsequent Order granting Happy Hour's motion to dismiss the conversion claim.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) - Page 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Wash. Apr. 30, 2014). Under that standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) requires a court to determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). When determining the sufficiency of a claim, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011).

**B.    The Conversion Claim Should Be Dismissed.**

In Washington,[2] "conversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession." *In re Marriage of Langham & Kolde*, 153 Wn.2d 553, 564, 106 P.3d 212 (Wash. 2005). But as the Court recognized in its order dismissing the conversion claim against Happy Hour Media, when a plaintiff alleges the conversion of money, "[a] claim for conversion … is possible only where the money … 'is capable of being identified, as when delivered at one time, by one act and in one mass.'" Dkt. 74 at 15–16 (quoting *Brown ex rel. Richards v. Brown,* 157 Wn. App. 803, 239 P.3d 602, 610 (Wash. Ct. App. 2010)). The Court therefore concluded that Plaintiffs' conversion claim against Happy Hour must be dismissed because "Plaintiffs have not explained how the 'specific' or 'identical' money that they paid to Reed Hein remained identifiable when Reed Hein paid Happy Hour for advertising and marketing services."

---

[2] Plaintiffs have assumed in prior briefing that Washington law applies to all Plaintiffs' claims of conversion (*see, e.g.*, Dkt. 65 at 23–25), regardless of whether any individual Plaintiff has an adequate connection to Washington to apply Washington law. For purposes of simplicity on this motion, the Lampo Defendants do not address choice-of-law issues herein, but they reserve the right to revisit that issue at later stages of this litigation as necessary.

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION FOR JUDGMENT
ON THE PLEADINGS RE PLAINTIFFS'
CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

Dkt. 74 at 17 (*citing Davenport v. Wash. Educ. Ass'n.*, 147 Wn. App. 704, 197 P.3d 686, 695 (Wash. Ct. App. 2008), and *Brown,* 239 P.3d at 610).

The same is true for the conversion claim against the Lampo Defendants, which are even further removed from Reed Hein than Happy Hour. To the extent the Lampo Defendants received money from Reed Hein, Plaintiffs allege it was first paid to Happy Hour before being paid to the Lampo Defendants. Dkt. 55 at ¶ 116 ("At all times, Reed Hein … made payments to [the Lampo Defendants] *via* Happy Hour Media." (emphasis in original)). Therefore, as a matter of logic, if it is not plausible that the Plaintiffs' specific funds remained identifiable when paid from Reed Hein to Happy Hour, then it cannot be plausible that those funds were somehow identifiable when any payment was allegedly made from Happy Hour to the Lampo Defendants. This is enough, on its own, to warrant dismissal of Plaintiffs' conversion claim against the Lampo Defendants.

Moreover, even hypothetically removing Happy Hour as an intermediary, it would still be appropriate to dismiss the conversion claim against the Lampo Defendants. Nothing in the Amended Complaint plausibly pleads that Plaintiffs' specific funds are identifiably in the possession of the Lampo Defendants. *Brown*, 157 Wn. App. 803, provides a clear example of what Plaintiffs must plausibly plead to pursue their conversion claim, and illustrates how far the Amended Complaint falls short. In *Brown*, the plaintiff, Dottie, claimed her son Barry stole her money and transferred $20,000 of it to Beverly Hogg. *Id*. at 807–12. As part of a reverse mortgage, Dottie received $150,080 that was deposited by the bank into a bank account owned jointly by Dottie and Barry. *Id*. at 818–19. "Barry then immediately transferred $150,000 to his personal bank account, which had a balance of $9 before the transfer. That same day, he transferred $20,000 from his account to Hogg's personal bank account. Hogg's account balance was $491 before the transfer." *Id*. at 819. Barry did not dispute that he misappropriated Dottie's money, and there was no dispute that Barry transferred money to Hogg. *Id*. The question was whether Dottie had a claim of conversion against Hogg—and in addressing whether money that was transferred to Hogg was sufficiently identifiable as Dottie's money, the court found an issue of fact existed as to whether the $20,000 transferred to Hogg could

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

be identified as Dottie's money, because the very small beginning balances in Dottie and Barry's joint account, Barry's personal account, and Hogg's account made it possible to identify at least a portion of $20,000 that passed through the accounts as being Dottie's specific money. *Id.* at 820 n.23.

Here, Plaintiffs have not alleged, and cannot make, a similar showing. Plaintiffs allege that in total, they paid approximately $115,000 to Reed Hein. Dkt. 55 at ¶¶ 18, 22, 29, 34, 38, 41, 45, 49, 53, 56, 59, 62, and 65. That is out of an alleged $70,000,000 that Reed Hein allegedly received from putative class members in this case*, id.* at ¶¶ 12, 131, 185, and $200,000,000 in total revenue that Reed Hein allegedly received from all its customers. Dkt. 33 (Lovejoy Decl.), Ex. 24.

