THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,

    Defendants.

Case No. 2:23-cv-00630-JLR

**PLAINTIFFS' RESPONSE TO THE LAMPO DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFFS' CONVERSION CLAIM**

Noting Date: May 10, 2024

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I.   INTRODUCTION

Defendants' motion for a judgment on the pleadings should be denied for three reasons. First, Defendants are not entitled to relief under Fed. R. Civ. P. 12(c) because a party cannot dispute all the material facts relevant to a 12(c) motion and then move for dismissal on the grounds that the facts are undisputed. *Murphy v. Dep't of Air Force*, 326 F.R.D. 47 (D.D.C. 2018) (K. Brown Jackson, J.). Doing so creates genuine issues of material fact that preclude a Fed. R. Civ P. 12(c) motion.

Second, this motion is essentially a Fed. R. Civ. P. 59 motion for reconsideration filed more than 28 days after the Court granted Plaintiffs the right to amend the Complaint against objection, which violates Fed. R. Civ. P. 59(e). Defendants identify nothing new in the briefing or the facts of the case that would merit a renewed challenge to the sufficiency of the pleadings, after their futility argument was rejected because on the grounds that identifiability was a question of fact. Dkt. No. 53 at 13.

Third, the Amended Complaint does adequately allege that the converted money is identifiable and traceable. As the Amended Complaint states, the Ramsey Defendants and Reed Hein each kept extensive records of the customers referred from Dave Ramsey precisely, so Reed Hein could calculate the proper payment to the Ramsey Defendants for the Ramsey referrals. *E.g.*, Dkt. No 56 at 34-35 (¶¶145-153). It is plausible that those records would reconcile any identifiability issues raised by the difference between the overall payments to Reed Hein and the payments made by Ramsey referrals. When viewed through an un-truncated version of the relevant case law, that is adequate to survive a Fed. R. Civ. P. 12(c) motion. As

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

the Court ruled when it previously rejected Defendants' argument, that turns the identifiability

of money into a question of fact. Dkt. No. 53 at 13.

## II.   ARGUMENT

### a.   Standard of Review

A Rule 12(c) motion for judgment on the pleadings is evaluated under the same standards

as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Baker v. Colonial Life &*

*Accident Ins. Co.*, No C1400319JLR, 2014 WL 1744164, at *2 (W.D.Wash. Apr. 30, 2014).

As such, the "compliant must state sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Judgment on the pleadings is proper when the moving party clearly establishes on the

face of the pleadings that no material issue of fact remains to be resolved and that it is entitled

to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896

F.2d 1542, 1550 (9th Cir., 1989); *see also Fleming v. Pickard*, 581 F.2d 922, 925 (9th Cir.,

2009) (when considering a 12(c) motion, the court "must accept all factual allegations in the

complaint as true . . . Judgment on the pleadings is properly granted where there is no issue of

material fact in dispute"). "The court must assume the truthfulness of the material facts alleged

in the complaint. All inferences reasonably drawn from these facts must be construed in favor

of the responding party." *Creighton v. City of Livingston*, 628 F.Supp.2d 1119, 1207 (E.D.Cal.,

2009) (citing *Westlands Water Dis. V. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir., 1998));

*see also National Lifeline Ass'n v. Batjer*, 2023 WL 1281676 at *5-6 (9th Cir., Jan. 31, 2023)

(Baker, J., concurring in judgment) (describing which facts should be taken as true in the Rule

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT
ON THE PLEADINGS* - Page 4
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

12(c) context). "Not only must the court accept all material allegations as true, but the complaint must be construed, and all doubts resolved, in the light most favorable to the plaintiff." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir., 1988).[1]

