THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFFS' CONVERSION CLAIM**<br><br>Noting Date: May 10, 2024 |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# I.     INTRODUCTION

Plaintiffs cannot dispute the logic of the present motion.  The Court dismissed Plaintiffs' conversion claim against Happy Hour Media Group ("Happy Hour") because Plaintiffs' specific funds could not be traced to Happy Hour, and the Amended Complaint alleges Defendants David L. Ramsey and The Lampo Group, LLC ("the Lampo Defendants") received all payments at issue in this case from Happy Hour.  It necessarily follows that the conversion claim against the Lampo Defendants must be dismissed for the same reason.  The Amended Complaint suffers from the same lack of plausible allegations regarding the identifiability of funds in the possession of the Lampo Defendants as it does with respect to Happy Hour.

Unable to refute these arguments on the merits, Plaintiffs resort to misplaced procedural arguments.  Plaintiffs argue that a case out of the District of Columbia provides the correct standard of review in this case, even though it conflicts with precedents from the Ninth Circuit and this Court. And Plaintiffs argue that the Lampo Defendants have improperly moved for reconsideration, even though the Lampo Defendants are not asking the Court to reconsider *any* prior ruling.

The Lampo Defendants ask the Court to dismiss the conversion claim with prejudice.

# II.     ARGUMENT

## A.     Motions for Judgment on the Pleadings Are "Functionally Identical" to Motions to Dismiss

Plaintiffs contend that on a motion for judgment on the pleadings, the Court must consider whether there are factual conflicts between the Amended Complaint and the Answer.  Opp. at 5, 9-10.  However, because the Lampo Defendants are moving under Rule 12(c) for failure state a claim, that is not the law in the Ninth Circuit or this Court:

> The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are *functionally identical*, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM (Case No. 2:23-cv-00630-JLR) - Page 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (emphasis added); *see also*

2    *Abacus Guardianship, Inc. v. United States*, No. C21-0921JLR, 2022 WL 374325, at *2 (W.D.

3    Wash. Feb. 8, 2022) ("The standard for dismissing claims under Rule 12(c) is 'substantially

4    identical' to the Rule 12(b)(6) standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."),

5    *citing Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012); *Manchester v. Ceco Concrete Const.,*

6    *LLC*, No. C13-832RAJ, 2014 WL 6684891, at *3 (W.D. Wash. Nov. 24, 2014) ("the only differences

7    between the two motions are (1) the timing …, and (2) the party bringing the motion [can be any

8    party]").  And under the 12(b)(6) standard, the question is "whether the *complaint*'s factual

9    allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S.*

10   *ex rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (emphasis added).

11       Plaintiffs reply principally on a case from the U.S. District Court for the District of Columbia.

12   Opp. at 1, 5, 9-10 (citing *Murphy v. Dept. of Air Force*, 326 F.R.D. 47, 48-50 (D.D.C. 2018)). But

13   not only was *Murphy* not ruling on the merits of a motion under Rule 12(c), *id.*, *Murphy* ignored that

14   a Rule 12(c) motion can raise the argument that a party has failed to state a claim, and it states a

15   minority rule not followed in this Court.  *See Teamsters Loc. 237 Welfare Fund v. ServiceMaster*

16   *Glob. Holdings, Inc.* 2022 WL 52368343, at *3 (W.D. Tenn. Oct. 5, 2022) ("*Murphy* never addressed

17   other provisions of Rule 12 that permit a defendant to raise … a failure to state a claim[] in a Rule

18   12(c) motion…"); *Sanders v. City of Saratoga Springs*, 2023 WL 5563386, at *4 n.4 (N.D.N.Y.

19   Aug. 29, 2023) ("Plaintiff [relies] on *Murphy*[, but] as [d]efendants point out, 'the Second Circuit

20   has long held that a [Rule 12(c)] motion ... is decided under the same standard as a [Rule 12(b)(6)]

21   motion.'"); *see also* Rule 12(h)(2) (failure to state claim can be raised in a Rule 12(c) motion).

