THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION OF ALL CLAIMS AND STAY CASE PENDING ARBITRATION**<br><br>Noting Date: July 18, 2024 |

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR)

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

## I.   INTRODUCTION

Defendants The Lampo Group, LLC and David L. Ramsey, III (collectively, "the Lampo Defendants") move to compel arbitration of the claims of the named Plaintiffs in this case, and to stay this lawsuit pending the resolution of the arbitration.

Plaintiffs recently produced the contracts between eleven Plaintiffs and Reed Hein & Associates ("Reed Hein"),[1] all of which contain clauses requiring mandatory arbitration of those Plaintiffs' claims. While there are six Plaintiffs for whom no agreements have been produced, Plaintiffs also recently admitted that the agreements for those Plaintiffs more likely than not have identical, or nearly identical, arbitration clauses.

While the Lampo Defendants are not signatories to these contracts—and thus did not have possession or knowledge of the contents of the agreements until they were recently produced by Plaintiffs—all of Plaintiffs' claims against the Lampo Defendants are irreversibly intertwined with the contracts. Indeed, Plaintiffs' claims are all premised on Reed Hein's alleged failure to fulfill its obligations under these exact contracts. As the Court is aware, Plaintiffs allege the Lampo Defendants conspired with Reed Hein to convince them to pay money to Reed Hein pursuant to these contracts. Accordingly, Plaintiffs should be equitably estopped from arguing that their claims cannot or should not be arbitrated, and this Court should stay this case pending compelled arbitration.

## II.   BACKGROUND FACTS

### A.   Procedural Background

Plaintiffs allege the Lampo Defendants conspired with Defendant Happy Hour Media Group, LLC, and non-party Reed Hein, to induce consumers to sign contracts with Reed Hein, also known as "The Timeshare Exit Team." Dkt. 55, ¶¶ 2, 5, 7, 122, 131, 186, 231, 235. Plaintiffs allege they entered contracts with Reed Hein and paid Reed Hein thousands of dollars, in reliance on statements made by the Lampo Defendants. *Id.* at ¶¶ 18, 22, 29, 34, 38, 40, 41, 45, 49, 52-53, 56, 59, 62, 65,

---

[1] Plaintiffs first produced contracts for Katrina Benny, David and Rosemarie Bottonfield, Marilyn Dewey, Sara Erickson (see fn. 3), Leisa Garrett, Anna Patrick, Peter and Rachael Rollins, Tasha Ryan, and Rogelio Vargas in May and June 2024.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) - Page 1

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

197-209. Plaintiffs further allege the purported conspiracy between the Lampo Defendants and Reed Hein had the goal of convincing the Lampo Defendants' listeners to enter into agreements to pay Reed Hein so that Reed Hein could funnel part of those amounts to the Lampo Defendants. *See, e.g.*, *id.* at ¶¶ 122, 131, 132, 146, 231.

At the time this lawsuit was filed, the Lampo Defendants did not have copies of the Plaintiffs' contracts and thus did not and could not know they contained arbitration clauses. Nevertheless, the Lampo Defendants preserved all rights by asserting an affirmative defense of arbitration in their Answer. Dkt. 63, p. 30, ¶ 17. The parties also stipulated to a deadline of January 10, 2025, for any motions to compel arbitration, which this Court adopted in an Order. Dkt. 71. This motion is being brought well before the stipulated deadline and promptly after the Lampo Defendants learned of the existence of the Plaintiffs' arbitration clauses.

### B. Plaintiffs' Recent Production of Contracts with Arbitration Clauses

On February 21, 2024,[2] the Lampo Defendants propounded requests for production asking Plaintiffs to produce, among other things, their contracts with Reed Hein. Declaration of Damon Elder in Support of Motion to Compel Arbitration ("Elder Decl."), ¶ 2. The Lampo Defendants did not otherwise have these contracts. On May 8, 2024, for the first time, Plaintiffs produced to the Lampo Defendants the contracts that nine Plaintiffs signed with Reed Hein, all of which have arbitration clauses. *Id.* at ¶ 3.

