THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| ANNA PATRICK, ET AL., individually and on behalf of all others similarly situated, | Case No. 2:23-cv-00630 JLR |
| Plaintiffs, | **JOINDER IN MOTION TO COMPEL ARBITRATION AND MOTION TO COMPEL ARBITRATION** |
| v. | **NOTED FOR CONSIDERATION: AUGUST 2, 2024** |
| DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company, | |
| Defendants. | |

10

11

12

13

14

15

16

17

18

### I. JOINDER AND RELIEF REQUESTED

19

Defendant Happy Hour Media Group, LLC ("Happy Hour") hereby joins in the Motion

20

to Compel Arbitration of All Claims and Stay Case Pending Arbitration filed by Defendants

21

David Ramsey, III and the Lampo Group, LLC (collectively, "Lampo") on June 20, 2024. Dkt.

22

82.

23

The claims against Happy Hour are similar to and arise out of the same set of facts as

24

those against Lampo. While Happy Hour, like Lampo, is not a signatory to the relevant

25

arbitration agreement, Happy Hour's connection to that agreement is as great as, or greater than,

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Lampo's. Therefore, if the Court grants the Motion to Compel Arbitration, it should compel arbitration of the claims against Happy Hour.

## II. FACTS

In order to avoid needless duplication, this Joinder and Motion incorporates and relies upon the factual recitations in Lampo's motion as well as its supporting declaration and exhibits. Dkt. 82 and 83. As with the claims against Lampo, all claims against Happy Hour arise out of the Plaintiffs' allegation that the Defendants were involved in advertising Reed Hein's services and that Plaintiffs were harmed because they signed up for Reed Hein's services. See Dkt. 82 at 1:20–2:4 and citations therein.

As is the case with Lampo, Happy Hour is not a signatory to any of the agreements between Reed Hein and Plaintiffs which contain the arbitration provisions all Defendants are seeking to enforce. Plaintiffs may argue that Happy Hour, unlike Lampo, had knowledge of the arbitration provisions when this case was filed because Brandon Reed, owner of Reed Hein, is also a partial owner of Happy Hour. But, like Lampo, Happy Hour has done nothing to waive any right to seek arbitration and is bringing this Joinder and Motion well ahead of the deadline to move to compel arbitration. See Dkt. 82 at 2:5–11.

## III. ISSUES PRESENTED

1.    The Plaintiffs signed arbitration agreements with Reed Hein. Their claims against Happy Hour and Lampo are inextricably intertwined with their business dealings with Reed Hein. Should the Court compel arbitration of all claims in this lawsuit?

2.    The Plaintiffs claims against Happy Hour are inextricably intertwined with their claims against Lampo. If this Court compels arbitration of the claims against Lampo should it, for the sake of efficiency and to avoid conflicting rulings, also compel arbitration of the claims against Happy Hour?

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 2

3.     If the Court compels arbitration of the claims against Lampo and does not compel arbitration of the claims against Happy Hour, for the sake of efficiency and to avoid conflicting rulings, should the Court stay the claims against Happy Hour pending the completion of the arbitrations?

## IV. LEGAL STANDARD

The Federal Arbitration Act ("FAA") permits Happy Hour to move to compel arbitration. 9 U.S.C. § 6. Where a valid arbitration clause applies to the parties' dispute, the court must order arbitration and stay the litigation before it pending the outcome of arbitration. 9 U.S.C. § 3; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (noting that the court has no discretion to avoid a valid arbitration clause). In considering a motion to compel arbitration, the "court's role under the Act . . . is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id*. at 1130. "Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011).

There is an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 631 (1985). As such, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 626.

## V. ARGUMENT AND AUTHORITIES

**A.     Plaintiffs have arbitration agreements with Reed Hein.**

Happy Hour incorporates Section A of the Argument in Lampo's Motion; eleven of the Plaintiffs produced contracts that contain clauses requiring mandatory arbitration of their disputes with Reed Hein and the remaining Plaintiffs admitted that their agreements more likely than not contain identical, or nearly identical, arbitration clauses. See Dkt. 82 at 4:17–5:5 and citations therein.

