THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; and THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630<br><br>**DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING ON MOTION TO COMPEL ARBITRATION**<br><br>HEARING DATE: August 15, 2024 |

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY PENDING RULING ON MOTION TO COMPEL ARBITRATION
(Case No. 2:23-cv-00630)

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

## I. INTRODUCTION

Defendants David L. Ramsey, III and The Lampo Group, LLC (collectively, "the Lampo Defendants") respectfully request that the Court exercise its inherent case management authority and stay discovery and all other proceedings until the Court rules on the Lampo Defendants' Motion to Compel Arbitration (the "Arbitration Motion"). That motion, together with the joining motion of Happy Hour Media Group, LLC ("Happy Hour"), seeks to compel arbitration of this entire matter, which would nullify the need for the class-certification discovery presently scheduled in this case. As courts have recognized under these circumstances, a stay is warranted to prevent the waste of time and expense that would inhere in engaging in potentially unnecessary discovery, which is also in the interest of judicial economy. For these reasons and others set forth below, the Court should stay discovery and the case schedule until the Arbitration Motion is decided.

## II. FEDERAL RULE OF CIVIL PROCEDURE 26(c) CERTIFICATE

On July 15, 2024, counsel for the Lampo Defendants and counsel for Plaintiffs conferred regarding the Lampo Defendants' request for a stay, but the parties were unable to reach an agreement.

## III. BACKGROUND

This incredibly complex, proposed class-action case is still in the preliminary stages of discovery. The only deadlines currently on the case schedule relate to whether this case can be certified as a class action. *See* Dkt. 81 (setting forth existing deadlines, including but not limited to the deadline to file motions to compel arbitration that could affect class certification). No depositions have been taken, and substantial written discovery and document productions have yet to occur. As set forth in the Lampo Defendants' Arbitration Motion, as part of Plaintiffs' document production, the Lampo Defendants first learned on May 8, 2024, that nine Plaintiffs had contracts with Reed Hein & Associates which contained mandatory arbitration clauses. Dkt. 82 at 2. After

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00630 – 1

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

raising this issue with Plaintiffs' counsel, the Lampo Defendants received – on June 13, 2024 – contracts for two additional Plaintiffs that contain mandatory arbitration clauses, as well as acknowledgement from Plaintiffs' counsel that the contracts for all remaining Plaintiffs are likely to contain mandatory arbitration clauses (though their contracts apparently cannot be found). *Id.* at 2-3. The Lampo Defendants moved to compel arbitration immediately thereafter, on June 20, 2024. *Id.* Plaintiffs subsequently requested additional time to brief the Arbitration Motion and Happy Hour's follow-on motion, and the Lampo Defendants agreed. Both motions are now noted for August 9, 2024. Dkt. 85.

## IV.   ARGUMENT

Courts have broad discretion to control discovery and their case schedules, including by issuing a stay while a dispositive motion is pending. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Lloyd v. Rufener*, No. C17-5627 BHS-TLF, 2018 WL 4353268, at *1 (W.D. Wash. Sept. 12, 2018) (Fricke, Mag. J.) (staying discovery until resolution of pending motion to "facilitate the orderly and efficient progress of [the] case"). Motions to compel arbitration are "potentially dispositive" motions that justify staying discovery. *See, e.g.*, *Zeiger v. Hotel California by the Sea LLC*, No. C21-1702-TL-SKV, 2022 WL 1499670, at *2-3 (W.D. Wash. May 12, 2022) (Vaughn, Mag. J.) (holding that motion to compel arbitration was a dispositive motion and granting stay); *Arik v. Meyers*, No. 219CV01908JADNJK, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020) (reaching same result because "granting a motion to compel arbitration does not simply change the forum for resolution of a dispute, it changes the nature and process of that resolution").  Courts may also stay discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

In deciding whether to consider staying discovery pending the resolution of a motion to compel arbitration, courts consider whether the pending motion, if granted, would result in

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00630 – 2

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

arbitration of all claims against a defendant, and weigh "the possible damage which may result from granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See, e.g.*, *Kater v. Churchill Downs Inc.*, No. C15-612RBL, 2019 WL 3944323, at *1–2 (W.D. Wash. Aug. 21, 2019) (Leighton, J.) (citation omitted); *see also Zeiger*, 2022 WL 1499670, at *2-3 (granting stay pending arbitration motion after considering stage of case, lack of need for discovery related to motion, and lack of prejudice to plaintiffs from stay). Courts need not "prejudge the outcome of the motion" to determine whether to grant a stay, but may take a "preliminary peek" at the merits of the motion to determine that it is "sufficiently meritorious to warrant a stay." *See Zeiger*, 2022 WL 1499670, at *2, *3.

This case presents excellent cause for a stay.

### A. The Court Should Stay Discovery Because the Pending Motion Applies to All Plaintiffs and All Claims, and Would Bar Class Certification

The Lampo Defendants' Arbitration Motion would, if granted, apply to all Plaintiffs and claims. In addition, the Arbitration Motion would render all discovery related to class certification unnecessary and obsolete, because Plaintiffs will not be able to pursue claims on behalf of a class in any compelled arbitration.

*First*, the Arbitration Motion – together with the joinder by Happy Hour – applies to all Plaintiffs, and all their claims against all Defendants. Every named Plaintiff has either produced a contract with an arbitration clause or has admitted through counsel that they entered into a contract with such a clause. Dkt. 82 at 2-4. As such, if arbitration is compelled as to one Plaintiff, it will presumably be compelled for all of them.

