

# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0002-3001

Amanda Heard
-vs-
Timeshare Exit Team d/b/a Reed Hein & Associates

## AWARD OF ARBITRATOR

I, Sasha Susan Philip, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, each represented by counsel, at an evidentiary hearing held on September 14, 2021, do hereby, AWARD, as follows:

Procedural Matters:

Claimant brought a preliminary motion to invalidate the limitation on damages provision of the arbitration clause. Respondent subsequently waived that provision. Claimant requested a ruling that the waiver of the limitation on damages provision will be binding in other pending or potential future cases.

I hereby rule as follows:

1. As the arbitrator, I have no authority to force a party to waive a limitation on damages provision in an arbitration clause;
2. Given Respondent's waiver of the contested provision for purposes of the above-captioned matter, it is within my authority to render a substantive arbitration award based on the testimony and documentary evidence submitted at the evidentiary hearing.

Substantive Claims:

Claimant asserted a claim for violation of the Washington Consumer Protection Act (CPA). To prevail on her claim, a Claimant has the burden of establishing 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) that causes, 4) injury to the plaintiff, and that 5) affects the public interest.

Based on the testimony and the evidence submitted, I find that the Respondent engaged in unfair or deceptive acts or practices when it asserted that it would "force" or "compel" the timeshare company

to take back its timeshare, and that it worked with a "team of lawyers" to achieve that goal. I further find that those acts or practices occurred in trade or commerce, and caused injury to the Claimant in the form of payments made to Respondent. Moreover, I find that Respondent's website includes reference to these acts or practices, such that they have the capacity to injure others and affect the public interest within the meaning of the CPA.

Claimant also asserted claims for 1) breach of fiduciary duties, 2) unjust enrichment, and 3) fraud. Based on the testimony and the evidence submitted, I find that the Claimant has failed to meet her burden of proof on these claims.

Award:

I award $3,412.98 in actual damages for payments made to Respondent, plus $6,825.96 in treble damages, for a total award of $10,238.94.

Claimant has failed to establish causation with respect to mortgage payments, maintenance fees, and/or surrender fees to the timeshare company, *i.e.*, there is no evidence before me that Claimant would not have been required to make those payment absent Respondent's CPA violation. As such, I do not award those amounts.

Finally, Claimant has requested an award of $43,037.50 in attorney fees. Although the arbitration clause allows for an award of reasonable attorney fees, Claimant has failed to submit any documentation that would permit me to assess what work was performed in this matter, and whether the time spent performing that work was reasonable. Because I have insufficient information to enter an award for attorney fees, no attorney fees are awarded in this matter.

The administrative fees of the American Arbitration Association (AAA) totaling $2,200 shall be borne as incurred, and the compensation of the arbitrator totaling $5,000 shall be borne as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.


October 18, 2021                          _____
Date                                      Sasha S. Philip, Arbitrator

PLTFFS-000079