

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0003-9337

Ronica Case
-vs-
Reed Hein & Associates LLC

## AWARD OF ARBITRATOR

I, Kimberlee Kovach, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, each represented by counsel, at an evidentiary hearing held on September 30, 2021 and October 7, 2021, do hereby, AWARD, as follows:

BACKGROUND
    This matter involves claims by the Claimant, Ms. Ronica Case, (hereinafter Claimant) against the Respondent, Reed Hein & Associates LLC (hereinafter Respondent) for deceptive trade practices, breach of contract, breach of fiduciary duty and violations of the Washington State Consumer Protection Act.  The case was heard pursuant to the Consumer Rules of the American Arbitration Association and the parties' agreement that provided for arbitration.

    Witnesses providing testimony at this hearing were the Claimant, Ms. Ronica Case and Ms. Catherine Cerbone, representative and employee of Respondent, Reed Hein.

After due consideration of the submissions, testimony, documentary evidence, and the arguments of counsel I find the following;

EVIDENCE
    One of the primary issues concerns the contract between the parties and the obligations created by that contract as well as other related documents.  Specifically, it was established that Claimant entered into a contract with Respondent in August of 2016.

This agreement set forth the duties and obligations that Respondent owed Claimant. In essence, Respondent agreed to provide Claimant an "exit" from her timeshare obligations, and made a 'money-back guarantee' about such services. Based, at least in part on the representation that services would take several months or longer, Claimant expected the services to be performed. The evidence demonstrated that very little, if any, work was done in this matter. Once the time frame was nearly three years, Claimant requested her money back. Yet, evidence demonstrated that no communication or response was provided to Claimant about the refund for well over a year. It was also established that the Respondent failed to communicate any information of substance or specificity to the Claimant, despite numerous and regular requests. While the request to the Respondent company for a refund was made in early 2019, that is, for the Respondent to honor the money-back guarantee commitment, no real response was provided until August 2020. At that time, Respondent noted that it "had an exit strategy" for Claimant. It was also demonstrated that such an option existed even before Claimant hired Respondent. In terms of the negotiation of an ancillary lawsuit that impacted Claimant, it was established that attorneys breached their fiduciary duty and committed conflicts of interest, as did Respondent. It was also demonstrated that when Respondent finally provided information to Claimant, it was completely minimalistic and did not provide Claimant a true representation of the activities and the lawsuit, thereby providing deceptive and fraudulent information. Further, it was established that Respondent knowingly disclosed Claimant's confidential information to others without her knowledge or consent.

It is therefore found that Respondent breached the contract by failing to take any action for years, and then refusing to refund the alleged 'money-back guarantee' that was promised to Claimant. Respondent also breached the fiduciary duty that was owed to Claimant.

In considering the mortgage payments, Claimant was obligated to pay the mortgage before consulting with Reed Hein, and such remained an obligation. It was not clearly established that if Respondent had obtained an exit strategy sooner, that any of the mortgage would have been forgiven. However, due to the delay incurred throughout the process, additional monthly fees that Claimant incurred would have no longer been owed, and thus were established to be a direct result of the delay and failure of Respondent to do as promised and guaranteed. Therefore, it is found that Claimant had damages in at least the amount of $4,996.91 for the monthly maintenance she was indebted to pay due to Respondent's breach of contract and negligence.

PLTFFS-000081

It is also found that Respondent engaged in deceptive and unfair trade practices that affect the public interest in concealing the true nature of the settlement achieved in the Orange Lake lawsuit against it, and by failing to disclose accurate information about its services or the litigation that affected Claimant's legal rights.  It was also established that persons other than Claimant were also injured by this activity.

AWARD

Damages include the following:  Refund of the money paid to Respondent in the amount of $6,995.00; and the amount of $4,996.91, for a total of $11,991.91. Further, due to the clear violation of the Washington State CPA, those damages are now trebled with the statutory limit of $25,000.00, and thus the final award is hereby found to be $36,991.91.

ATTORNEYS FEES AND COSTS

In considering an award of attorney's fees, I find that the credible Evidence demonstrates that the reasonable and necessary attorneys' fees are in the amount of $14,375.00.

The administrative fees of the American Arbitration Association (AAA) totaling $2,650.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

The above sums are to be paid on or before 30 days from the date of this Award.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration.  All claims not expressly granted herein are hereby denied.

*Kimberlee Kovach*

November 5, 2021                    Kimberlee Kovach, Arbitrator