AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0003-9350

Keith Baker
-vs-
Reed Hein & Associates LLC

## AWARD OF ARBITRATOR

I, Dinita L. James, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, each represented by counsel, at an evidentiary hearing held by videoconference on October 27, 2021, do hereby, AWARD, as follows:

The claim is currently specified as $14,316.00, plus interest, attorney fees, and arbitration costs. Claimant Keith Baker has alleged seven causes of action: (1) Violation of Washington State Consumer Protection Act; (2) Violation of Fiduciary Duties; (3) Breach of Contract; (4) Unjust Enrichment; (5) Disgorgement; (6) Fraud; and (7) Negligent Misrepresentation. Respondent's request that Claimant be required to state his fraud claim with particularity was denied at the Preliminary Hearing.

Respondent Reed Hein & Associates LLC has not asserted a counterclaim but in its Answer seeks costs, expenses and attorney fees incurred in proceedings on the Parties' contract.

Claimant appeared at the hearing and was represented by counsel, Jonah Ohm. Respondent did not have a representative present throughout the hearing but was represented by counsel, Daniel Keum. Additional counsel for both parties observed portions of the hearing but did not participate substantively. In his case in chief, Claimant and witness Tanya Freeman testified, both of whom Respondent had the opportunity to cross-examine, and Catherine Cerbone testified as an adverse witness. Ms. Cerbone appeared as Respondent's representative and testified in Respondent's case in chief, but then excused herself from the hearing to attend an appointment for a medical procedure. Ms. Cerbone's testimony was taken first so that she could do so. Respondent's request for a continuance was denied. Numerous exhibits offered by Claimant and Respondent were admitted into evidence.

Respondent violated the Washington State Consumer Protection Act (CPA) by use of unfair and

PLTFFS-000088

deceptive business practices that affect the public interest. "[T]o prevail in a private CPA action …, a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531, 533 (1986).

As to the first element, whether a particular act or practice is "unfair or deceptive" is a question of law. *Leingang v. Pierce County Med. Bureau, Inc.,* 131 Wash.2d 133, 150, 930 P.2d 288 (1997). A claimant need not show the act in question was intended to deceive, only that it had the capacity to deceive a substantial portion of the public. *Id.* "By broadly prohibiting 'unfair or deceptive acts or practices in the conduct of any trade or commerce,' the legislature intended to provide sufficient flexibility to reach unfair or deceptive conduct that inventively evades regulation." *Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 49, 204 P.3d 885, 895 (2009) (citation omitted). The CPA is intended to provide broader protection than exists under the common law or statute. *Id.* at 54, 204 P.3d at 898.

Claimant has established that Respondent engaged in unfair or deceptive acts or practices in its dealings with him, including radio advertising that it had the ability to "force" time share companies to take back contracts, and website and in-person sales pitches asserting that Respondent's services were "risk free" and that Claimant would get a full refund of Respondent's fee if Respondent was unsuccessful for any reason.

As to the second element, the terms "trade" and "commerce" are defined broadly "to bring within [their] reaches *every* person who conducts unfair or deceptive acts or practices in *any* trade or commerce. *Short v. Demopolis,* 103 Wash.2d 52, 61, 691 P.2d 163 (1984) (emphasis in original). Claimant's and Respondent's dealings with each other fall within this broad ambit.

As to the third element of "public interest impact," "[i]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge Training Stables*, 105 Wash. 2d at 790, 719 P.2d at 538 (citing *McRae v. Bolstad,* 101 Wash. 161, 166, 676 P.2d 496, 500 (1984)). Ms. Freeman's credible testimony that Respondent had signed up approximately 10,000 other consumers in the year before its dealings with Claimant, and the lawsuit filed by the Washington Attorney General in 2020 alleging CPA violations from practices similar to those encountered by Claimant are sufficient to show that this dispute affects the public interest.

Regarding the fourth element, "the injury requirement is met upon proof the plaintiff's 'property interest or money is diminished because of the unlawful conduct." *Panag*, 166 Wash. 2d at 57, 204 P.3d at 899. Claimant was injured in the amount of $4,772.00, the fee Claimant paid to Respondent.

Finally, a claimant satisfies the fifth element – causation – by "establish[ing] that but for the defendant's unfair or deceptive act or practice the plaintiff's injury would not have occurred" as a matter of fact. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington,*

PLTFFS-000089

*Inc.,* 162 Wash.2d 59, 82-83, 170 P.3d 10 (2007). Claimant testified credibly that the unfair and deceptive practices caused him to contact Respondent and to proceed with retaining Respondent. Pursuant to the CPA, Claimant is entitled to treble damages, plus attorney fees and costs. Because Claimant's remedies under the CPA entitle him to all of the relief he seeks in this arbitration, there is no need to consider and analyze the other causes of action he has asserted.

For the foregoing reasons, I award as follows:

1. Claimant's CPA claim is hereby granted. Respondent shall pay to Claimant the sum of $14,316.00 on Claimant's CPA claim, which is the amount of Claimant's damages – the $4,772.00 service fee Claimant paid to Respondent – trebled.

2. Respondent shall pay Claimant's reasonable attorney fees in the amount of $16,701.00.

3. Claimant did not present any evidentiary basis for an award of prejudgment interest, and none is awarded.

4. The administrative fees of the American Arbitration Association (AAA) totaling $2,745.00 shall be borne as incurred, and the compensation of the Arbitrator totaling $ 2,500.00 shall be borne as incurred.

5. Respondent shall pay the sums awarded to Claimant herein, totaling $31,017.00, on or before 30 days from the date of this Award. If not paid by that date, post-award interest shall begin to accrue on that date at the rate of 5.25 percent per annum until paid in full.

This Award is in full adjudication of all claims submitted to this arbitration. All claims not expressly granted herein are hereby denied.

December 10, 2021                                    /s/*Dinita L. James*
_____                     _____
        Date                                                     Dinita L. James, Arbitrator