

AMERICAN ARBITRATION ASSOCIATION    INTERNATION FOR DISPUTE R

# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-20-0014-0799

Ray Andes and Pamela Andes (Claimants)
-vs-
Reed Hein & Associates, d/b/a Timeshare Exit Team (Respondent)

## AWARD OF ARBITRATOR

I, John D Sours, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the written arbitration agreement entered into on or about November 10, 2018 by and between the above-named parties ("(the Agreement"), and having been duly sworn, and having, on December 6 and 7, 2021, duly heard the proofs and allegations of the Claimants, who were represented by counsel, and the Respondent having first declined in writing and then having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association ("AAA"), hereby find and AWARD, as follows:.

The Claimants established by clear and convincing evidence, both documentary and through sworn oral testimony of Claimant Pamela Andes, that Respondent committed various material breaches of the Agreement by, among other things: failing to provide timely assistance to Claimants and to arrange timely for their representation by counsel in seeking abrogation of a time-share agreement with a third party; failing to disclose a material conflict of interest due to the bringing of suit by that third party against Respondent; failing to place funds provided by Claimants in an account separate from Respondent's own accounts, in violation of its express fiduciary duty, by contract and by statute, to do so; failing to maintain confidentiality of sensitive financial information provided by Claimants; and failing and refusing to return the funds which had been advanced to Respondent by Claimants upon demand therefor.

The conduct of Respondent directly damaged Claimants in a principal amount of at least $25,928.40, which was the total of the funds provided to Respondent by Claimants. Moreover, that conduct was intentional, as evidenced by repeated misrepresentations made by managerial and other employees and by a representative of Respondent to Claimants in a face-to-face meeting.

Claimants are therefore entitled to be further compensated by Respondent through payment in exemplary damages of at least a principal sum of a further $25,000.00 (which sum would have been the entire triple amount of direct compensatory damages due them absent the limitation provision of an applicable statute of the State of Washington). And, further, Claimants are additionally entitled to the recovery of arbitration fees in the amount of $200.00 as earlier advanced by them to the AAA for this Case, and to the recovery of reasonable attorneys' fees, which have been evidenced by sworn affidavit to be a principal sum of $4,218.50.

The foregoing sums, totaling FIFTY-FIVE THOUSAND, THREE HUNDRED FORTY-SIX DOLLARS AND NINETY CENTS ($55,346.90), are to be paid on or before Twenty (20) days from the date of this AWARD, and shall thereafter bear interest at the legal rate applicable under the laws of the State of Washington.

Except as noted hereinabove, the administrative fees of the AAA, totaling $2,700.00 shall be borne as incurred; and the compensation of the Arbitrator, totaling $5,000.00, shall also be borne as incurred.

PLTFFS-000091

This AWARD is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

SO ORDERED, this the Twenty-Ninth Day of December, 2021.

John D Sours, Arbitrator

PLTFFS-000092