AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0003-7800

| | |
|---|---|
| Vincent Carter | (Claimant) |
| -vs- | |
| Timeshare Exit Team d/b/a Reed Hein & Associates | (Respondent) |

## AWARD OF ARBITRATOR

I, Alan I Baron, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, each represented by counsel, at an evidentiary hearing held on November 16, 2021, do hereby, AWARD, as follows:

Vincent Carter (hereinafter "Claimant") has brought this arbitration against Timeshare Exit Team d/b/a Reed Hein & Associates (hereinafter "Respondent").

The evidence established that Claimant purchased three timeshares which required substantial monthly and yearly payments. Thereafter, Claimant had a change of heart and engaged the services of Respondent which presented itself as a company specializing in terminating timeshare obligations for its clients. On April 20, 2020, Claimant engaged the services of Respondent, paying an upfront fee of $26,229.30 to Respondent to terminate his timeshare obligations. Claimant also signed a "Timeshare Owner Exit Agreement" on that date which provided, inter alia, that Respondent would return the funds to Claimant after 3 years if Respondent had not achieved the exit from Claimant's timeshare obligations. Claimant also signed a " Special"Special Power of Attorney" whereby Respondent was to act as the agent under the power of attorney and "assume the fiduciary and other legal responsibilities of an agent…."

Claimant initiated this arbitration proceeding in May, 2021, just over a year after he had entered into the contractual relationship set forth above. Claimant alleges that Respondent violated the Washington State Consumer Protection Act and committed a breach of fiduciary duties, a breach of contract, unjust enrichment, and fraud. More specifically, Claimant alleges that Respondent did virtually nothing during their 13 month relationship to obtain relief for Claimant from his timeshare obligations.

Claimant seeks the following relief: (1) actual damages for the fee paid to Reed Hein & Associates in the amount of $26,229.30; (2) actual damages for payments made to his timeshare developers while he was a Reed Hein customer in the amount of $13,921.32; (3) statutory damages in the amount of $25,000.00 pursuant to the Washington State Consumer Protection Act; (4) attorney fees and costs.

Respondent's position is (1) the claim is untimely as premature in life of the three year term of the Timeshare Owner Exit Agreement and (2) that the Washington State Consumer Protection Act is inapplicable to the matter herein.

A hearing was scheduled for November 16, 2021. On November 15, 2021, counsel for Respondent sent a letter to the Arbitrator stating that Respondent would not have a corporate representative at the hearing, and would rely on the briefs and materials previously submitted.
The hearing proceeded as scheduled on November 16, 2021. Claimant appeared and testified in essence that he had paid the $26,229.30 fee up front but had received little or no work on his behalf from the so-called "Timeshare Exit Team." Claimant testified in addition that he was referred to a law firm by Respondent, but that firm did little or nothing for him and then cut off communication.

PLTFFS-000093

At the conclusion of the hearing, the Arbitrator gave both parties the opportunity to address the following issues: (1) does the Claimant under the facts herein have to wait the full three year term of the contract before he can seek relief? (2) does the Washington State Consumer Protection Act apply to the instant case? Both parties filed memoranda addressing these issues.

## CONCLUSION

Based upon a review of the pleadings, exhibits, testimony of the Claimant, and the legal memoranda filed by the parties, I hereby rule as follows:

1. 1. Claimant is entitled to a refund of his initial payment of $26,229.30. Having receive an upfront payment in a substantial amount, Respondent had an obligation to aggressively market Claimant's units from the outset of the relationship. Claimant established to the Arbitrator's satisfaction that Respondent's effort during a period of over a year, have been perfunctory at best. No witness appeared for the Respondent to dispute that fact.
2. 2. Claimant is seeking an award of $25,000.00 pursuant to the provisions of the Washington State Consumer Protection Act. That claim is hereby denied. The evidence is clear that the matter at issue is a private contract dispute which does not affect the public interest and is therefore not actionable under Washington State Consumer Protection Act.
3. 3. No proof was offered to support Claimant's claim to a refund for $13,921.32 paid to his timeshare developers. That claim is therefore denied.
4. 4. Claimant is seeking counsel fees in an amount to be determined. While the arbitration clause in the Timeshare Owner Exit Agreement provides in relevant part that "the prevailing party shall be entitled to an award of costs, expenses, and counsel fees, reasonable attorney's fees…," in the instant matter, both sides have prevailed on certain issues and lost on other issues. Accordingly, each side shall bear its own counsel fees and costs.

The administrative fees of the American Arbitration Association (AAA) totaling $2,495.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

The above sums are to be paid on or before 30 days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration.   All claims not expressly granted herein are hereby denied.

December 29, 2021                                      /s/ Alan I. Baron
_____                          _____
         Date                                                         Alan I Baron, Arbitrator