AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0004-0667

Christie Jones ("Claimant")
-vs-
Timeshare Exit Team d/b/a Reed Hein & Associates ("Respondent")

### AWARD OF ARBITRATOR

I, Hon. Stephen P Linebaugh (Ret.), THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Claimant, who was represented by counsel, and the Respondent having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, hereby, AWARD, as follows:

### PROCEDURAL HISTORY

This matter involves claims by Christie R. Jones, (Claimant) against Reed Hein & Associates LLC d/b/a/ Timeshare Exit Team d/b/a (Respondent) for deceptive trade practices, breach of contract, breach of fiduciary duty and violations of the Washington State Consumer Protection Act. The case was heard pursuant to the Consumer Rules of the American Arbitration Association (AAA) and the parties' agreement that provided for arbitration.

At the evidentiary hearing held on January 10, 2022, only the Claimant Christie R. Jones testified.

Upon consideration of the testimony, documentary evidence, and the arguments of counsel, the arbitrator finds as follows:

### EVIDENCE

The Claimant entered into a contract with the Respondent dated April 27, 2018. The agreement set forth the duties and obligations Respondent owed to Claimant. Respondent agreed to provide Claimant an "exit" from her timeshare obligations and made a 'money-back guarantee' about such services. Claimant expected the services to be performed. Under the Contract, Respondent was to get Claimant released from her obligations under her timeshare agreement with Ocean Key Resort.

Respondent's Contract guarantee provided in part:

*"REED HEIN'S goal is complete Customer satisfaction. If OWNER is less than completely satisfied with the Services provided pursuant to this Agreement, OWNER should contact REED HEIN immediately, and REED HEIN will work to reach a satisfactory solution."*

The Contract also promises that if the Claimant is unhappy the "Reed Hein 100% Money Back Guarantee," will refund her money.

The Contract provides as follows:

*"REED HEIN guarantees that if OWNER does not obtain the Services within a reasonable amount of time, REED HEIN shall refund the Fee Amount. REED HEIN's guarantee obligations are met when REED HEIN obtains an exit even if OWNER does not accept the terms of the Resort's exit agreement.*
*…*
*This Guarantee is contingent upon: (a) all information provided to REED HEIN by OWNER is true, accurate and complete, and (b) full cooperation with OWNER to timely respond to any request for information from REED HEIN or the Resort.*
*…*
*This Guarantee is void and unenforceable if OWNER (x) fails to fulfill OWNER's duties required by this Agreement, including if OWNER stops or delays the exit process, refuses to sign a procured exit offer, (y) does not timely and completely respond to requests by REED HEIN, or (z) fails to disclose a mortgage or other lien encumbrance on OWNER'S Timeshare."*

During the entire time from April 2018, Claimant was still required to pay her timeshare payments under her agreement with Ocean Key Resort.

Very little, if any, work was done by Respondent to get Claimant out of her timeshare obligations. Claimant requested her money back. No communication or response was provided to Claimant about the refund. Respondent failed to communicate any information of substance or specificity to the Claimant, despite numerous requests.

Claimant requested Respondent to refund her money and to honor the money-back guarantee commitment, no real response was provided until 2021. Respondent noted that it "had an exit strategy" for Claimant.

It is therefore found that Respondent breached the contract by failing to take any action for years, and then refusing to refund the alleged 'money-back guarantee' that was promised to Claimant. Respondent also breached the fiduciary duty that was owed to Claimant.

Claimant never received a refund from Respondent, thus the claim for breach of contract. The claim for negligent misrepresentation is based on representations of exit or your money back similar to the guarantees in the Contract.

The CPA claim stems from these same facts as the breach of contract and misrepresentation claims. To prevail on her CPA claim, Claimant must show that Respondent engaged in an unfair or deceptive act or practice in trade or commerce that caused her injury and affects the public interest. RCW 19.86.020 and 19.86.090.

Claimant asserts that Respondent's representations that it provides a 100% money back guarantee such that it will either get its clients out of their timeshare or refund their money are a false and therefore unfair and deceptive practices occurring in trade or commerce that caused her harm both in the form of the fee she paid Respondent and in the payments she made to Ocean Key Resort while she was waiting for Respondent to her released from her obligations to Ocean Key Resorts.

Claimant also asserts that the fact Respondent has made this representation to others and thereby induced them to pay Respondent its fees, and then failed and refused to refund those fees despite not getting them out of their timeshare agreements, means that the unfair and deceptive act or practice affects the public interest.

Due to the delay incurred throughout the process, additional monthly fees that Claimant incurred would have no longer been owed, and these were established to be a direct result of the delay and failure of Respondent to do as promised and guaranteed.

The Arbitrator finds that Respondent engaged in deceptive and unfair trade practices that affect the public interest in concealing the true nature of the settlement achieved in the Orange Lake lawsuit against it, and by failing to disclose accurate information about its services or the litigation that affected Claimant's legal rights. It was also established that persons other than Claimant were also injured by this activity.

## AWARD

The Arbitrator finds Claimant is entitled to damages of $5,889.88, trebled damages under the CPA to $17,669.64, and reasonable attorney's fees and costs of $5,066.00

The administrative fees of the American Arbitration Association (AAA) totaling $2,495.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

The above sums are to be paid on or before 30 days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

| | |
|---|---|
| __January 18, 2022__ | _[signature]_ |
| Date | Hon. Stephen P. Linebaugh (Ret.), Arbitrator |