AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0003-9748

Michael Mahaffey ("Claimant")
-vs-
Timeshare Exit Team d/b/a Reed Hein & Associates ("Respondent")

### AWARD OF ARBITRATOR

I, Webster J Arceneaux, III, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Claimant, who was represented by counsel, and the Respondent having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, hereby, AWARD, as follows:

At the Preliminary Hearing Conference call held on October 1, 2021, the parties agreed to various scheduling deadlines for this case, including a disclosure date of November 12, 2021, for the witness and exhibit lists, and a remote zoom hearing date of January 7, 2022. Thereafter counsel for Claimant filed an amended demand for arbitration, but a witness list and an exhibit list were not filed until the morning of the hearing. On December 15, 2021, the Arbitrator sent an email asking if the parties were prepared to go forward with the hearing and no email response was received from any counsel. On December 20, 2021, counsel for Timeshare Exit Team d/b/a Reed Hein & Associates, hereinafter Respondent, sent a letter advising that counsel for Claimant was not prosecuting this arbitration matter and Respondent did not plan to attend the hearing on January 7, 2022.

At approximately 8:30am Eastern Time on January 7, 2022, the Arbitrator received an email from David Hancock, counsel for the Claimant, with a link to download thirty-six items, including a trial brief and exhibits for Claimant. The Arbitrator convened the remote zoom hearing on January 7, 2022, at 9:00 am Eastern Time, and no one showed up at the designated hour except a representative of the AAA. The Arbitrator sent an email reminding the parties of the date and time of the hearing and, after the undersigned had recessed the hearing, at approximately 9:30am Eastern Time, the Arbitrator received notification that Mr. Hancock, counsel for Claimant, had joined the zoom remote hearing. The Arbitrator also joined the zoom remote hearing and discussed the unusual circumstances of this hearing, particularly the late filing of the exhibit and witness lists, with Mr. Hancock, counsel for Claimant.

At that time, the Arbitrator learned that there was some confusion between the two counsel, Mr. Ohm and Mr. Hancock, as to who was handling Claimant's case and hearing, with each thinking the other was to handle the matter. Mr. Hancock, counsel for Claimant, is in the State of Washington and there was also confusion as to whether the hearing was starting at 9:00am Eastern Time or 9:00am Pacific Time. The Arbitrator concluded that Mr. Hancock, counsel for Claimant, had not acted intentionally in ignoring the deadlines under the scheduling order and the Arbitrator concluded that the hearing should go forward on January 7, 2022. It was agreed that the hearing would recess until 11:00am Eastern Time to provide time for the Arbitrator to review the exhibits and trial brief that had just been submitted.

At each step of the process, the Arbitrator sent emails to all counsel for the parties announcing what was happening

PLTFFS-000098

to keep all parties informed. Counsel for Respondent sent an email at approximately 9:45am Eastern Time acknowledging that the hearing was going forward on January 7, 2022, and stated they would not be appearing. At the conclusion of the hearing, the Arbitrator sent an email to counsel for all parties stating that the record had been closed for the hearing, but would remain open, as set forth in the scheduling order for the filing of any claim by counsel for Claimant on attorney's fees. Pursuant to the scheduling order, Mr. Hancock, counsel for Claimant, was to file, by the end of that day, any claim for attorney's fees and Respondent had until January 14, 2022, to rebut that claim. The Arbitrator sent an email advising that the record would remain open only as to the issue of attorney's fees and that the undersigned would render his decision within thirty days of January 14, 20922. Mr. Hancock, counsel for Claimant, timely filed a fee request in the amount of $6,528.50 on January 7, 2022, and the Respondent's counsel filed nothing in opposition by the January 14, 2022 deadline. The matter is now ripe for a decision.

Claimant, a resident of Parkersburg, West Virginia, has proven that on or about October 23, 2019, Respondent violated RCW 19.86.093 by fraudulently inducing him to enter into an unconscionable contract of adhesion (through false advertising and false promises and thus in trade or commerce). Claimant was told to pay Respondent $6,785.15, and it would guarantee that he could exit his timeshare with Orange Lake - Colonial Crossings of Williamsburg, or Claimant would get his money back. Respondent also instructed Claimant to discontinue any future monthly loan payments or assessments to Orange Lake. Respondent also withheld critical information regarding a pending lawsuit between Orange Lake and Respondent. Thereafter, Respondent advised Claimant that his rights had been resolved as a part of its litigation with Orange Lake and that his request to exit his timeshare would be prioritized and dealt with on favorable terms.

Claimant was later advised by Orange Lake via email that this was not true and that Claimant was receiving no more favorable terms than if he had never entered into his arrangement with Respondent. Orange Lake also advised that Claimant had to pay an additional amount of $2,501.69 in interest, taxes and assessments to exit his timeshare since he had failed to make his monthly payments, as directed by Respondents. Claimant then complained to Respondent and requested his money back, to no avail.

The Arbitrator finds that Claimant has been harmed by the conduct of Respondent and that the harms caused to Claimant affect the public interest. It is also concluded that permitting Respondent to retain any funds paid by Claimant would inequitably result in unjust enrichment.

Claimant is hereby awarded:

    $9,486.84 ($6,785.15 plus $2,501.69 plus $200.00 filing fee) in actual damages
    $25,000.00 in treble damages (pursuant to RCW 19.86.090)
    Mr. Jonah Ohm is awarded $2,878.50 in attorney's fees (pursuant to RCW 19.86.090)
    Mr. David Hancock is awarded $3,450.00 in attorney's fees (Pursuant to RCW 19.86.090)

The administrative fees of the American Arbitration Association (AAA) totaling $2,400.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

The above sums are to be paid on or before thirty days from the date of this Final Award. If all such sums are not paid by said date, interest shall begin to accrue thereafter at the maximum statutory rate permitted under Washington State Law.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

1/28/22
Date

Webster J Arceneaux, III, Arbitrator

012100039748

2