## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-21-0003-6669

Debbie Herman & Michael Nelson         (Claimants)
-vs-
Timeshare Exit Team d/b/a Reed Hein & Associates        (Respondent)

## AWARD OF ARBITRATOR

I, Marcia Adelson, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Claimants, who were represented by counsel, at a hearing on January 13, 2022, and the Respondent having failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association, hereby, AWARD, as follows:

Claimants (Debbie Herman and Michael Nelson) assert claims of breach of contract, breach of fiduciary duty, negligent and fraudulent misrepresentation and violation of the Washington State Consumer Protection Act. Claimants seek damages of $9,974.63, a refund of the amount paid Reed Hein & Associates pursuant to the Time Share Exit Agreement ("Agreement") entered into on January 9, 2018, $13,612.83 the amount paid to their timeshare, Westgate, during the period Claimants were clients of Respondent, treble damages to the statutory maximum of $25,000.00 as authorized by the Washington State Consumer Protection Act and $6,688.00 in attorneys' fees.

**Breach of Contract**

Claimants presented the Timeshare Owner Exit Agreement ("Agreement") executed on January 9, 2018. Claimants paid Respondent $9,974.63 upon execution of the Agreement for Respondent's services. The Agreement states, "Reed Hein [Respondent] guarantees that if Owner [Claimants] does not obtain the Services within a reasonable amount of time, Reed Hein shall refund the fee amount." Claimants questioned the definition of a "reasonable time' resulting in Claimants and Respondent acknowledging by writing in and initialing that a reasonable time is defined as 8 to 24 months. Claimants testified to making repeated requests for updates on exit strategies and received no records of Respondent's activity or contact with the timeshare property of negotiations to exit Claimants' timeshare. Claimants testified to requesting a refund when no exit offers were provided by the end of the reasonable time. Claimants further testified the refund was refused and that they were told they were not eligible for the refund because Respondent was still working on exit strategies.

I find Respondent breached the contract by refusing the money back guarantee promised to Claimants.

**Fraudulent and Negligent Misrepresentation**

With respect to the mortgage obligation and property maintenance fees owed by Claimants to Westgate, the timeshare company, Claimants were instructed to continue to make those payments but to have no contact with Westgate or to use the property. Respondent in its Important Information Sheet states, "DO

Case Number: 01-21-0003-66691

PLTFFS-000109

NOT CALL the Timeshare Company at all, even if you are just asking if they have heard from us or what the current status is.  Any contact from you to any of the parties involved besides Reed Hein & Associates will in all likelihood cause the entire process to slow down and may prolong your exit.  You have hired us to manage the exit for you." "Resort Fees.  You own the Timeshare until the closing of the exit is finalized, thereby relieving you of ownership; you remain responsible for all financial obligations associated with the Timeshare until the exit is complete and for any pre-existing obligations other than those extinguished as part of a resolution with the Timeshare Company."  Claimants provided proof Claimants paid all mortgage payments and maintenance obligations from January 2018 to February 2020.  Claimants made those payments on the belief that keeping up on those payments would facilitate an exit strategy.

Claimants testified to wanting to exit their timeshare for monetary and financial considerations.  One can be satisfied with a timeshare and still want or need to exit the timeshare agreement and desire to use during the exit or termination negotiations.  Communication with the timeshare property or use of the timeshare property should in no way hinder negotiations.  It is analogous to selling a home while continuing to live in it. Living in a home in no way hinders the ability to sell.

I find Respondent misrepresented it was working on an exit strategy since by the end of twenty-four (24) months there was no progress and Claimants remained owners.  It is undisputed that they continued to pay the mortgage and maintenance fees.  Claimants relied on Respondent's representations and did not use or communicate with the timeshare and thereby were denied their ownership interest.

I find Respondent misrepresented it had an exit strategy and would facilitate the Claimants exit of their timeshare within twenty-four (24) months or their money back.  At the end of twenty-four (24) months, there was no exit strategy and Respondent refused to honor its 100 percent money back guarantee.

**Breach of Fiduciary Duty**

Claimants presented a Special Power of Attorney signed by them on January 15, 2018 giving Respondent the powers necessary to negotiate and execute an exit strategy for Claimants' interest in its timeshare property, Westgate.  The Special Power of Attorney expired in twenty-four (24) months.  The Special Power of Attorney also specifically stated the Claimants' funds would be held in a separate account.  Claimants received no evidence or notice of funds being placed in a separate account and received no accounting of how the funds were used over the twenty-four months.

I find Respondent breached its fiduciary duty in not maintaining a separate account for Claimants, for not providing an accounting and for not providing the promised exit strategy.

**Washington State Consumer Protection Act**

The Claimants asserted a claim under the Washington State Consumer Protection Act.  To prevail under such a claim, the Claimants must establish that a business (1) committed an unfair or deceptive act, (2) that occurred in trade or commerce, (3) that caused (4) injury to the plaintiff, and (5) that affects the public interest.  The Agreement states that in all respects the laws of the State of Washington shall govern.

I find Respondent violated the Washington State Consumer Protection Act by refusing to refund a money back guarantee when requested and did so not only to Claimants but to other consumers as well.  Claimants are awarded treble damages to the statutory maximum of $25,000.00

**Attorneys' Fees**

The Agreement states, "The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgement upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." Claimants' attorneys presented documentary evidence of the work done in this matter and I award the Claimants reasonable attorneys' fees in the amount of $6,688.00.

Award

1. Claimants are awarded $9,974.63 (money paid Respondent)
2. Claimants are awarded $13,612.83 (money paid for mortgage and maintenance fees to Westgate)
3. Claimants are awarded $25,000.00 treble damages under the Washington State Consumer Protection Act
4. Claimants are awarded $6,688.00 in attorneys' fees.


The administrative fees of the American Arbitration Association (AAA) totaling $2,495.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

The above sums are to be paid on or before thirty (30) days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

| 7 February, 2022 | s/Marcia Adelson |
|---|---|
| _____ | _____ |
| Date | Marcia Adelson, Arbitrator |

Case Number: 01-21-0003-66693

PLTFFS-000111