# timeshareexitteam℠

Date 10 / 18 /2016

REED HEIN & ASSOCIATES LLC
3400 188th ST SW Suite 300
Lynnwood, WA 98037
1-855-733-3434

# TIMESHARE OWNER EXIT AGREEMENT

THIS MASTER SERVICES AGREEMENT ("Agreement") is entered into as of the date set for the above by and between __Cheryl Sageser__, ("OWNER", the "Customer", "you" or "your") and REED HEIN & ASSOCIATES LLC, a Washington limited liability company, d/b/a/ Timeshare Exit Team ("REED HEIN" or "we"), together the "parties."

The OWNER desires a safe and secure exit from his/her Timeshare ownership with the following resort, vacation or timeshare club: __Wapato Point- Yacinde__ (the "Resort").

REED HEIN desires to provide you with a safe and secure exit strategy from your timeshare ownership. REED HEIN desires to secure your ultimate objective to end your timeshare ownership and all the associated future financial obligations.

For and in consideration of the mutual and/or respective benefits, obligations and covenants as set forth herein, the receipt of and the sufficiency of which are hereby acknowledged, the parties agree as follows:

**REED HEIN'S SERVICES**
Reed Hein shall work to secure a release from the OWNER'S Timeshare (the "Services").

**OWNER'S DUTIES**
OWNER shall sign, notarize (if requested) and return to REED HEIN any timeshare exit or other documents required by the Resort and/or REED HEIN, within fourteen (14) days of OWNER's receipt. OWNER is responsible for all costs associated with collecting the required timeshare documents and associated fees when having documents notarized. OWNER owns the Timeshare until the closing of the exit is finalized, thereby relieving OWNER of ownership; OWNER remains responsible for all financial obligations associated with the Timeshare until the exit is complete. OWNER understands that the closing of an exit usually takes between 9 and 18 months, and in some instances longer due to Resort delays or restrictions.

**FEE FOR SERVICES**
Upon execution of this Agreement, OWNER agrees to pay REED HEIN $ __4,528__ for its Services (the "Fee Amount").

Page – 1                                  Initial(s) _CLS_  Date _10/18/16_

Revised August 4, 2016

TT-009643
PRR-2023-0164_B7

**SERVICES SATISFACTION**
REED HEIN'S goal is complete Customer satisfaction. If OWNER is less than completely satisfied with the Services provided pursuant to this Agreement, OWNER should contact REED HEIN immediately, and REED HEIN will work to reach a satisfactory solution.

**REED HEIN GUARANTEE**
REED HEIN guarantees that if OWNER does not obtain the Services within a reasonable amount of time (which shall not be less than 18 months), REED HEIN shall refund the Fee Amount. REED HEIN's guaranty obligations are met when REED HEIN obtains an exit opportunity, even if OWNER does not accept the terms of the Resort's exit offer. This Guarantee is contingent upon: (a) all information provided to REED HEIN by OWNER is true, accurate and complete, and (b) full cooperation by OWNER to timely respond to any request for information from REED HEIN or the Resort. This Guarantee is void and unenforceable if OWNER (x) fails to fulfill OWNER's duties required by this Agreement, including if OWNER stops or delays the exit process or refuses to sign a procured exit offer, (y) does not timely and completely respond to requests by REED HEIN, or (z) fails to disclosure a mortgage or other lien encumbrance on OWNER'S Timeshare.

*[Select and mark the applicable Box]:*
- ☒ OWNER represents and warrants that his/her Timeshare is owned free and clear of any mortgages or other lien encumbrances.

- ☐ OWNER acknowledges the existence of a mortgage or other lien encumbrance on his/her Timeshare.

**DISCLOSURES REGARDING EXIT PROCESS**
OWNER acknowledges the following: (a) during the exit process, OWNER may incur negative credit reporting, foreclosure and/or legal action, (b) OWNER may be required to pay a transfer, settlement or termination fee to the Resort as a condition to completing the exit, and in the case of a mortgage, OWNER may be required to pay part or all of the encumbering monetary amounts and/or the mortgage may survive the termination of the timeshare contract with the Resort, and (c) OWNER may incur forgiveness of indebtedness income and receive a Form 1099-C from the Resort.

**RIGHT TO CANCEL**
OWNER may cancel this Agreement at any time prior to midnight of the third (3rd) business day after the date of signing this Agreement. Procedure for canceling this Agreement: OWNER may cancel this Agreement by giving REED HEIN written notice of cancellation, subject to the Form of Notice provision contained herein. This notice can be in the form of a letter indicating that OWNER does not intend to be bound by the Agreement. If the notice of cancellation is hand-delivered, the cancellation is effective as soon as it is delivered to REED HEIN. If the notice of cancellation is mailed, the cancellation is effective as soon as the notice is deposited, properly addressed and postage pre-paid, in the U.S. Mail.

