

Date: April 11, 2017

3400 188th St SW, Suite 300
Lynnwood, WA 98037
Phone: 1-855-733-3434
Fax: 425-398-1995

# Time Share Owner Exit Agreement

THIS MASTER SERVICES AGREEMENT ("Agreement") is entered into as of the date set for the above by and between John Burnside ("OWNER", the "Customer", "you" or "your") and REED HEIN & ASSOCIATES LLC, a Washington limited liability company, d/b/a/ Timeshare Exit Team ("REED HEIN" or "we"), together the "parties."

The OWNER desires a safe and secure exit from his/her Timeshare ownership with the following resort, vacation or timeshare club: (the "Resort(s)")

| Timeshare Name | Resort Name |
|---|---|
| Westgate Resorts | Westgate Resorts |

REED HEIN desires to provide its Customers with a safe and secure exit strategy for their timeshare ownership. REED HEIN desires to secure your ultimate objective, to end your timeshare ownership and all the associated future financial obligations.

For and in consideration of their mutual and/or respective benefits, obligations and covenants as set forth herein, the receipt of and the sufficiency of which are hereby acknowledged, the parties agree as follows:

## Reed Hein's Services
Reed Hein shall work to secure a release from the OWNER'S Timeshare (the "Services").

## Owner's Duties
OWNER shall sign, notarize (if requested) and return to REED HEIN any timeshare exit or other documents required by the Resort and/or REED HEIN, within fourteen (14) days of OWNER's receipt. OWNER is responsible for all costs associated with collecting the required timeshare documents and associated fees when having documents notarized. OWNER owns the Timeshare until the closing of the exit is finalized, thereby relieving OWNER of ownership; OWNER remains responsible for all financial obligations associated with the Timeshare until the exit is complete. The closing of an exit usually takes between 9 and 18 months, and in some instances longer due to Resort delays or restrictions.

## Fee for Services
Upon execution of this Agreement, OWNER agrees to pay REED HEIN $6,072.20 for its Services (the "Fee Amount").

## Services Satisfaction
REED HEIN'S goal is complete Customer satisfaction. If OWNER is less than completely satisfied with the Services provided pursuant to this Agreement, OWNER should contact REED HEIN immediately, and REED HEIN will work to reach a satisfactory solution.



TT-009511
PRR-2023-0164_B7

Date: April 11, 2017

## Reed Hein 100% Money Back Guarantee

REED HEIN guarantees that if OWNER does not obtain the Services within a reasonable amount of time, REED HEIN shall refund the Fee Amount. REED HEIN's guarantee obligations are met when REED HEIN obtains an exit even if OWNER does not accept the terms of the Resort's exit agreement. This Guarantee is contingent upon: (a) all information provided to REED HEIN by OWNER is true, accurate and complete, and (b) full cooperation with OWNER to timely respond to any request for information from REED HEIN or the Resort. This Guarantee is void and unenforceable if OWNER (x) fails to fulfill OWNER's duties required by this Agreement, including if OWNER stops or delays the exit process, refuses to sign a procured exit offer, (y) does not timely and completely respond to requests by REED HEIN, or (z) fails to disclose a mortgage or other lien encumbrance on OWNER'S Timeshare.

[Select and mark the applicable Box]:

| **Timeshare Name**<br>Westgate Resorts | ☒ | OWNER represents and warrants that his/her Timeshare is owned free and clear of any mortgages or other lien encumbrances. |
|---|---|---|
| | ☐ | OWNER acknowledges the existence of a mortgage or other lien encumbrance on his/her Timeshare. |

## Disclosures Regarding Exit Process

OWNER acknowledges the following: (a) during the exit process, OWNER may incur negative credit reporting, foreclosure and/or legal action, (b) OWNER may be required to pay a transfer, settlement or termination fee to the Resort as a condition to completing the exit, and in the case of a mortgage, OWNER may be required to pay part or all of the encumbering monetary amounts, and (c) OWNER may incur forgiveness of indebtedness income and receive a Form 1099-C from the Resort.

