DocuSign Envelope ID: C1716197-2BB4-4148-9DDF-FB7C63FE14C1

Reed Hein & Associates, LLC
220 120th Ave. NE
Bellevue, WA   98005
1-855-733-3434

## Timeshare Owner Exit Agreement

This **Timeshare Owner Exit Agreement** ("Agreement") is entered into as of the date set forth above by and between __Victorine & Francis Tume__, ("Owner", "You" or "Your") and Reed Hein & Associates, LLC, a Washington limited liability company, d/b/a/ Timeshare Exit Team with offices at 220 120th Ave NE, Bellevue, WA 98006[1]  ("Reed Hein" or "We"), together the "Parties."

Owner desires a safe and secure exit from his/her timeshare interest in the following resort, vacation or timeshare club: __Vistana__ (the "Resort").

| Timeshare Developer Name | Resort Name |
|---|---|
| Vistana | Vistana |

Reed Hein provides consumers with services that have successfully resulted in exits from their timeshare interests.  Pursuant to the terms of this Agreement, Reed Hein will work to accomplish an exit on behalf of Owner.

For and in consideration of the mutual and/or respective benefits, obligations and covenants as set forth herein, the receipt of and the sufficiency of which are hereby acknowledged, the Parties agree as follows:

### Reed Hein's Services

Reed Hein shall work to secure a release from, transfer, cancellation or termination of the Owner's timeshare interest at Resort (the "Exit").  This work is referred to herein as the "Services".

- The Exit contemplated by the Parties shall result in the Owner transferring all right and title in and to the Timeshare, thereby terminating any use or occupancy rights in the Timeshare.
- The Exit will release Owner from all financial responsibilities including the payment of any assessments, maintenance fees, special assessments and taxes accruing on the Timeshare.
- Upon completion of the Exit, Reed Hein shall provide written confirmation to the Owner.
- Reed Hein may effectuate the Exit in any appropriate manner, including, but not limited to, locating an interested buyer, transferring the interest back to the Timeshare's developer or managing entity, packaging the Timeshare in a bulk transfer, or nullifying/cancelling the Owner's obligations with respect to the Timeshare (collectively, the "Transfer").  A Transfer may also be completed pursuant to an assignment of this Agreement to a third-party selected in the sole discretion of Reed Hein.

---

[1] Reed Hein may be contacted directly at 855-733-3434; https://timeshareexitteam.com or email info@reedhein.com.

Last updated 07/31/2019                                   1

TT-009467
PRR-2023-0164_B7

DocuSign Envelope ID: C1716197-2BB4-4148-9DDF-FB7C63FE14C1

## Owner's Representation

Owner makes the following material representations to Reed Hein pursuant to this Agreement, please initial to signify your understanding and affirmative representations:

- Owner retains ownership and remains responsible for all financial obligations associated with the timeshare interest at the Resort until the Exit is complete. Owner acknowledges and agrees that Reed Hein has no control over whether Owner meets such obligations and has not directed Owner not to meet such obligations.
- Owner shall sign, notarize (if requested) and return to Reed Hein any timeshare or other documents required by Reed Hein, the Resort, and/or a third party necessary to complete an Exit, within fourteen (14) days of Owner's receipt thereof. Owner is responsible for all costs associated with collecting the required timeshare documents and associated notary fees.
- In order to secure an Exit, Owner understands and agrees that Reed Hein may collect multiple Owners' timeshare interests together to negotiate, directly or indirectly, a group resolution with the Resort. Owner understands that a group resolution provides the same benefit to Owner as an individual resolution.
- In the event of a collective settlement or resolution of multiple Owners' timeshare interests with a Resort or other third party, if a payment is due from the owners as a group to secure Exits for all such owners, Owner agrees the payment obligation may be evenly split between the Owners to secure an Exit for each, and that such payment obligation as split would be treated in the same manner as any other Exit fee owed by Owner pursuant to this Agreement.
- Owner waives any right to any compensation that could result from an Exit achieved through the Services. Owner expressly assigns any right to any such compensation to Reed Hein, and agrees to effectuate any further documentation necessary to accomplish such assignment.
- Owner understands that Reed Hein may determine that it is necessary to hire an attorney on behalf of Owner. Owner understands that such representation is limited to negotiation on behalf of the customer—litigation (the filing of an action in court) is not contemplated by this Agreement. In the event litigation becomes a possibility, Reed Hein and Owner will discuss such further arrangements with a lawyer willing to undertake such representation.

