THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**PLAINTIFFS' RESPONSE TO DEFNDANT HAPPLY HOUR MEDIA GROUP'S JOINDER IN MOTION TO COMPEL ARBITRATION AND MOTION TO COMPEL ARBITRATION**<br><br>Noting Date: August 9, 2024 |

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 1
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I. INTRODUCTION

Plaintiffs respectfully request that the court deny Defendant Happy Hour Media Group's ("HHMG") Motion to Compel Arbitration. HHMG joins the motion to compel arbitration filed by its co-defendants, Dave Ramsey, III, and The Lampo Group (collectively, "Ramsey Defendants"). HHMG substantially adopts the Ramsey Defendant's motion. *See* Dkt. No. 84, 2:3-4:25. HHMG presents additional argument on waiver and splitting claims between two forums. *Id*. at 5:1-10:20.

Out of respect for the Court's time and that of Defendants, Plaintiffs incorporate their response to the Ramsey Defendants' motion where appropriate, including the facts and supporting documents presented with that response.

Regarding HHMG's unique arguments, HHMG has waived its right to compel arbitration. Brandon Reed, an HHMG executive, was formerly CEO of Reed Hein and Associates, the other party to Plaintiffs' arbitration agreements. Mr. Reed's knowledge of the arbitration agreements should be imputed to HHMG. The Court should assume HHMG knew about the arbitration clauses in Reed Hein's contracts from the outset of litigation and delayed 14 months in moving to compel arbitration. Furthermore, the AAA has declined to administer Reed Hein's arbitrations due to non-payment of arbitration fees, granted Plaintiffs the right to sue in court, and requested Reed Hein stop using its name in Reed Hein contracts.

Finally, the Court can and should treat the arbitrability of Plaintiffs' claims against HHMG and the Ramsey Defendants separately and should not compel arbitration of one simply because it compels arbitration of the other.

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 2
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## II.     FACTS

**a. Plaintiffs' Incorporate Facts and Supporting Documents from their Response to the Ramsey Defendants' Motion to Compel Arbitration**

Plaintiffs incorporate Section II.a ("Plaintiffs' Allegations in the Case Relate Exclusively to the Deceptive and Untruthful Pre-Contractual Conduct of Non-signatory Defendants"), Section II.b ("Plaintiffs Provided Arbitration Awards and Reed Hein Contracts in their Initial Disclosures"), Section II.c ("The Arbitration Clauses Contain Loser Pays Provisions and Limits on Damages"), and II.d ("Reed Hein is the Signatory to the Reed Hein Contracts But It Waived Its Right to Compel Arbitration and the AAA Granted Plaintiffs the Right to Sue Reed Hein in Court") of their Response to Defendants David Ramsey, III and The Lampo Group, LLC's Motion to Comple Arbitration of All Claims and Stay Case Pending Arbitration. *See* Dkt. No. 90.

**b. Brandon Reed, an HHMG Executive, Owned Reed Hein & Associates and Knew About the Relevant Arbitration Clauses at the Start of this Case**

Brandon Reed is partial owner and executive of HHMG. *See* Dkt. No. 84, 2:12-14. Mr. Reed was the owner of Reed Hein & Associates, LLC ("Reed Hein"), the other party to the contracts containing the arbitration clauses at issue here. *See id*. Mr. Reed knew about the arbitration clauses in Reed Hein's customer contracts at the start of this lawsuit. *Id.* at 6:9-11.[1]

---

[1] Plaintiffs note that HHMG's counsel in this matter previously represented Reed Hein in arbitrations based on the arbitration clauses at issue here and previously represented both Reed Hein and Mr. Reed in *Adolph v. Reed Hein & Associates LLC et al.*, Case No. 2:21-cv-01378-BJR (W.D. Wash. 2021), a case involving deceptive conduct in Reed Hein's interactions with its customers, including related to duties established through Reed Hein's contracts with its customers..

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 3
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

### c. The AAA Declined to Administer Reed Hein Arbitrations Due to Nonpayment of Arbitration Fees and Granted Plaintiffs the Right to Sue in Court

Brandon Reed is a 50 percent owner of Happy Hour Media Group. Mr. Reed was the owner and president of Reed Hein and Associates—the company whose arbitration clauses are at issue in this case. In September, 2021, the AAA declined to continue administering cases due to Reed Hein's failure to pay arbitrator fees, granted Plaintiffs the right to sue Reed Hein in court, and requested Reed Hein stop putting the AAA on its arbitration agreements. *See* Dkt. 91-1 (Exhibit 1 to Albert Decl.); *see also* Dkt. 91 at ¶¶1-4.

