THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**SUPPLEMENTAL DECLARATION OF DAMON C. ELDER IN SUPPORT OF DEFENDANTS DAVID RAMSEY, III AND THE LAMPO GROUP, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF ALL CLAIMS AND STAY CASE PENDING ARBITRATION**<br><br>Noting Date: August 9, 2024 |

I, DAMON C. ELDER, declare as follows:

1. I am an attorney with Morgan, Lewis & Bockius LLP, and I represent Defendants David L. Ramsey, III and The Lampo Group, LLC (hereafter, the "Lampo Defendants") in the above-captioned matter. I am over the age of eighteen and am competent to testify herein. I make

DECLARATION OF DAMON C. ELDER ISO REPLY
TO MOTION TO COMPEL ARBITRATION - 1
(Case No. 2:23-cv-00630-JLR)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  the following statements based on my own personal knowledge. In supplement to my declaration
2  submitted with the Motion to Compel Arbitration, Dkt. 83, I submit this declaration to address
3  factual inaccuracies and omissions in Plaintiffs' Opposition, Dkt. 90, to that motion.

4      2.      As counsel for the Lampo Defendants since the beginning of this case, I am familiar
5  with the Lampo Defendants' efforts in discovery to identify the contracts Plaintiffs allege to have
6  entered into with Reed Hein (also known as the "Timeshare Exit Team") which are at the center
7  of Plaintiffs' allegations in this lawsuit.

8      3.      Plaintiffs filed this lawsuit on April 29, 2023. Although the Complaint's allegations
9  reference contracts with Reed Hein, Plaintiffs only first produced actual Reed Hein contracts for
10 some of the Plaintiffs in this case on May 8, 2024, more than one year after filing suit. Prior to that
11 production, the Lampo Defendants and their counsel were not in possession of any of Plaintiffs'
12 actual contracts and thus had no actual knowledge of their contents. As the Court is aware, Reed
13 Hein is a non-party in this lawsuit and a defunct entity.

14      4.      On July 10, 2023, Plaintiffs served their initial disclosures, a true and accurate copy
15 of which is attached hereto as **Exhibit 1**. At the time of this disclosure, Plaintiffs did not provide
16 any contracts with Reed Hein, whether entered into by Plaintiffs or other individuals. While
17 Plaintiffs' disclosures did reference "Arbitration Awards" for some non-plaintiffs, those awards
18 do not indicate whether Plaintiffs themselves executed arbitration agreements.

19      5.      With their July 10, 2023 initial disclosures, Plaintiffs also produced nine
20 voluminous excel spreadsheets from Reed Hein tracking its customers. Those spreadsheets
21 compromise approximately 410,035 pages in PDF form. Based on the Lampo Defendants' search,
22 the spreadsheets do not identify whether an individual's contract contains an arbitration clause.
23 And even today, counsel for the Lampo Defendants do not understand how the information
24 referenced under "contract type" – among hundreds of other columns—can be used to identify the
25 substance and terms of any particular individual's Reed Hein contract (e.g., "April 2020 - 6th
26 contract MTG (Client Pays All)" or March 2019- 5th Contract PIF (Client Pays All)"). Attached

DECLARATION OF DAMON C. ELDER ISO REPLY
TO MOTION TO COMPEL ARBITRATION - 2
(Case No. 2:23-cv-00630-JLR)

Morgan, Lewis & Bockius LLP
Attorneys at Law
1301 Second Avenue, Suite 3000
Seattle, Washington 98101
Tel +1.206.274.6400  Fax +1.206.274.6401

hereto as **Exhibit 2** is an exemplary selection of information on "contract type" contained in these spreadsheets.

6. On January 19, 2024, Plaintiffs made a supplemental production of documents that had been identified in the July 10, 2023, initial disclosures, and presumably had been in Plaintiffs' possession since at least July 2023. This production, for the first time, included some contracts between non-party individuals and Reed Hein. That production was also voluminous, comprising approximately 4,800 pages of material from other government investigations and litigation involving Reed Hein. The Lampo Defendants, through their counsel, promptly undertook extensive efforts to search this production. First, the Lampo Defendants searched for and found that this production did **not** include any of Plaintiffs' own contracts. Second, among the Reed Hein contracts in this production, the Lampo Defendants discovered that while some Reed Hein contracts contained arbitration clauses, many also did not. By way of example, attached hereto as **Exhibits 3-7** are true and accurate copies of Reed Hein contracts from Plaintiffs' January 19, 2024 production with did **not** contain arbitration clauses.

7. Given the information available in January 2024, the Lampo Defendants were aware that some Reed Hein contracts included arbitration clauses and some did not. Without access to Plaintiffs' own contracts—which Plaintiffs withheld from the January 19, 2024 production—counsel for the Lampo Defendants had no way to know or show whether Plaintiffs had themselves entered into arbitration agreements.

8. On February 21, 2024, on the same day as the Court lifted the discovery stay in this case, the Lampo Defendants propounded requests for production asking Plaintiffs to produce, among other things, their contracts with Reed Hein. On May 8, 2024, for the first time, Plaintiffs produced to the Lampo Defendants the contracts that nine Plaintiffs signed with Reed Hein, all of which have arbitration clauses. On June 3, 2024, I emailed Plaintiffs' counsel to inform them of the Lampo Defendants' intent to move to compel arbitration and requested to meet and confer regarding the anticipated motion. At the following June 5, 2024, conference, Plaintiffs' counsel

DECLARATION OF DAMON C. ELDER ISO REPLY
TO MOTION TO COMPEL ARBITRATION - 3
(Case No. 2:23-cv-00630-JLR)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

agreed to produce all remaining contracts by June 13, 2024, to the extent they could be found, so the parties could assess whether all or only some of them contained arbitration clauses before the Lampo Defendants brought this motion. On June 13, 2024, Plaintiffs produced two more Plaintiff contracts, both of which also have arbitration clauses. Also on June 13, Plaintiffs' counsel acknowledged that their other clients could not find their contracts, but that the unfound contracts also likely contained arbitration clauses.

9. Attached hereto as **Exhibit 8** is a true and correct copy of the Complaint filed in *Adolph v. Reed Hein & Associates, et al.* (W.D. Wash., Case No. 2:21-cv-01378-BJR).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Dated this 9th day of August, 2024 at Vienna, Austria.

          *s/ Damon C. Elder*
          Damon C. Elder, WSBA No. 46754

          *Attorney for Defendants David L. Ramsey, III and The Lampo Group, LLC*

DECLARATION OF DAMON C. ELDER ISO REPLY
TO MOTION TO COMPEL ARBITRATION - 4
(Case No. 2:23-cv-00630-JLR)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401