THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   ANNA PATRICK, ET AL., individually and on    Case No.: 2:23-cv-00630 JLR
    behalf of all others similarly situated,

10
                                Plaintiffs,
11                                                **DEFENDANT HAPPY HOUR MEDIA
        v.                                        GROUP, LLC'S REPLY IN SUPPORT
12                                                JOINDER IN MOTION TO COMPEL
    DAVID L. RAMSEY, III, individually; HAPPY     ARBITRATION AND MOTION TO
13  HOUR MEDIA GROUP, LLC, a Washington           COMPEL ARBITRATION**
    limited liability company; THE LAMPO
14  GROUP, LLC, a Tennessee limited liability     **NOTED FOR CONSIDERATION:
    company,                                       AUGUST 9, 2024**
15
                                Defendants.
16

17

18                              **I. INTRODUCTION**

19          Defendant Happy Hour Media Group ("Happy Hour") hereby joins in the Reply in

20  Support of Motion to Compel Arbitration of All claims and Stay Pending Arbitration ("Lampo

21  Reply") filed by Defendants David L. Ramsey III and the Lampo Group, LLC (collectively,

22  "Lampo") on August 9, 2024. Dkt. 97. Happy Hour further submits this Reply in support of its

23  own Motion to Compel Arbitration filed July 5, 2024. Dkt. 84.

24          If the Court sends the claims against Lampo to arbitration, it should also send the claims

25  against Happy Hour. Plaintiffs' claims against Happy Hour are inextricably intertwined with

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 1

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the claims against Lampo: indeed, Plaintiffs cannot prove any conspiracy existed between Happy Hour and Lampo without proving their claims against Lampo. In their opposition, Plaintiffs ignore the significant risk of inconsistent rulings, waste of judicial resources, and duplication of party efforts that would come with splitting forums, and have failed to identify any factor that outweighs these inherent dangers.

Moreover, Plaintiffs concede that Happy Hour's minimal engagement with discovery in this case does not waive its right to arbitrate. Happy Hour has not waived its right to arbitrate because its minimal participation in this case to date is not inconsistent with its right to arbitrate.

Finally, while Happy Hour believes the Court should send Plaintiffs' claims against Happy Hour to arbitration if it sends the claims against Lampo, if it chooses to send only Lampo to arbitration, the Court should stay the proceedings against Happy Hour pending the outcome of the Lampo arbitrations. Given the intertwined facts and legal issues, the results of the arbitrations could have direct bearing on class certification issues that Happy Hour would face if the case continued against it in Court. Moreover, Plaintiffs failed to respond to Happy Hour's alternative request that the Court stay the proceedings against it if it orders only Lampo to arbitration, and have therefore waived their right to object to such relief. Happy Hour's request is therefore unopposed and should be granted in the alternative.

The Court should grant Lampo's Motion and compel all claims against Happy Hour to arbitration. In the alternative, the Court should stay all proceedings against Happy Hour pending the outcome of arbitrations against Lampo.

## II. REPLY ARGUMENT

### A.    Happy Hour incorporates and joins the Lampo Reply.

Happy Hour incorporates Section A of the Argument of the Lampo Reply. *See* Dkt. 97 at 4–8. Plaintiffs are equitably estopped from resisting non-signatory Happy Hour's enforcement of the arbitration provision where their claims seek to benefit from the contract

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

containing the provision and are inextricably intertwined with the underlying contract. *See generally id.*

Happy Hour incorporates Section B of the Argument of the Lampo Reply. Dkt. 97 at 8–10. As with Lampo, Plaintiffs' speculation and conjecture regarding Happy Hour's knowledge of its right to arbitrate is insufficient to establish waiver. *See also* Argument Section C of the Happy Hour Reply, *infra* ("Happy Hour's minimal participation in this lawsuit does not waive its right to arbitration.").

Happy Hour incorporates Section C of the Argument of the Lampo Reply. Dkt. 97 at 10–11. The arbitration agreements are not unconscionable. The remedy of the allegedly unconscionable provisions would be severance, if they are deemed unconscionable at all, which would not affect the arbitration provision.

Happy Hour incorporates Section D of the Argument of the Lampo Reply. Dkt. 97 at 11 – 12. Happy Hour cannot be compelled to participate in class arbitration where the arbitration clause is silent regarding the same, and the Court should make the determination as to whether class arbitration is available.

