THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,<br><br>Defendants. | Case No. 2:23-cv-00630-JLR<br><br>**PLAINTIFFS' JOINT RESPONSE TO DEFNDANTS DAVID L. RAMSEY, III AND THE LAMPO GROUP, LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING ON MOTION TO COMPEL ARBITRATION AND DEFENDANT HAPPY HOUR MEDIA GROUP'S JOINDER THEREOF**<br><br>Noting Date: August 23, 2024 |

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 1
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## I.   INTRODUCTION

Plaintiffs respectfully request that the court deny Defendants' Motion to Stay Proceedings Pending Ruling on Motion to Compel Arbitration.[1] The Defendants have not met their burden and cannot show that there is good cause for a stay. Defendants cannot show that continued discovery would cause them any annoyance, embarrassment, oppression, or undue burden or expense. Further, a "preliminary peek" at Defendants' motions to compel arbitration does not show that they are sufficiently meritorious to warrant a stay.

## II.   FACTS

### a. This Case Centers on Defendants' Acts and Conduct in Promoting a Fraudulent "Timeshare Exit" Company

Plaintiffs alleged that Defendants created advertisements and endorsements for Reed Hein & Associates, LLC ("Reed Hein"), an ultimately fraudulent "timeshare exit" company. Dkt. No. 55, ¶¶1-2. Defendants do not argue they did not create advertisements, endorse Reed Hein, or promote the company. *See generally* Dkt. No. 63. Defendants do not contest that Plaintiffs and other consumers lost millions in upfront fees paid to Reed Hein. *Id.* Defendants' pending motions do not address the deceptive advertising and endorsements which led Plaintiffs to Reed Hein. *See* Dkt. Nos. 82; 84; 88; 94. Instead, Defendants argue that an arbitration clause in a contract to which they are not a party compels Plaintiffs to arbitrate

---

[1] On July 30, 2024, Defendant Happy Hour Media Group, LLC ("HHMG"), joined the motion originally filed by Defendants David L. Ramsey, III, and The Lampo Group, LLC (collectively, "Ramsey Defendants") without adding additional argument. *See* Dkt. No. 88 (Ramsey Defendants' motion); Dkt. No. 94 (HHMG's motion joining Dkt. No. 88). Plaintiffs thus refer to Dkt. No. 88 and the argument therein as if brought by all Defendants.

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 2
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

statutory Consumer Protection Act and negligent misrepresentation claims against Defendants. *See* Dkt. Nos. 82; 84.

**b. Plaintiffs Indisputably Entered into Contracts with Reed Hein & Associates**

Plaintiffs do not dispute Defendants' claim that they signed contracts with Reed Hein. Plaintiffs provided their contracts with Reed Hein alongside discovery responses in this matter. Dkt. 90, 4:19-5:4.

Plaintiffs acknowledge that their contracts with Reed Hein include an arbitration clause. *Id.* at 5:13-14 As described in prior briefing, not all Plaintiffs have located their contracts, but Reed Hein used form contracts or contracts of adhesion throughout its existence. *Id.* at 5, n. 1. Plaintiffs believe the arbitration clause in each contract is substantially similar. *Id.* The arbitration clause in most Plaintiffs' contracts reads:

**Arbitration of Disputes**

Any claim or controversy arising out of or relating to this Agreement, including arbitrability of a dispute pursuant to this provision, shall be fully and finally settled by arbitration under the authority of the Federal Arbitration Act and pursuant to the Rules of the American Arbitration Association then in effect for commercial disputes (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by Reed Hein and Owner or chosen in accordance with the AAA Rules, except that the parties thereto shall have any right to discovery as would be permitted by the Federal Rules of Civil Procedure for a period of 90 days following the commencement of such arbitration and the arbitrator thereof shall resolve any dispute which arises in connection with such discovery. Venue for arbitration or any other matter shall be exclusively in Snohomish County or King County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. This arbitration provision shall survive termination of this Agreement and any Exit.

*See* Dkt. Nos. 83-2 through 83-8.

