**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNA PATRICK; DOUGLAS MORRILL; ROSEANNE MORRILL; LEISA GARRETT; ROBERT NIXON; SAMANTHA NIXON; DAVID BOTTONFIELD; ROSEMARIE BOTTONFIELD; TASHA RYAN; ROGELIO VARGAS; MARILYN DEWEY; PETER ROLLINS; KATRINA BENNY; SARA ERICKSON; GREG LARSON; JAMES KING; RACHAEL ROLLINS, | No. 24-5710<br><br>D.C. No.<br>2:23-cv-00630-JLR<br><br>MEMORANDUM[*] |
|         Plaintiffs - Appellees, | |
|  v. | |
| DAVID L. RAMSEY III; THE LAMPO GROUP, INC., a Tennessee limited liability company, | |
|         Defendants - Appellants, | |
| and | |
| HAPPY HOUR MEDIA GROUP LLC, a Washington limited liability company, | |
|         Defendant. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

TASHA RYAN; ROGELIO VARGAS; MARILYN DEWEY; PETER ROLLINS; KATRINA BENNY; SARA ERICKSON; GREG LARSON; JAMES KING; RACHAEL ROLLINS; ANNA PATRICK; DOUGLAS MORRILL; ROSEANNE MORRILL; LEISA GARRETT; ROBERT NIXON; SAMANTHA NIXON; DAVID BOTTONFIELD; ROSEMARIE BOTTONFIELD,

        Plaintiffs - Appellees,

 v.

HAPPY HOUR MEDIA GROUP LLC,

        Defendant - Appellant,

and

THE LAMPO GROUP, INC., DAVID L. RAMSEY III,

        Defendants.

No. 24-5711

D.C. No.
2:23-cv-00630-JLR

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 21, 2025
Portland, Oregon

Before: CALLAHAN, CHRISTEN, and HURWITZ, Circuit Judges

In this putative class action, David L. Ramsey III, the Lampo Group LLC, and

Happy Hour Media Group LLC (collectively, "Appellants") challenge the district

court's order denying their motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16(a)(1)(A)-(B) and review an order denying a motion to compel arbitration based on equitable estoppel de novo. *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702, 704 (9th Cir. 2024). We affirm.

1. "Arbitration is a matter of contract. Therefore, the general rule is that a party cannot be required to arbitrate a dispute he or she has not agreed to arbitrate." *Norwood v. MultiCare Health Sys.*, 548 P.3d 978, 984 (Wash. Ct. App. 2024) (cleaned up). No appellant is a party to the contract between the plaintiffs and Reed Hein & Associates that contains the relevant arbitration clause, nor is Reed Hein a party in this action. Appellants nonetheless claim that the plaintiffs are equitably estopped from objecting to arbitration. Because the Washington Supreme Court has not addressed a case in which a nonsignatory defendant seeks to compel a signatory plaintiff to arbitrate based on equitable estoppel, we may rely on "intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). Washington's intermediate appellate courts have identified two types of equitable estoppel applicable to demands for arbitration: intertwined claims estoppel and direct benefits estoppel. *See Norwood*, 548 P.3d at 986.

2. Intertwined claims estoppel allows a court to compel arbitration of "claims that are based on the same facts and are inherently inseparable from arbitrable claims

3

against signatory defendants." *David Terry Invs., LLC-PRC v. Headwaters Dev. Grp. LLC*, 463 P.3d 117, 124 (Wash. Ct. App. 2020) (cleaned up). Plaintiffs' claims do not qualify.

The operative complaint asserts that Appellants deceptively and fraudulently marketed Reed Hein's services and are therefore liable under Washington statutory and common law. The allegedly unlawful conduct occurred, however, *before* plaintiffs contracted with Reed Hein. Moreover, plaintiffs' claims do not rest on interpreting their contracts with Reid Hein. *Cf. Norwood*, 548 P.3d at 986-87 (applying equitable estoppel where plaintiffs' claims could not be adjudicated without interpreting clauses in the contract). Thus, the complaint and the contracts are not inextricably intertwined.

The cases Appellants rely upon are readily distinguishable. A nonsignatory defendant in *Terry Investments* was "substantially the same 'person'" as a signatory defendant, and the claims against both "involve[d] the same asserted wrongs and issues—all intimately intertwined with the" contracts. 463 P.3d at 124. The *Norwood* court could not reach the merits without determining whether the plaintiff was an employee or an independent contractor, which necessarily required interpreting her contract with a nonparty. 548 P.3d at 986-87. The claims against a nonsignatory in *Dekrypt Capital, LLC v. Uphold Ltd.* "necessarily turn on the construction of the contract," "require resolution of contract defenses" by a signatory defendant, and

were based "on the same facts and seeking the same relief" as pending claims against a signatory defendant. No. 82606-9-I, 2022 WL 97233, at *6 (Wash. Ct. App. Jan. 10, 2022).

3. Direct benefits estoppel applies when a party benefits from a contract but seeks to avoid its burdens. *See Townsend v. Quadrant Corp.*, 268 P.3d 917, 922 (Wash. 2012). Plaintiffs do not claim a benefit under their contracts; indeed, they claim they were never provided any benefits. Moreover, no Washington appellate court has applied direct benefits estoppel to compel a signatory plaintiff to arbitrate claims against a nonsignatory defendant. We decline to do so here.

4. "The linchpin for equitable estoppel is fairness." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1133 (9th Cir. 2013) (cleaned up). Reed Hein, the signatory to plaintiffs' contracts, forfeited its right to compel arbitration because of its past conduct and is not party to this case. It would be neither fair nor equitable to allow the nonsignatory Appellants to arbitrate claims that a signatory defendant could not.

**AFFIRMED.**

24-5710