UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNA PATRICK, DOUGLAS MORRILL, ROSEANNE MORRILL, LEISA GARRETT, ROBERT NIXON, SAMANTHA NIXON, DAVID BOTTONFIELD, ROSEMARIE BOTTONFIELD, TASHA RYAN, ROGELIO VARGAS, MARILYN DEWEY, PETER ROLLINS, RACHAEL ROLLINS, KATRINA BENNY, SARA ERICKSON, GREG LARSON, and JAMES KING, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

DAVID L. RAMSEY, III, individually; HAPPY HOUR MEDIA GROUP, LLC, a Washington limited liability company; THE LAMPO GROUP, LLC, a Tennessee limited liability company,

Defendants.

Case No. 2:23-cv-00630-JLR

**PARTIES' SECOND STIPULATED MOTION AND [PROPOSED] ORDER REGARDING CASE SCHEDULE AND CLASS CERTIFICATION DEADLINES FOLLOWING REMAND**

NOTE ON MOTION CALENDAR:
September 30, 2026



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

Plaintiffs and Defendants David L. Ramsey, III, The Lampo Group, LLC, and Happy Hour Media Group, LLC (collectively, the "Parties"), by and through their respective counsel, stipulate and jointly move for a 60-day adjustment of all remaining deadlines established by the Court's January 5, 2026 Order (Dkt. No. 118), as follows:

**WHEREAS,** on January 5, 2026, the Court entered an order establishing a schedule through adjudication of class certification and recognized that compliance with that schedule depended on the timely completion of class discovery;

**WHEREAS,** since entry of that order, the Parties have diligently pursued class-certification discovery, including written discovery, document productions, and Rule 30(b)(6) and other depositions;

**WHEREAS,** the Parties have made substantial progress but additional production, privilege-log, deposition, and follow-up discovery work remains before the record for the briefing on Plaintiffs' anticipated motion for class certification is complete;

**WHEREAS,** the Parties have conferred and agree that a 60-day adjustment of all remaining deadlines will permit an orderly and efficient conclusion of class discovery and will allow the Parties and their experts to work from a more complete record;

**WHEREAS,** the Parties seek the adjustment to reduce expense and avoid piecemeal proceedings, unnecessarily duplicative discovery, avoidable expert supplementation, and discovery or scheduling motions that may otherwise result from completing discovery and expert work on overlapping tracks;

**WHEREAS,** to control cost and burden during the extended period, the Parties agree that remaining discovery preceding class-certification briefing will be managed under the focused protocol below;



ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## FOCUSED COMPLETION OF CLASS DISCOVERY

1. **Purpose and scope.** The Parties will work together to establish a schedule for all remaining discovery that any Party intends to seek during the time period prior to the filing of Plaintiffs' motion for class certification, within the permissible scope of Fed. R. Civ. P. 26.

2. **Written discovery.** A Party may serve additional interrogatories, requests for production, or requests for admission during the extended period if they are narrowly tailored to an identifiable class-certification issue within the focused subject areas above or reasonably arise from a production, privilege log, discovery response, or deposition. Additional written discovery must not unreasonably duplicate discovery already completed and must be proportional to the needs of the class-certification proceedings. No Party shall serve more than nine additional requests for production on any other individual Party before the Court rules on Plaintiffs' anticipated motion for class certification, absent agreement of the Parties or good cause shown. The Parties further agree that by October 30, 2026, each Party shall complete the production of all documents and information that Party has located through a reasonable search and acknowledges (subject to that Party's objections) is non-privileged and responsive to discovery that has been served before the date of this stipulation, aside from documents within the physical possession of each named Plaintiff who has not yet been deposed, which shall be produced at least three weeks before that Plaintiff's deposition.

3. **Fact depositions:**

   a. Defendants have deposed three named Plaintiffs and will depose the remaining 14 named Plaintiffs before Plaintiffs move for class certification. Plaintiffs have not yet finished the supplementation of responsive documents in their possession, custody,



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

or control of those remaining 14 named Plaintiffs. In order to ensure that these depositions do not delay the new case schedule, the Parties agree that all of these depositions should be completed by February 2, 2027. The Parties further agree that by October 16, 2026, Plaintiffs will offer at least three non-overlapping available dates for each class representative to be deposed. Finally, the Parties agree that Plaintiffs will produce all remaining, responsive, non-privileged documents for each named Plaintiff (and a privilege log if applicable) at least three weeks (i.e., 21 days) before the date the Parties select for their deposition.