This, on its own, makes it implausible that Plaintiffs' relatively tiny payments are identifiable among this huge amount of money. But the Amended Complaint goes further in undermining the conversion claim. Plaintiffs' conversion theory expressly rests on the allegation that Plaintiffs paid Reed Hein, and Reed Hein made the funds untraceable by treating them as general revenue, rather than tracking them on a customer-by-customer basis. Dkt. 55 at ¶¶ 197–210 (amounts paid directly to Reed Hein) and ¶¶ 135, 236, 238 (payments treated as general revenue). The Amended Complaint also makes clear that just a portion of that comingled revenue was paid by Reed Hein for marketing, and that the Lampo Defendants were only one of their advertising outlets. *Id.* at ¶ 119. It is also alleged that all payments to the Lampo Defendants were filtered through Happy Hour; "[a]t all times, Reed Hein … made payments to [the Lampo Defendants] *via* Happy Hour Media." *Id.* at ¶ 116 (emphasis in original).

Simply put, the mathematical details in Plaintiffs' Amended Complaint refute Plaintiffs' conversion claim:

- Of the $\underline{$200,000,000}$ in customer payments that were allegedly treated as general income, only $\underline{$70,000,000}$ is alleged to have come from customers who reached Reed Hein as a result of advertisements related to the Lampo Group. *Id.* at ¶¶ 12, 131, 185.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

- Plaintiffs allege Reed Hein paid Happy Hour $10,000,000 annually, Dkt. 55 at ¶ 134, but that the Lampo Defendants only received $450,000 per month (which translates to $5.4 million a year). *Id.* at ¶¶ 5, 134.

- Plaintiffs allege Reed Hein recognized $70,000,000 in revenues from customers who came from Ramsey advertisements, but only allege that $30,000,000 of that money was ever paid to the Lampo Defendants (in total) after being comingled with general funds and funneled through Happy Hour. *Id.* at ¶ 131.

It is not plausible that in the midst of all these transfers, treatment as general revenue, and splitting of funds received from customers that any individual customer's money is identifiably in the possession of the Lampo Defendants today. Plaintiffs' approximately $115,000 was a tiny fraction of the money that was not separately accounted for; moreover, it was comingled with general funds, of which only a relatively portion was paid to the Lampo Defendants after being filtered through Happy Hour. Plaintiffs have not alleged that their money was tracked, or that it ever could be tracked, in a manner that would identifiably show that the Lampo Defendants ended up with any of the funds Plaintiffs personally paid to Reed Hein. It simply is not plausible that "the money … 'is capable of being identified, as when delivered at one time, by one act and in one mass.'" Dkt. 74 at 15–16 (*quoting Brown,* 239 P.3d at 610).

Indeed, Plaintiffs have also failed to plausibly allege that *their* identifiable money was used by Reed Hein for advertising with the Lampo Defendants, as opposed to paying wages, office rent, janitorial services, health insurance, or advertising with outlets other than the Lampo Defendants. Under Plaintiffs' conversion theory, Plaintiffs (and all Reed Hein customers) also have conversion claims against anyone who received any money from Reed Hein, including former employees, landlords, cleaning services, insurance companies, car rental agencies, and others. The "identification" requirement is meant to avoid precisely such a result by limiting recovery to those situations where a plaintiff's specific money can be particularly traced through to a specific recipient, and remains specifically identifiable. Because there is no pleaded or plausible means to trace any of Plaintiffs' money through Reed Hein and Happy Hour to the Lampo Defendants, and to identify it

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

as of today, Plaintiffs have failed to state a claim for conversion. The conversion claim against the Lampo Defendants must be dismissed, just as it was against Happy Hour.

### C. The Court Should Not Grant Leave to Amend.

When the Court dismisses Plaintiffs' conversion claim against the Lampo Defendants, it should do with prejudice and without leave to amend. The Court previously provided Plaintiffs an opportunity to amend their conversion claim to address the problems with the Amended Complaint's allegations about whether Plaintiffs' funds were specifically traceable when paid from Reed Hein to Happy Hour. Dkt. 74 at 17. Plaintiffs chose not to amend to solve those problems. Dkt. 75. There is nothing that warrants giving them an opportunity to reconsider that decision.

### III. CONCLUSION

For the reasons stated above, the Court should dismiss the conversion claim against the Lampo Defendants with prejudice.

DATED this 18th day of April, 2024.

*I certify that this memorandum contains 2,060 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754
Patty A. Eakes, WSBA No. 18888
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
damon.elder@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401