As other district courts have explained, "a party seeking judgment on the pleadings under Rule 12(c) must . . . demonstrate that the law entitles him to win given the undisputed facts that have been alleged in both parties' pleadings." *Murphy v. Dept. of Air Force*, 326 F.R.D. 47, 49 (D.D.C., 2018) (K. Brown Jackson, J.); *see Thoms v. Adv. Tech. Systems Co., Inc.*, 2021 WL 5450453 (M.D. Ala., Nov. 22, 2021) ("If a review of the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied") (internal quotation marks omitted); *Sommerville v. West Town Bank & Trust*, 2020 WL 8256358 (D. Md., Dec. 4, 2020) ("A motion for judgment on the pleadings under [Rule 12(c)] seeks a remedy that is available and appropriate only in certain circumstances—namely, to 'dispos[e] of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further.'") (second alteration in original and quoting 5C Arthur R. Miller, Mary Kay Kane, & A. Benjamin Spencer, *Federal Practice and Procedure* § 1368 (3d ed.)). The undisputed nature of factual

---

[1] Plaintiffs acknowledge that *Hal Roach Studios* and *McGlinchy* predate *Twombly* and *Iqbal* and thus that certain standards applicable to Rule 12(b)(6) motions differed at the time *Hal Roach Studios* and *McGlinchy* were decided. However, neither *Twombly* nor *Iqbal* directly addresses Rule 12(c) motions and the quoted portions of *Hal Roach Studios* and *McGlinchy* address considerations specific to Rule 12(c) motions. Further, following *Twombly* and *Iqbal*, both *Hal Roach Studios* and *McGlinchy* continue to be favorably cited by courts in the 9th Circuit in the Rule 12(c) context. *See, e.g., Ironshore Indemnity, Inc. v. Rogas*, 2023 WL 6999435 (9th Cir., Oct. 24, 2023) (citing *Hal Roach Studio*); *Keithly v. Intellius Inc.*, 764 F.Supp.2d 1257, 1260 (W.D. Wash., 2011) (citing *McGlinchy*).

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT ON THE PLEADINGS* - Page 5
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

allegations in the pleadings is demonstrated where the other party admits the truth of the allegations. *See Murphy*, 326 F.R.D. at 50.

### b. The Identifiability of Funds is a Fact Issue and Not Appropriate for Resolution through a Rule 12(c) Motion.

The identifiability and identification of funds is a fact-based inquiry that is not appropriate for resolution through a motion for judgment on the pleadings. *See Entegra Power Group LLC v. Dewey & Leboeuf LLP*, 493 B.R. 421, 436 (Bankr. S.D.N.Y., 2013) ("Tracing [funds] is a fact intensive inquiry that cannot be resolved on the motions for judgment on the pleadings"). The court previously determined that whether Plaintiff's funds remain identifiable with respect to the Ramsey Defendants is an issue of fact. *See* Dkt. 53 at 10:9-13:3 (December 5, 2023 Order on Plaintiffs' Motion to Amend). The Ramsey Defendants have not submitted new facts, and all facts and pleadings before the court now were also before the Court on when ruling on Plaintiffs' Motion to Amend. There is no compelling reason to change course from the December 5, 2023 ruling on this same issue and the Ramsey Defendants' motion should be denied.

### c. Plaintiffs Have Stated a Plausible Claim for Conversion

Under Washington law, "[c]onversion is the unjustified, willful interference with a chattel which deprives a person entitled to the property of possession." *In re Marriage of Langham & Kolde*, 106 P.3d 212, 218 (Wash. 2005) (quoting *Meyers Way Dev. Ltd. P'ship v Univ. Sav. Bank*, 910 P.2d 1308, 1302 (Wash. Ct. App. Div. 1, 1996)). Money may be the subject of conversion. *Westview Inves., Ltd. v. U.S. Bank Nat. Ass'n*, 138 P.3d 638, 646 (Wash. Ct. App. Div. 1, 2006). "There is nothing in the nature of money making it an improper subject

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT ON THE PLEADINGS* - Page 6
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

of [conversion] so long as it is capable of being identified." *Davin v. Dowling*, 262 P. 123, 125 (Wash. 1927) (quoting *Hazelton v. Locke*, 104 Me. 64, 71 A. 651 (Me., 1908)). Defendants suggest that money must be "delivered at one time, by one act and in one mass," but that is not the full quote. Dkt. No. 76 at 6:14-15. A fuller quote is: "when delivered at one time, by one act and in one mass . . . or when the deposit is special and the identical money is to be kept for the party making the deposit, or when wrongful possession of such property is obtained." *Id.* (citations omitted).[2] Wrongful possession or retention is a question of fact. *See Brown ex rel. Richards v. Brown*, 157 Wash. App. 803, 818 (Wash. Ct. App. Div. 1, 2010) ("Whether Hogg wrongfully received or retained the $20,000 reverse mortgage proceeds is a question of fact.").