22       The standard applicable to the present motion, which argues a failure to state a conversion

23   claim, is the same as for a motion to dismiss—and thus the Court need not consider the contents of

24   the Lampo Defendants' Answer at this time.  *Smith v. L'Heureux*, No. C18-5427-RBL-TLF, 2019

25   WL 2059214, at *2 (W.D. Wash. Apr. 12, 2019) ("Where Rule 12(c) is used to raise the defense of

26

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

failure to state a claim, the Court analyzes a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings utilizing the same standard as a motion to dismiss for failure to state a claim…").[1]

**B.    The Complaint Does Not Plausibly State a Conversion Claim.**

Plaintiffs do not dispute the Court's conclusion that they bear the burden to demonstrate that "the 'specific' or 'identical' money that they paid to Reed Hein remained identifiable" when the Lampo Defendants received it.  Dkt. 74 at 17, *citing Davenport v. Wash. Educ. Ass'n,* 197 P.3d 686, 695 (Wash. Ct. App. 2008) and *Brown ex rel. Richards v. Brown*, 239 P.3d 602, 610 (Wash. Ct. App. 2010).

Despite that concession, Plaintiffs have not cited a single paragraph in the Amended Complaint demonstrating the specific funds paid by any Plaintiff can be traced to Happy Hour, much less through Happy Hour to the Lampo Defendants, or can otherwise now be identified in the possession of the Lampo Defendants.  At most, Plaintiffs point to allegations that Lampo Defendants tracked "referrals" to Reed Hein, and that the number of referrals was one way Reed Hein and Happy Hour calculated the amounts paid to the Lampo Defendants.  Opp. at 8-9.  This demonstrates nothing about *which* funds were used to pay the Lampo Defendants and does not demonstrate that any individual Plaintiff's funds remain identifiable and in the possession of the Lampo Defendants.

Nor can Plaintiffs explain how their allegations can plausibly avoid the fact that (1) Plaintiffs have not alleged their funds were traceable through Reed Hein to Happy Hour, Dkt. 74 at 15-17, and (2) Plaintiffs allege that "[a]t all times, Reed Hein … made payments to [the Lampo Defendants] *via* Happy Hour Media."  Dkt. 55 at ¶ 116 (emphasis in original).  The simple logic is that because the funds were not traceable to Happy Hour, they could not be traced to the Lampo Defendants.  Plaintiffs' rebuttal theory is implausible and unsupported by any allegations in the complaint.

---

[1] Plaintiffs' other cited cases also do not support their argument. *See Thoms v. Adv. Tech Sys. Co., Inc.*, 2021 WL 5450453, *6 (M.D. Ala., Nov. 22, 2021) (addressing Rule 12(c) motion that raised personal jurisdiction and preemption, not failure to state a claim); *Somerville v. W. Town Bank & Tr.*, 2020 WL 8256358, at *1–2 (D. Md. Dec. 4, 2020) (not reaching merits of motion, and not indicating that an answer should be considered on a Rule 12(c) motion for failure to state a claim).

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 3

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1    Plaintiffs acknowledge "[t]he Court found that putting the money in [Happy Hour's] operating

2    account made it indistinguishable from their own money," but then claim the money is *re-*

3    *identifiable* because, "by withdrawing it to pay the Ramsey Defendants on behalf of Reed Hein

4    [Happy Hour] disentangled those funds, identified them as Reed Hein money, and resumed the pass-

5    through nature of its role. Opp. at 11-12. This is not plausible, or even logical. If the funds were

6    indistinguishable from Happy Hour's general operating funds, they cannot be "disentangled" simply

7    because Happy Hour used some of its general operating funds to pay the Lampo Defendants. Even

8    under Plaintiffs' own theory, the funds would still not be identifiable as belonging to any particular

9    Plaintiff. Plaintiffs' conversion claim fails to plausibly allege that any of their specific and

10   identifiable funds were paid to the Lampo Defendants.

11   **C.    This is Not a Motion for Reconsideration.**

12            Plaintiffs argue, without citation or explanation, that the Lampo Defendants' motion is really

13   a motion to reconsider the Court's order on Plaintiffs' motion to amend their complaint to add a

14   conversion claim. But a motion for reconsideration is, by definition, a motion seeking to alter or

15   amend a prior ruling. Fed. R. Civ. P. 59(e); *see also* Local Rule 7(h) (motions for reconsideration

16   seek "modifications … in the court's prior order.")