On June 3, 2024, defense counsel emailed Plaintiffs' counsel to inform them of the Lampo Defendants' intent to move to compel arbitration and requested to meet and confer regarding the anticipated motion. *Id.*, at ¶ 4. The parties conferred on June 5, 2024, and Plaintiffs' counsel agreed to produce all remaining contracts by June 13, 2024, so that the parties could assess whether all or only some of them contained arbitration clauses before the Lampo Defendants brought this motion. *Id.* at ¶ 5. On June 13, 2024, Plaintiffs produced two more contracts, both of which also have

---

[2] Discovery was stayed pending resolution of motions to dismiss. Dkt. 28. The Lampo Defendants' motion and follow-on motions regarding the complaint, including Plaintiffs' motion to reconsider, were not resolved until December 2023. Dkt. 53. The Lampo Defendants answered the Amended Complaint in January 2024. Dkt. 63.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 2

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

arbitration clauses. *Id.* at ¶ 6. Also on June 13, Plaintiffs' counsel acknowledged that their other clients could not find their contracts, but that they had determined that the unfound contracts presumably also contain arbitration clauses. *Id.* at Ex. 1.

Thus, all the contracts produced for eleven Plaintiffs contain mandatory arbitration clauses, and the other Plaintiffs admit that their contracts presumptively contain the same provisions. *Id.* at Exs. 2-10 and ¶ 7. For nine Plaintiffs (both Bottonfields, Dewey, Erickson[3], Garrett, Patrick, both Rollinses, and Ryan), the arbitration clauses in their produced contracts are as follows:

**Arbitration of Disputes**

Any claim or controversy arising out of or relating to this Agreement, including arbitrability of a dispute pursuant to this provision, shall be fully and finally settled by arbitration under the authority of the Federal Arbitration Act and pursuant to the Rules of the American Arbitration Association then in effect for commercial disputes (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by Reed Hein and Owner or chosen in accordance with the AAA Rules, except that the parties thereto shall have any right to discovery as would be permitted by the Federal Rules of Civil Procedure for a period of 90 days following the commencement of such arbitration and the arbitrator thereof shall resolve any dispute which arises in connection with such discovery. Venue for arbitration or any other matter shall be exclusively in Snohomish County or King County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. This arbitration provision shall survive termination of this Agreement and any Exit.

*See* Elder Decl., Exs. 2-8.

//

//

//

//

---

[3] Plaintiffs produced, for Plaintiff Sara Erickson, a contract which bears the names of Sara and Tyrone So. Elder Decl., ¶ 6. Plaintiffs included in the Bates label for this contract, as well as in the name of the electronic file that was produced, that it is Ms. Erickson's document. *Id.* and Ex. 4. The Lampo Defendants thus assume Plaintiffs have labelled this correctly and that it is Ms. Erickson's contract.

DEFENDANTS DAVID RAMSEY, III AND THE
LAMPO GROUP, LLC'S MOTION TO COMPEL
ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

The contracts of the two other Plaintiffs who produced copies of their agreements (Benny and Vargas) contain the following clause that is substantially identical for the purposes of this motion:

> **8. Arbitration of Disputes**
> Any claim or controversy arising out of or relating to this Agreement shall be fully and finally settled by arbitration in accordance with the Rules of the American Arbitration Association then in effect (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by REED HEIN and OWNER or chosen in accordance with the AAA Rules. Venue for arbitration or any other matter shall be exclusively in Snohomish County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

*See* Elder Decl., Exs. 9, 10 at § 8.

The Lampo Defendants are not signatories to any of the agreements, and thus did not have them (and did not know they mandated arbitration) until they were produced in May and June 2024. *See id.*, Ex. 2-10. Since the agreements were produced, the Lampo Defendants have taken no other affirmative action in this case prior to the filing of this motion.