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 3

1

**B.      A non-signatory can enforce an arbitration agreement.**

2
3
4
5
6

Happy Hour incorporates Section B of the Argument in Lampo's Motion; a plaintiff is equitably estopped from resisting a non-signatory defendant's enforcement of a contract's arbitration provision where, as here, the signatory plaintiff brings claims that (a) seek to benefit from the contract or (b) are "intertwined with the underlying contract obligations." See Dkt. 82 at 5:6–6:9 and citations therein.

7
8

**C.      The Plaintiffs are relying on their contracts with Reed Hein while seeking to avoid arbitration.**

9
10
11
12
13

Happy Hour incorporates Section C of the Argument in Lampo's Motion. See Dkt. 82 at 6:10–8:5. As with the claims against Lampo, the claims against Happy Hour are rooted in the Plaintiffs' contracts with Reed Hein. Essentially, the Plaintiffs allege that Happy Hour was connected with misleading advertising and the advertising was misleading because Reed Hein did not or could not fulfill the terms of its contracts with the Plaintiffs.

14

**D.      The Plaintiffs' claims are intertwined with their contracts with Reed Hein.**

15
16
17
18
19
20
21
22
23
24
25

Happy Hour incorporates Section D of the Argument in Lampo's Motion. See Dkt. 82 at 8:6–10:20. The claims alleged against Happy Hour are somewhat different and much less extensively alleged than those against Lampo. But for purposes of this Joinder and Motion, they are similarly intertwined with the Plaintiffs' contracts with Reed Hein. Plaintiffs allege that Happy Hour made payments from Reed Hein to Lampo for Lampo's alleged role in the "scheme" between Lampo and Reed Hein to "make false claims" to people like Plaintiffs. Dkt. 55 ¶ 2, 5, 115, 116, 118, 122, 131, 134, 137, and 150. As Lampo's motion explains, all of the allegations against Defendants build up to the Plaintiffs' allegation that the Defendants' actions led them to enter into contracts with Reed Hein, which caused their alleged losses. Dkt. 55 ¶ 231. Plaintiffs do and must rely on their contracts with Reed Hein in this lawsuit. Based on the authorities cited by Lampo, the intertwining of Plaintiffs' claims with the Reed Hein contracts supports an order compelling arbitration.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**E.     If Lampo's motion is granted, the Court should also compel arbitration of all claims against Happy Hour.**

Plaintiffs may argue that even if the claims against Lampo are sent to arbitration, the claims against Happy Hour should remain in Court. Any such argument should be rejected. The purpose of an arbitration agreement is to achieve an "inexpensive and efficient resolution" of a legal dispute. *David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co*., 13 Wn. App. 2d 159, 168, 463 P.3d 117 (2020). This goal is thwarted when claims are split between two forums. *Id*. at 168–69 (citing *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd*., 1 F.3d 639, 642 (7th Cir. 1993).

The claims against Happy Hour and Lampo arise from the same set of facts, and are so closely related, that separate proceedings against them would involve the same witnesses, the same exhibits, the same lines of questioning, and many of the same legal issues and arguments. Where a plaintiff's claims allege interdependent and concerted misconduct by a signatory and a non-signatory to an arbitration provision, the plaintiff is equitably estopped from avoiding arbitration with the non-signatory. *Hawkins v. KPMG LLP,* 423 F.Supp.2d 1038, 1050 (N.D. Cal. 2006). Although this lawsuit involves two non-signatories, if the Court compels arbitration of the claims against Lampo, equitable estoppel is equally appropriate here. Plaintiffs should be estopped from attempting to use their Reed Hein contracts offensively against Happy Hour while avoiding the application of the arbitration provision. *Id.* ("[A] signatory to an agreement . . . cannot 'have it both ways.'"); *Keane v. 40 Years, Inc.,* No. C18-1768 RSM, 2019 WL 4014769, at *6 (W.D. Wash. Apr. 11, 2019). Further, conducting two separate legal proceedings, one for Happy Hour and one for Lampo, would be duplicative and would generate a risk of conflicting decisions on the same factual and legal questions. *Keane,* 2019 WL 4014769, at *7 (allowing plaintiffs to compel arbitration of both signatory and non-signatory defendants because "compelling arbitration of all claims amongst all parties is the best use of the parties' resources and the Court's resources and is the only approach that avoids duplication