*Second*, if arbitration is compelled, Plaintiffs' allegations regarding class certification – and all discovery related to class certification – will be obsolete because there cannot be, and will not be, any class arbitration. The arbitration clauses in Plaintiffs' contracts are silent on the

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00630 – 3

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

question of class arbitrations. *Id.* at 3-4. This means, as a matter of law, that if the Court compels arbitration, there will be no class arbitration. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) ("A party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so"); *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 483 (9th Cir. 2023) ("class arbitration [cannot] be compelled when the underlying contract was silent as to class arbitration versus individual arbitration"); *Stein v. Geonerco, Inc.*, 105 Wn. App. 41, 49-50 (2001) (class arbitration is not allowed where the agreement is silent in the issue).

The bulk of discovery, and nearly the entire existing case schedule, relate solely to class certification. This comes as no surprise, given the scope of the class definition in Plaintiffs' Amended Complaint, and the extraordinary complications associated with class certification in this case, in which Plaintiffs seek to certify a class of people who heard about a third-party's services on the radio. Dkt. 55, ¶ 210. Plaintiffs' alleged class purportedly includes more than 10,000 consumers across the United States who retained Reed Hein "after being exposed to, **and/or** in reliance on," the Lampo Defendants' endorsement of Reed Hein. *Id.* (emphasis added). The extensive document discovery in which the Lampo Defendants are now engaged has little to do with the named plaintiffs individually, but relates to fleshing out Plaintiffs' class allegations regarding all possible representations the Lampo Defendants made regarding Reed Hein nationwide. Similarly, all existing expert discovery at this time relates only to the upcoming class certification deadlines. *See* Dkt. 81.

If there is no stay, the Lampo Defendants will be forced to participate in extensive document productions, depositions, and expert discovery aimed at determining whether this class is appropriate, can be ascertained, and can assert claims in a manner that is susceptible to class treatment. Preparing for and conducting expert discovery related to class certification would be an extremely expensive, and possibly unnecessary, undertaking for both sides. In addition, it is clear

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00630 – 4

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

that responding to Plaintiffs' discovery requests related to the entire class would require (among other things) reviewing and producing the Lampo Defendants' daily radio broadcasts and podcasts that aired over a period of six years, at a cost of more than $50,000. *See* Decl. of Damon Elder in Supp. of Defs.' Mot. to Stay, ¶¶ 2-3.

None of this discovery—and the extensive time and resources it involves—will be relevant or necessary to individual arbitrations. And forcing the Lampo Group to continue this discovery would be directly contrary to the arbitration clauses themselves. Not only do those clauses **not** provide for class wide arbitration, at least nine Plaintiffs signed contracts that specifically limit the arbitrations to a discovery period of no more than 90 days, commencing when the arbitrations are first filed. Dkt. 82 at 3. Allowing Plaintiffs who are subject to these agreements to pursue significantly more expansive discovery in this forum while the Arbitration Motion is pending would be directly contrary to those agreements. *See B.F. v. Amazon.com Inc.*, No. C19-910-RAJ-MLP, 2020 WL 3548010, at *4 (W.D. Wash. May 15, 2020) (Peterson, Mag. J.), *report and rec. adopted sub nom. B.F. by & through Fields v. Amazon*, No. C19-910 RAJ-MJP, 2020 WL 3542653 (W.D. Wash. June 30, 2020) (Jones, J.) (granting stay pending resolution of arbitration ruling in part because "the potential class-action litigation expenses would negate the cost-limiting purpose of arbitration.")

### B. The Court Should Stay Discovery Because the Competing Interests Weigh in Favor of Granting the Stay

In addition, all competing interests weigh in favor of a stay pending the resolution of the Arbitration Motion. First, as explained above, the hardship and inequity of conducting highly burdensome and costly discovery now—when the pending motion may resolve the class allegations entirely, and obviate the need for class-related discovery—clearly overrides any hardship Plaintiffs can claim in staying discovery for a short time. Second, a stay would preserve precious judicial resources and time. The Arbitration Motion raises issues of law that do not require further discovery. By staying discovery now, while that motion is being resolved, the Court will

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00630 – 5

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

not need to address anticipated discovery disputes related to issues that are likely to become moot if and when the Court compels arbitration. As the Court has recognized, class actions, in particular, demand a tremendous amount of judicial resources. *See Ctr. v. Pompeo*, No. C18-1122JLR, 2018 WL 6523135, at *5 n.7 (W.D. Wash. Dec. 12, 2018) (Robart, J.) (citation omitted) ("[C]lass actions are frequently complex affairs which tax judicial resources."). Thus, "the interests of judicial economy" are best served by a stay. *See, e.g.*, *Lazar v. Charles Schwab & Co. Inc.*, No. CV-14-1511-PHX-DLR, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014).

For each of these reasons, the competing interests weigh in favor of staying discovery, and a stay should be granted.

## V.    CONCLUSION

The Lampo Defendants request that the Court stay all discovery pending its ruling on the Arbitration Motion.

DATED this 25th day of July, 2024.

*I certify that this memorandum contains 1,842 words, in compliance with the Local Civil Rules.*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA No. 46754
Patricia A. Eakes, WSBA No. 18888
Tyler Weaver, WSBA No. 29413
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
    damon.elder@morganlewis.com
    tyler.weaver@morganlewis.com
    andrew.decarlow@morganlewis.com

*Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DEFENDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO COMPEL ARBITRATION
Case No. 2:23-cv-00630 – 6

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401