REED HEIN is committed to making your timeshare exit a positive experience and strongly encourages you to contact REED HEIN to resolve any concerns before canceling the Agreement.

Page - 2                                             Initial(s) _CSB_       Date _10/18/16_

Revised August 4, 2016

**FORM OF NOTICE**
All notices given hereunder shall be given in writing, shall specifically refer to this Agreement and shall be personally delivered or sent by registered or certified mail, return receipt requested, to REED HEIN at the address set forth at the top of this Agreement, and/or, to the OWNER to the address set forth in the attached Membership Processing form. If notice is mailed, such notice shall be effective upon mailing, or if notice is personally delivered, it shall be effective upon receipt.

**ARBITRATION**
Any claim or controversy arising out of or relating to this Agreement shall be fully and finally settled by arbitration under the authority of the Federal Arbitration Act and shall be conducted pursuant to the Rules of the American Arbitration Association then in effect for commercial disputes (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by REED HEIN and OWNER or chosen in accordance with the AAA Rules, except that the parties thereto shall have any right to discovery as would be permitted by the Federal Rules of Civil Procedure for a period of 90 days following the commencement of such arbitration and the arbitrator thereof shall resolve any dispute which arises in connection with such discovery. Venue for arbitration or any other matter shall be exclusively in Snohomish County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

**CHOICE OF LAW**
This Agreement shall in all respects, including all matters of construction, validity and performance, be governed by, and construed and enforced in accordance with, the laws of the State of Washington (without regard to any rules governing conflicts of laws) and the United States of America.

**SEVERABILITY**
If any provision of this Agreement becomes or is deemed invalid, illegal or unenforceable in any applicable jurisdiction by reason of the scope, extent or duration of its coverage, or for any other reason, then such provision shall be deemed amended to the minimum extent necessary to conform to applicable law so as to be valid and enforceable or, if such provision cannot be so amended without materially altering the intention of the parties, then such provision shall be stricken and the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is rendered illegal by any present or future statute, law, ordinance or regulation (collectively, the "Law") then that provision shall be curtailed or limited only to the minimum extent necessary to bring the provision into compliance with the Law. All the other terms and provisions of this Agreement shall continue in full force and effect without impairment or limitation.

**SUCCESSORS AND ASSIGNS**
This Agreement and all rights of the OWNER hereunder shall inure to the benefit of, and be enforceable by and against, the OWNER'S personal or legal representatives, executors, administrators, successors,

Page - 3     Initial(s) _C&_ _&_ ____ Date _10/18/16_

Revised August 4, 2016

TT-009645
PRR-2023-0164_B7

heirs, distributees, devisees and legatees. REED HEIN may assign this Agreement, or all or any part of its rights and obligations hereunder, to one or more parties without notice to or consent of OWNER.

**AMENDMENTS**
This Agreement is subject to amendment only by a writing that makes reference to this Agreement and is signed by all parties hereto.

**HEADINGS**
All headings used herein are for convenience only and shall not in any way affect the construction of, or be taken into consideration in interpreting, this Agreement.

**SERVICES DISCLOSURE**
**REED HEIN is not a law firm. REED HEIN does not render legal services or provide legal advice. Rather, through this arrangement, you authorize REED HEIN to hire an attorney or take other actions on your behalf to represent you with the Resort to secure an exit from your timeshare, pursuant to the limited power of attorney completed in conjunction with this agreement. REED HEIN will guide the process to secure an exit for you. REED HEIN also does not provide credit repair services of any kind, though it can refer you to a credit repair agency should such services become necessary for you.**

**REVIEW**
OWNER acknowledges that: (a) OWNER has carefully read this Agreement, and each of its provisions; (b) if OWNER initially did not think any representation being made in this Agreement was true, or if OWNER initially was uncomfortable making it, OWNER resolved all OWNER's doubts and concerns before signing this Agreement; (c) OWNER fully understands what the Agreement, and each of its provisions, means; and (d) OWNER is entering into the Agreement, and each of its provisions, knowingly and voluntarily. REED HEIN encouraged me to discuss this Agreement, and each of its provisions before signing it.

**ENTIRE AGREEMENT**
This Agreement is the entire Agreement between the parties regarding its subject matter and supersedes any prior oral or written Agreements or communications between or among them regarding the subject matter contained herein.

OWNER _Cheryl L. Sageser_ Date _10/18/16_   OWNER _____ Date _____

REED HEIN Authorized Agent: _Raechel Reynolds_   Date _10/18/16_

Page - 4

Initial(s) _CLS_   Date _10/18/16_

Revised August 4, 2016