## Right to Cancel

OWNER may cancel this Agreement at any time prior to midnight of the third (3rd) business day after the date of signing this Agreement. Procedure for canceling this Agreement: OWNER may cancel this Agreement by giving REED HEIN written notice of cancellation, subject to the Form of Notice provision contained herein. This notice can be in the form of a letter indicating that OWNER does not intend to be bound by the Agreement. If the notice of cancellation is hand-delivered, the cancellation is effective as soon as it is delivered to REED HEIN. If the notice of cancellation is mailed, the cancellation is effective as soon as the notice is deposited, properly addressed and postage pre-paid, in the U.S. Mail.

REED HEIN is committed to making your timeshare exit a positive experience and strongly encourages you to contact REED HEIN to resolve any concerns before canceling the Agreement.

## Form of Notice

All notices given hereunder shall be given in writing, shall specifically refer to this Agreement and shall be personally delivered or sent by registered or certified mail, return receipt requested, to REED HEIN at the address set forth at the top of this Agreement, and/or, to the OWNER to the address set forth in the attached Membership Processing form. If notice is mailed, such notice shall be effective upon mailing, or if notice is personally delivered or sent by telecopy or other electronic facsimile transmission, it shall be effective upon receipt.

Date: April 11, 2017

## Arbitration

Any claim or controversy arising out of or relating to this Agreement shall be fully and finally settled by arbitration in accordance with the Rules of the American Arbitration Association then in effect (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by REED HEIN and OWNER or chosen in accordance with the AAA Rules, except that the parties thereto shall have any right to discovery as would be permitted by the Federal Rules of Civil Procedure for a period of 90 days following the commencement of such arbitration and the arbitrator thereof shall resolve any dispute which arises in connection with such discovery. Venue for arbitration or any other matter shall be exclusively in Snohomish County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

## Choice of Law

This Agreement shall in all respects, including all matters of construction, validity and performance, be governed by, and construed and enforced in accordance with, the laws of the State of Washington (without regard to any rules governing conflicts of laws).

## Severability

If any provision of this Agreement becomes or is deemed invalid, illegal or unenforceable in any applicable jurisdiction by reason of the scope, extent or duration of its coverage, or for any other reason, then such provision shall be deemed amended to the minimum extent necessary to conform to applicable law so as to be valid and enforceable or, if such provision cannot be so amended without materially altering the intention of the parties, then such provision shall be stricken and the remainder of this Agreement shall continue in full force and effect. If any provision of this Agreement is rendered illegal by any present or future statute, law, ordinance or regulation (collectively, the "Law") then that provision shall be curtailed or limited only to the minimum extent necessary to bring the provision into compliance with the Law. All the other terms and provisions of this Agreement shall continue in full force and effect without impairment or limitation.

## Successors and Assigns

This Agreement and all rights of the OWNER hereunder shall inure to the benefit of, and be enforceable by and against, the OWNER'S personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees. REED HEIN may assign this Agreement or all or any part of its rights and obligations hereunder to one or more parties without notice to or consent of OWNER.

## Amendments

This Agreement is subject to amendment only by a writing that makes reference to this Agreement and is signed by all parties hereto.

## Headings

All headings used herein are for convenience only and shall not in any way affect the construction of, or be taken into consideration in interpreting, this Agreement.



TT-009513
PRR-2023-0164_B7

Date: April 11, 2017

## Disclosure

Reed Hein is not a law firm. REED HEIN does not render legal services or provide legal advice. Rather, REED HEIN is authorized to hire an attorney on your behalf who will represent you with the Resort, pursuant to the limited power of attorney which you signed. REED HEIN will facilitate communication and will interface between you and an attorney.

## Review

OWNER acknowledges that: (a) OWNER has carefully read this Agreement, and each of its provisions; (b) if OWNER initially did not think any representation being made in this Agreement was true, or if OWNER initially was uncomfortable making it, OWNER resolved all OWNER's doubts and concerns before signing this Agreement; (c) OWNER fully understands what the Agreement, and each of its provisions, means; and (d) OWNER is entering into the Agreement, and each of its provisions, knowingly and voluntarily. REED HEIN encouraged me to discuss this Agreement, and each of its provisions before signing it.

## Entire Agreement

This Agreement is the entire Agreement between the parties regarding its subject matter and supersedes any prior oral or written Agreements or communications between or among them regarding the subject matter contained herein.

Owner: _John Burnside_ (signed)    Date: 4/11/17
**John Burnside**

REED HEIN Authorized Agent: _Mario Romano_ (signed)    Date: 4/11/17
**Mario Romano**