## Fee for Services

Upon execution of this Agreement, Owner agrees to pay Reed Hein $ 5,340.70 as payment in full for the Services provided in connection with the Exit (the "Fee Amount"). Until this Fee Amount is paid in full, Reed Hein is under no obligation to provide the Services.

## Reed Hein Guarantee

Reed Hein guarantees that if Owner does not obtain the Services within three (3) years, Owner shall be eligible for a full refund of the Fee Amount. Reed Hein's Guarantee obligations are met when Reed Hein obtains a reasonable Exit opportunity, even if Owner does not accept the terms of the Resort's Exit offer.

DocuSign Envelope ID: C1716197-2BB4-4148-9DDF-FB7C63FE14C1

This Guarantee is contingent upon the following conditions being met: (a) all information provided to Reed Hein by Owner is true, accurate and complete and (b) full cooperation by Owner to timely respond to any request for information from Reed Hein or the Resort.

**This Guarantee is void and unenforceable if** Owner (i) fails to fulfill Owner's representations or obligations required by this Agreement, including, but not limited to, Owner stopping or delaying the Exit process or refusing to sign a reasonably procured Exit offer, (ii) does not timely and completely respond to requests by Reed Hein, (iii) fails to disclose a mortgage or other lien encumbrance on Owner's Timeshare or (iv) completes the Exit process through alternative efforts while contractually engaged with Reed Hein for Services.

Owner acknowledges that once Reed Hein obtains a reasonable Exit offer, even if Owner does not accept the terms of the Exit offer, this guarantee does not apply. Owner further acknowledges that a foreclosure is a valid Exit and therefore Owner is not eligible for a refund.

## Potential Impacts to Owner During Exit Process

Owner acknowledges the following: (a) Owner may incur negative credit reporting, foreclosure and/or other legal action by the Resort, and Owner acknowledges and agrees that Reed Hein bears no responsibility therefor, and acquits and holds harmless Reed Hein from any such actions and (b) Owner may be required to pay a transfer, settlement or termination fee to the Resort or to a third party as a condition to completing the Exit, and Owner understands and agrees that Reed Hein will not be responsible for any such fee.

## Right to Cancel

Owner may cancel this Agreement at any time prior to midnight of the third (3rd) business day after the date of signing this Agreement.  The procedure for canceling this Agreement is as follows:  Owner may cancel this Agreement by giving Reed Hein written notice of cancellation ("Cancellation Notice"), subject to the Form of Notice provision set forth below.  This Cancellation Notice must be in writing (i.e. letter, or email) indicating clearly that Owner does not intend to be bound by the Agreement.  If the notice of cancellation is hand-delivered, the cancellation is effective as soon as it is delivered to Reed Hein; if the notice of cancellation is mailed, the cancellation is effective as soon as the notice is deposited, properly addressed and postage pre-paid, in the U.S. Mail; if the notice of cancellation is emailed the cancellation is effective upon sending the communication to: accountingteam@reedhein.com.

Reed Hein is committed to making your timeshare exit experience a positive one, and strongly encourages you to contact Reed Hein to resolve any concerns before canceling the Agreement.

## Form of Notice

All notices given hereunder shall be given in writing, shall specifically refer to this Agreement and shall be personally delivered or sent by registered or certified mail, return receipt requested, to Reed Hein at the address set forth at the top of this Agreement and/or to the Owner at the address provided at the time of execution of this Agreement.  If notice is mailed, such notice shall be effective upon mailing, if notice is personally delivered, it shall be effective upon receipt, or if notice is sent via electronic delivery, it shall be deemed effective upon confirmation of transmission to the applicable email address or facsimile number.

Last updated 07/31/2019

3

### Arbitration of Disputes

Any claim or controversy arising out of or relating to this Agreement, including arbitrability of a dispute pursuant to this provision, shall be fully and finally settled by arbitration under the authority of the Federal Arbitration Act and pursuant to the Rules of the American Arbitration Association then in effect for commercial disputes (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by Reed Hein and Owner or chosen in accordance with the AAA Rules, except that the parties thereto shall have any right to discovery as would be permitted by the Federal Rules of Civil Procedure for a period of 90 days following the commencement of such arbitration and the arbitrator thereof shall resolve any dispute which arises in connection with such discovery. Venue for arbitration or any other matter shall be exclusively in Snohomish County or King County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. This arbitration provision shall survive termination of this Agreement and any Exit.