### d. HHMG Did Not Assert a Right to Arbitration in its Answer

HHMG has not filed an answer in this case. *See generally* Dkt. Nos. 1-89. HHMG thus did not assert a right to compel arbitration in any answer or as an affirmative defense in response to Plaintiffs' complaint. HHMG first asserted a purported right to compel arbitration in its motion to compel arbitration. Dkt. No. 84. HHMG asserted the purported right only after its co-defendants asserted their own purported right to compel arbitration based on equitable estoppel principles. *See* Dkt. No. 82.

### e. HHMG Has Actively and Substantially Participated in This Litigation

HHMG has filed two distinct motions to dismiss in this matter. Dkt. Nos. 32, 61. HHMG has stipulated to various changes to the case schedule and agreed to various discovery orders, including a protective order. *See, e.g.,* Dkt. Nos. 72, 80. HHMG produced nearly 140,000

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 4
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

pages of documents in response to Plaintiffs' discovery requests.[2] Trask Decl., ¶ 2. Brandon Reed, one of HHMG's owners, has personally responded to a subpoena for documents related to this matter and his role at Reed Hein & Associates, LLC. Trask Decl., Ex. 2.

### III. ARGUMENT

**a. Plaintiffs Incorporate their Argument in Response to the Ramsey Defendant's Motion to Compel Arbitration**

Plaintiffs fully incorporate their arguments regarding unconscionability and equitable estoppel from their response to the Ramsey Defendant's motion to compel arbitration into this response. *See* Dkt. No. 90 at III.a ("Equitable Estoppel Does Not Permit the Ramsey Defendants to Compel Arbitration") and III.c ("The Arbitration Clause is Unconscionable Under Washington Law and Should Not be Enforced"). Plaintiffs further incorporate their argument regarding waiver of the right to arbitration to the degree it is applicable to both the Ramsey Defendants and HHMG. *See* Dkt. No. 90 at III.b ("Even if the Ramsey Defendants Could Enforce the Arbitration Clause, The Have Waived the Right to Do So").

**b. HHMG Waived Its Right to Compel Arbitration**

A party asserting waiver of a contractual right to arbitrate based on litigation conduct must show that the other party had knowledge of an existing right to compel arbitration and engaged in intentional acts inconsistent with that right. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir., 2023). Prejudice is not an element of waiver under federal law, and

---

[2] HHMG's discovery responses referenced and referred to documents produced by the company in a prior case and already made available to the parties to this case. HHMG's discovery responses consist of more than 140,000 pages of documents and files. Trask Decl., ¶ 2. HHMG's discovery responses include substantially more information than those of any other party to this case. *Id*.

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 5
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

waiver of a contractual right to arbitrate is not conditioned on prejudice. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417-419, 142 S. Ct. 1708 (2022). Washington law mirrors federal law in both respects.[3] *See, e.g., Kinsey v. Bradley*, 53 Wash. App. 167, 169, 765 P.2d 1329 (Wash. Ct. App. Div. 3, 1989).

Washington law holds that whether a party has waived its right to arbitration through litigation conduct is a fact-specific inquiry and is not subject to hard and fast rules. *See, e.g., Berman v. Tierra Real Est. Grp., LLC*, 23 Wash. App. 2d 387, 400, 515 P.3d 1004 (Wash. Ct. App. Div. 1, 2022). Federal courts, however, hold that a party "acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel

---

[3] HHMG asserts that Washington waiver law includes a prejudice requirement, based on *Alder v. Fred Lind Manor*, 153 Wash.2d 331, 103 P.3d 773 (2004). *See* Dkt. No. 84 at 6:14-16; 6 at n. 1. HHMG is incorrect. The *Alder* court described and applied its understanding of then-current *federal* law, not state law, when addressing waiver. *See Alder*, 153 Wash.2d at 362. The ultimate source of *Alder*'s description of federal law, *Kinsey v. Bradley*, 53 Wash. App. 167, 765 P.2d 1329 (Wash. Ct. App. Div. 3, 1989), unambiguously states that prejudice *is not* required for waiver under state law. *Kinsey*, 53 Wash. App. at 169 ("To establish waiver under federal law, the party opposing arbitration must demonstrate (1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that right, and (3) prejudice . . . . On the other hand, prejudice is not required under state law." (internal citations omitted)); *see Lake Wash. Sch. Dist. 414 v. Mobile Modules Northwest, Inc.*, 28 Wash App. 59, 62, 621 P.2d 791 (Wash. Ct. App. Div. 1, 1980) ("We recognize that there are federal decisions which have required a showing of prejudice to the other party before arbitration can be avoided . . . We decline to follow the federal approach"); *see also Townsend v. Quadrant Corp.*, 173 Wash.2d 451, 462-463, 268 P.3d 917 (2012) (no mention of prejudice in wavier analysis and referencing *Lake Wash. Sch. Dist.* when describing the relevant waiver standards); *Canal Station North Condo. Ass'n v. Ballard Leary Phase II, LP*, 179 Wash. App. 289, 297-302, 322 P.3d 1229 (Wash. Ct. App. Div. 1, 2013) (no reference to prejudice in waiver analysis); *Verbeek Prop., LLC v. GreenCo Enviro., Inc.*, 159 Wash. App. 82, 87-93, 246 P.3d 205 (Wash. Ct. App. Div. 1, 2010) (no analysis or mention of prejudice in finding no waiver of arbitration clause); *Ives v. Ramsden*, 142 Wash. App. 369, 382-384, 174 P.3d 1231 (Wash. Ct. App. Div. 2, 2008) (no analysis or mention of prejudice in finding waiver of arbitration clause). Following the Supreme Court's decision in *Morgan* and the Ninth Circuit's decision in *Armstrong*, neither Washington nor federal law require a showing of prejudice for waiver of a contractual right to arbitration.

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 6
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

arbitration and (2) actively litigates the merits of a case for a prolonged period of time." *Newirth ex rel. Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935, 941 (9th Cir., 2019). The federal test asks "whether those actions holistically 'indicate a conscious decision . . . to seek judicial judgment on the merits of the arbitrable claims, which would be inconsistent with a right to arbitrate." *Armstrong*, 59 F.4th at 1015 (quoting *Hill v. Xerox Bus. Servs.*, 59 F.4th 457, 471 (9th Cir., 2023)) (alteration in original). A party acts inconsistently with exercising the right to arbitrate where it "litigated in federal court for over a year, filed a motion to dismiss 'on a key merits issue,' and received an adverse ruling before moving to compel arbitration." *Armstrong*, 59 F.4th at 1016 (citing *Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir., 2019)).

Here, HHMG has waived its right to compel arbitration, if it ever had such a right. It is undisputed that HHMG, through Mr. Reed, knew about the arbitration clauses in Plaintiffs' contracts with Reed Hein at the start of this litigation. Despite that, HHMG did not file an answer asserting a right to compel arbitration. It did not seek to assert any right to compel arbitration until more than 14 months after this case commenced and continued to participate in the litigation of Plaintiffs' claims in this court.

HHMG has substantially participated in litigation during those 14 months. HHMG argues that merely providing discovery responses is not inconsistent with the later assertion of a right to arbitrate; while HHMG may be correct, it has done more than simply provide a few discovery responses and HHMG undersells its participation in suggesting its participation has consisted solely of responding to discovery requests and moving to dismiss. *See* Dkt. No. 84 at 5:6-7. HHMG filed two motions to dismiss in this case. HHMG has stipulated to changes to

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 7
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

1  the case schedule and discovery orders, including various protocols and a protective order.

2  HHMG produced more documents in discovery than any other party.

3  Prejudice is not an element of waiver of a right to compel arbitration under either federal

4  law or Washington law. *See supra* n. 3. The court should disregard HHMG's argument that its

5  actions have not prejudiced Plaintiffs.

6  HHMG's participation in this matter is substantially similar to the defendant's

7  participation proceeding its motion to compel arbitration in *Martin v. Yasuda*, 829 F.3d 118

8  (9th Cir., 2019). The similar procedural circumstances should result in the same outcome and,

9  as with the defendant in *Martin*, HHMG has waived its right to compel arbitration here.

10  **c. The Court Should Consider the Arbitrability of Claims Against HHMG and the Ramsey Defendants Separately**

11  HHMG relies on equitable estoppel case law to argue any claims against it should be sent

12  to arbitration if any claims against the Ramsey Defendants are sent to arbitration. *See* Dkt. No.