**B.      Plaintiffs provided no good reason to split this case between arbitration and litigation.**

The primary argument in Happy Hour's Joinder in Motion to Compel Arbitration and Motion to Compel Arbitration is that if the Court compels Plaintiffs to arbitration with Lampo, it should also compel arbitration of the claims against Happy Hour. This argument follows naturally from the allegations in the Amended Complaint and the arguments of the Plaintiffs. The Plaintiffs have pled a conspiracy between the Defendants, Dkt. 55 ¶¶ 234-235, and Plaintiffs have vigorously and repeatedly argued to this Court that each of their claims are factually predicated on the actions of both Happy Hour *and* Lampo in combination. In their Response to Happy Hour's Renewed Motion to Dismiss, Dkt. 65, Plaintiffs argued that "Happy

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 3

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1   Hour *was a key intermediary in the conspiracy between itself [and] the Ramsey Defendants*,"

2   and that "*[t]he very purpose of the conspiracy* was to provide false information, through

3   endorsements and advertisements *with the Ramsey Defendants*." Dkt. 65 at 21 (emphasis

4   added). They describe an alleged "contractual relationship" and "actual agreement" between

5   Happy Hour and Lampo that they claim are critical to their claims for conspiracy. *See id.* at 28.

6         Given the connection between the claims against the various Defendants, it would

7   obviously be more efficient to have the Plaintiffs' claims heard in one forum, rather than two.

8   Having two proceedings will require twice as much interference in witnesses' lives, duplicate

9   motions practice, duplicative presentation of evidence, multiple fact finders, and increased

10  expense. There will also be a significant risk of inconsistent rulings. Plaintiffs do not deny any

11  of this. Nor do Plaintiffs present the Court with any factor that they claim outweighs the

12  efficiency of keeping the claims together. Nor have Plaintiffs identified a single case wherein a

13  court faced with inextricably intertwined claims against multiple defendants has sent some

14  defendants to arbitration but kept the rest in court. If a court were to do so, it would defeat the

15  purpose of arbitration, which is to achieve an "inexpensive and efficient resolution" of a dispute.

16  *See David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. Ltd. Liab. Co.*, 13 Wn. App. 159,

17  168–69 (2020); *see also Keane v. 40 Years, Inc.*, no. C18-1768 RSM, 2019 WL 4014769, at

18  *6–7 (W.D. Wash. Apr. 11, 2019) (permitting plaintiffs to compel arbitration of both signatory

19  and non-signatory defendants because "compelling arbitration of all claims amongst all parties

20  is the best use of the parties' resources and the Court's resources and is the only approach that

21  avoids duplication of efforts and the possibility of conflicting results. . . [and] [t]he parties

22  should not resolve [their] issues in two separate forums at the same time with the attendant risks

23  of inconsistent results").

24        Plaintiffs' only argument in favor of barring Happy Hour from arbitration appears to be

25  that Reed Hein refused to arbitrate and Happy Hour should be treated as indistinguishable from

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    Reed Hein because Brandon Reed, the owner of Reed Hein, is a partial owner of Happy Hour.

2    This argument is inconsistent with the arguments Plaintiffs made in response to Happy Hour's

3    motion to dismiss. Then, faced with the fact that they have settled all claims against Reed Hein,

4    they argued that Happy Hour and Reed Hein must be treated as completely distinct despite the

5    cross-over in their ownership. Dkt. 65. Having benefited from that argument, Plaintiffs cannot

6    change positions now. Rather, they must accept that Happy Hour was not a part of the Reed

7    Hein arbitrations. Happy Hour, like Lampo, has been sued for the first time by Reed Hein

8    customers in this lawsuit. If the Court orders the Lampo claims to arbitration, it should order

9    the claims against Happy Hour to arbitration as well.

10   **C.    Happy Hour's minimal participation in this lawsuit does not waive its right to**
11   **        arbitration.**

12       A party waives its right to arbitrate only if the party has knowledge of an existing right

13   to compel arbitration and has acted intentionally and inconsistently with its right to arbitrate.

14   *See Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014–15 (9th Cir. 2023) (internal

15   quotations omitted). Happy Hour has not waived its right to arbitrate Plaintiff's claims under

16   this test.

17       Plaintiffs suggest that the Court may deny arbitration merely because Brandon Reed,

18   one of the owners of Happy Hour, had knowledge of the arbitration agreements through his role

19   as owner of Reed Hein. Plaintiffs are incorrect. If knowledge of the right to arbitrate was

20   sufficient on its own to constitute waiver, there would be no need for the Court to analyze

21   whether the party acted inconsistently with that knowledge. Conversely, however, *Plaintiffs'*

22   own knowledge of their arbitration clauses and intentional splitting of this lawsuit from its

23   lawsuit on the same nucleus of facts against Reed Hein weighs ***in favor of compelling***

24   ***arbitration***. *See Enterprises Int'l, Inc. v. Pasaban, S.A.*, No. 11-cv-5919-RBL, 2013 WL

25   526163 at * (W.D. Wash. Feb. 11, 2013) (granting motion to compel arbitration where the

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1    plaintiff knew about the arbitration agreement and strategically omitted the opposing signatory

2    of the agreement from the lawsuit to avoid arbitration).