The arbitration clause in the contracts of two Plaintiffs reads:

PLTFFS' RESPONSE TO MTN TO
STAY PROCEEDINGS - Page 3
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

> **8. Arbitration of Disputes**
>
> Any claim or controversy arising out of or relating to this Agreement shall be fully and finally settled by arbitration in accordance with the Rules of the American Arbitration Association then in effect (the "AAA Rules"), conducted by one arbitrator mutually agreed upon by REED HEIN and OWNER or chosen in accordance with the AAA Rules. Venue for arbitration or any other matter shall be exclusively in Snohomish County, Washington. The arbitrator shall have no authority to (a) award punitive, consequential or indirect damages, or (b) issue injunctive or other equitable relief. The prevailing party shall be entitled to an award of costs, expenses and reasonable attorney's fees, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

*See* Dkt. Nos. 83-9; 83-10.

### III.  ARGUMENT

a.  **Legal Standards**

The United States Court for the Western District of Washington treats motions to stay discovery pending a ruling on a motion to compel arbitration as potentially dispositive and applies the same test it applies to motions to stay discovery pending a ruling on a motion to dismiss. *See Zeiger v. Hotel California by the Sea, LLC*, Case No. C21-1702, 2022 WL 1499670, at *2-3 (W.D. Wash., May 12, 2022).

A pending potentially dispositive motion is generally not grounds for staying discovery. *Edmonds v. Amazon.com, Inc.*, Case No. C19-1613, 2020 WL 8996835, at *1 (W.D. Wash., March 6, 2020). "Had the Federal Rules contemplated that a motion to dismiss under Fed[eral] R[ule of] Civ[il] P[rocedure] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (alterations in original; quoting *Old Republic Title, Ltd. v. Kelley*, No. C10-0038, 2010 WL 4054471, at *4 (W.D. Wash., Oct. 13, 2010)). "The rules do not provide an automatic stay of discovery . . . [because] motions are often unsuccessful and a stay could cause unnecessary and significant delays." *Maadanian v. Mercedes-Benz USA, LLC*,

PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS - Page 4
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Case No. C22-0665, 2022 WL 17415466, at *1 (W.D. Wash., Dec. 5, 2022). While "the courts may grant a stay to 'relieve a party from the burdens of discovery while a dispositive motion is pending . . . this is the exception and not the rule.'" *United States v. Bayley*, Case No. 3:20-cv-05867, 2022 WL 1289664, at *2 (W.D. Wash., Apr. 29, 2022) (quoting *Nw. Immigrant Rights Project v. Sessions*, Case No. C17-716, 2017 WL 11428870, at *1 (W.D. Wash., Sept. 18, 2017)).

Rather than an automatic stay, "courts consider (1) whether the pending motion would dispose of the entire case, and (2) 'whether the pending motion can be decided without additional discovery.'" *HDT Bio Corp. v. Emcure Pharm., Ltd.*, Case No. C22-0334, 2022 WL 2106160, at *2 (W.D. Wash., June 10, 2022); *see also Roberts v. Khounphixay*, Case No. 2:18-cv-00746, 2018 WL 5013780, at *1 (W.D. Wash, Oct. 16, 2018) (describing same factors as a "two-step test"). In considering the factors, the court takes a "preliminary peek" at the pending motion to determine if there is good cause for a stay. *Id.*; *see also Zeiger*, 2022 WL 1499670 at *2. The court determines if there is good cause by applying the standards for discovery limits from Federal Rule of Civil Procedure 26(c). *See Edmonds*, 2020 WL 8996835 at *1; *see also* Fed. R. Civ. P. (26)(c) (district courts may limit discovery "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). "[T]he Court has discretion to stay discovery *if* defendant shows that it is entitled to a protective order under Rule 26(c) 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Duffy v. Yardi Systems, Inc.*, Case No. 2:23-cv-01391, 2024 WL 1676683, at *1 (W.D. Wash., Apr. 18, 2024) (emphasis added; quoting *Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th Cir., 2017)); *see Garner v. Amazon.com, Inc.*, Case No.

PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS - Page 5
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

C21-0750, 2022 WL 716840, at *1 (W.D. Wash., Mar. 10, 2022) (same). "The party requesting a stay [of discovery] bears the burden of showing that the circumstances justify an exercise of the Court's discretion." *Fouts v. Houston,* Case No. 3:23-cv-5594, 2024 WL 342299, at *1 (W.D. Wash., Jan. 30, 2024) (alteration in original; quoting *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir., 2012)).