b. Plaintiffs may take up to six depositions of fact witnesses (in addition to those already taken) prior to moving for class certification, without prejudice to their right to take more fact witness depositions following briefing on class certification. Plaintiffs may depose more than six fact witnesses prior to class certification upon agreement of the parties or on motion and good cause found by the Court. Plaintiffs agree that Dave Ramsey shall not be one of the six depositions taken prior to briefing class certification, while reserving all rights and objections to take his deposition after the Court rules on class certification. If Plaintiffs decide to take one or more of these fact-witness depositions before briefing class certification, they shall inform Defendants of the names, if known, of the deponents no later than January 5, 2027. Nothing in this provision prevents Plaintiffs from identifying, noticing, or taking any such deposition before that date. If Defendants have the ability to procure the witnesses' availability, Defendants will cooperate in good faith to make them available within a reasonable time after their depositions are requested and before the deadline for Plaintiffs to move for class certification.



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

4. **Later merits discovery.** Nothing in this stipulation determines the timing or scope of merits-based discovery under Fed. R. Civ. P. 26. Any later discovery will be governed by the Federal Rules, the Court's orders, and any subsequent case schedule.

5. **Additional sources, supplementation, and disputes.** Before affirmatively requesting that another Party expand its collection to a custodian or ESI source not previously searched, the requesting Party will identify the connection to class certification and the material, noncumulative information reasonably expected there. The Parties will confer regarding scope, burden, and reasonably available less costly alternatives. This process does not limit any Party's obligation to conduct a reasonable and continuing search for documents responsive to discovery already served within the scope of Fed. R. Civ. P. 26, including searching additional locations within its possession, custody, or control as they are identified, or to supplement prior responses as required by the Federal Rules. A request for supplementation will identify the prior discovery, the asserted deficiency, and its connection to class certification. The Parties will confer promptly, consolidate related issues where practicable, and limit any dispute presented to the Court to the specific matter remaining unresolved.

6. **Preservation of positions.** These provisions do not waive any claim, defense, privilege, objection, or position regarding relevance, proportionality, discoverability, admissibility, or the proper scope or use of evidence in the class-certification proceedings or on the merits. The schedule extension does not independently authorize expert supplementation, which remains governed by the Federal Rules, the Court's orders, and any agreement of the Parties.



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

**WHEREAS,** the requested adjustment preserves the sequencing approved in the January 5, 2026 Order and extends each remaining deadline by 60 calendar days, or to the next business day where the sixtieth day falls on a weekend or federal holiday;

**WHEREAS,** the requested adjustment is based on the Parties' continuing diligence and their shared interest in completing class discovery in a focused, proportional, and cost-conscious manner, and not for purposes of delay;

**WHEREAS,** except as expressly amended below, all other provisions of the January 5, 2026 Order will remain in effect;

**PROPOSED AMENDED DEADLINES**

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiffs' disclosure of experts concerning class certification | September 30, 2026 | November 30, 2026 |
| Deadline for Plaintiffs to provide at least three non-overlapping available dates for the depositions of each class representative who has not yet been deposed, each of which must be on or before February 2, 2027. | N/A | October 16, 2026 |



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for each Party to complete production of all documents and information that Party has located through a reasonable search and acknowledges (subject to that Party's objections) is non-privileged and responsive to discovery that has been served before the date of this stipulation, aside from documents within the physical possession of each named Plaintiff who has not yet been deposed, which shall be produced at least three weeks before that Plaintiff's deposition. | N/A | October 30, 2026 |
| Deadline for Plaintiffs to identify up to six remaining fact witnesses they seek to depose prior to briefing class certification. | N/A | January 5, 2027 |
| Deadline for Plaintiffs to make all class representatives available for depositions, with completion of each such class representative's document productions at least three weeks before each deposition. | N/A | February 2, 2027 |
| Defendants' disclosure of experts concerning class certification | December 16, 2026 | February 16, 2027 |
| Plaintiffs' disclosure of rebuttal experts concerning class certification | January 18, 2027 | March 19, 2027 |
| Completion of class-certification-specific discovery, including expert discovery | February 22, 2027 | April 23, 2027 |



ALBERT LAW PLLC
3131 Western Avenue,
SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE,
SUITE 501
SEATTLE, WA 98101
(206) 501-4446

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Motions relating to class certification, expert admissibility on issues pertaining to class certification, and/or dispositive motions any party considers likely to affect class certification | March 30, 2027 | June 1, 2027 |
| Responses or oppositions to such motions | May 31, 2027 | July 30, 2027 |
| Replies regarding such motions | July 14, 2027 | September 13, 2027 |

THEREFORE, the Parties respectfully request that the Court find good cause, grant this stipulated motion, and amend the remaining case schedule as set forth above. Except as expressly amended, the January 5, 2026 Order (Dkt. No. 118) shall remain in full force and effect.