The Ramsey Defendants argue that Plaintiffs have not stated sufficient information in the Amended Complaint regarding the element of identifiability of funds. *See* Dkt. No. 76 at 5:7-6:2. They do not argue Plaintiffs have failed to state a claim regarding any other elements of their conversion claim. *See generally* Dkt. No. 76.

On its face, the Amended Complaint implies Plaintiffs may be able to identify the funds. The Amended Complaint includes specific and detailed allegations about extensive customer records and tracking by the Ramsey Defendants and Reed Hein & Associates ("Reed Hein"), including information about referrals, payments from Reed Hein customers, and payments to

---

[2] Plaintiffs note that the sentences in *Hazelton* immediately following those quoted in *Davin* are relevant to the Ramsey Defendants' identifiability argument: "In *Moody v. Keener*, 7 Por. Ala. 2181, it was held that in actions of tort only the same certainty is required as in indictments, that it was not necessary to set out the money verbatim, that the description in a general manner is sufficient. This is in accordance with decisions of this State." *Hazelton v. Locke*, 104 Me. 164, 167, 71 A. 661 (Me., 1908).

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT ON THE PLEADINGS* - Page 7
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

the Ramsey Defendants. *See* Dkt. No. 55, ¶¶ 12, 122, 135, 145-153. Among the elaborate

detailing in ¶¶145-153 is the following:

145.   The Lampo Group, Dave Ramsey, Happy Hour Media Group, and
       Reed Hein & Associates kept extensive and contemporaneous records
       of Ramsey listeners referred to Reed Hein by The Lampo Group and
       Dave Ramsey.

146.   The customer referral records were important to the business of all
       parties because Reed Hein paid The Lampo Group and Dave Ramsey
       both a flat fee for advertising and a per-lead rate for customer referrals.

147.   Happy Hour Media Group, The Lampo Group, and Dave Ramsey
       tracked which customers were referred to Reed Hein by Dave Ramsey
       through uniquely assigned discount codes and special phone numbers
       available only through advertisements placed on programs produced
       and broadcast by The Lampo Group.

                                        ***

149.   The Lampo Group created an online system, dubbed Ramsey
       Frontman, through which it embedded forms on its website to refer
       website visitors to Reed Hein. The system collected and maintained
       records of who was referred to Reed Hein. The Lampo Group was, in
       part, *paid on a per-lead basis for Ramsey Frontman referrals*.

Dkt. No. 55 at 34-35 (italics added). Furthermore, Plaintiffs allege existing Reed Hein records

include payment amounts and referral sources for each Plaintiff and each other customer

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

referred by the Ramsey Defendants. *Id.* at ¶¶ 151-152. That is all plausible, considering that "Reed Hein gave Ramsey a portion of the money Ramsey advised his listeners to spend." *Id.* at ¶ 122.

In sum, Plaintiffs allege that: 1) contemporaneous Reed Hein customer records exist for each Plaintiff and each other customer referred by the Ramsey Defendants; 2) those records include referral sources and payment amounts; 3) the Ramsey Defendants were, in part, paid for each referred Reed Hein customer; 4) records exist showing which Reed Hein customers were referred by the Ramsey Defendants and on which dates, including records related to referred customers for whom the Ramsey Defendants were paid on a per-lead basis; 5) records of each payment from Reed Hein to the Ramsey Defendants exist.

It is plausible that, given the extent of the alleged recordkeeping and the number of interactions between Reed Hein and the Ramsey Defendants related to each referred customer, that Plaintiffs could sufficiently identify the funds.