17            The Lampo Defendants are not seeking reconsideration of the Court's decision to allow

18   Plaintiff to amend the complaint. Rather, the Lampo Defendants are now seeking, in an entirely

19   different motion with a different standard of review, the logical extension of the Court's order on

20   Happy Hour's motion to dismiss. Dkt. 74 at 15-17. Courts routinely consider motions that raise

21   issues that may *resemble* those that were considered on prior motions under a different standard of

22   review. *See, e.g., Castillon v. Corr. Corp. of Am., Inc.*, 2016 WL 3676116, at *6 (D. Idaho July 7,

23   2016) (no bar to raising issue on summary judgment that was previously raised on motion to dismiss

24   because "two different standards of review apply to the relevant Court orders"); *Sec. & Exch.*

25   *Comm'n v. Dalius*, 2023 WL 3988425, at *7 n.4 (C.D. Cal. May 24, 2023) (same); *Braden Partners,*

26   *LP v. Twin City Fire Ins. Co.*, 2017 WL 63019, at *6 (N.D. Cal. Jan. 5, 2017) (same). This is not a

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP,
LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 4

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  motion for reconsideration, and nothing about the Court's order on the motion to amend bars the

2  Court from considering and granting the present motion, especially given the Court's intervening

3  ruling on Happy Hour's motion to dismiss.

4       Similarly, there is no basis for Plaintiffs' argument that the traceability of funds is never a

5  proper basis for finding a failure to state a claim.  Opp. at 6.  In the ruling on Happy Hour's motion

6  to dismiss, the Court clearly found Plaintiffs' failure to plead the traceability of funds was an

7  appropriate basis for dismissal.  Dkt. 74 at 15-17.[2]  Likewise here, Plaintiffs have not pleaded that

8  their specific, identifiable funds are in the possession of the Lampo Defendants, and they have

9  therefore failed to plead a required element of their claim.

10 **D.  The Court Should Dismiss the Claim with Prejudice.**

11      Plaintiffs cannot dispute that the Court gave them leave to amend their conversion claim

12 against Happy Hour and Plaintiffs chose not to do so.  Dkt. 75.  There is nothing that warrants giving

13 them an opportunity to do so now.

14      The Court has broad discretion to deny leave to amend a complaint when leave has already

15 been given on the claim in question.  *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160

16 (9th Cir. 1989) ("[D]iscretion to deny leave to amend is particularly broad where plaintiff has

17 previously amended the complaint.").  And Plaintiffs do not propose any allegations that would solve

18 the problem of demonstrating their specific, identifiable funds were paid to the Lampo Defendants.

19 Instead, they propose the creation of a "conversion class" so that all money paid to the Lampo

20 Defendants by Reed Hein through Happy Hour could be "distributed to those customers *pro rata*."

21 Opp. at 13.  This simply confirms that Plaintiffs' amendments would not solve the tracing problem

22 and would instead seek to distribute ***non***-specific funds to Plaintiffs and another class of individuals

23

24 [2] Plaintiffs cite *Entegra Power Group LLC v. Dewey & Lebouf LLP*, 493 B.R. 421, 436 (Bankr.
   S.D.N.Y. 2013) for the proposition that tracing is never an appropriate issue for a motion for

25 judgment on the pleadings. Opp. at 6. However, the *Entegra* court concluded only that on the facts
   of that case, which involved a single client depositing funds at a law firm, that it was plausible that

26 the client's funds were traceable. *Id.*

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP,
LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1 equally, rather than returning their specific funds.  Plaintiffs have demonstrated the futility of their

2 proposed amendment.  The Court should dismiss the conversion claim with prejudice.

3                                    **III.     CONCLUSION**

4        The Court should dismiss the conversion claim against the Lampo Defendants with

5 prejudice.

6        DATED this 9th day of May, 2024.

7                                      *I certify that this memorandum contains 1,960 words,*
8                                      *in compliance with the Local Civil Rules.*

9                                      **MORGAN, LEWIS & BOCKIUS LLP**

10                                     By: *s/ Damon C. Elder*
                                       Damon C. Elder, WSBA No. 46754
11                                     Patty A. Eakes, WSBA No. 18888
                                       Andrew DeCarlow, WSBA No. 54471
12                                     1301 Second Avenue, Suite 3000
                                       Seattle, WA 98101
13                                     Phone: (206) 274-6400
                                       Email: patty.eakes@morganlewis.com
14                                             damon.elder@morganlewis.com
15                                             andrew.decarlow@morganlewis.com

16                                     *Attorneys for Defendants David L. Ramsey, III and*
                                       *The Lampo Group, LLC*

17

18

19

20

21

22

23

24

25

26

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP,
LLC'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE
PLEADINGS RE PLAINTIFFS' CONVERSION CLAIM
(Case No. 2:23-cv-00630-JLR) – Page 6

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401