### III. ARGUMENT

#### A. Plaintiffs Admit They Entered the Contracts.

Plaintiffs admit in the Amended Complaint that they formed and entered contracts with Reed Hein. Each Plaintiff alleges they entered a contract with Reed Hein, and for Plaintiffs for whom contracts have been produced, the dollar amounts stated in those contracts are equal to the amounts, if any, stated in the complaint. *Compare* Dkt. 55 at ¶¶ 231 (all Plaintiffs), 18 (Patrick), 56 (Benny), 38 (Bottonfields), 49 (Dewey), 59 (Erickson), 29 (Garrett), 53 (Rollinses), 41 (Ryan; amount paid unspecified), 45 (Vargas) and Elder Decl., Exs. 2-10. Further, all contracts that have been produced and form the basis for this Motion were produced *by* the Plaintiffs in response to a request for production seeking their contracts with Reed Hein. Elder Decl., ¶¶ 3,6. For those Plaintiffs who have not been able to locate their agreements and produce them, it is sufficient that those Plaintiffs admit

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 4

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

their agreements with Reed Hein almost certainly contain the same or nearly identical arbitration clauses. *See, e.g.*, *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 832 (9th Cir. 2022) (the Court need only find by a preponderance of the evidence that a valid contract exists that contains an arbitration clause). Accordingly, there should be no dispute about whether Plaintiffs entered arbitration contracts with Reed Hein.

### B. A Non-Signatory Can Compel Arbitration of Claims Brought by a Signatory.

While the Lampo Defendants are not signatories to the contracts, they can compel arbitration under them. "A litigant who is not a party to an arbitration agreement may invoke arbitration … if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013), citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631, (2009). And Washington courts[4] agree: a non-signatory can compel arbitration of a signatory's claims under a theory of equitable estoppel. *E.g., Norwood v. Multicare Health Sys.*, ___ Wn. App. 2d ___, 2024 WL 2282848, at *4-8 (Wn. Ct. App. May 21, 2024) (non-signatory defendants compelled arbitration against plaintiff who signed arbitration agreement with third party).

Under the equitable estoppel doctrine, a non-signatory can compel arbitration on two independent bases: (1) to prevent "the party [opposing arbitration from] claiming a contract's benefits while attempting to avoid the arbitration provision," and (2) when a party to an arbitration agreement has brought claims that are "intertwined with the underlying contract obligations." *Norwood*, 2024 WL 2282848, at *6, citing *Townsend v. Quadrant Corp.,* 173 Wn. 2d 451, 464 (2012) and *David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. LLC.*, 13 Wn. App. 2d 159, 169-

---

[4] Plaintiffs' contracts all have Washington choice-of-law provisions. The Lampo Defendants assume for the purposes of this motion that Washington law governs the enforceability of the arbitration provisions. *See, e.g.*, *Norwood v. Multicare Health Sys*, 2024 WL 2282848, at *8 (Wn. Ct. App. May 21, 2024) ("Washington courts presume that forum selection clauses are valid and enforceable."). Notably, however, on their face, the scope of the choice-of-law provisions is narrower than the scope of the arbitration clauses. Thus, the Lampo Defendants reserve the right to argue at arbitration or in these proceedings that, while the arbitration clauses apply to all aspects of Plaintiffs' claims, the same is not true of the choice-of-law provisions. That issue does not need to be decided on this motion.

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 5

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

72 (2020).[5] *See also Rajagopalan v. NoteWorld, LLC*, 718 F.3d 844, 847–48 (9th Cir. 2013) (analyzing equitable estoppel in case where Washington law applied).