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

of efforts and the possibility of conflicting results . . . [and] [t]he parties should not resolve [their] issues in two separate forums at the same time with the attendant risks of inconsistent results"); Cf. *Cummings v. Budget Task Removal & Env't Servs., LLC,* 163 Wn. App. 379, 388–89, 260 P.3d 220 (2011) (affirming trial court's decision to consolidate arbitration into a single proceeding because, among other factors, the "common issues [between the parties] amply supported a determination that there was a possibility of conflicting decisions if the two cases were decided by different arbitrators").

**F.    Happy Hour Has Not Waived Its Right to Arbitrate Through Its Conduct**

The one difference between Happy Hour and Lampo that Plaintiffs may rely on to argue for different results between the two defendants is the fact that one of Happy Hour's co-owners knew of the Reed Hein arbitration provisions at the start of this lawsuit. However, unless Plaintiffs can establish that Happy Hour waived any right it had to enforce the arbitration provisions, this distinction does not matter. And Plaintiffs cannot establish waiver.

A party does not waive their right to arbitrate, despite knowledge of an arbitration clause, if their acts have been (1) consistent with the existing right to compel arbitration and (2) there is no prejudice. *Adler v. Fred Lind Manor,* 153 Wn.2d 331, 361, 103 P.3d 773 (2004).[1]

To show a party has acted inconsistent with its right to arbitrate, the opposing party must show "that as events unfolded, the party's conduct reached a point where it was inconsistent with any other intention but to forgo the right to arbitrate." *River House Dev., Inc. v. Integrus Architecture, P.S.*, 167 Wn. App. 221, 238, 272 P.3d 289 (2012). Whether a party has waived its right to arbitration by its conduct depends on the particular facts of the case and is not susceptible to bright line rules. *Berman v. Tierra Real Est. Grp., LLC*, 23 Wn. App. 2d 387,

---

[1]  The federal standard essentially mirrors the Washington standard, but omits the requirement of prejudice. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023).

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

400, 515 P.3d 1004 (2022) (quotations omitted). The party asserting waiver "has a heavy burden of proof." *River House Dev., Inc.*, 167 Wn. App. at 237 (quotations omitted).

### 1.   Happy Hour's Preliminary Discovery Is Not Inconsistent with the Right to Arbitrate

While Happy Hour has moved to dismiss and responded to a set of Requests for Production, it has not propounded discovery or sought any depositions. Generally, initial participation in litigation does not prevent a motion to compel arbitration. *Fisher v. A.G. Becker Paribas, Inc.*, 791 F.2d 691, 697 (9th Cir. 1986) (engaging in discovery does not "constitute sufficient prejudice to establish waiver" of the right to compel arbitration); *Biochron, Inc. v. Blue Roots, LLC*, 26 Wn. App. 2d 527, 540–42, 529 P.3d 464 (2023) ( "[E]ngaging in discovery is not inconsistent with arbitration, in which discovery is also available"); *Enterprises Intern., Inc. v. Pasaban, S.A.*, No. 11-cv-5919-RBL, 2013 WL 526163, at *5 (W.D. Wash. Feb. 11, 2013) (stating that "preliminary discovery in conjunction with the Court's scheduling order and fil[ing] the current Motion to Compel Arbitration ninety days later" was not prejudicial towards plaintiffs and Court was "unconvinced that the discovery already engaged in would be wasted if this dispute was moved to arbitration."). Nor does participation in early motions practice. *McGinnis v. T-Mobile USA, Inc.*, No. Co9-106Z, 2009 WL 4824002, at *3–4 (W.D. Wash. Dec. 9, 2009) (finding no waiver by a party despite engaging in "substantial proceedings" involving "several stipulated briefing schedules."). This Court has even granted a defendant's motion to compel arbitration and found no waiver despite having conducted "a half day of one deposition," made discovery requests regarding interrogatories and requests for productions, and filed a motion to compel discovery that was later withdrawn. *Burgess v. Buddy's Nw. LLC*, No. C15-5785 BHS, 2016 WL 7387099, at *1 (W.D. Wash. Dec. 21, 2016) (granting a motion to compel arbitration after defendant conducted "a half day of one deposition," made discovery requests regarding interrogatories and requests for productions, and filed a motion to compel discovery that was later withdrawn); *Williams v. Cigna Fin. Advisors*, 56 F.3d 656, 661–62 (5th