### Choice of Law

This Agreement shall in all respects, including all matters of construction, validity and performance, be governed by, and construed and enforced in accordance with, the laws of the State of Washington (without regard to any rules governing conflicts of laws) and the United States of America.

### Severability

If any term, provision, covenant or condition of this Agreement is held by a tribunal of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions will remain in full force and effect and will in no way be affected, impaired or invalidated.

### Successors and Assigns

This Agreement and all rights of the Owner hereunder shall inure to the benefit of, and be enforceable by and against, the Owner's personal or legal representatives, executors, administrators, successors, heirs, distributees, devisees and legatees. Reed Hein may assign this Agreement, or all or any part of its rights and obligations hereunder, to one or more parties without notice to or consent of Owner.

### Amendments

This Agreement is subject to amendment only by a writing that makes reference to this Agreement and is signed by all parties hereto. Only a senior level manager or officer of Reed Hein shall have the authority to modify or amend this Agreement.

### Headings

All headings used herein are for convenience only and shall not in any way affect the construction of, or be taken into consideration in interpreting, this Agreement.

## Services Disclosure

**REED HEIN IS NOT A LAW FIRM. REED HEIN DOES NOT RENDER LEGAL SERVICES OR PROVIDE LEGAL ADVICE. REED HEIN ALSO DOES NOT PROVIDE CREDIT REPAIR SERVICES OF ANY KIND, THOUGH REED HEIN CAN REFER YOU TO A CREDIT REPAIR AGENCY SHOULD SUCH SERVICES BECOME NECESSARY FOR YOU. THROUGH THIS ARRANGEMENT, YOU EXPRESSLY AUTHORIZE REED HEIN TO TAKE ACTIONS ON YOUR BEHALF, DIRECTLY OR INDIRECTLY, TO SECURE AN EXIT FROM YOUR TIMESHARE, TO REPRESENT YOU WITH THE RESORT OR OTHERS TO SECURE AN EXIT, OR, IF NECESSARY, TO HIRE AN ATTORNEY ON YOUR BEHALF FOR LIMITED REPRESENTATION TO REPRESENT YOU WITH THE RESORT TO SECURE AN EXIT FROM YOUR TIMESHARE (PURSUANT TO THE LIMITED POWER OF ATTORNEY COMPLETED IN CONJUNCTION WITH THIS AGREEMENT.)**

## Limitation of Liability

Reed Hein does not make any representation, warranties or assurances with respect to the outcome of Owner's Exit. EXCEPT AS TO THOSE MATTERS EXPRESSLY COVERED BY THIS AGREEMENT, REED HEIN DISCLAIMS ALL OTHER WARRANTIES, REPRESENTATIONS AND GUARANTEES WHETHER EXPRESS OR IMPLIED. Owner disclaims that Owner is relying upon or has relied upon any representation or warranty not included in this Agreement and acknowledges and agrees that Reed Hein disclaims any such other representations and warranties.

## Review and Understanding of Agreement

Owner acknowledges that: (a) Owner has carefully read this Agreement, and each of its provisions; (b) Owner fully understands what the Agreement, and each of its provisions, means, and (c) Owner is entering into the Agreement, and each of its provisions, knowingly and voluntarily. Reed Hein encouraged Owner to discuss this Agreement, and each of its provisions, before signing it.

## Entire Agreement

This Agreement is the entire Agreement between the parties regarding its subject matter and supersedes any prior oral or written Agreements or communications between or among them regarding the subject matter contained herein.

Owner: *Victorine Mabi Tume* (DocuSigned by: Victorin...)    Date: 8/11/2019

Owner: *FRANCIS WIYSONGE TUME* (DocuSigned by: FRANCIS WIYSONGE TUME... 80A3E2A90D4A...)    Date: 8/11/2019

**Reed Hein Authorized Agent:**

Signaure: *Jered Henderson* (DocuSigned by: 8A02B10F9DA84D8...)    Date: 8/8/2019

Last updated 07/31/2019                    5

TT-009471
PRR-2023-0164_B7

DocuSign Envelope ID: C1716197-2BB4-4148-9DDF-FB7C63FE14C1

Printed Name: Jered Henderson