13  84 at 5:1-6-7. Plaintiffs therefore reincorporate their argument regarding the applicability of

14  equitable estoppel generally from their Response to the Ramsey Defendants' motion to compel

15  arbitration. *See* Dkt. No. 90 at III.a.

16  The cases cited by HHMG in support of its argument that claims against it should be sent

17  to arbitration if claims against the Ramsey Defendants are sent to arbitration are inapplicable

18  and distinguishable from the facts here. In each of the cited cases, the Court compelled

19  arbitration where there was both a signatory defendant and a non-signatory defendant. For

20  example, in *David Terry Invs., LLC v. Headwaters Dev. Grp. LLC*, 13 Wash. App. 2d 159

21  (Wash. Ct. App. Div. 3, 2020), the Washington Court of Appeals supported the application of

22  equitable estoppel and compelled arbitration where there were both signatory defendants and

23

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 8
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

non-signatory defendants. *See David Terry Invs., LLC*, 13 Wash. App. 2d at 171-172. The same is true in *Hawkins v. KPMG LLP*, *Sweet Dreams Ultd., Inc. v. Dial-A-Mattress Int'l, Ltd.*, *Keane v. 40 Years, Inc.*, and *Cummings v. Budget Tank Removal & Env't Servs., LLC*. *See Sweet Dreams Unlimited v. Dial-A-Mattress Int'l*, 1 F.3d 639 (7th Cir., 1993) (resolving dispute between purported *signatories* to arbitration agreement without involvement of non-signatories); *Hawkins v. KPMG LLP*, 423 F.Supp.2d 1038, 1051-1053 (N.D. Cal., 2006) (denying defendant's motion to compel arbitration and declining to use equitable estoppel compel arbitration); *Keane v. 40 Years, Inc.*, 2019 WL 4014769 (W.D. Wash., 2019) (compelling arbitration of claims in case which, like *David Terry Invs.*, involved signatory and non-signatory plaintiffs and defendants); *Commings v. Budget Tank Removal & Env't Servs., LLC*, 163 Wash. App. 379 (Wash. Ct. App. Div. 1, 2011) (affirming decision to consolidate arbitrations between company and two customers where all were signatories arbitration clauses and customers, represented by the same counsel, sought consolidate their factually-similar claims into a single arbitration proceeding).

HHMG does not cite, and Plaintiffs have not been able to locate, any case where a court has compelled arbitration between a signatory plaintiff and a non-signatory defendant based on the court's application of equitable estoppel to a different non-signatory defendant.

In addition, it would be inequitable to allow HHMG to compel arbitration solely in tandem with the Ramsey Defendants. HHMG's officers already demonstrated bad faith Reed Hein succeeded in compelling arbitration in February 2020. After compelling arbitration, Reed Hein declined to pay arbitrator fees and refused to pay $415,234.42 in hard-fought arbitration awards. Albert Decl., ¶¶1-4. As a result, the AAA declined to administer any more Reed Hein

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 9
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

cases, granted Plaintiffs the right to sue in court, and requested that Reed Hein stop using its name in arbitration clauses. *Id*.

### IV.  CONCLUSION

For the reasons stated above, the court should deny the HHMG's motion to compel arbitration. The arbitration clause is unconscionable under Washington law and, even if it was not, it cannot be enforced by HHMG in this matter. Equitable estoppel does not permit HHMG to compel arbitration here. Further, HHMG has waived its right to enforce the arbitration clause, if any.

DATED this 26th day of July, 2024.

*I certify that this memorandum contains 2,572 words, in compliance with the Local Civil Rules.*

**ALBERT LAW, PLLC**

By: ___s/ Gregory W. Albert_____
Gregory W. Albert, WSBA #42673
Tallman Trask IV, WSBA #60280
3131 Western Ave., Suite 410
Seattle, WA 98121
(206) 576-8044
greg@albertlawpllc.com
tallman@albertlawpllc.com

And—

PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION - Page 10
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

**FRIEDMAN | RUBIN®**

By: ____*s/ Roger S. Davidheiser*____
Roger S. Davidheiser, WSBA #18638
1109 First Ave., Ste. 501
Seattle, WA 98101
(206)501-4446
rdavidheiser@friedmanrubin.com
***Attorneys for Plaintiffs***

---

*PLTFFS' RESPONSE TO MTN TO COMPEL ARBITRATION* - Page 11
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446