3         Happy Hour has not acted inconsistently with its right to arbitrate. Plaintiffs concede

4    that Happy Hour "may be correct" that "merely providing discovery responses is not

5    inconsistent with the later assertion of a right to arbitrate," Dkt. 92 at 7, but argues that Happy

6    Hour has done "more." That "more" amounts to very little.

7         First, Plaintiffs stress that Happy Hour filed not one but *two* motions to dismiss. This is

8    not entirely true; Happy Hour had to file its motion to dismiss twice. While the motion was

9    initially pending, Plaintiffs amended the Complaint and *stipulated* that Happy Hour should

10    withdraw and re-file its motion to address the Amended Complaint, which Happy Hour did.

11    *See* Dkts. 40, 46, 61. Second, Plaintiffs point out that Happy Hour has "stipulated to changes to

12    the case schedule and discovery orders." This Court has rejected the argument that a party

13    waives its right to arbitrate by stipulating to briefing and other schedules filed with the court.

14    *See McGinnis v. T-Mobile USA, Inc.*, No. C08-106Z, 2009 WL 4824002, at *3–4 (W.D. Wash.

15    Dec. 9, 2009). Finally, Plaintiffs claim (perhaps with fingers crossed behind their backs) that

16    Happy Hour "has produced more documents in discovery than any other party." Dkt. 92 at 8.

17    However, as Plaintiffs quietly admit in footnote 2, the reality is that Happy Hour produced a

18    large number of documents in response to a third-party subpoena in a different case years ago.

19    Before this case began, those documents wound up in the hands of Plaintiffs' counsel. All

20    Happy Hour did in this case was say that Plaintiffs could treat that body of documents as if it

21    had been produced in this litigation.

22         Happy Hour has not acted inconsistently with a right to arbitrate and therefore has not

23    waived its right to move to compel arbitration.

24

25

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 6

**CORR CRONIN** LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**D.**     **Plaintiffs have waived any argument in opposition to Happy Hour's alternative request for a stay pending arbitration.**

In its Joinder and Motion, Happy Hour proposed that if the Court sends only the claims against the other Defendants to arbitration, then it should stay all claims against Happy Hour, because the claims against Happy Hour "depend [] upon the same facts [as] and [are] inherently inseparable from" the claims against Lampo. *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, 652 F.Supp.3d 1313, 1328 (W.D. Wash. 2023) (citations omitted). Plaintiffs cannot prove that Happy Hour was involved in a scheme to have Lampo deliver false messages without proving its claims against Lampo, and the results of the arbitrations against Lampo could bear directly on issues such as superiority and commonality that will be decided at the class certification stage if this litigation moves forward.

Plaintiffs failed to respond to this argument in any way and have therefore waived any argument against Happy Hour's alternative request for a stay. *See, e.g., John-Charles v. California*, 646 F.3d 1243, 1247 n. 4 (9th Cir. 2011) (holding that a party "failed to develop any argument [in opposition], and has thus waived it"); *Moreno Roofing Co., Inc. v. Nagle*, 99 F.3d 340, 343 (9th Cir. 1996) (ruling that passing remarks on an issue in opposition to summary judgment were insufficient to avoid waiver; *Avalyn Pharma, Inc. v. Vincent,* No. 3:20-cv-02267-RSH-KSC, 2023 WL 2731727 at *6 (N.D. Cal. Feb. 27, 2023) ("A party that fails to respond to arguments in a motion waives any opposition to the requested relief.").

### III. CONCLUSION

For the foregoing reasons, Happy Hour respectfully requests that the Court issue an order granting Lampo's motion and compelling arbitration of all claims against Happy Hour, or, in the alternative, staying those claims pending arbitration of the claims against Lampo.

//

//

//

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 7

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

DATED this 9th day of August, 2024.

2

This motion contains 2, 048 words per LCR 7(e).

3

CORR CRONIN LLP

4

By: *s/ Jack M. Lovejoy*

5

Jack M. Lovejoy, WSBA No. 36962
Maia R. Robbins, WSBA No. 54451

6

1015 Second Avenue, Floor 10
Seattle, Washington 98104

7

Phone: (206) 625-8600
jlovejoy@corrcronin.com

8

mrobbins@corrcronin.com

9

*Attorneys for Defendant Happy Hour Media*

10

*Group, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT HAPPY HOUR MEDIA GROUP, LLC'S
REPLY IN SUPPORT JOINDER IN MOTION TO COMPEL
ARBITRATION AND MOTION TO COMPEL
ARBITRATION (Case No.: 2:23-cv-00630 JLR) - 8

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Wen Cruz*
Wen Cruz

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900