**b. On a "Preliminary Peek," Defendants' Motions to Compel Arbitration are Not Sufficiently Meritorious to Warrant a Stay**

Four distinct issues determine if Defendants' Motions to Compel Arbitration will succeed. Defendants must show that equitable estoppel permits them to enforce the arbitration clause in Plaintiffs' contracts with non-party Reed Hein. Defendants must show, given Reed Hein's prior breaches of the arbitration clause, that the arbitration clause remains enforceable at all. Defendants must also overcome Plaintiffs' arguments that the arbitration clause is substantively unconscionable and that Defendants waived any right to compel arbitration.

Defendants are sufficiently likely to fail on all four issues. But even a decision against Defendants on one of those four issues is fatal to Defendants' motions and all four issues must be likely to be decided in Defendants' favor to warrant a stay.

    **i. The Defendants equitable estoppel arguments are not sufficiently meritorious because they ask the court to issue a ruling contrary to Washington law and Ninth Circuit case law.**

As Plaintiffs pointed out in response to Defendants' motions, Defendants ask the court to use equitable estoppel to allow a non-signatory defendant to compel a signatory plaintiff into arbitration, which the Ninth Circuit has not previously allowed. Dkt. No. 90, 9:3-7 (citing *Setty v. Shrivias Sugandhalaya LLP*, 3 F.4th 1166, 1169 (9th Cir., 2021) (quoting *Rajagopolan v. NoteWorld, LLC*, 718 F.3d 844, 847-848 (9th Cir., 2013) ("We have never previously

PLTFFS' RESPONSE TO MTN TO
STAY PROCEEDINGS - Page 6
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

allowed a non-signatory defendant to invoke equitable estoppel against a signatory plaintiff."))).

Neither intertwined claims equitable estoppel nor direct benefits equitable estoppel apply here. Defendants appear to agree that there is no other equitable estoppel theory they could advance. *See* Dkt. No. 82, 5:15-6:3 (describing only intertwined claims and direct benefits equitable estoppel).

Intertwined claims equitable estoppel does not apply here because Plaintiffs' statutory claims cannot be intertwined with the arbitration agreement, Plaintiffs have not raised identical claims against a signatory defendant, and Plaintiffs do not rely on the terms of their Reed Hein contracts. *See* Dkt. No. 90, 11:15-18:10. Defendants, in contrast, argue that Plaintiffs rely on their Reed Hein contracts, but do not cite a single paragraph in Plaintiffs' complaint referencing Plaintiffs' Reed Hein contracts. *See* Dkt. 82, 1:22-2:4 (listing paragraphs purportedly showing reliance), *but c.f.* Dkt. No. 90, 17:17-18:10 (showing paragraphs referenced by Defendants neither reference nor rely on Plaintiffs' Reed Hein contracts).

Direct benefits equitable estoppel does not apply here because, as previously argued, Washington neither applies direct benefits equitable estoppel to non-contractual claims nor where a non-signatory seeks to compel arbitration. *See* Dkt. No. 90, 18:11-20:3. Defendants are not signatories to Plaintiffs' contracts with Reed Hein. Plaintiffs have not brought contract claims against Defendants. Washington courts would not apply direct benefits equitable estoppel in these circumstances.

> **ii. The Defendants are unlikely to show they can enforce an arbitration clause where the parties to the agreement could not enforce it.**

Defendants' Motions to Compel Arbitration make no effort to address the fact that Reed Hein *could not* enforce the arbitration clause against Plaintiffs. Reed Hein could not do so because it repeatedly breached the arbitration clause by failing to pay fees and awards pursuant to the American Arbitration Association ("AAA") rules. *See* Dkt. No. 90, 6:10-7:9 (describing

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 7
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Reed Hein's breaches). Defendants have not presented, and cannot present, any case law supporting the use of equitable estoppel to permit a non-signatory defendant to enforce an otherwise unenforceable arbitration agreement.