DATED this 29th day of September, 2026.

**ALBERT LAW PLLC**

By: *s/ Gregory W. Albert*
Gregory W Albert, WSBA #42673
3131 Western Ave, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044
Fax: 425-659-2678
Email: greg@albertlawpllc.com

**FRIEDMAN RUBIN PLLC**

By: *s/ Roger S. Davidheiser*
Roger S. Davidheiser, WSBA #18638
1109 1st Ave Ste 501
Seattle, WA 98101-2988
Phone: (206) 501-4446
Fax: 206-623-0794

**MORGAN, LEWIS & BOCKIUS, LLP**

By: /a/ Andrew DeCarlow, signed w/permission
Patty A. Eakes, WSBA #18888
Kit W. Roth, WSBA #33059
Damon C. Elder, WSBA #46754
Andrew DeCarlow, WSBA #54471
T. Ray Ivey, WSBA #55683
Elianna R. Spitzer, WSBA #64218
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 274-6400
Email: patty.eakes@morganlewis.com
kit.roth@morganlewis.com
damon.elder@morganlewis.com
andrew.decarlow@morganlewis.com
ray.ivey@morganlewis.com
elianna.spitzer@morganlewis.com

Email: rdavidheiser@friedmanrubin.com

***Attorneys for Plaintiffs***

***Attorneys for Defendants David L. Ramsey, III and The Lampo Group, LLC***

**CORR CRONIN LLP**

By: /s/ Jack M. Lovejoy, signed w/permission
Jack M. Lovejoy, WSBA No. 36962
Maia R. Robbins, WSBA No. 54451
Kathryn Joy, WSBA No. 60056

1015 Second Avenue, Floor 10
Seattle, Washington 98104
Phone: (206) 625-8600
jlovejoy@corrcronin.com
mrobbins@corrcronin.com
kjoy@corrcronin.com

***Attorneys for Happy Hour Media Group, LLC***

**[PROPOSED] ORDER**

The Court has considered the Parties' stipulated motion. Good cause appearing, the motion is **GRANTED**. The remaining deadlines established in the Court's January 5, 2026 Order (Dkt. No. 118) are amended as set forth above. Except as expressly amended, all other provisions of the January 5, 2026 Order remain in effect.

DATED this ______ day of _____________, 2026.

______________________________________
The Honorable James L. Robart
United States District Judge



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that on the date noted below, a true and correct copy of the foregoing was delivered and/or transmitted in the manner(s) noted below:

| | |
|---|---|
| **MORGAN, LEWIS & BOCKIUS LLP**<br>Patty A. Eakes, WSBA #18888<br>Kit W. Roth, WSBA #33059<br>Damon C. Elder, WSBA #46754<br>Andrew DeCarlow, WSBA #54471<br>T. Ray Ivey, WSBA #55683<br>Elianna R. Spitzer, WSBA #64218<br>1301 Second Avenue, Suite 3000<br>Seattle, WA 98101<br>Phone: (206) 274-6400<br>patty.eakes@morganlewis.com<br>kit.roth@morganlewis.com<br>damon.elder@morganlewis.com<br>andrew.decarlow@morganlewis.com<br>ray.ivey@morganlewis.com<br>elianna.spitzer@morganlewis.com | [ ] Legal Messenger<br>[ ] First Class Mail<br>[X] Electronic Mail<br>[ ] ECF Clerk's E-Service |
| **CORR CRONIN, LLP**<br>Jack Lovejoy, WSBA #36962<br>Maia Robbins, WSBA #54451<br>Kathryn Joy [WSBA No. 60056]<br>1015 Second Ave. Floor 10<br>Seattle, WA 98104<br>Phone: (206) 812-0894<br>jlovejoy@corrcronin.com<br>mrobbins@corrcronin.com<br>kjoy@corrcronin.com | [ ] Legal Messenger<br>[ ] First Class Mail<br>[X] Electronic Mail<br>[ ] ECF Clerk's E-Service |

DATED: September 29, 2026

**FRIEDMAN | RUBIN, PLLP**

By: s/ *Deborah A. Traver*
Deborah A. Traver, Paralegal
dtraver@friedmanrubin.com

By: *s/Nori Skretta*
Nori Skretta, Paralegal
nskretta@friedmanrubin.com

Reminder: cc: Carmen@albertlawpllc.com



ALBERT LAW PLLC
3131 Western Avenue, SUITE 410
SEATTLE, WA 98121
(206) 576-8044

FRIEDMAN | RUBIN®
1109 FIRST AVENUE, SUITE 501
SEATTLE, WA 98101
(206) 501-4446