> **d. Material Facts in the Pleadings Relevant to the Identifiability Issue are Disputed, and a Rule 12(c) Motion is Not a Proper Vehicle for the Relief Sought**

A defendant who disputes the facts alleged in a complaint cannot seek Fed. R. Civ. P. 12(c) relief because by claiming those facts are undisputed. *Murphy*, 326 F.R.D. at 47-48. As the United States Court for the District of Columbia explained, a Fed. R. Civ. P. 12(c) motion differs with a Fed. R. Civ. P. 12(b) motion in precisely that regard. In contrast to a Fed. R. Civ. P. 12(b) motion,

> [a] Rule 12(c) motion is thus filed after the defendant has submitted an answer, see Fed. R. Civ. P. 12(c), and such a motion relies on both sets of pleadings (i.e., the plaintiff's complaint and the

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT ON THE PLEADINGS* - Page 9
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1
2
3
4
5

> defendant's answer) to support an argument made by either party
> about the merits of the dispute at hand…unlike a Rule 12(b)(6)
> motion, a Rule 12(c) motion asks the court to render "a judgment on
> the merits ... by looking at the substance of the pleadings and any
> judicially noted facts." Thus, a Rule 12(c) motion requires the court
> to consider and decide the merits of the case, on the assumption that
> the pleadings demonstrate that there are no meaningful disputes as
> to the facts such that the complaint's claims are ripe to be resolved
> at this very early stage in the litigation.

6

*Murphy*, 326 F.R.D. at 48–49 (internal citations omitted). As a consequence:

7
8
9

> a party seeking judgment on the pleadings under Rule 12(c) must
> make a different showing than a defendant who requests that the
> complaint be dismissed under Rule 12(b)(6)—i.e., the Rule 12(c)
> movant must demonstrate that the law entitles him to win given the
> undisputed facts that have been alleged in both parties' pleadings.

10

*Id.* The District of Columbia district court therefore allowed the defendant to bring a CR 12(c)

11

motion only *after* amending the Answer to "accept[] the material allegations of fact as true…"

12

*Id.* at 50. In other words, a defendant cannot simultaneously deny allegations and then use the

13

allegations it denied to seek judgment on the pleadings.

14

In their Answer to Plaintiffs' Amended Complaint, the Ramsey Defendants deny many

15

of the material facts they rely upon to disprove identifiability. Plaintiffs posit that paragraphs

16

12, 122, 135, and 145-153, the paragraphs identified and described above, are the most relevant

17

to the identifiability issue. The Ramsey Defendants deny the factual allegations in each of

18

those paragraphs in their answer. *See, e.g.,* Dkt. 63 ¶ 12 ("The Lampo Defendants lack

19

sufficient knowledge or information to admit or deny the allegations in this paragraph, and

20

therefore deny those allegations"); ¶ 122 ("The Lampo Defendants deny the allegations in this

21

paragraph"); ¶ 135 ("The Lampo Defendants deny that David Ramsey was ever paid by Reed

22

Hein. The Lampo Defendants lack sufficient knowledge or information to admit or deny the

23

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

remainder of the allegations in this paragraph, and therefore deny those allegations"); ¶ 149 ("The Lampo Defendants deny that Ramsey Frontman collected or maintained records. As to any remaining allegations in this paragraph . . . the Lampo Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore deny those allegations"); ¶ 153 ("The Lampo Defendants deny that they 'referred' any listeners to [Reed Hein]. The Lampo Defendants lack sufficient knowledge or information to admit or deny the allegations in this paragraph as to records kept or maintained by [Reed Hein], and therefore deny those allegations").

The material facts relevant to identifiability are thus disputed in the pleadings and judgment on the pleadings would be inappropriate.

**e.    Defendants' Argument that Dismissing the Conversion Claims Against Happy Hour Necessitates the Dismissal of the Conversion Claim Against Them Misunderstands the Difference Between the Intermingled Funds of Happy Hour and the Non-Intermingled Funds Paid to Ramsey**

Defendants argue that the Court's dismissal of the conversion claim necessitates dismissal of the conversion claims against the Ramsey Defendants because the Ramsey Defendants were further down the monetary chain of custody than Reed Hein. That misunderstands the reasons why the Court dismissed the conversion claim against Happy Hour. Happy Hour was a marketing company with various sources of income other than Reed Hein. The Court found that putting the money in the operating account of Happy Hour made it indistinguishable from its own funds. But by withdrawing it to pay the Ramsey Defendants on behalf of Reed Hein it disentangled those funds, identified them as Reed Hein money, and

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT ON THE PLEADINGS* - Page 11
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

resumed the pass-through nature of its role. In this case, they were Reed Hein funds paid to the Ramsey Defendants specifically for referring to the Ramsey customer class.