As explained below, both prongs of equitable estoppel apply. In analyzing the applicability of equitable estoppel to this case, the Court's focus should be on comparing the allegations of the complaint to the text of the contracts. *See, e.g.*, *Herrera v. Cathway Pac. Airways Ltd.*, 94 F.4th 1083, 1087-92 (9th Cir. 2024) (reviewing claims alleged to arbitration agreement); *In re Carrier IQ, Inc. Consumer Privacy Litig.*, 2014 WL 1338474, at *4 (N.D. Cal. Mar. 28, 2014) (standard of review is to look at complaint's allegations and contents of arbitration agreements); *David Terry*, 13 Wn. App. 2d at 163–65 (reviewing agreement against allegations).

C.  **Plaintiffs Rely on Their Contracts While Seeking to Avoid Arbitration.**

Plaintiffs pleaded their claims to rely on the terms of their Reed Hein contracts. *See, e.g.*, Dkt. 55, ¶¶ 2, 5, 7, 122, 131, 132, 146, 186, 231, 235. Yet, they now seek to avoid arbitration under those very same contracts. This, on its own, is sufficient reason to compel arbitration. *Norwood*, 2024 WL 2282848, at *6.

A plaintiff seeks the benefits of a contract when that plaintiff's claims against a non-signatory are dependent on the terms of the contract containing the arbitration clause. *See, e.g.*, *id.* (estoppel applies where a party "is claiming a contract's benefits while attempting to avoid the arbitration provision in the contract."). That is exactly the case here. Plaintiffs allege the Lampo Defendants should be held liable for damages which arose directly from Reed Hein's alleged breaches of the contracts. Plaintiffs' theory of recovery relies on their allegations that, **pursuant to their contracts**, they paid Reed Hein for a timeshare exit within a specified time, and Reed Hein failed to provide a

---

[5] The Washington Supreme Court has not specifically addressed the equitable estoppel doctrine where a non-signatory seeks to compel a signatory to arbitrate. However, it has adopted the doctrine where a signatory sought to compel arbitration by a non-signatory. *Townsend*, 173 Wn. 2d at 461-62. This alone led another judge of this Court to conclude that the Supreme Court would adopt it in a case where a non-signatory sought to compel arbitration. *See E. W. Bank v. Bingham*, 992 F. Supp. 2d 1130, 1132–35 (W.D. Wash. 2014) (Jones, J.). Since that decision, all three Washington appellate court divisions have ruled that equitable estoppel applies to such a situation. *See Norwood*, 2024 WL 2282848, at *6; *David Terry Invs.*, 13 Wn. App. 2d at 171-72; *Dekrypt Cap., LLC v. Uphold Ltd.*, 20 Wn. App. 2d 1043 (2022) (unpublished).

---

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 6

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

full refund of the fees Plaintiffs paid, thereby breaching its *contractual* promises. Plaintiffs' reliance on allegations about Reed Hein's actions and breaches of contract are central to their complaint. *See, e.g.,* Dkt. 55 at ¶¶ 81-114. Indeed, those allegations make plain that Plaintiffs rely on Reed Hein's breaches of their contracts, and especially Reed Hein's promise to either secure a timeshare exit for a customer or else provide a refund of fees Reed Hein collected, to support their claims against the Lampo Defendants.

All Plaintiffs individually allege that their harm, and their damages, are the direct result of Reed Hein's failure to abide by the terms of the contracts. To take just one example, the Nixons allege:

> **The Nixons executed a contract with Reed Hein for $7838.80**. **Reed Hein told the Nixons it would get them out of their timeshare contract within three years or provide the Nixons with a full refund.** … The Nixons requested a refund three years after signing their contract. Reed Hein denied their request. ... **Reed Hein never terminated the Nixons' timeshare contract. Reed Hein never provided the Nixons with a refund.**