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   Cir. 1995) (finding no waiver where defendant filed a motion to dismiss, answered the

2   complaint, asserted a counterclaim, and exchanged discovery); *Dickinson v. Heinold Secs., Inc.*,

3   661 F.2d 638, 642 (7th Cir. 1981) (finding no waiver despite discovery on non-arbitrable federal

4   securities claims).

5        Happy Hour's limited action in this matter—filing an initial motion to dismiss and

6   responding to a set of discovery requests—does not support a waiver of any right to arbitrate.

7        **2.      Happy Hour has not prejudiced Plaintiffs.**

8        Establishing prejudice from the timing of a motion to compel arbitration is difficult in

9   any circumstance. *Lake Wash. Sch. Dist. v. Mobile Modules Nw.*, 28 Wn. App. 59, 63–64, 621

10  P.2d 791 (1980) (finding no waiver despite conducting limited discovery, filing compulsory

11  counterclaims, and having a three-month delay); *George v. Nolte & Co. v. Pieler Constr. Co.*,

12  54 Wn.2d 30, 35, 337 P.2d 710 (1959) (noting the delay was not unreasonable nor chargeable

13  to any distinct party); *Evitt v. Experian Info. Sols. Inc.*, No. 3:23-cv-05294-LK, 2024 WL

14  1513614, at *6 (W.D. Wash. Apr. 8, 2024) (finding no waiver despite waiting a year to move

15  to compel to arbitrate). Here, establishing prejudice caused by Happy Hour not having moved

16  to compel arbitration earlier is even more difficult for at least four reasons: (1) the timing of

17  this lawsuit, (2) the timing of Lampo's motion, (3) the Plaintiffs' knowledge of the arbitration

18  provisions, and (4) the likelihood that arbitration will result in a more rapid resolution for

19  Plaintiffs.

20       First, the Plaintiffs all entered into their contracts with Reed Hein years before initiating

21  this lawsuit. See Dkt. 55 ¶ 3 (Reed Hein collected fees until September 2021, this case was filed

22  April 28, 2023). They did not initiate this suit until a year and a half after  the beginning of an

23  earlier class action against Reed Hein in which they were all class members. See Dkt. 55 ¶ 107.

24  They filed this case as a class action, knowing it would take well over a year to proceed through

25  discovery, certification proceedings, perhaps more discovery, and then trial. The fact that

1    Happy Hour did not move to compel arbitration immediately will not materially change the

2    overall temporal scope of their pursuit of a recovery for their involvement with Reed Hein.

3          Lampo, to whom the great bulk of the allegations in the Amended Complaint are

4    devoted, did not have the requisite information to bring a motion to compel arbitration until

5    June 2024. Happy Hour did not control the timing of that motion. Hence, through no fault of

6    Happy Hour, Plaintiffs may (and should) find be subject to an order compelling them to arbitrate

7    sometime in July 2024. For Happy Hour to bring this Joinder and Motion in early July does not

8    impose any additional burden or prejudice on Plaintiffs.

9          Unlike Lampo, Plaintiffs have known all along about the arbitration clauses in their

10   contracts and even discussed arbitrations filed by other Reed Hein customers in their Complaint.

11   Dkt. 1 ¶ 8, 100, 103, 104, 106, 120, 121, 200. A Plaintiff's knowledge of, and failure to

12   affirmatively mention, an arbitration clause undercuts any claim that they are prejudiced by a

13   delay in a motion to compel arbitration. In *Enterprises*, the defendant knew of the arbitration

14   agreement all along, but this Court granted defendant's motion to compel arbitration because

15   Plaintiff knew about the arbitration agreement too but never mentioned it and strategically

16   omitted the opposing signatory of the agreement from the lawsuit to avoid arbitration.