### iii. The Plaintiffs are likely to show the arbitration clause is unconscionable.

Plaintiffs argue that the arbitration clause in their Reed Hein contracts is substantively unconscionable because it includes damages limitation and "loser pays" provisions. *See* Dkt. No. 90, 22:12-25:6. Plaintiffs' argument is well-grounded in Washington law. "Loser pays" provisions render arbitration clauses substantively unconscionable in the context of consumer class actions and Consumer Protection Act claims because they offer no possible benefit to the plaintiff-consumers. *Gandee v. LDL Freedom Enterprises, Inc.*, 176 Wash.2d 598, 603, 293 P.3d 1197 (2013). Damages limitations provisions render arbitration clauses substantively unconscionable where they restrict the ability of a party to collect statutory exemplary and treble damages. *See* Dkt. No. 90, 23:14-24:4, 24:16-25:6 (applying *McKee v. AT& T Corp*, 164 Wash.2d 732, 191 P.3d 845 (2008) and *Zuver v. Airtouch Communications, Inc.*, 153 Wash.2d 293, 103 P.3d 753 (2004)). The unconscionable provisions pervade the arbitration clause, and severance is not appropriate. *See Alder v. Fred Lind Mannor*, 153 Wash.2d 331, 358, 103 P.3d 773 (2004).

### iv. The Plaintiffs are likely to show Defendants waived any right to compel arbitration.

Defendants have waived their right to compel arbitration through their conduct and delays in litigation. *See* Dkt. No. 90, 20:4-22:11; Dkt. No. 92, 5:15-8:9. A party waives its right to compel arbitration where it has knowledge of that right and engages in conduct inconsistent with it. *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir., 2023). Prejudice is not an element of the waiver of the right to compel arbitration. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417-419, 142 S. Ct. 1708 (2022); *see also* Dkt. No. 92, 6 n. 3

PLTFFS' RESPONSE TO MTN TO  
STAY PROCEEDINGS - Page 8  
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC  
3131 Western Avenue,  
SUITE 410  
SEATTLE, WA 98121  
(206) 576-8044

FRIEDMAN | RUBIN®  
1109 FIRST AVENUE,  
SUITE 501  
SEATTLE, WA 98101  
(206) 501-4446

(describing Washington law and showing prejudice is also not an element of Washington's waiver test).

As previously argued, the Ramsey Defendants waived their right to compel arbitration, if they ever had one, by delaying in moving to compel arbitration for nearly a year while filing numerous motions and stipulations in this case, propounding more than 1,400 discovery requests, and substantially responding to discovery. *See* Dkt. No. 90, 20:4-22:11. The Ramsey Defendants did so even though they have had copies of arbitration awards and documents referencing the relevant arbitration agreements. *Id.* at 21:7-16.

Happy Hour Media Group waived its right to compel arbitration, if it ever had one, because Brandon Reed, an officer of Happy Hour Media Group and Reed Hein, knew about the arbitration clauses before this case was filed, but Happy Hour Media Group nonetheless participated in this case without filing an answer asserting a right to compel arbitration, provided more than 140,000 pages of discovery responses, and actively participated in litigation for 14 months before moving to compel arbitration. *See* Dkt. No. 92, 5:14-8:9.

Plaintiffs anticipate that Defendants will argue their delays and actions did not prejudice Plaintiffs and thus should be forgiven. But as Plaintiffs previously argued, prejudice is not relevant to waiver under federal or Washington law.

**c. The Defendants Cannot Show Good Cause Because Discovery Will Proceed on the Same Issues and Under the Same Rules Regardless of the Court's Ruling on Defendants' Motions to Compel Arbitration** [2]

Defendants cannot show there is good cause for a stay. Even if the court compels arbitration, discovery will remain the same. Because the terms and scope of discovery would

---

[2] Plaintiffs present this argument in the alternative and do not intend, through this argument, to waive any arguments regarding the unconscionability of the arbitration clause, the general enforceability of the arbitration clause, the inapplicability of equitable estoppel to this case, or other arguments they have raised against enforcement of the clause.

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 9
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

be the same in any arbitration, Defendants cannot meet their burden to show good cause to stay discovery while the court considers Defendants' motions.