As Defendants acknowledge, the Amended Complaint also alleges that the Ramsey Defendants received $30,000,000 to refer $70,000,000-worth of Ramsey listeners to Reed Hein.  Recognizing the fungibility of money, it stands to reason that if Reed Hein paid The Ramsey Defendants $30,000,000 for sending $70,000,000 of referrals to Reed Hein, then they were necessarily paid a subset of the money from Ramsey referrals.

### f.      The Court Should Not Hear this Motion for Reconsideration

The Court should not hear this motion because it violates Fed. R. Civ. P. 59(e) by asking for reconsideration greater than 28 days after the Court's order denying Defendants' motion to dismiss the conversion claim. Nothing material has changed in the case or the Plaintiffs' filings since that time and the Defendants fail to demonstrate otherwise. The only new information Defendants raise is the fact that Plaintiffs opted not to amend the Complaint after the Court dismissed conversion claims against Happy Hour, which is immaterial to the Court's consideration.

### g.      If the Court Dismisses the Conversion Claims, It Should Do So Without Prejudice and With Leave to Amend

If the court dismisses Plaintiffs' conversion claims it should do so without prejudice. Most importantly, the Amended Complaint could be amended to create a "Conversion Class," including the entire base of Reed Hein customers, who were Reed Hein's lone source of revenue. If so, it would necessarily be the case that any money paid to the Ramsey Defendants

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT ON THE PLEADINGS* - Page 12
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

on behalf of Reed Hein can be traced to those customers and distributed to those customers *pro rata*.

The Ramsey Defendants argue that Plaintiffs should not be allowed to amend because they chose not to amend the Complaint when the Court dismissed their conversion claim against Happy Hour. Defendants do not provide authority, argument, or any support for that reasoning. When Plaintiffs declined to amend following the court's dismissal of their conversion claim against Happy Hour, they specifically did so without waiving "any objection or right to amend the complaint at a later date." Dkt. No. 75. The circumstances here are different. *See* Dkt. 74 at 17:1-3 (noting Happy Hour's motion "raise[d] arguments specific to its own role in the events underlying Plaintiffs' claims that were not before the court when it granted Plaintiff's motion for leave to amend"). If the Court dismisses Plaintiffs' conversion claim against the Ramsey Defendants, it should do so without prejudice.

### III.   CONCLUSION

For the reasons stated above, the Court should not dismiss Plaintiffs' conversion claim against the Ramsey Defendants. Plaintiffs have stated a plausible claim and unresolved issues of material fact preclude dismissal of their conversion claim through a Rule 12(c) motion. Should the Court nonetheless dismiss Plaintiffs' conversion claim against the Ramsey Defendants, it should do so without prejudice and with leave to amend.

DATED this 3rd day of May, 2024.

*I certify that this memorandum contains 3,212 words, in compliance with the Local Civil Rules.*

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1

2
                    **ALBERT LAW, PLLC**

3
        By:   _s/ Gregory W. Albert_____
              Gregory W. Albert, WSBA #42673

4
              Tallman Trask IV, WSBA #60280
              3131 Western Ave., Suite 410

5
              Seattle, WA 98121
              (206) 576-8044

6
              greg@albertlawpllc.com
              tallman@albertlawpllc.com

7
              And—

8

9
                    **FRIEDMAN | RUBIN®**

10
        By:   _s/ Roger S. Davidheiser_____
              Roger S. Davidheiser, WSBA #18638

11
              1109 First Ave., Ste. 501
              Seattle, WA 98101

12
              (206)501-4446
              rdavidheiser@friedmanrubin.com

13
              ***Attorneys for Plaintiffs***

14

15

16

17

18

19

20

21

22

23

*PLTFFS' RESPONSE TO MTN FOR JUDGMENT*
*ON THE PLEADINGS* - Page 14
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630          ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044          FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446