*Id.* at ¶¶ 34, 35 (emphasis added). The other Plaintiffs have similar allegations tying their harm to Reed Hein's similar purported breaches. *See id.* (Benny: ¶¶ 56, 57, 206; Bottonfields: ¶¶ 38, 201; Dewey: ¶¶ 49, 204; Erickson: ¶¶ 59, 207; Garrett: ¶¶ 29, 30, 199; King: ¶¶ 65, 209; Larson: ¶¶ 62, 208; Morrills: ¶¶ 22, 23, 198; Nixons: ¶¶ 34, 200; Patrick: ¶¶ 18, 197; Rollinses: ¶¶ 56, 205; Ryan: ¶¶ 41, 202; Vargas: ¶¶ 45, 46). In addition, among other allegations, Plaintiffs specifically rely on the terms of the contracts as a basis for tolling the statute of limitations. *Id.* at ¶¶ 187-196 (because the contracts had terms of months or years, customers were unaware of claims until terms expired).

In brief, Plaintiffs use the portions of the contracts that they think will benefit them – the promises Reed Hein allegedly made and the contracts' stated times for performance – as the foundation of their claims against the Lampo Defendants. This case parallels *Dekrypt Cap., LLC v. Uphold Ltd.*, 20 Wn. App. 2d 1043 (2022) (unpublished), in which the court compelled arbitration

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 7

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

of claims of negligent misrepresentation against non-signatories to an agreement to purchase cryptocurrency because the claims "necessarily turn[ed] on the construction of the contract" between the plaintiff and the signatory defendants. *Id.* at 6. It would similarly be unfair here for Plaintiffs to rely on their contracts to support their claims yet avoid enforcement of the arbitration clauses, and they should be estopped from doing so.

### D. Plaintiffs' Claims are Also Intertwined with the Reed Hein Contracts.

Plaintiffs' claims are also subject to mandatory arbitration because their claims against the Lampo Defendants are "intimately founded in and intertwined with" their Reed Hein contracts. *Norwood*, 2024 WL 2282848, at *7. Not only are their core damages tied to the contracts, as explained above, Plaintiffs allege the Lampo Defendants *conspired* with signatory Reed Hein for the express purpose of convincing Plaintiffs to pay money to Reed Hein. According to the Amended Complaint:

> Defendants agreed among themselves and with Reed Hein to make deceptive and fraudulent statements about the services Reed Hein provided to induce customers to pay money for Reed Hein services.

Dkt. 55 at ¶ 235. In other words:

> Reed Hein … struck a deal with the Lampo Group in which Dave Ramsey agreed to make false statements about Reed Hein to induce his followers to spend on Reed Hein's illusory services.

*Id.* at ¶ 122. Similar allegations are spread throughout the Amended Complaint. *See, e.g., id.* at ¶¶ 2, 4, 5, 131, 176, 186 and p. 28 at heading f. And Plaintiffs' theory of how the Lampo Defendants were enriched by this conspiracy is unavoidably tied to their Reed Hein contracts:

> Plaintiffs conferred [] an economic benefit by ***entering into contracts and making payment*** to Reed Hein. … Plaintiffs relied on representations of Defendants ***when they entered into these contracts and made these payments***.

*Id.* at ¶ 231 (emphasis added).

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 8

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

In short, Plaintiffs cannot press their claims in this case without reliance on their Reed Hein contracts, what they paid pursuant to those contracts, what Reed Hein promised them under those contracts, and how Reed Hein allegedly breached those contracts. Indeed, the entire alleged purpose of the claimed conspiracy was to generate payments pursuant to those contracts. These conspiracy allegations, on their own, are enough to compel arbitration under a theory of equitable estoppel. *See Blanton v. Domino's Pizza Franchising LLC,* 2019 WL 5543027, at *3–4 (E.D. Mich. Oct. 25, 2019) (applying Washington law; plaintiffs' federal antitrust claims against non-signatory defendant were arbitrable under employment agreement because plaintiffs alleged conspiracy to suppress wages). *See also, e.g.*, *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947–48 (11th Cir. 1999), *abrogated in part on other grounds by Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009) (claims by signatory against non-signatory were arbitrable under a retail contract because (a) the claims were dependent on the money plaintiff paid pursuant to that contract and (b) plaintiff alleged a conspiracy to defraud her into paying more under that contract).