17   *Enterprises*, 2013 WL 526163, at *4–6. *Enterprises* parallels this case. Plaintiffs knew about

18   the arbitration agreements, chose to strategically exclude Reed Hein from this case, and never

19   mentioned the arbitration agreements in this suit.

20         This is a purported class action. Before addressing the merits of their claims, the Court

21   will need to address the question of class certification, which will not be resolved for at least

22   nine months. Dkt. 81. A trial would not take place until at least several months after a decision

23   on class certification. If Plaintiffs were compelled to arbitrate, they would likely receive final

24   decisions much more quickly.

25

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 9

1

**G.      If the Court compels arbitration with Lampo but not Happy Hour, the Court should stay the claims against Happy Hour.**

2

3      Happy Hour believes that the claims against it should go to arbitration if the claims

4  against Lampo go to arbitration. However, in the alternative, if Lampo is sent to arbitration and

5  Happy Hour is not, the claims against Happy Hour should be stayed. A court has the discretion

6  "whether to stay, for considerations of economy and efficiency, an entire action, including

7  issues not arbitrable, pending arbitration." *United States v. Neumann Caribbean Int'l Ltd.*, 750

8  F.2d 1422, 1427 (9th Cir. 1985); *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, 652

9  F.Supp.3d 1313, 1327 (W.D. Wash. 2023). It is appropriate to stay non-arbitrable claims—

10  including those against a non-signatory defendant—when the "arbitrable claims predominate,

11  or where the outcome of the non-arbitrable claims will depend upon the arbitrator's decision."

12  *Id.* at 1327. (citing *Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n. 23

13  (1983)). Furthermore, a stay is appropriate when the non-arbitrable claims "depend [] upon the

14  same facts [as] and [are] inherently inseparable from" the remainder of the arbitrable claims.

15  *Id.* at 1328 (citations omitted). If the claims against Happy Hour are not sent to arbitration, they

16  should be stayed pending arbitration of the claims against Lampo because they depend on the

17  same facts and are inherently inseparable from the claims against Lampo; Plaintiffs cannot

18  prove that Happy Hour was involved in a scheme to have Lampo deliver false messages without

19  proving its claims against Lampo. Further, the results of arbitrations against Lampo by the

20  various Plaintiffs will likely bear on issues that must be decided at the class certification stage

21  of this lawsuit, such as commonality, superiority, and typicality.

## VI. CONCLUSION

22      The purpose of arbitration is to resolve matters with efficiency and fairness for all

23  parties. Beyond the fact that public policy favors arbitration, compelling arbitration for all

24  claims would be the most efficient approach to this lawsuit given the interconnectedness

25  between the claims against Lampo and those against Happy Hour. If the case remains partially

---

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 10

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    in this Court and is sent partially to arbitration, there is a significant risk of duplicated effort

2    and expense for parties and witnesses and conflicting decisions by arbitrators and this Court.

3         Happy Hour respectfully requests an order granting Lampo's motion and compelling

4    arbitration of all claims against Happy Hour or, in the alternative, staying those claims pending

5    arbitration of the claims against Lampo.

6         I certify that this memorandum contains 3, 205 words, in compliance with the Local

7    Civil Rules.

8

9         DATED July 5, 2024.

10

11                                    CORR CRONIN LLP

12                                    By: *s/ Jack M. Lovejoy*
                                      Jack M. Lovejoy, WSBA No. 36962
13                                    Maia R. Robbins, WSBA No. 54451
                                      1015 Second Avenue, Floor 10
14                                    Seattle, Washington 98104
                                      Phone: (206) 625-8600
15                                    jlovejoy@corrcronin.com
                                      mrobbins@corrcronin.com
16

17                                    *Attorneys for Defendant Happy Hour*
                                      *Media Group, LLC*
18

19

20

21

22

23

24

25

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 11

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on July 5, 2024, I caused the foregoing document to be

electronically filed with the Clerk of the Court using the CM/ECF system, which will send

4

notification of such filing to all counsel of record.

5

6                                    *s/Wen Cruz*

7                                    Wen Cruz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOINDER IN MOTION TO COMPEL ARBITRATION
AND MOTION TO COMPEL ARBITRATION –
Case No.: 2:23-cv-00630 JLR - 12

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900