The relevant arbitration clauses provide for a discovery under the Federal Rules of Civil Procedure. *See, e.g.,* Dkt. No. 83-2 at 5 (arbitration to be "conducted in accordance with the AAA Rules, except that the parties thereto shall have any right to discovery as would be permitted by the Federal Rules of Civil Procedure for a period of 90 days"). Thus, the form of discovery would not change if the court compels arbitration.

The scope of discovery, including class-based discovery, also would not change. Defendants argue that class arbitration is not available here because the arbitration clauses are silent as to the issue, relying on case law about the power of courts when deciding "gateway" issues. *See* Dkt. No. 88 3:24-4:8 (citing case law only addressing a court's powers in compelling arbitration, but not addressing delegation and arbitration association rules). Defendants ignore that, as a matter of law, the arbitration clauses delegate decisions about the availability of class arbitration to the arbitrator. The contractual delegation of determinations about class arbitration renders Defendants' case law irrelevant.

As Plaintiffs briefed in response to the Ramsey Defendants' Motion to Compel Arbitration, parties delegate the availability of class arbitration to the arbitrator when they incorporate the rules of an arbitration agency into their agreement. *See* Dkt. No. 90 at 25:7- 27:4.

Gateway issues and issues of arbitrability are delegated to the arbitrator through incorporation of the AAA's rules into the arbitration agreement; "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 10
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir., 2015). Washington case law is in accord, holding that incorporation of AAA rules is a clear and unmistakable delegation of arbitrability issues to the arbitrator. *See Woolley v. El Toro.com, LLC*, 17 Wash. App. 2d 1037, 2021 WL 1788526 (Wash. Ct. App. Div. 1, May 3, 2021) (incorporation of AAA rules delegated threshold issues to arbitrator; unpublished); *Matter of Estate of Anches*, 9 Wash. App. 2d 1078, 2019 WL 3417100 (Wash. Ct. App. Div. 1, July 29, 2019) (incorporation of AAA rules is "clear and unmistakable" delegation to arbitrator; unpublished); *Raven Offshore Yacht, Shipping, LLP v. F.T. Holdings, LLC*, 199 Wash. App. 534, 539-540 (Wash. Ct. App. Div. 3, 2017) (incorporation of agency rules delegated arbitrability decisions to arbitration agency). Incorporation of the AAA rules delegates gateway issues in both individual plaintiff and consumer class action contexts. *See Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 480-481 (9th Cir., 2024).

The availability of class arbitration is a gateway issue. *Shivkov v. Artex Risk Solutions, Inc.*, 974 F.3d 1051, 1065-0166 (9th Cir., 2020); *see also Eshagh v. Terminix Intern. Co., L.P.*, 588 Fed. Appx. 703, 704 (9th Cir., 2014) (unpublished).

Despite holding that the availability of class arbitration is a gateway issue and that gateway issues are delegable through incorporation of AAA's rules, the Ninth Circuit has reached no clear conclusion about the delegation of determinations about the availability of class arbitration. *See Shikov*, 974 F.3d at 1068 (discussing circuit split on issue and determining to "not take sides in this circuit split because . . . the Clause does not incorporate the AAA

PLTFFS' RESPONSE TO MTN TO
STAY PROCEEDINGS - Page 11
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

rules, and thus *Brennan* does not apply.");[3] *see Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 195-196 (5th Cir., 2016) (clause delegated class arbitration decisions to arbitrator), *Wells Fargo Advisors v. Sappington*, 884 F.3d 392, 396-400 (2d Cir., 2018) (incorporation of AAA's securities rules "clearly and unmistakably evidences the parties' intent to let an arbitrator determine whether that clause authorizes class arbitration"), *Dish Network, LLC v. Ray*, 900 F.3d 1240, 1246-1248 (10th Cir., 2018) (incorporation of AAA employment dispute rules is a "clear and unmistakable" delegation of issues, including availability of class arbitration, to arbitrator), *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir., 2018) (incorporation of AAA's commercial arbitration rules clearly and unmistakably delegates decisions about class arbitration) *and compare with Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 599 (6th Cir., 2013) (despite incorporation of AAA rules, arbitration agreement was ambiguous as to delegation and class arbitration availability was not delegated),[4] *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 761-762 (3d Cir., 2016) (arbitration clause without reference to a specific set of AAA rules did not show clear and