The Washington Court of Appeals, in all three decisions addressing equitable estoppel sought by non-signatories, has compelled arbitration on allegations that did not even rise to the level of a purported conspiracy. In *David Terry*, a signatory to a contract with an arbitration clause brought claims seeking to recover money from non-signatory defendants, which the plaintiff previously had paid to different entities who had signed the contracts. 13 Wn. App. 2d at 162-63. The plaintiff alleged that the entities who had signed the contracts had paid at least part of the money in question to the non-signatory defendants, and that one of the non-signatory defendants had made false representations to induce the plaintiff to sign the contract. *Id.* at 172. The court held that those claims were intertwined with the agreements, and thus subject to arbitration because the plaintiff's claim that the non-signatory defendant received funds that the signatory defendant had misappropriated "largely depend[ed] on the contractual rights and responsibilities" between the signatory plaintiff and the signatory defendant. *Id.* at 172. The court further held that allegations that one of the non-signatory defendants made false statements before and during the contract negotiations were

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 9

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

arbitrable because of the close relationship the defendant had with a signatory defendant, and that the alleged wrongs against the non-signatory could not be proven without reference to the alleged wrongs of the signatory. *Id.* This is a direct parallel to the allegations in this case that the Lampo Defendants' liability is based on their alleged inducement of Plaintiffs to contract with Reed Hein and the resultant damage caused by Reed Hein's alleged breaches of its contracts.

Similarly, in *Norwood*, the plaintiff was a contract anesthesiologist who had an arbitration contract with an agency that provided employees to hospitals. 2024 WL 2282848, at *1. She sued the non-signatory hospitals for which she had worked, claiming they wrongfully discharged her. *Id.* The court found her claims arbitrable because, in part, the claims could not "be understood without reference to the [contract]," the plaintiff's claims "depend on the existence of [the] contract," and the plaintiff's claims would require her to address certain clauses in the contracts. *Id.* at *7-8. There is, again, a direct parallel to this case, where Plaintiffs would have no claims against the Lampo Defendants without the Reed Hein contracts, and Plaintiffs will not be able to substantiate their claims without reference to the contracts or certain terms contained therein, such as the money-back guarantee. *See also Dekrypt Cap., LLC*, 20 Wn. App. 2d 1043 (arbitration compelled where plaintiff stated claims against non-signatories where damages were the amounts paid under contract and claims would require reference to the terms of the contract).

Plaintiffs' claims against the Lampo Defendants are intertwined with, and based on, their contracts with Reed Hein, and cannot be proven without reference to Reed Hein's alleged breaches of those contracts. As such, the Court should compel arbitration of Plaintiffs' claims.

### E.   The Court Should Stay This Case Pending Resolution of Arbitration.

The Court should stay all claims, for all Plaintiffs, pending the outcome of arbitration. A stay is appropriate and necessary where, as here, claims are subject to mandatory arbitration. *See, e.g., Smiles Servs. LLC v. Frye*, 2023 WL 6066683, at *2 (W.D. Wash. Sept. 18, 2023) (Estudillo, J.) (quoting *Kater v. Churchill Downs Inc.*, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2009) (Leighton, J.) ("Courts generally grant stays as to non-signatory defendants, when 'the plaintiff's

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

claims against a non-signatory defendant are intertwined with their arbitrable claims against [a signatory].'")).

### III.  CONCLUSION

The Court should compel arbitration for all Plaintiffs and stay this case.

DATED this 20th day of June, 2024.

*I certify that this memorandum contains 3,484 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754
Patty A. Eakes, WSBA No. 18888
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
damon.elder@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO COMPEL ARBITRATION AND STAY CASE
(Case No. 2:23-cv-00630-JLR) – Page 11

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401