---

[3] Plaintiff notes that the Ramsey Defendants suggest *Shikov* supports their position, but ignore *Shikov*'s discussion of delegatability. *See* Dkt. No. 97, 11:19-12:7. *Shikov* stands for the proposition that class arbitrability is a gateway issue which, *absent delegation*, is an issue for the court. But the question is if the arbitration clause delegates the issue through incorporation of AAA's rules. *Shikov* explicitly does not resolve that question; *Brennan*, *Running Warehouse*, and the persuasive, on-point case law from the Second, Fifth, Tenth, and Eleventh Circuits resolve it. Defendants have offered no argument regarding delegation.

[4] Sixth Circuit case law on the issue suggests *Reed Elsevier* did not announce a blanket rule and that clear and unmistakable delegation *can* occur through incorporation of the AAA rules. In *Blanton v. Domino's Pizza Franchising LLC*, the Sixth Circuit applied Washington law and held that incorporation of AAA rules *was* clear and unmistakable evidence of delegation. *See Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 851 (6th Cir., 2020).

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 12
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

unmistakable delegation), *Catamaran Corp. v. Towncrest Pharmacy*, 864 F.3d 966, 973 (8th Cir., 2017) (incorporation of AAA rules, apparently without reference to a specific set of rules, is insufficient to delegate availability of class arbitration to arbitrator). *JPay* holds that where an arbitration agreement references AAA rules, includes an agreement to arbitrate arbitrability, and is written in broad terms, not only is there a "clear and unmistakable delegation" of class arbitration determinations, but that the intent to delegate is "unequivocal." *JPay*, 904 F.3d at 936-937.

Similarly, no Supreme Court majority opinion has determined if the availability of class arbitration is a delegable gateway issue. *But see Green Tree Financial Corp. v. Bazzle*, 593 U.S. 444, 451-453, 123 S. Ct. 2402 (2003) (decision about availability of class arbitration is contract interpretation issue for the arbitrator where clause includes "sweeping language concerning the scope of questions committed to arbitration.") (plurality opinion of Breyer, J.).[5] Rather, consistent with the case law cited by Defendants, the Supreme Court has merely held that the *courts* cannot infer an agreement to class arbitration absent some affirmative contractual basis. *See Lamps Plus*, *Inc. v. Varela*, 587 U.S. 176, 185, 139 S. Ct. 1407 (2019). The Court has not issued a ruling about the inferences an *arbitrator* can draw regarding the availability of class arbitration when the parties have an agreement incorporating the AAA rules, nor has it determined when class arbitration issues are delegated to an arbitrator.

---

[5] The Court has taken pains since *Green Tree* to clarify that Justice Breyer's opinion was "only the plurality" opinion but has not revisited the issue or rejected the *Green Tree* plurality decision. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 680, 130 S. Ct. 1758 (2010); *Oxford Health Plans, LLC v. Sutter*, 569 U.S. 564, 569 n. 2, 133 S. Ct. 2065 (2013); *Lamps Plus, Inc. v. Varela*, 587 US. 176, 186 n. 4, 139 S. Ct. 1407 (2019).

PLTFFS' RESPONSE TO MTN TO
STAY PROCEEDINGS - Page 13
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Here, the arbitration agreements unambiguously incorporate the AAA commercial rules. The Eleventh Circuit has previously held that the incorporation of those same rules is a "clear and unmistakable" delegation of decisions regarding the availability of class arbitration. *See JPay*, 904 F.3d at 936. The language in Plaintiffs' arbitration agreements mirrors the relevant language in *JPay* but is even broader. *See JPay*, 904 F.3d at 927 ("Any . . . dispute, claim or controversy among the parties arising out of or relating to this Agreement shall be resolved by and through arbitration administered by the AAA under its Commercial Arbitration Rules. The ability to arbitrate the dispute, claim or controversy shall likewise be determined in the arbitration.") *and compare* Dkt. 83-2 ("Any claim or controversy arising out of or relating to this Agreement, including arbitrability of a dispute pursuant to this provision, shall be fully and finally settled . . . pursuant to the Rules of the American Arbitration Association than in effect for commercial disputes").

The arbitration clauses here clearly delegate arbitrability issues to the arbitrator. The language in Plaintiffs' agreements providing that the issues in arbitration "include[e] arbitrability of a dispute pursuant to this provision" *is not* part of AAA's suggested standard commercial rules arbitration clause. *See* American Arbitration Association, *Commercial Arbitration Rules and Mediation Procedures*, https://adr.org/sites/default/files/Commercial%20Rules.pdf, at 8 (Oct. 1, 2013). Rather, that language is a modification to the standard clause, added by a party to the arbitration agreements (presumably Reed Hein). The modification and its specific delegation further show clear and unmistakable evidence that the parties intended to delegate class arbitration issues to the arbitrator.

*PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS* - Page 14
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Each of the three elements which made the delegation of class arbitration determinations in *JPay* "unequivocal" are also present here. As in *JPay*, the arbitration agreement directly and specifically references AAA rules. As in *JPay*, the arbitration agreement explicitly delegates issues of arbitrability, like the availability of class arbitration, to the arbitrator. As in *JPay*, the arbitration agreement is broad, applying to "[a]ny claim or controversy arising out of or relating to this Agreement." *JPay*'s persuasive analysis and holding apply directly to the delegation of class arbitration determinations in this case. Defendants have not presented any reason to depart from *JPay* and, absent clear Ninth Circuit or Supreme Court case law on the issue, this court should follow the *Green Tree* plurality, *JPay*, and the apparent plurality Circuits permitting delegation of determination about the availability of class arbitration through incorporation of AAA rules.

Finally, AAA's rules explicitly permit class arbitration where an agreement is silent as to its availability, regardless of the contrary powers of federal courts. *See* American Arbitration Association, *American Arbitration Association Policy on Class Arbitrations,* https://www.adr.org/sites/default/files/document_repository/AAA-Policy-on-ClassArbitrations.pdf (July 14, 2005) ("the [AAA] will administer demands for class arbitration . . . if (1) the underlying agreement specifies that disputes arising out of the parties' agreement shall be resolved by arbitration in accordance with any of the Association's rules, and (2) the agreement is silent with respect to class claims, consolidation or joinder of claims."). As AAA will ultimately determine if class arbitration is available under its rules and class arbitration is available under its rules here, the scope of discovery will not change if this court compels arbitration.

PLTFFS' RESPONSE TO MTN TO
STAY PROCEEDINGS - Page 15
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

As the relevant arbitration clause includes discovery under the federal rules and delegates decisions about the availability of class arbitration, the scope of discovery and rules governing it will be the same if this case proceeds before this court or a AAA arbitrator. Defendants cannot meet their burden to show good cause because they cannot show that continued discovery would create any undue burden or cause any additional expense whatsoever.

## IV. CONCLUSION

For the reasons stated above, the court should deny the Defendants' Motion to Stay Proceedings Pending Ruling on Motion to Compel Arbitration.

DATED this 15th day of August 2024.

*I certify that this memorandum contains 4,018 words, in compliance with the Local Civil Rules.*

**ALBERT LAW, PLLC**

By: ___s/ Tallman Trask, IV___
Gregory W. Albert, WSBA #42673
Tallman Trask IV, WSBA #60280
3131 Western Ave., Suite 410
Seattle, WA 98121
(206) 576-8044
greg@albertlawpllc.com
tallman@albertlawpllc.com

And—

**FRIEDMAN | RUBIN®**

PLTFFS' RESPONSE TO MTN TO STAY PROCEEDINGS - Page 16
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

By:   *s/ Roger S. Davidheiser*
Roger S. Davidheiser, WSBA #18638
1109 First Ave., Ste. 501
Seattle, WA 98101
(206)501-4446
rdavidheiser@friedmanrubin.com
**Attorneys for Plaintiffs**

PLTFFS' RESPONSE TO MTN TO
STAY PROCEEDINGS - Page 17
*Patrick et al, v. Ramsey, et al.*, Case No. 2:23-cv-00630

ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446